# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**FEDERAL TRADE COMMISSION**,

*Plaintiff,*

v.

**GTCR BC HOLDINGS, LLC** and **SURMODICS, INC.**,

*Defendants.*

Case. No. 25-cv-02391

Judge Jeffrey I. Cummings

## AGREED CONFIDENTIALITY ORDER

For the purpose of protecting the interests of the parties and third parties in the above-captioned matter (the "Litigation") against the improper use and disclosure of confidential information submitted or produced in connection with this matter:

IT IS HEREBY ORDERED THAT this Agreed Confidentiality Order ("Confidentiality Order") shall govern the handling of all Confidential Material, as hereafter defined.

1. As used in this Confidentiality Order, "Confidential Material" shall refer to any Document or portion thereof that contains privileged information, Competitively Sensitive Information, or Sensitive Personal Information. "Competitively Sensitive Information" shall refer to, but shall not be limited to, any trade secret or competitively sensitive research, analysis, technical, financial, development, or commercial information that has not been released into the public domain. "Sensitive Personal Information" shall refer to, but shall not be limited to, an individual's Social Security number, taxpayer identification number, financial information, credit

card or debit card number, driver's license number, state-issued identification number, passport number, date of birth (other than year), and any sensitive health information identifiable by individual, such as an individual's medical records. "Document" shall refer to any discoverable writing, recording, transcript of oral testimony, or electronically stored information in the possession of a party or a third party. "Plaintiff" shall refer to the Federal Trade Commission ("Commission" or "FTC") and any of its employees, agents, attorneys, and all other persons acting on its behalf, excluding persons retained as consultants or experts for purposes of this Litigation. "Defendants" shall refer to GTCR BC Holdings LLC and all its affiliates and Surmodics, Inc. "Parties" shall refer to the Plaintiff and Defendants. "FTC Administrative Action" means *In re GTCR BC Holdings, LLC and Surmodics, Inc.*, before the United States of America Federal Trade Commission Office of Administrative Law Judges, Docket No. D09440, and any related investigation by the Federal Trade Commission.

2. Any document or portion thereof submitted by a Defendant or a third party during an FTC investigation or the FTC Administrative Action, or during the course of this Litigation, that is entitled to confidentiality under the Federal Trade Commission Act, or any other federal statute or regulation, or under any federal court or Commission precedent interpreting such statute or regulation, as well as any information that discloses the substance of the contents of any Confidential Materials derived from a Document subject to this Order, shall be treated as Confidential Material for purposes of this Order. The identity of a third party submitting such Confidential Material shall also be treated as Confidential Material for the purposes of this Order where the submitter has requested such confidential treatment.

3. The Parties and any third parties, in complying with informal discovery requests, disclosure requirements, discovery demands, or subpoenas in this Litigation may designate any

responsive Document or portion thereof as Confidential Material, including Documents obtained by them from third parties pursuant to discovery or as otherwise obtained.

4. The Parties, in conducting discovery from third parties, shall provide to each third party a copy of this Confidentiality Order so as to inform each third party of his, her, or its rights herein.

5. A designation of confidentiality shall constitute a representation in good faith, and after careful determination that the material is not reasonably believed to be already in the public domain, and that counsel believes the material so designated constitutes Confidential Material as defined in Paragraph 1 of this Confidentiality Order.

6. Material may be designated as Confidential Material by placing on or affixing to the document containing such material (in such manner as will not interfere with the legibility thereof) or, if an entire folder or box of documents is confidential, by placing or affixing to that folder or box, the designation "CONFIDENTIAL – FTC v. BC HOLDINGS LLC/SURMODICS" or any other appropriate notice that identifies this Litigation, together with an indication of the portion or portions of the document considered to be Confidential Material. Confidential Material contained in electronic data or Documents may also be designated as confidential by placing the designation "CONFIDENTIAL – FTC v. BC HOLDINGS LLC/SURMODICS" or any other appropriate notice that identifies this Litigation, in the Document metadata, image file, or through another mechanism that clearly identifies the Document as confidential. Masked or otherwise redacted copies of Documents may be produced where the portions masked or redacted contain privileged matter, provided that the copy produced shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor. The Party or third party desiring to designate any or all portions of oral testimony as Confidential Material shall do so by stating

orally on the record on the day that the oral testimony is being given or by notifying the Parties in writing of the intention to designate any or all portions of oral testimony as Confidential Material within 30 days after the oral testimony is given.

7. Confidential Material shall be disclosed only to:

(a) the Court presiding over this Litigation, personnel assisting the Court, including their support staff;

(b) the Administrative Law judge presiding over the FTC Administrative Action, and staff and personnel assisting the Administrative Law Judge;

(c) Plaintiff, personnel retained by Plaintiff as experts or consultants for this Litigation or the FTC Administrative Action, along with any state or commonwealth that may hereafter join this Litigation as a plaintiff (provided such state, commonwealth, expert, or consultant has signed Exhibit A, the Agreement To Be Bound by Confidentiality Order);

(d) judges and other court personnel of any court having jurisdiction over any appellate proceeding involving this matter;

(e) outside counsel of record for any Defendant, their associated attorneys, and other employees of their law firm(s), provided they are not employees of a Defendant;

(f) outside counsel retained by any Defendant for purposes of this Litigation or the FTC Administrative Action but who has not noticed an appearance in this Litigation, their associated attorneys, and other employees of their law firm(s), provided that the outside counsel, their associated attorneys, and other employees of their law firm (1) sign Exhibit A, (2) are identified to the Commission prior to obtaining access to Confidential Material, and (3) are not employees of any Defendant;

(g) anyone retained to assist outside counsel in the preparation or hearing of this Litigation or the FTC Administrative Action including consultants and experts, provided they are not employed by or affiliated in any way with a Defendant and have signed Exhibit A;

(h) any witness or deponent who may have authored or received the information in question; and

(i) any interpreter, court reporter, shorthand reporter, typist, or videographer translating, recording, or transcribing Documents or testimony in connection with this Litigation or the FTC Administrative Action.

8.  Disclosure of Confidential Material to any person described in Paragraph 7 of this Order shall be only for the purposes of the preparation and hearing of this Litigation and the related FTC Administrative Action, and any appeal from either proceeding, and for no other purpose whatsoever as governed by Rule 26(c) of the Federal Rules of Civil Procedure, provided, however, that Plaintiff may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose Confidential Material as provided by its Rules of Practice; sections 6(f) and 21 of the Federal Trade Commission Act; or any other legal obligation imposed upon the Commission.

9.  Notwithstanding the limitations set forth in Paragraphs 7 and 8 and subject to taking appropriate steps to preserve confidentiality, Plaintiff may disclose Confidential Material to other governmental entities, as provided by 16 C.F.R. §§ 4.9–4.11, 15 U.S.C. §§ 46(f) and 57b-2, or as otherwise authorized or required by law. Such entities include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of the Commission) and congressional committees.

10. In the event that any Confidential Material is contained in any pleading, motion, exhibit or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed *in camera*. Confidential Material contained in the papers shall continue to have *in camera* treatment until further order of the Court, provided, however, that such papers may be furnished to persons or entities who may receive Confidential Material pursuant to Paragraphs 7 or 8. Upon or after filing any paper containing Confidential Material, within five (5) business days, the filing party shall file on the public record a duplicate copy of the paper that does not reveal Confidential Material. Further, if the protection for any such Confidential Material expires, a party may file on the public record a duplicate copy which also contains the formerly protected material.

11. If counsel plans to introduce into evidence at the hearing any Document or transcript containing Confidential Material produced by another Party or by a third party, counsel shall provide reasonable advance notice to the other Party or third party for purposes of allowing that Party or third party to seek an order that the Document or transcript be granted *in camera* treatment. If that Party or third party wants *in camera* treatment for the Document or transcript, the Party or third party shall file a motion with the Court by the deadline in the Case Management Order. Except where an order for *in camera* treatment is issued, all Documents and transcripts shall be part of the public record. Where *in camera* treatment is granted, a duplicate copy of such Document or transcript with the Confidential Material deleted therefrom may be placed on the public record.

12. Any party may challenge a designation of confidentiality at any time that is consistent with the Court's Case Management Order. A party seeking to challenge a designation of Confidential Material shall give notice in writing of such challenge (and the basis of such

challenge) to the Parties and counsel for the party that designated the information or items produced as Confidential Material. The party challenging the designation and the party that designated the information or items produced as Confidential Material shall attempt to resolve each challenge in good faith and must meet and confer within ten (10) calendar days of the service of such notice. If they are unable to resolve the challenge, then the party challenging the designation may move the Court for an order removing the challenged material from the restrictions of this Order. Unless the party that designated the material as Confidential Material has waived or withdrawn the confidentiality designation, the Parties shall continue to treat the material in question as Confidential Material until the challenge is resolved. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the party challenging the designation to sanctions.

13. If any party receives a discovery request in any investigation or in any other proceeding or matter that may require the disclosure of Confidential Material submitted by another Party or third party, the recipient of the discovery request shall promptly notify the submitter of receipt of such request. Unless a shorter time is mandated by an order of a court, such notification shall be in writing and be served on the submitter at least ten (10) business days before production, and shall include a copy of this Confidentiality Order and a cover letter that will apprise the submitter of its rights hereunder. Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Confidentiality Order to challenge or appeal any order requiring production of Confidential Material, to subject itself to any penalties for non-compliance with any such order, or to seek any relief from the Court. The recipient shall not oppose the submitter's efforts to challenge the disclosure of Confidential Material. In addition, nothing herein shall limit the applicability of Rule 4.11(e) of the Commission's Rules of Practice,

16 C.F.R. § 4.11(e), to discovery requests in another proceeding that are directed to the Commission.

14. At the time that any expert, consultant, or other person retained to assist counsel in the preparation of this Litigation concludes participation in the Litigation, such person shall return to counsel all copies of documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda or other papers containing confidential information. At the conclusion of this Litigation and the FTC Administrative Action, including the exhaustion of judicial review, the Parties shall destroy or return documents obtained in this Litigation to their submitters, provided, however, that Plaintiff's obligation to return documents shall be governed by the provisions of Rule 4.12 of the Rules of Practice, 16 C.F.R. § 4.12.

15. In the event of inadvertent disclosure of any Confidential Material to any person(s) not authorized to receive such disclosure under this Confidentiality Order, the Party responsible for having made such disclosure shall promptly notify the Party or third party that produced the Confidential Material that the material has been disclosed and provide to such person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as Confidential Material.

16. All Documents produced will be treated as Confidential Material for ten (10) business days from the date this Confidentiality Order is filed, even if not designated in accordance with this Confidentiality Order. Any production of Documents not designated as Confidential

Material will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential Material. If at any time prior to the conclusion of this Litigation, a Party or third party determines that it should have designated as Confidential Material any Documents that the Party or third party previously produced, it may so designate such Documents by notifying the Parties in writing. The Parties shall thereafter treat the Documents pursuant to the new designation under the terms of this Confidentiality Order. No prior disclosure of newly designated Confidential Material shall violate this Confidentiality Order, provided that the prior disclosure occurred more than ten (10) business days after the production of that previously non-designated Confidential Material. The disclosure of any information for which disclosure was proper when made shall not be deemed improper regardless of any such subsequent designation. Any Documents, data, or other information produced to Plaintiff during its investigation and designated at the time of production as confidential, highly confidential, proprietary, exempt from disclosure under the Freedom of Information Act, or submitted under the HSR Act shall be deemed Confidential Material for purposes of this Litigation.

17. The provisions of this Confidentiality Order, insofar as they restrict the communication and use of Confidential Materials, shall, without written permission of the submitter or further order of the Court, continue to be binding after the conclusion of this Litigation, and this Court retains jurisdiction over any disputes arising out of this Confidentiality Order.

**SO ORDERED**, this 11th day of April, 2025 at Chicago, Illinois.

_____
Jeffrey I. Cumings
United States District Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, *Plaintiff,* v. **GTCR BC HOLDINGS, LLC and SURMODICS, INC.**, *Defendants.* | Case No. |

## AGREEMENT TO BE BOUND BY AGREED CONFIDENTIALITY ORDER

I, _____, am employed as _____ by _____. I acknowledge and certify as follows:

1. I have read and understand the Agreed Confidentiality Order entered in the above-captioned matter (the "Litigation") and I agree to be bound by its terms.

2. I will not use Confidential Material that I receive in this Litigation for any purpose other than that authorized by the Agreed Confidentiality Order.

3. I will not make copies or notes of Confidential Material that I receive in this Litigation except as necessary to enable me to render assistance in connection with this Litigation.

4. I will not disclose Confidential Material that I receive in this Litigation to any person not expressly entitled to receive it under the terms of the Agreed Confidentiality Order, and I will retain such material in a safe place.

5. I will retain all Confidential Material that I receive in this Litigation in my custody until I have completed my assigned duties, whereupon the materials will be returned to the party that provided them to me or the materials will be destroyed, as provided by the Agreed Confidentiality Order. Such delivery or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Agreed Confidentiality Order.

6. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

7. I submit to the jurisdiction of the United States District Court for the Northern District of Illinois solely for the purpose of enforcing the terms of the Agreed Confidentiality Order entered in this Litigation and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

Date:_____         Signature:_____

                                                              Address:_____

                                                                        _____