# Exhibit A

Exhibit A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| *Plaintiff*, | Case No. 1:25-cv-02391 |
| v. | |
| **GTCR BC HOLDINGS, LLC, and** | Hon. Jeffrey I. Cummings |
| **SURMODICS, INC.,** | |
| *Defendants*. | |

## [PROPOSED] JOINT STIPULATED CASE MANAGEMENT ORDER

Plaintiff Federal Trade Commission ("FTC" or "Commission") has met and conferred with Defendants GTCR BC Holdings, LLC ("BC Holdings") and Surmodics, Inc. (collectively, "Defendants"). The parties jointly submit the following Joint Stipulated Case Management Order:

A. **TEMPORARY RESTRAINING ORDER**: The Court entered the Stipulation and Temporary Restraining Order ("TRO") on March 12, 2025. The Commission reserves the right to seek an extension of the TRO to include additional time after the district court rules on the motion for preliminary injunction to facilitate appellate considerations. BC Holdings and Surmodics believe that a further extension to the TRO would be improper under Rule 65(b)(2) and reserve the right to oppose a request by the Commission to extend the TRO at a later time.

Exhibit A

**B.** **DISCOVERY**

1. Initial Disclosures. The parties agree to forego the requirement to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

2. Motion to Dismiss. Defendants do not intend to file a motion to dismiss.

3. Fact Discovery. The parties commenced fact discovery on March 18, 2025. Fact discovery will be completed by June 13, 2025.

4. Pre-Trial Discovery Conference. This stipulated Order relieves the parties of their duty under Federal Rule of Civil Procedure 26(f) to confer about scheduling and a discovery plan.

5. Third-Party Discovery. No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days[1] after service. Every subpoena to a third party shall include a cover letter requesting that (1) the third party Bates stamp each document with a production number and any applicable confidentiality designation prior to producing it and (2) the third party provide to the other parties copies of all productions at the same time as they are produced to the requesting party, using the contact information provided in Section E. Upon reasonable request from the third party, the requesting party shall provide such copies to the other parties within three (3) business days of the requesting party receiving the materials from the third party. If materials are received from a third party within three (3) business days of that party's deposition, the parties shall meet and confer as to whether it is necessary to reschedule the deposition. No party may unreasonably withhold agreement to reschedule a deposition. Each party shall produce all

---

[1] Unless otherwise specified, "days" as used in this Order shall mean calendar days. If the last day of the period is a Saturday, Sunday, holiday, or court closure, the period continues to run until the next day that is not a Saturday, Sunday, holiday, or court closure.

Exhibit A

materials received pursuant to an informal request, including any declarations or affidavits obtained from a third party, to the other parties within three (3) business days of receiving those materials. Production shall occur in the format the materials were received, except that in the event a non-party produces documents or electronic information that are non-Bates-stamped, the party receiving the documents shall promptly Bates-stamp the documents or electronic information and produce them in an appropriate timeframe. Each side shall serve subpoenas for the production of documents upon no more than ten (10) entities or individuals, except that each side may serve subpoenas for the production of documents on any:

   a. Entities or individuals who appear on any party's initial witness list; provided a declaration, letter of support, or affidavit; sat for an investigational hearing during Plaintiff's investigation (FTC File No. 241-0095); are listed on any party's initial disclosures in the administrative action (FTC Docket No. 9440); or sat for a deposition in this action; or

   b. Entities and individuals affiliated with the entities or individuals identified in the immediately preceding subsection (a).

The parties shall serve document requests to third parties no later than fourteen (14) days before the close of fact discovery date in Schedule A.

6. <u>Declarations or Affidavits</u>. Written support from third parties may be submitted only as a Declaration or Affidavit signed under penalty of perjury. No informal statements of support or opposition will be permitted. No party may submit as evidence a declaration or affidavit from a party or third-party witness unless a fair opportunity was available to depose the signatory subsequent to serving the declaration or affidavit on the other side, unless otherwise agreed by the parties. Notwithstanding the foregoing, the parties reserve

4

Exhibit A

the right to object to the reliability and admissibility of any Declaration or Affidavit in accordance with the Federal Rules of Evidence.

7. <u>Document Requests and Production.</u>  No more than thirty (30) requests for production shall be served by either side.  The FTC issuing identical requests for production to each Defendant counts as a single request for production for purposes of counting the FTC's requests. The parties shall serve any objections to requests for the production of documents no later than fourteen (14) days after the date of service of the document requests to which they assert objections.  Within three (3) business days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections. **{Plaintiff's Proposal: The parties shall substantially comply with requests for production no later than twenty-eight (28) days after the date of service.}** The parties shall work in good faith to substantially produce documents for a deponent at least seven (7) days before the deponent's deposition.  In response to any document requests, the parties need not produce to each other in discovery in this case any documents previously produced by Defendants to the FTC in the course of the investigation, FTC File No. 241-0095.

## Disputed Issue No. 1: Request for Production Response Date

**Issue:** Whether the parties should substantially comply with requests for production by a date certain, and whether that date should be 28 days after the date of service.

**FTC's Position:** The parties should substantially comply with requests for production no later than 28 calendar days after the date of service.

This action seeks a preliminary injunction and accordingly the discovery period is very short. The parties must have a schedule that establishes a reasonable deadline for substantial compliance with requests for production in order to ensure that those documents can be quickly

Exhibit A

and efficiently used in the rest of the case. This proposal is necessary to ensure the parties'

ability to use information contained in the production for other aspects of the discovery process,

such as the identification of witnesses for deposition. A deadline will further ensure that all the

parties receive discovery with sufficient time to understand and address any production issues.

      In contrast, Defendants' proposal only provides for substantial production of a deponent's

documents seven days before their deposition, with no deadline whatsoever for the production of

any other documents. Defendants have not provided any reason why a deadline for document

production is inappropriate. This proposal does not allow the parties to see the production as a

whole prior to depositions and may create situations where a production issue occurs and there is

not time to remedy it before the deposition, or where a witness is deposed based on their

documents but a subsequent witness's production contains relevant documents that could have

been used in the prior deposition. An established, reasonable production deadline will avoid

these substantive problems and facilitate a more efficient discovery process for all parties in this

expedited proceeding.

      Defendants can easily meet this discovery deadline, and provide no factual basis to claim

that they cannot. In an effort to minimize any burden on Defendants, the FTC agreed to

Defendants' request to reduce the number of requests for production from an unlimited number

(as permitted under Rule 34) to only 30 requests per side. The parties have already served a

number of requests on each other, with certain of the FTC's requests merely seeking a refresh of

prior data collections.

      While Defendants seek to exaggerate the scope of the FTC's RFPs and prematurely insert

argument about the scope of the requests, those arguments are both wrong and irrelevant. The

FTC's requests are narrowly tailored to seek documents relevant to the claims in this case and

address any defenses raised. Moreover (as Defendants concede) these requests are still subject to

Exhibit A

negotiation and narrowing. Defendants' reference to the FTC's pre-complaint discovery is also beside the point. The FTC took into account the documents that it already received in crafting its narrowly tailored litigation requests, which are targeted for litigation and seek specific information for its affirmative cases or to address Defendants' defenses.

Importantly, though Defendants claim that they have begun their collection process, they do not point to any facts—e.g., document volume, collection time, or review hours—that would substantiate their objection to the deadline proposed by the FTC.

Defendants also mischaracterize the FTC's position with respect to the deadline requested. The FTC is simply asking for substantial compliance by a date certain—not for the entire document production.

Additionally, the FTC did not delay discovery by nearly a month as articulated by Defendants. As Defendants are well aware, the start of discovery is not automatic but subject to negotiations among the parties. As identified in the CMSO schedule, discovery in this case did not begin until March 18.

**Defendants' Position:** Imposing specific deadlines for production is the exception in litigation, yet the FTC seeks to make an exceedingly tight deadline the rule. The FTC offers no reason why the parties cannot follow the normal procedure of meeting and conferring over the scope and timing of productions and then bringing any concrete disputes to the Court. That is particularly true where, as here, the parties have agreed to make good faith efforts to substantially complete their document productions that relate to a deponent noticed by any party at least seven days prior to each deposition, and where pre-complaint discovery includes over 500,000 documents spanning nearly 3,000,000 pages from Defendants.

With respect to the current set of RFPs that the FTC has served, given the breadth of the FTC's requests, it is infeasible for Defendants to substantially complete their *entire* document

Exhibit A

productions only 17 days from today (*i.e.*, by May 2, 2025) let alone "easily" as the FTC

suggests. While FTC contends the scope of its documents requests is "limited," that is far from

the case, including requests such as  "All documents" from the last *eight years* relating to

Defendants' "research, development, and launch" of their latest products and "All

communications with customers and potential customers" from the last *five years* regarding

product testing and optimization. Even if the FTC agrees to scale back its overbroad requests, the

meet and confer process itself will take some time not accounted for by the FTC's unreasonable

proposed deadline.

To the extent that the timing of Defendants' productions does pose a problem for the FTC

(and it should not), it is a problem of its own creation. The FTC filed its Complaint on March 6,

2025, but did not issue its document requests until nearly one month later, on April 4, 2025—a

mere seven business days ago. In suggesting that it might not be able to "see [Defendants']

production as a whole prior to depositions," the FTC completely ignores the fact that they

already possess the millions of pages of documents produced in the investigation—as well as

hundreds of pages of narrative interrogatory responses and submissions—which amount to what

FTC believed are the key documents and information relevant to its investigation.

Defendants have already begun their collection processes, and have agreed to make a

good faith effort to complete relevant productions at least seven days before any of their

employee's depositions that the FTC may notice. For the remainder of their productions,

Defendants intend to produce documents on a rolling basis consistent with the agreed period for

fact discovery.

With respect to any future RFPs, Defendants and the Court lack any information about

their scope and burden to judge what would be an appropriate production schedule. Defendants

Exhibit A

will timely complete their productions, and the FTC's requested relief is unduly burdensome and not necessary.

* * *

8. <u>Requests for Admission.</u> The parties shall serve no more than fifteen (15) Requests for Admission per side. However, there shall be no limit on the number of requests for admission for purposes of authentication and admissibility of exhibits. For purposes of this provision, every discrete subpart to a request for admission will count as a separate request for admission. The FTC issuing identical requests for admission to each Defendant counts as a single request for admission for purposes of counting the FTC's requests. The parties shall serve objections and responses to requests for admission no later than fourteen (14) days after the date of service.

9. <u>Interrogatories.</u> The parties shall serve no more than fifteen (15) interrogatories per side. For purposes of this provision, each subpart to an interrogatory that seeks information about a discrete separate subject will count as a separate interrogatory, consistent with Federal Rule of Civil Procedure 33. The FTC issuing identical interrogatories to each Defendant counts as a single interrogatory for purposes of counting the FTC's requests. The parties shall serve objections and responses to interrogatories no later than fourteen (14) days after the date of service.

10. <u>Deadline to Issue Written Discovery to Parties.</u> The parties shall serve document requests to parties no later than fourteen (14) days after the filing of this proposed Order. The parties shall serve interrogatories and requests for admission at least fourteen (14) days prior to the close of fact discovery, except that requests for admission related to the authenticity of a document or the admissibility of documents, data, or other evidence may be served no later than twenty-one (21) days prior to the evidentiary hearing.

9

Exhibit A

11. <u>Expert Reports.</u>  Each side may disclose no more than two (2) expert witnesses. Plaintiff shall serve its expert reports on June 13, 2025.  Defendants shall serve their expert reports on July 3, 2025.  Plaintiff shall serve its expert rebuttal reports on July 14, 2025.  Nothing in this Order shall prevent an individual otherwise called as a fact witness from providing opinion testimony about an issue on which they are qualified to testify under the Federal Rules of Evidence.

12. <u>Expert Materials Not Subject to Discovery.</u>  Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

   a)   Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:

   i.   any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants, or between any of the experts themselves;

   ii.   any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

   iii.   expert's notes, unless they are expressly relied upon and/or cited in support of an opinion or fact;

   iv.   drafts of expert reports, analyses, or other work product; or

   v.   data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 12(b).

   b)  The parties agree that they will disclose the following materials with all expert reports:

Exhibit A

       i.    a list by Bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

      ii.    for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

13. <u>Motions *in Limine* Related to Experts</u>.  Within 48 hours after the final expert deposition, the parties will meet and confer to discuss (a) whether any party plans to move to exclude any opinion of an expert witness, and (b) an appropriate schedule for briefing any such motion and any responsive pleadings.

14. <u>Exchange of Lists of Fact Witnesses to Appear at Hearing.</u>

    a)   *Preliminary Fact Witness Lists:* The parties shall exchange preliminary party and third-party fact witness lists on April 15, 2025.  Each side's preliminary fact witness lists shall list no more than thirty (30) witnesses and shall list all witnesses by name, except for third-party corporate representatives, which may be listed as "[third-party] corporate representative." Preliminary fact witness lists shall summarize the general topics of each witness's anticipated testimony.  The preliminary witness list shall include the name of the employer of each witness and a description of the responsibilities of any third-party witness.  Only a witness who appears on either side's initial preliminary witness list, who has been disclosed as an expert witness, or who has been deposed in this matter may be included on a side's final witness list.

Exhibit A

b) *Final Fact Witness Lists:* Final party and third-party fact witness lists shall be exchanged on or before 7 p.m. Central Time on July 3, 2025, and shall summarize the general topics of each witness's anticipated testimony. Final fact witness lists shall include no more than twenty (20) witnesses per side and shall list all witnesses by name.

c) The preliminary and final fact witness lists shall represent a good faith effort to identify all witnesses the producing side expects that it may present live at the evidentiary hearing, other than solely for impeachment. Additional witnesses may be added to the final witness list after July 3, 2025 only by agreement of the parties or with leave of the Court for good cause shown.

15. <u>Depositions.</u>

a) <u>Remote Depositions</u>. The parties will confer regarding a deposition protocol to govern remote depositions, and agree that any party may decide to take or attend a deposition remotely without limiting the right of another party to attend or take the deposition in person. In the event a witness raises a reasonable objection to an in-person deposition, the noticing party and the relevant third party shall negotiate in good faith about the format of the deposition. Parties who do not agree to an in-person deposition for a given witness shall have the opportunity to participate remotely in the deposition.

b) <u>Deposition Scheduling</u>. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

Exhibit A

c) <u>Number of Depositions</u>. Each side may depose any witness who is listed on either side's preliminary or final witness list, who provides a declaration, affidavit, or statement of support or opposition, or who sat for an investigational hearing during Plaintiff's investigation (FTC File No. 241-0095). Each side may take a maximum of fifteen (15) depositions of fact witnesses beyond those (i) listed on any party's preliminary or final witness lists, (ii) who are associated with an entity listed on either Plaintiff's or Defendants' preliminary or final witness lists, (iii) who provided a declaration or affidavit, or (iv) who sat for an investigational hearing during Plaintiff's investigation (FTC File No. 241-0095). In addition, one 30(b)(6) deposition notice of each party shall be permitted. A 30(b)(6) deposition counts as no more than one deposition, regardless of whether a party or third party designates multiple individuals. Cross-notices of depositions will not count against the above totals. Additional depositions of fact witnesses shall be permitted only by agreement of the parties or by leave of the Court for good cause shown.

d) <u>Allocation of time.</u>  All depositions, including depositions of fact and expert witnesses, shall last no more than seven (7) hours.  If both Plaintiff and Defendants notice any third-party fact deposition, they shall allocate the time evenly between each side. **{Defendant's Proposal: with the exception that for witnesses who sat for an investigational hearing or who have provided a declaration or affidavit to only one side during Plaintiff's investigation (FTC File No. 241-0095), the side which conducted the investigational hearing or received a declaration or affidavit shall have two and a half**

13

Exhibit A

> **hours (2.5) and the other side shall have four and a half (4.5) hours. In either case, unused}** time in any side's allocation of deposition time shall not transfer to the other side.

## Disputed Issue No. 2: Deposition Time Allocation

**Issue:** Whether the FTC's deposition time should be curtailed to 2.5 hours and Defendants' deposition time increased to 4.5 hours for third party deponents that sat for an investigational hearing or provided a declaration or affidavit during the FTC's investigation.

**FTC's Position:** Third party evidence will be central to this case because key third parties, particularly Defendants' own current and potential customers, will provide documents and testimony establishing robust head-to-head competition between Surmodics and Biocoat and the existence of the outsourced hydrophilic coatings market. Defendants seek to unreasonably restrain the FTC's ability to present to the Court helpful evidence from these key third party witnesses by proposing that the parties unfairly split the time for certain cross-noticed third-party depositions and provide the significant majority of time to Defendants to the detriment of the FTC. This proposal is unreasonable and unnecessary.

When both the FTC and one or both Defendants issue a subpoena to the same third-party witness, each side should have an equal 3.5 hours to depose that witness in a 7-hour deposition. Allocating equal time to both sides is consistent with the principles of fairness that underlie the Federal Rules of Civil Procedure. When both sides subpoena a third party, each side is entitled to a 7-hour deposition. There is no requirement the parties split time in a cross-noticed deposition, however the FTC does not seek to burden any third party unnecessarily and thus is willing to split a single 7-hour deposition with Defendants. There is no basis to restrict the FTC's questioning from the 7 hours to which it is entitled to 2.5 hours for any witness.

Exhibit A

Defendants' position—to allocate 4.5 hours of a 7-hour deposition to Defendants for any cross-noticed third party that sat for an investigational hearing or provided a declaration or affidavit—is based on the idea that because the FTC conducted an investigation, Defendants are owed extra discovery. This is not the law and reflects a fundamental misunderstanding of how the FTC conducts an investigation prior to filing a complaint. Government investigations serve a purpose different from post-complaint discovery and cannot serve as a substitute for litigation discovery. *See SEC v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000) ("[T]here is no authority which suggests that it is appropriate to limit the SEC's right to take discovery based upon the extent of its previous investigation into the facts underlying its case.") (quoting *SEC v. Saul*, 133 F.R.D. 115, 118 (N.D. Ill. 1990)). The investigational hearings were taken months ago by Commission Staff and explored some issues that are no longer relevant and facts that are no longer at issue here. Thus, time spent on the investigational hearing is not necessarily equal to time used in this case. Moreover, Defendants have access to and may use all of the testimony from the investigational hearings and declarations in their own discovery and trial preparation.

Declarations based on interviews provide even less basis for Defendants' positions since they are short and narrow in scope. *See SEC v. Jasper*, 678 F.3d 1116, 1128-29 (9th Cir. 2012) (pre-complaint interview of defendant was not substitute for deposition because of "the difference in the nature of the SEC's motivation during an early investigation, at which open-ended questions are typically asked without expectation the witness will be needed at trial, and its motivation at an adverse witness deposition, when battle lines have already been drawn"). These declarations are hardly a substitute for a fulsome examination in deposition.

Equal deposition time is necessary for the FTC to effectively litigate this case. In the months since the investigational hearings and declarations, the issues in this case, including Defendants' responses and advocacy, have evolved. The FTC requires sufficient and equal time

15

Exhibit A

to depose third parties on these topics that were not at issue during the investigation in order to present to the Court the most helpful and probative evidence possible.

Defendants inappropriately rely on jointly stipulated CMSOs that reflect their position. It is impossible to know what negotiations took place amongst the parties in prior litigations to reach an agreement on any particular position within a CMSO. The Court should not infer that Defendants' position is appropriate merely because it was agreed to through negotiations by different parties under different and unknown circumstances. Furthermore, numerous CMSOs implemented by other courts have evenly split the time between the FTC and defendants for cross-noticed third-party depositions. *See, e.g.*, Case Management and Scheduling Order at 9, *FTC v. Tapestry, Inc.,* No. 1:24-cv-03109 (S.D.N.Y. May 1, 2024), ECF No. 71 (Exhibit B); Joint Stipulated Civil Case Management Plan and Scheduling Order at 8, *FTC v. IQVIA Holdings Inc.,* No. 1:23-cv-06188 (S.D.N.Y. Aug. 15, 2023), ECF No. 104 (Exhibit C); Parties' Joint Status Report and Case Management Order at 8-9, *FTC v. Hackensack Meridian Health, Inc.*, No. 2:20-cv-18140 (D.N.J. Jan. 8, 2021), ECF No. 61 (Exhibit D); *cf.* Scheduling and Case Management Order at 13, *United States v. JetBlue Airways Corp.*, No. 1:23-cv-10511 (D. Mass. Apr. 6, 2023), ECF No. 79 (Exhibit E); Scheduling and Case Management Order at 10, *United States v. UnitedHealth Grp. Inc.*, No. 1:22-cv-00481 (D.D.C. Mar. 28, 2022), ECF No. 42. (Exhibit F); The stipulated orders Defendants rely on therefore provide no basis to limit the FTC to 2.5 hours for certain cross-noticed third-party depositions.

**Defendants' Position:** For depositions of third parties that sat for an investigative hearing ("IH") or gave a declaration, the party that took the testimony or received the declaration should have 2.5 hours on the record and the other party should have 4.5 hours on the record.

Defendants require a greater share of examination time in depositions of third parties that have already been deposed by the FTC or have provided a declaration to the FTC. The FTC has

Exhibit A

taken extensive pre-litigation discovery of third parties for the past 9 months–Defendants just started. Courts presiding over other merger litigation involving the FTC have routinely granted defendants 5 hours of record time in these circumstances. Defendants request less than that here.

The FTC has taken voluminous unilateral discovery since June 10, 2024, 9 months before filing its Complaint on March 6, 2025. During that time, the FTC corresponded with and obtained information from dozens of third parties. In total, the FTC obtained 11 declarations (ranging between 2 and 38 pages) and 5 IHs (lasting between 50 minutes to 2 hours 20 minutes) from 16 separate third parties before filing its complaint.

Numerous other courts have recognized the need to provide additional time to defendants due to the FTC's ability to take extensive pre-litigation discovery, providing for a split of 5 hours to defendants and 2 to the FTC. *FTC v. CoStar Group, Inc.*, No. 1:20-cv-03518, Joint Stip. Case Mgmt. and Sched. Order, ECF No. 30, *11 (D.D.C. Dec. 14, 2020) (Exhibit G); *FTC v. Methodist Le Bonheur Healthcare*, No. 2:20-cv-02835, Case Mgmt. and Sched. Order, ECF No. 42, *8 (W.D. Tenn. Dec. 8, 2020) (Exhibit H); *FTC v. Peabody Engineering Corp.*, No. 4:20-cv-00317, Case Mgmt. Order, ECF No. 49, *10 (E.D. Mo. Mar. 5, 2020) (Exhibit I); *FTC v. Staples, Inc.*, No. 1:15-cv-02115, Joint Mtn. for Entry of Stip. Case Mgmt. and Sched. Order, ECF No. 54, *8 (D.D.C. Dec. 23, 2015) (Exhibit J); *FTC v. Steris Corp.*, No. 1:15-cv-01080, Case Mgmt. Plan and Sched. Order, ECF No. 24, *5 (N.D. Ohio June 8, 2015) (Exhibit K); *FTC v. Sysco Corp.*, No. 1:15-cv-00256, Case Mgmt. and Sched. Order, ECF No. 63, *5 (D.D.C. Mar. 9, 2015) (Exhibit L). The FTC offers no compelling reason to disregard the approach in each of these prior suits to which it was a party.

Cases the FTC has pointed to for the proposition that investigational interviews and declarations are distinct from litigation discovery are beside the point. In *SEC v Sargent*, the government was provided "virtually no discovery." 229 F.3d 68, 74 (1st Cir. 2000). Similarly,

Exhibit A

in *SEC v. Saul*, 133 F.R.D. 115, 118 (N.D. Ill. 1990), defendants were attempting to prevent the

SEC from taking depositions of individuals that had already provided testimony during the pre-

complaint investigation, and in *SEC v. Jasper*, 678 F.3d 1116 (9th Cir. 2012), the government

could not get testimony from an individual who had asserted their rights under the Fifth

Amendment.  Defendants are not asking to deny the FTC litigation depositions.  They are simply

asking that the amount of discovery each side can take reflect the FTC's expansive pre-litigation

investigation.

Defendants' proposal to receive 4.5 hours for depositions where the FTC has already

deposed the witness or secured a declaration is already a compromise. The FTC does not explain

why it needs more time with the third parties here than it did in any of that prior litigation.

\* \* \*

e)  For purposes of this Order, employees, consultants, agents, contractors, or

representatives of the parties, or persons or entities whose counsel is, or was at

any point during this litigation, paid for by the parties, are considered party

witnesses.

f)  Notice.  The parties may not serve a deposition notice with fewer than seven

(7) days' notice. If a party serves a non-party subpoena for the production of

documents or electronically stored information and a subpoena commanding

attendance at a deposition, the deposition date must be at least seven (7) days

after the original return date for the document subpoena.  To the extent a

third-party deposition is properly noticed in accordance with the above and

the third party's schedule cannot accommodate a deposition before the close

of fact discovery, after consultation with all parties involved, despite good

faith efforts for earlier scheduling, and for good cause, a later deposition may

Exhibit A

occur with the agreement of all sides. No party may unreasonably withhold agreement.

g) **{Plaintiff's Proposal: Admissibility. Testimony from investigational hearings taken during the investigation of the proposed acquisition can be used as admissible evidence in this litigation, subject to each party's right to object to the admission of specific testimony in accordance with the Federal Rules of Evidence.}**

**Disputed Issue No. 3: Admissibility of IH Transcripts**

**Issue:** Whether the investigational hearing testimony of party and third-party witnesses can be used as admissible evidence in this litigation.

**FTC's Position:** The FTC respectfully requests that the Court include in the CMSO a provision recognizing that the investigational hearing testimony of party and third-party witnesses can be used as admissible evidence in this proceeding in the same way that deposition testimony taken during this case can be used.

Investigational hearings are similar to depositions in that investigational hearing testimony is taken under oath and stenographically recorded. The witness may be represented by counsel, who may raise objections, may instruct the witness not to answer based on privilege, and may be given the opportunity to ask the witness questions.

Guidance on whether this testimony can be used as evidence will enable the parties to more effectively plan discovery and tailor witness examinations. Other courts have affirmed the admissibility of investigational hearing testimony at a similar early stage in proceedings. *See, e.g.*, *FTC v. Tempur Sealy Int'l, Inc.*, No. 4:24-cv-02508, Minute Entry Order, ECF No. 106 (S.D. Tex. Aug. 19, 2024) (Exhibit M); *FTC* v. *John Muir Health*, No. 5:23-CV-05952-PCP, Case Mgmt. Order, ECF No. 58, *9 (N.D. Cal. Dec. 12, 2023) (Exhibit N); *FTC v. Illumina, Inc.*,

Exhibit A

No. 3:21-cv-00800-CAB-BGS, Case Mgmt. and Sched. Order, ECF No. 88, *15–16 (S.D. Cal. Apr. 26, 2021) (Exhibit O); *USA v. H&R Block*, *Inc*., No. 1:11-cv-00948-BAH, Joint Sched. and Case Mgmt. Order, ECF No. 30, *14 (D.D.C. Jul. 6, 2011) (Exhibit P).

      This Court should consider the investigational hearing testimony of party and third-party witnesses because this testimony is presumptively admissible in the administrative action, which is the merits proceeding for this case. The Part 3 Rules provide that investigational hearings and depositions "shall be admissible" so long as they are "relevant, material, and bear[] satisfactory indicia of reliability so that [their] use is fair." 16 C.F.R. § 3.43(b). This is why other district courts considering enjoining a merger pending an FTC adjudication routinely permit the parties to admit investigational hearing testimony and other such evidence in post-trial proposed findings of fact. *See, e.g., FTC v. Tapestry, Inc.,* No. 1:24-cv-03109-JLR, Order, ECF No. 303 (S.D.N.Y. Sept. 3, 2024) (Exhibit Q); *FTC v. Novant Health, Inc.*, No. 5:24-CV-28, Final Pretrial Conf. Tr., ECF No. 186, *23–24 (W.D.N.C. Apr. 25, 2024) (Exhibit R).

      In fact, in many recent FTC cases, courts have relied on investigational hearing or deposition testimony to reach decisions on preliminary injunction motions. *See FTC v. Tempur Sealy Int'l, Inc.*, No. 4:24-cv-02508, 2025 WL 384493, at *16–19 (S.D. Tex. Jan. 31, 2025); *FTC v. IQVIA Holdings Inc.*, 710 F. Supp. 3d 329, at 343, 358 (S.D.N.Y. 2024); *FTC v. Sysco*, 113 F. Supp. 3d 1, 27 (D.D.C. 2015) (citing and relying on investigational hearing transcript); *FTC v. Microsoft Corp.*, 2023 WL 4443412, at *3 (N.D. Cal. July 10, 2023) (same); *FTC v. ProMedica Health Sys., Inc.*, No. 3:11 CV 47, 2011 WL 1219281, *29–33 (N.D. Ohio Mar. 29, 2011) (same). Importantly, district courts accept and rely upon investigational hearings of third parties even when counsel for the merging parties was not provided the opportunity to attend the investigational hearing. *See Tempur Sealy*, 2025 WL 384493 at *18; *Novant*, ECF No. 186 at 23 (Exhibit R).

Exhibit A

Finally, to the extent that Defendants challenge investigational hearings as hearsay, that is not a bar to their admissibility in this preliminary injunction proceeding. In *FTC v. Advocate Health Care*, for example, a court in this district examined the admissibility of investigational hearing testimony of party witnesses in a preliminary injunction proceeding similar to this litigation. *See* No. 15 C 11473, 2016 WL 11940576 (N.D. Ill. Apr. 4, 2016). The district court found that, "even if the IH testimony were hearsay, it is well established that 'hearsay can be considered in entering a preliminary injunction,'" and thus, "that would not be a basis for excluding it." *Id.* (quoting *SEC v. Cherif*, 933 F.2d 403, 412 n.8 (7th Cir. 1991)). Indeed, the Seventh Circuit and courts in this district have consistently held that hearsay evidence is admissible in preliminary injunction proceedings such as this one. *See, e.g., Ty, Inc. v. GMA Accessories, Inc.,* 132 F.3d 1167, 1171 (7th Cir. 1997) (holding that hearsay evidence, such as affidavits, though "ordinarily inadmissible at trials . . . are fully admissible in summary proceedings, including preliminary-injunction proceedings."); *Roadget Bus. Pte. Ltd. v. PDD Holdings Inc.*, No. 1:22-cv-07119, 2023 WL 4865005, at *8 n.5 (N.D. Ill. Jul 31, 2023)). Investigational hearing testimony of party witnesses should be admissible evidence for the additional reason that the testimony constitutes an "opposing party's statement" and thus "is not hearsay" under Fed. R. Evid. 801(d)(2); *see Tapestry,* at ECF No. 303 (observing that investigational hearing and deposition testimony were likely admissible under Fed. R. Civ. Proc. 801(d)(2)) (Exhibit Q); *see FTC v. Vyera Pharms., LLC*, 2021 WL 5236333, at *3 (S.D.N.Y. Nov. 10, 2021) (reasoning that admission of party IH testimony was permissible because defendants would have an opportunity at trial to revisit the testimony with their witnesses).

**Defendant's Position:** The Federal Rules of Evidence and the Federal Rules of Civil Procedure should govern the admissibility of evidence in this proceeding. The Case Management Order should not include a special rule for investigational hearing ("IH") testimony.

Exhibit A

The FTC fails to explain what its proposal is trying to achieve: it requests that all IH testimony be "admissible," but acknowledges that some (unspecified) objection procedure is needed. The FTC never explains why ordinary trial procedures are inappropriate here, or what exactly this replacement process would entail. Courts decide the admission of witness testimony on a statement-by-statement basis for a reason: statements by a witness in an IH may be admissible or inadmissible for various reasons, such as hearsay or lack of personal knowledge, or may be admissible only in certain circumstances, such as impeachment.

The FTC's position statement suggests that it intends to use this vague language to argue for more lenient treatment of IHs, such as treating even third-party IHs as if they were depositions taken in this litigation. That would prejudice Defendants, whose counsel was not present. Federal proceedings allow all parties to attend to preserve their rights, while IHs do not. *Compare* Fed. R. Civ. P. 30(b)(1) *with* 16 C.F.R. § 2.7(f)(3) (excluding "all persons other than the person being examined, counsel for the person being examined, Commission staff, and any stenographer or other person recording such testimony"). The FTC should instead follow Federal Rule of Civil Procedure 32. Even the FTC, in its position statement on deposition time, argues that depositions and IHs are different animals.

Even for party IHs, the hearings were not conducted under the Federal Rules of Civil Procedure, depriving Defendants of protections. *Compare* Fed. R. Civ. P. 30(c)(1)-(2) (explaining "examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence" and permitting objections "to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition") *with* 16 C.F.R. §§ 2.7(f), 2.9 (omitting bases under Fed. R. Civ. P. 30(c)(2) for objections during IHs; permitting examination by witness's counsel only "to clarify any answers" and only at "the discretion of the [FTC] hearing official"). Defendants in IHs lack

22

Exhibit A

in particular recourse to a neutral third party to police the examining attorney. This is not a theoretical concern: for example, in a deposition of a Defendant's executive, the FTC introduced an email chain commenting on a product announcement but, over counsel's objections, refused to provide the underlying announcement that was the context for the emails.

Despite these issues with IHs, Defendants raise no blanket objection to IHs. Defendants will decide whether to object to each statement advanced. No doubt, the parties will work out the vast majority of objections without the need for court intervention. For example, the FTC points to the Court's reliance on IH testimony from a third party in *FTC v. Tempur Sealy Int'l, Inc.,* No. 4:24-cv-02508, 2025 WL 384493, at *16–19 (S.D. Tex. Jan. 31, 2015). But rather than establish the need for some special rule, the FTC's own citation demonstrates that this process typically plays out in an orderly way, as it did in *Tempur Sealy* where the third party's undisputed statements were admitted because Defendants did not object to them.

The FTC then pivots to argue that the Court should disregard the rules of evidence and defer to unspecific rules for the Part 3 administrative hearing. That is inappropriate: *First*, the FTC is simply wrong about the rules in Part 3: "[t]he [administrative] Rules do not . . . provide for the automatic admission of [IH transcripts] at trial." Order at 4, *In re McWane*, No. 9351 (FTC Aug. 15, 2012) (Chappell, J.). Rather, IHs may be excluded from evidence if they are "[i]rrelevant, immaterial, [or] unreliable," or if their "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or if the evidence would be misleading, or based on considerations of undue delay, waste of time, or needless presentation of cumulative evidence." 16 C.F.R. § 3.43(b).

*Second,* Congress charged the federal courts, not the FTC, with judging the appropriateness of a preliminary injunction. 15 U.S.C. § 53(b). "[T]he court must exercise its independent judgment and evaluate the FTC's case and evidence on the merits." *FTC v.*

Exhibit A

*Microsoft Corp.*, 681 F. Supp. 3d 1069, 1084 (N.D. Cal. July 10, 2023) *see also Starbucks Corp. v. McKinney*, 602 U.S. 339, 344 (2024). That evaluation is critical—as the FTC itself has acknowledged, "the federal court preliminary injunction almost always obviates the need for further administrative proceedings." Complaint Counsel's Response to Respondents' Motion to Continue Evidentiary Hearing at 1, *In re Tempur Sealy*, No. 9433 (FTC Oct. 15, 2024) (cleaned up) (Exhibit S). That some Article III courts ultimately considered IH testimony—generally with the defendants' agreement—is irrelevant.

\* \* \*

16. <u>Expert Depositions.</u> A single seven (7) hour deposition of each expert shall be allowed.

17. <u>Discovery Uses.</u> All discovery taken in the above-captioned litigation can be used in connection with the Part 3 administrative proceeding (FTC Docket No. 9440). Only discovery obtained by a party in the Part 3 administrative proceeding five (5) weeks prior to the hearing in this proceeding may be used as part of this litigation.

## C. <u>**MOTIONS AND BRIEFING SCHEDULE**</u>

1. Plaintiff will file its memorandum in support of its motion for a preliminary injunction by June 18, 2025. This brief is not to exceed 15,000 words.

2. Defendants will file their opposition to the Plaintiff's motion for a preliminary injunction by July 7, 2025. This brief is not to exceed 15,000 words.

3. Plaintiff will file its reply memorandum in further support of its motion for a preliminary injunction by July 18, 2025. This brief is not to exceed 6,500 words.

4. Each side shall be limited to three (3) motions *in limine*, including any *Daubert* motions. Motions *in limine* shall be filed by July 14, 2025. Responses to motions *in limine* shall be filed by July 18, 2025.

Exhibit A

5. *In Camera* Designation. Parties and third parties shall submit any requests for in camera treatment of demonstratives, exhibits, and testimony (depositions or investigational hearings) by the date set in the pre-hearing order. Each party and third party is responsible for requesting in camera treatment of its own confidential materials and information regardless of which side's exhibit list the materials or information appear on. Requests for in camera treatment shall be made in the form of a single motion to the Court per party or third-party, not to exceed twenty (20) pages.

6. Proposed Findings of Fact and Conclusions of Law (if any) will be due two weeks after the conclusion of the evidentiary hearing. There will be no reply Findings of Fact and Conclusions of Law.

**D.    PRELIMINARY INJUNCTION EVIDENTIARY HEARING**

1. The parties propose an evidentiary hearing on Plaintiff's motion for a preliminary injunction to begin on July 23, 2025 and end on August 1, 2025. Defendants and Plaintiff shall split the time available at the hearing evenly between each side, with both direct examination and cross-examination of witnesses counting against the party conducting the examination.

2. Each side will have at least twenty-seven (24) hours to present testimony during the hearing. Should the Court augment the time available for this proceeding, any additional time shall be divided equally between each side.

3. The parties will meet and confer on a further proposed pre-hearing order after the close of fact discovery by June 13, 2025. That proposed order will include, but not be limited to, if not already handled by the Court: a process for deposition designations (if any); a process for video designations (if any); a process for exchanging exhibits and limitations on exhibits at the hearing (if any); a process for handling objections to exhibits, including

Exhibit A

claims of confidentiality and a timeline for making and challenging *in camera*

designations; and a process for exchanging illustrative aids and Rule 1006 exhibits.

**E.**     <u>**OTHER MATTERS**</u>

1.  <u>Service.</u>  Service of any documents not filed via ECF, including pleadings, discovery

    requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery

    of all correspondence, whether under seal or otherwise, shall be by electronic mail to the

    following individuals designated by each party:

    Plaintiff: Maia Perez, mperez@ftc.gov; Jessica Weiner, jweiner@ftc.gov;

    Lauren Gaskin, lgaskin@ftc.gov; Qing Yu Chen, qchen@ftc.gov; Jacob Warren,

    jwarren1@ftc.gov; Qwai-Zia Pennix, qpennix@ftc.gov.

    Defendant's: Daniel P. Culley dculley@cgsh.com; Blair Matthews

    bmatthews@cgsh.com; Gabriel Lazarus glazarus@cgsh.com; Miranda

    Herzog mherzog@cgsh.com; Paul Saint-Antoine paul.saint-

    antoine@faegredrinker.com; Joanne Lewers joanne.lewers@faegredrinker.com;

    Matthew Lechner matthew.lechner@faegredrinker.com; Josh Mahoney

    josh.mahoney@faegredrinker.com; Jonathan Todt

    jonathan.todt@faegredrinker.com Rich Cunningham

    rich.cunningham@kirkland.com; Matt Reilly matt.reilly@kirkland.com; Colin

    Herd colin.herd@kirkland.com; Kelly Fayne kelly.fayne@lw.com

    In the event the volume of served materials is too large for email and requires electronic

    data transfer by file transfer protocol or a similar technology, or overnight delivery if

    agreed by the parties, the serving party will telephone or email the other side's principal

    designee when the materials are sent to provide notice that the materials are being served.

Exhibit A

For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

2. <u>Mutual Exchanges.</u>  For any deadline involving a mutual exchange between the parties, the parties agree that such exchange will occur at 7:00pm Central Time.

3. <u>Answer.</u>  Defendants answered the complaint on March 27, 2025.

4. <u>Nationwide Service of Process.</u>  Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court that may run into any other federal district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a deposition taken in this action.

5. <u>Third-Party Confidential Information</u>.  The Agreed Confidentiality Order entered on April 11, 2025 shall govern discovery and production of Confidential Information.  Any Party serving discovery requests, notices, or subpoenas sent to a non-party shall provide the non-party with a copy of the Agreed Confidentiality Order.

6. <u>Privilege Logs.</u>  The parties agree to suspend the obligations of Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of privileged materials withheld from discovery taken in this action (excluding Defendants' productions made during the course of the FTC's pre-complaint investigation, FTC File No. 241-0095).  None of the parties must preserve, log, or produce in discovery the following categories of documents:

Exhibit A

a) Documents or communications sent solely between outside counsel for Defendants (or persons employed by or acting on behalf of such counsel) or solely between counsel for Plaintiff (or persons employed by or acting on behalf of such counsel);

b) Documents or communications sent solely between in-house counsel (acting in a purely legal capacity) and that Defendant's respective outside counsel (or persons employed by or acting on behalf of such outside counsel), or solely between either Defendant's employees and that Defendant's respective outside counsel (or persons employed by or acting on behalf of such outside counsel);

c) Documents or communications sent solely within the FTC (including persons employed by or acting on behalf of the FTC);

d) Documents or communications sent between the FTC and state, local, or federal governmental agencies subject to common interest privilege, law enforcement investigatory privilege, joint prosecution privilege, the work product doctrine, or any other applicable privilege or protection from disclosure; and

e) Materials exempted from disclosure under the Expert Materials provisions of Section B of this Order.

Notwithstanding the above, Defendants shall log any withheld communications between in-house counsel and any party employees or agents, regardless of whether in-house counsel was acting in a purely legal capacity.

7. Inadvertent Production of Privileged Material. In accordance with Federal Rule of Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), inadvertent production

28

Exhibit A

of documents or communications containing privileged information or attorney work product shall not be a basis for loss of privilege or work product of the inadvertently produced material, provided that the producing party notifies the receiving party within three (3) business days of learning of the inadvertent production.  When a party determines that it has inadvertently produced such material, it will notify other parties, who will promptly return, sequester, or delete the protected material from their document management systems.  Within two (2) business days of identifying inadvertently produced information or documents(s), the party seeking claw-back of such materials shall provide a revised privilege log for the identified information or documents.  A Party may move the Court for an order compelling production of the material, but such Party may not assert as a gound for entering such an order the mere fact of inadvertent production.  The Party asserting the privilege must file its opposition under seal and submit a copy of the material in question for in camera review.  Plaintiff and Defendants will work in good faith to make all claw back requests regarding exhibits on the Exhibit List (if any) no later than July 18, 2025.  This provision supersedes any Confidentiality Order provision regarding inadvertent disclosure of privileged information. This provision does not waive any privilege claim or prevent a party from making a claw back request in good faith at a later date.

8.  <u>Electronically Stored Information.</u>  The parties agree as follows regarding the preservation and production of electronically stored information ("ESI")

    a)  All Parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case.  In addition, the Parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

Exhibit A

    b)  All Parties agree that the use of Technology Assisted Review tools may assist in the efficient production of ESI. However, if a party desires to use such technologies, it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology.

    c)  All parties will request ESI in the form or forms that facilitate efficient review of ESI.

9.  <u>Evidentiary Presumptions.</u>

    a)  Documents produced by non-parties from the non-parties' files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's admissibility must be provided with the exchange of other objections to trial exhibits. If a party serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. The Court will resolve any objections that are not resolved through this means or through the discovery process.

    b)  All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's pre-complaint investigation of the proposed acquisition, FTC File No. 241-0095, or any prior FTC investigation, are presumed to be authentic.

    c)  Any party may challenge the authenticity or admissibility of a document for good cause shown, and if necessary may take discovery related solely to authenticity or admissibility of documents.

Exhibit A

10. <u>Newly-Available Information</u>. Discovery in this matter will take place on an accelerated basis. This order does not preclude any party from subsequently relying on evidence, including in court filings, arguments, and expert reports, that was not produced at the time of service, or was produced within three (3) days of service of initial expert reports or briefs. If evidence is produced within three (3) business days of the due date of an expert report, the party submitting the report may provide an updated report incorporating the new material within three (3) business days of the original deadline for the report. If evidence is produced within three (3) business days of the due date of a brief, the party submitting the brief may address that evidence in its next responsive brief.

11. <u>Modification of Scheduling and Case Management Order.</u> This order has been entered into after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended. Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.

12. In this action, counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived service of a summons.

13. For the purposes of this case only, Defendants consent to personal jurisdiction and venue in this court.

14. The parties do not believe that the case should be assigned to a magistrate judge for all purposes, including trial.

Exhibit A

**PROPOSED SCHEDULE**

| Event | Date(s) |
|---|---|
| Discovery Commences | March 18, 2025 |
| Defendants' Answer to Plaintiff's Complaint | March 27, 2025 |
| Exchange of Preliminary Fact Witness Lists | April 15, 2025 |
| Deadline for Serving Document Requests to Parties | April 29, 2025 |
| Deadline for Serving Interrogatories and Requests for Admission (except Requests for Admission for Authentication/Admissibility) | April 29, 2025 |
| Close of Fact Discovery | June 13, 2025 |
| Plaintiff produces initial expert report(s) | June 13, 2025 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | June 18, 2025 |
| Deadline to Serve Requests for Admission for Authentication/Admissibility | July 2, 2025 |
| Defendants produce expert report(s) | July 3, 2025 |
| Exchange of Final Witness Lists | July 3, 2025 |
| Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction | July 7, 2025 |
| Exchange of Exhibit Lists | July 9, 2025 |
| Plaintiff produces rebuttal expert reports | July 14, 2025 |
| Motions *In Limine* | July 14, 2025 |
| *In camera* designations | By the date set in the pre-hearing order |
| Close of Expert Discovery | July 18, 2025 |
| Plaintiff's Reply to Defendants' Opposition to Preliminary Injunction Motion | July 18, 2025 |
| Objections to Exhibits | July 18, 2025 |
| Responses to Motions *In Limine* | July 18, 2025 |

Exhibit A

| Event | Date(s) |
|---|---|
| Deadline for any challenges to *in camera* designations | By the date set in the pre-hearing order |
| Pre-Hearing Conference | July 22, 2025 |
| Evidentiary Hearing | July 23-August 1, 2025 |

Dated:                                          SO ORDERED.


_____
HON. JEFFREY I. CUMMINGS
United States District Judge