# Exhibit B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

                  Plaintiff,

                v.

TAPESTRY, INC.,

                and

CAPRI HOLDINGS LIMITED,

                  Defendants.

Case No. 1:24-cv-03109-JLR

**[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER**

Plaintiff Federal Trade Commission ("FTC" or "Commission") and Defendants Tapestry, Inc. and Capri Holdings Limited (collectively, "Defendants") respectively submit this Proposed Case Management and Scheduling Order.

**A.**    **TEMPORARY RESTRAINING ORDER.**   The FTC and Defendants stipulated to a temporary restraining order on April 22, 2024, which the Court so ordered on April 24, 2024. Under that temporary restraining order, the Defendants have agreed not to close their transaction until after 11:59 PM Eastern Time on the fifth business day after the Court rules on the Plaintiff's request for a preliminary injunction pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), or until after the date set by the Court, whichever is later.

**B.**    **DISCOVERY**

    1.   <u>Initial Disclosures</u>. The parties shall serve upon each other initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) by May 7, 2024. The

1

disclosures shall include the name and, if known, the address and telephone number of each individual likely to have discoverable information (or in the alternative, the relevant information for that individual's counsel, if known)—along with the subjects of that information—that the disclosing party may use to support its claim or defenses in this action. If the parties need to supplement or correct their disclosures during the pendency of this action, they will do so pursuant to Federal Rule of Civil Procedure 26(e).

2. <u>Fact Discovery.</u> The parties shall commence fact discovery upon the filing of this Joint Stipulated Case Management Order and complete it in accordance with Exhibit A.

3. <u>Discovery Conference.</u> This stipulated Order relieves the parties of their duty under Federal Rule of Civil Procedure 26(f) to confer about scheduling and a discovery plan.

4. <u>Third-Party Discovery.</u> The notice requirements of Federal Rule of Civil Procedure 45(a)(4) shall apply. No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days after service. Every documentary subpoena to a third party shall include a cover letter requesting that (1) the third party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it and (2) the third party provide to the other parties copies of all productions at the same time as they are produced to the requesting party. If a third party fails to provide copies of productions to the other parties, the requesting party shall produce all materials received pursuant to the third-party subpoena, as well as all materials received voluntarily in lieu of a subpoena, including declarations or

affidavits obtained from a third party, to all other parties within three (3) business days of receiving those materials. Production shall occur in the format the materials were received, except that in the event a non-party produces documents or electronic information that are non-Bates-stamped, the party receiving the documents shall promptly Bates-stamp the documents or electronic information and produce them in an appropriate timeframe. The parties shall serve document requests to third parties by the deadlines in Exhibit A.

5. <u>Limitations on Party and Third-Party Declarations or Letters</u>. No party may submit as evidence a declaration, letter, or affidavit from a party or third-party fact witness if such declaration, letter, or affidavit was executed or served less than three (3) business days prior to his or her agreed-to deposition date. In any event, no party or third-party declaration, letter, or affidavit may be submitted as evidence if it was executed or served fewer than seven (7) calendar days before the close of fact discovery. Declarations, letters, or affidavits produced after this date shall not be admitted into evidence or used at the preliminary injunction hearing absent agreement of the parties or with leave of the Court for good cause shown.

6. <u>Document Requests and Production.</u> No more than 25 requests for production shall be served on any party. The parties agree to make good faith efforts to produce documents on a rolling basis, prioritizing data requests, and shall make a good-faith effort to substantially comply with requests for production no later than thirty (30) calendar days after the date of service. The parties shall serve any objections to requests for the production of documents no later than ten (10) calendar days after the date of service of the document requests to which they assert objections. Within three (3) calendar days of service of any such objections, the parties shall meet and confer

in a good faith attempt to resolve the objections. The parties also agree to make a good faith effort to substantially produce documents for a deponent three (3) calendar days before the deponent's deposition, provided the deposition is noticed for a date no fewer than thirty (30) calendar days after service of objections to the corresponding document requests. In response to any document requests, the parties need not produce to each other in discovery in this case any documents previously produced by Defendants to the FTC in the course of the investigation of Tapestry, Inc.'s proposed acquisition of Capri Holdings Limited, FTC File No. 231-0133.

a) Document Productions shall be sent to the attention of:

      i.    <u>To the FTC:</u>

              Danielle Quinn (dquinn@ftc.gov)
              Nicole Lindquist (nlindquist@ftc.gov)
              Laura Antonini (lantonini@ftc.gov)
              Peter Colwell (pcolwell@ftc.gov)
              Andrew Lowdon (alowdon@ftc.gov)
              Blake Risenmay (brisenmay@ftc.gov)
              Tim Singer (tsinger@ftc.gov)
              Steven Powell (spowell@ftc.gov)
              Mary Karikari (mkarikari@ftc.gov)

      ii.    <u>To Tapestry:</u>

              Andrew.Paik@lw.com
              Mary.Casale@lw.com
              Chris.Brown@lw.com
              David.Johnson@lw.com
              Kimon.Triantafyllou@lw.com
              Ivy.Ziedrich@lw.com
              Charlotte.Yeung@lw.com
              Brian.Nowak@lw.com
              Patrick.Dezil@lw.com
              TLSPM_Latham_Sunrise@transperfect.com

      iii.    <u>To Capri:</u>

              JMMoses@WLRK.com
              EPGolin@WLRK.com

DGDidden@wlrk.com
ALGoodman@wlrk.com
KRHaigh@wlrk.com
BAFish@wlrk.com
JCKaplan@wlrk.com
MJSicilian@wlrk.com
capriservice@wlrk.com

7.  Requests for Admission.  The parties shall serve no more than 20 requests for
    admission, including subparts, per side, not including those related solely to the
    authenticity of a document or the admissibility of documents, data, or other evidence.

8.  Interrogatories.  The parties shall serve no more than ten (10) interrogatories per side,
    only five (5) of which can be contention interrogatories, served later in the discovery
    period pursuant to Local Rule 33.3.  The parties shall serve objections to
    interrogatories no later than ten (10) calendar days after the date of service.  Within
    three (3) calendar days of service of any such objections, the parties shall meet and
    confer in a good faith attempt to resolve the objections.  The parties shall serve
    substantive responses no later than fourteen (14) days after service of objections to
    the interrogatories.

9.  Deadline to Issue Written Discovery to Parties.  Document requests, requests for
    admission, and interrogatories must be served no later than the dates as set out in
    Exhibit A.

10. Expert Reports.  Plaintiff and Defendants shall serve expert reports, rebuttal expert
    reports, and reply expert reports on the dates set forth in Exhibit A.

11. Expert Materials Not Subject to Discovery.  Expert disclosures, including each side's
    expert reports, shall comply with the requirements of Federal Rule of Civil Procedure
    26(a)(2), except as modified herein:

a) Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials, and the Parties shall not be obligated to include such information on any privilege log:

    i. any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants, or between any of the experts themselves, unless such communications relate to assumptions that the party's counsel provided and that the expert relied on in forming the opinions to be expressed;

    ii. any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

    iii. expert's notes, unless the expert expressly relies upon and/or cites such notes;

    iv. drafts of expert reports, affidavit, declaration, exhibits, analyses, or other work product; or

    v. data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 11(b).

b) The parties agree that they will disclose the following materials with all expert reports:

    i. a list by Bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

  ii. for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial or raw data.

12. Notwithstanding anything to the contrary, the testifying expert may be presented at deposition or the hearing with documents, testimony, or other materials not contained in his or her expert report(s) and questioned about whether the testifying expert saw or considered such documents, testimony, or other materials; the reasons why the testifying expert did or did not consider or rely on such documents, testimony, or other materials in forming his or her opinions; and whether such documents, testimony, or other materials cause the testifying expert to alter his or her opinions in any respect.

13. <u>Exchange of Lists of Fact Witnesses to Appear at Hearing</u>.

  a) *Preliminary Fact Witness Lists:* The parties shall exchange preliminary fact witness lists in accordance with Exhibit A.  Preliminary fact witness lists shall be limited to twenty-five (25) per side and summarize the general topics of each witness's anticipated testimony.  The preliminary witness list shall include the name of the employer of each witness and a description of the responsibilities of any third-party witness.  Only a witness who appears on a party's preliminary witness list may be included on that party's final witness list, unless opposing party was provided a reasonable opportunity to take the witness's deposition prior to the close of fact discovery, absent agreement of the parties or with leave of the Court for good cause shown.

  b) *Final Fact Witness Lists:* Final fact witness lists shall be exchanged in accordance with Exhibit A.  The final fact witness list shall identify all fact

witnesses the producing party expects that it may present at the evidentiary hearing. Final fact witness lists shall be limited to twenty (20) per side and shall summarize the general topics of each witness's anticipated testimony. Each side's final fact witness list shall be limited to witnesses who appeared on either side's preliminary fact witness list and up to ten (10) others, provided that any witness not appearing on a preliminary fact witness list must have otherwise been deposed or the opposing party was provided a reasonable opportunity to take the witness's deposition prior to the close of fact discovery in connection with this federal court preliminary injunction proceeding absent agreement of the parties or with leave of the Court for good cause shown. Additional witnesses may be added to either side's final fact witness list after the date identified in Exhibit A only by agreement of the parties or with leave of the Court for good cause shown.

14. <u>Depositions.</u>

a)      <u>Number of Fact Depositions.</u> The parties agree that relief from the limitation on the number of depositions set forth in Federal Rule of Civil Procedure 30(a)(2) is necessary and appropriate. Each side may depose a witness who (i) is listed on either side's preliminary fact witness list or (2) provides a declaration, note of support or opposition, or affidavit in connection with this matter. In addition, each side may take a maximum of twenty-five (25) depositions of individuals beyond those listed on either side's preliminary fact witness lists and/or who provide a declaration, note of support or opposition, or affidavit. Each 30(b)(6) deposition notice counts as one deposition for purposes of this paragraph even if the noticed

entity designates multiple individuals to provide testimony. Cross-notices of depositions will not count against the above totals. To the extent a deposition involves a non-party and is not cross-noticed, the party who did not notice the deposition will have 30 minutes available to them and the party seeking the deposition will have 6 hours and 30 minutes. Additional depositions of fact witnesses shall be permitted only by agreement of the parties or by leave of the Court for good cause shown. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

b)     <u>Allocation of time.</u>  All depositions, including depositions of individual fact and expert witnesses, shall last no more than seven hours. For the avoidance of doubt, one deposition notice issued pursuant to Rule 30(b)(6) shall last no more than seven hours even if more than one individual is designated to provide testimony. If both Plaintiff and Defendants issue a subpoena to depose the same third-party fact witness, they shall allocate the time evenly between them. For purposes of this Order, former employees, consultants, agents, contractors, or representatives of the parties are considered party witnesses. Unused time in any side's allocation of deposition time shall not transfer to the other side.

c)     <u>Notice</u>.  The parties may not serve a deposition notice with fewer than seven (7) calendar days' notice. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the

deposition.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.  If a party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) calendar days after the original return date for the document subpoena.

d) <u>Deposition Designations</u>.  The parties agree to work in good faith to reach agreement regarding the need, and, if appropriate, a procedure for deposition designations by the close of fact discovery.

e) <u>Remote Depositions</u>.  All party and non-party depositions in this matter shall be conducted remotely, except that expert witness depositions may be conducted in-person at deposing counsel's option.  The parties agree to meet and confer regarding remote depositions and the protocol that would govern any such depositions.

15. <u>Expert Depositions.</u>  Each side may take one deposition of each of the other side's testifying experts.  Unless the parties agree or the Court orders otherwise, expert depositions must be completed before the close of expert discovery, as set forth in Exhibit A.

16. <u>Discovery Uses.</u>  All discovery taken in the above-captioned litigation can be used in connection with any Part 3 administrative proceeding.  Only discovery obtained by a party in any Part 3 administrative proceeding before the close of fact discovery in this proceeding may be used as part of this litigation, except by agreement of the parties or by leave of the Court for good cause shown.

C.      **MOTIONS AND BRIEFING SCHEDULE**

    1.   Plaintiff will file its memorandum in support of its motion for a preliminary

        injunction by the date set in Exhibit A.  This brief is not to exceed 35 pages.

    2.   Defendants will file their opposition to the Plaintiff's motion for a preliminary

        injunction by the date set in Exhibit A.  This brief is not to exceed 40 pages.

    3.   Plaintiff will file its reply memorandum in further support of its motion for a

        preliminary injunction by the date set in Exhibit A.  This brief is not to exceed 20

        pages.

    4.   Any motions *in limine* or *Daubert* motions, shall be filed by the date set in Exhibit A.

        Any responses to any such motions shall be filed by the date set in Exhibit A.  Any

        briefs in support of, or in opposition to, *motions in limine* shall not exceed 5 pages.

        Any briefs in support of, or in opposition to, *Daubert* motions shall not exceed 15

        pages.

    5.   Each side's prehearing proposed findings of fact and conclusions of law will be filed

        by the date in Exhibit A and shall not exceed 50 pages.  Each side's post-hearing

        proposed findings of fact and conclusions of law will be filed by the date in Exhibit A

        and shall not exceed 100 pages.

D.      **PRELIMINARY INJUNCTION EVIDENTIARY HEARING**

    1.   The parties propose an evidentiary hearing of twenty (20) hours per side on the date

        set in Exhibit A.  Time spent conducting a direct examination shall count against the

        side conducting that direct examination; time spent conducting a cross-examination

        shall count against the side conducting that cross-examination.  Time spent arguing

        an objection shall count against the side that loses the objection.  Plaintiff and

        Defendants will each tally the time consumed by each side and confer on a daily basis

on the total time each side has consumed.  Plaintiff may reserve a portion of their time for rebuttal.  Unused time does not transfer to the other side.

**E.**   **OTHER MATTERS**

1.  <u>Service.</u>  Service of any documents not filed via ECF, including pleadings, discovery requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by electronic mail to the following individuals designated by each party:

      i.    <u>For FTC:</u>

        Abby Dennis (adennis@ftc.gov)
        Peggy Bayer Femenella (pbayerfemenella@ftc.gov)
        Danielle Quinn (dquinn@ftc.gov)
        Nicole Lindquist (nlindquist@ftc.gov)
        Laura Antonini (lantonini@ftc.gov)
        Peter Colwell (pcolwell@ftc.gov)
        Andrew Lowdon (alowdon@ftc.gov)
        Blake Risenmay (brisenmay@ftc.gov)
        Tim Singer (tsinger@ftc.gov)
        Steven Powell (spowell@ftc.gov)
        Mary Karikari (mkarikari@ftc.gov)

      ii.    <u>For Tapestry:</u>

        Sean.Berkowitz@lw.com
        Chris.Brown@lw.com
        Lawrence.Buterman@lw.com
        Mary.Casale@lw.com
        Lindsey.Champlin@lw.com
        Ian.Conner@lw.com
        Jennifer.Giordano@lw.com
        David.Johnson@lw.com
        Andrew.Paik@lw.com
        Al.Pfeiffer@lw.com
        Amanda.Reeves@lw.com
        Chris.Yates@lw.com
        Brian.Nowak@lw.com
        Patrick.Dezil@lw.com

      iii.    <u>For Capri:</u>

              JMMoses@wlrk.com
              EPGolin@wlrk.com
              DGDidden@wlrk.com
              ALGoodman@wlrk.com
              KRHaigh@wlrk.com
              BAFish@wlrk.com
              JCKaplan@wlrk.com
              MJSicilian@wlrk.com
              capriservice@wlrk.com

In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery if agreed by the parties, the serving party will telephone or email the other side's principal designee when the materials are sent to provide notice that the materials are being served.  For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

2.   <u>Response to Complaint.</u>  Defendants shall answer the complaint or file another response pursuant to the Federal Rules on or before the date set in Exhibit A.

3.   <u>Nationwide Service of Process.</u>  Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and evidentiary hearing subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court that may run into any other federal district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at the evidentiary hearing of a deposition taken in this action.

4. <u>Protective Order Concerning Confidentiality</u>.  The parties anticipate requesting entry of a Protective Order Concerning Confidentiality.

5. <u>Privilege Logs</u>.  The parties agree to suspend the obligations of Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of materials withheld from discovery in this case (excluding Defendants' productions made during the course of the FTC's pre-complaint investigation) for the following categories of documents:

   a) Documents or communications sent solely between or among external counsel for the Defendants, including any persons employed by counsel or acting on their behalf, on the one hand, and employees or agents of the Defendants, on the other hand;

   b) Documents or communications sent solely between or among counsel for Plaintiff, including any persons employed by counsel or acting on their behalf, on the one hand, and employees or agents of Plaintiff, on the other hand;

   c) Documents or communications sent solely between outside counsel for Defendants (or persons employed by or acting on behalf of such counsel) or solely between counsel for Plaintiff (or persons employed by or acting on behalf of such counsel);

   d) Documents or communications sent solely within Plaintiff's organization (including persons employed by or acting on behalf of the Plaintiff);

   e) Documents or communications sent solely between or among experts retained for purposes of this matter (including the Federal Trade Commission's investigation of this matter), on the one hand, and counsel for any Party or Parties, employees of the parties, the experts themselves, or persons acting

under the supervision of or on behalf of those experts in connection with the

expert's work on this matter, on the other; and

   a) Materials exempted from disclosure under the Expert Materials provision of

      Paragraph 11 of this Order.

Defendants may provide a metadata only privilege log for documents or

communications sent solely between or among in-house counsel for the Defendants,

including any persons employed by counsel or acting on their behalf, on the one hand,

and employees or agents of the Defendants, on the other.  This Paragraph shall not

alter either party's right to challenge any privilege claims made by either party.

6. <u>Inadvertent Production of Privileged Material.</u>  In accordance with Federal Rule of

   Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), inadvertent

   production of documents or communications containing privileged information or

   attorney work product shall not be a basis for loss of privilege or work product of the

   inadvertently produced material, provided that the producing party notifies the

   receiving party within a reasonable period of time of learning of the inadvertent

   production.  When a party determines that it has inadvertently produced such

   material, it will notify other parties, who will promptly return, sequester, or delete the

   protected material from their document management systems.  Within two (2)

   business days of identifying inadvertently produced information or documents(s), the

   party seeking claw-back of such materials shall provide a privilege log entry for the

   identified information or documents.

7. <u>Attorney Work-Product.</u> The parties will neither request nor seek to compel the

   production of any interview notes, interview memoranda, or recitation of information

   contained in such notes or memoranda, or recitation of information contained in such

notes or memoranda, created by any party's Counsel, except as specified in Paragraph 11. Nothing in this Order requires the production of any party's attorney work-product; confidential attorney-client communications; communications with or information provided to any potentially or actually retained expert; communications between counsel for the FTC, its Commissioners, and/or persons employed by the FTC; or materials subject to the deliberative-process privilege or any other privilege.

8. <u>Electronically Stored Information.</u> The parties agree as follows regarding the preservation and production of electronically stored information ("ESI"):

    a) All Parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case. In addition, the Parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

    b) All Parties agree that the use of Technology Assisted Review tools may assist in the efficient production of ESI. However, if a party desires to use such technologies that materially differ from the technologies used in connection with Defendants' response to the Second Request, it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology.

    c) All parties will request ESI in the form or forms that facilitate efficient review of ESI. In general, the parties shall produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation. However, the parties need not produce color images of documents during production. If a party requests color images of specific

16

documents, then the receiving party shall provide it within three (3) business days.

9. <u>Evidentiary Presumptions.</u>

    a) All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's pre-complaint investigation of the proposed acquisition, FTC File No. 231-0133, are presumed to be authentic. All documents produced by non-parties from their files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901. If a party serves a specific written objection to a document's authenticity, the presumption of authenticity shall no longer apply to that document, and the parties shall promptly meet and confer to attempt to resolve the objection. The Court will resolve any objections that are not resolved through this means or through the discovery process.

    b) Any party may challenge the authenticity or admissibility of a document, and if necessary may take discovery related solely to authenticity or admissibility of documents.

10. <u>Modification of Scheduling and Case Management Order.</u> Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.

**EXHIBIT A - PROPOSED SCHEDULE**

| Event | Date(s) |
|---|---|
| Discovery Commences | Upon filing of this Proposed Joint Stipulated Case Management Order with the Court |
| Response to Complaint | May 6, 2024 |
| Parties Serve Initial Disclosures | May 7, 2024 |
| Plaintiff Serves Preliminary Fact Witness Lists | May 10, 2024 at 5 p.m. ET |
| Defendants Serve Preliminary Fact Witness List | May 15, 2024, at 5 p.m. ET |
| Deadline to Serve Written Discovery, excluding Contention Interrogatories | May 17, 2024 |
| Deadline to Serve Contention Interrogatories | June 26, 2024 |
| Good-faith Commitment to Complete Party Depositions | July 19, 2024 |
| Close of Fact Discovery | July 26, 2024 |
| Plaintiff Serves Initial Expert Report(s) | July 26, 2024 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | August 6, 2024 |
| Defendants Serve Rebuttal Expert Report(s) | August 7, 2024 |
| Plaintiff Serves Expert Rebuttal/Reply Report(s) | August 14, 2024 |
| Defendants' Opposition to Preliminary Injunction Motion | August 20, 2024 |
| Close of Expert Discovery | August 20, 2024 |
| Exchange of Final Witness Lists | August 21, 2024 at 5 p.m. ET |
| Exchange of Exhibit Lists and Deposition Designations (to the extent necessary) | August 23, 2024 at 5 p.m. ET |

| Event | Date(s) |
|---|---|
| Each Party informs each non-party of all documents produced by that non-party that are on that Party's exhibit list and all depositions of that non-party that have been designated by any Party (to the extent necessary) | August 23, 2024 |
| Deadline for Motions *In Limine* and Daubert Motions | August 26, 2024 |
| Plaintiff's Reply to Defendants' Opposition to Preliminary Injunction Motion | August 27, 2024 |
| Each side exchanges its objections to the other side's exhibits and opening deposition designations and provides its deposition counter-designations (to the extent necessary) | August 27, 2024 |
| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations (to the extent necessary) | August 29, 2024 |
| Deadline for Oppositions to Motions *In Limine* and Daubert Motions | August 30, 2024 |
| Proposed Findings of Fact and Conclusions of Law | August 30, 2024 |
| Non-parties provide notice whether they object to the potential public disclosure at hearing of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible | August 30, 2024 |
| Parties meet and confer regarding disputes about confidentiality of Party documents on hearing exhibit lists and deposition designations (to the extent necessary) | August 30, 2024 (and as required thereafter) |
| Parties meet and confer regarding admissibility of hearing exhibits | August 30, 2024 (and as required thereafter) |
| Joint submission regarding disputes about admissibility of hearing exhibits | September 4, 2024 |
| Joint submission regarding disputes about confidentiality of Party and non-party documents on hearing exhibit lists to be filed | September 4, 2024 |
| Evidentiary Hearing Begins | September 9, 2024 |
| Post-Hearing Proposed Findings of Fact and Conclusions of Law | 7 days after the evidentiary hearing concludes |

STIPULATED AND AGREED:

S/ *Abby Dennis*            May 1, 2024
Counsel for Federal Trade Commission       Date


S/ *Alfred C. Pfeiffer*            May 1, 2024
Counsel for Tapestry, Inc.       Date


S/ *Elaine P. Golin*            May 1, 2024
Counsel for Capri Holdings Limited       Date


*This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.*


**IT IS SO ORDERED,** this    1st   day of   May            , 20 24    .


_____
UNITED STATES DISTRICT JUDGE
The Honorable Jennifer L. Rochon

# Exhibit C

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

                Plaintiff,

       v.

IQVIA HOLDINGS INC.,

and

PROPEL MEDIA, INC.

                Defendants.

Case No. 1:23-cv-06188-ER

## JOINT STIPULATED
## CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f)(3), the parties hereby agree and stipulate to the following Civil Case Management Plan and Scheduling Order.

## I.    AMENDMENT, JOINDER, AND DISCLOSURES

1.    <u>Joinder</u>.  Joinder of additional parties must be accomplished by August 15, 2023.

2.    <u>Amendment</u>.  Amended pleadings may be filed until August 15, 2023.

3.    <u>Initial Disclosures</u>.  The parties will serve the other side with initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by August 4, 2023 at 5:00 p.m. Eastern time. The disclosures shall include the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information— that the disclosing party may use to support its claim or defenses in this action.  If the parties need to supplement or correct their Rule 26(a)(1) disclosures during the pendency of this action, they will do so pursuant to Federal Rule of Civil Procedure 26(e).  For the avoidance of doubt, the

parties need not supplement their initial disclosures with non-party witnesses timely disclosed through the processes in this Civil Case Management Plan and Scheduling Order.

## II.    WITNESS LISTS

1.    <u>Preliminary Fact Witness Lists</u>.  Plaintiff shall serve its preliminary list of fact witnesses no later than 5:00 p.m. Eastern time on the date listed in Exhibit A.  Defendants shall serve their preliminary list of fact witnesses no later than 5:00 p.m. Eastern time on the date listed in Exhibit A.  Preliminary fact witness lists shall be limited to 15 party witnesses (current employees), and 30 total witnesses per side.  The lists shall summarize the general topics of each witness's anticipated testimony and include the name of the employer of each witness.

2.    <u>Final Witness Lists</u>.  Final witness lists shall be exchanged on or before 5:00 p.m. Eastern time on the date listed in Exhibit A.  Final witness lists shall be limited to 20 per side and summarize the general topics of each witness's anticipated testimony.  Final witness lists shall include only witnesses who appear on that party's preliminary witness list or who have otherwise been deposed or who submitted a declaration or affidavit in connection with this federal court preliminary injunction proceeding.  The final witness lists shall represent a good faith effort to identify all witnesses the producing party expects that it may present at the evidentiary hearing, other than solely for impeachment.  Additional witnesses may be added to the final witness list after the date for exchange of final witness lists in Exhibit A only by agreement of the parties or with leave of the Court for good cause shown.

III.     **FACT DISCOVERY**

1.     Schedule.  The parties' stipulated discovery and briefing schedule is attached as

**Exhibit A**.

2.     Written Discovery.

a.     **Requests for Production**.  No more than 35 requests for production shall

be served on any party.  The Requests for Production that the FTC served on August 7, 2023 (the

"August 7 RFPs") shall also be deemed served in the above-captioned litigation.  The parties agree

to produce documents on a rolling basis, prioritizing data requests.  The parties shall serve any

objections to requests for the production of documents no later than 7 calendar days after the date

of service of the document requests to which they assert objections, except as to the August 7 RFPs

for which objections shall be served no later than 7 calendar days after the date of the entry of this

Order.  Within 3 calendar days of service of any such objections, the parties shall meet and confer

in a good faith attempt to resolve the objections.  The parties agree to make a good faith effort to

produce documents on a rolling basis and prioritize data productions.  The parties also agree to

make a good faith effort to substantially produce documents for a deponent 7 days before the

deponent's deposition, provided that the party has sufficient time to comply with this deadline

given the timing of the Requests for Production and the parties' agreement on the scope of the

production; in the event that a party does not expect to be able to produce documents for a deponent

at least 7 days before a scheduled deposition, the party will inform the deposing counsel and provide a good faith estimate as to when the production is expected to be substantially completed.

      b.     In response to any document requests, the parties need not produce to each other in discovery in this case any documents previously produced by Defendants to the FTC in the course of the investigation of IQVIA's proposed acquisition of PMI related to this matter.

      c.     Document Productions shall be sent to the attention of:

     i.   <u>To the FTC</u>:

Jennifer Fleury (jfleury@ftc.gov)
Jessica Moy (jmoy@ftc.gov)
Stephen Mohr (smohr@ftc.gov)
Jordan Andrew (jandrew@ftc.gov)
Wade Lippard (wlippard@ftc.gov)
Michelle Seo (mseo@ftc.gov)
Teresa Martin (tmartin@ftc.gov)
Qing Yu Chen (qchen@ftc.gov)
Kelly Luetkenhaus (kluetkenhaus@ftc.gov)

     ii.   <u>To IQVIA</u>:

Chantale Fiebig
Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7200
Chantale.fiebig@weil.com

Kenneth Reinker
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Tel:  (202) 974-1500
kreinker@cgsh.com

     iii.   <u>To Propel Media</u>:

Alexander P. Okuliar
Alfredo Chamorro
Morrison & Foerster LLP
2100 L Street, NW, Suite 900
Washington, DC 20037

Tel: (202) 887-1500
aokuliar@mofo.com
achamorro@mofo.com

In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery if agreed by the parties, the serving party will telephone or email the other side's principal designee when the materials are sent to provide notice that the materials are being served.  For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

        d.    **Interrogatories**.  The parties shall serve no more than 10 interrogatories per side, only 5 of which can be contention interrogatories, served later in the discovery period.  The parties shall serve objections to interrogatories no later than 7 calendar days after the date of service.  Within 3 calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.  The parties shall serve substantive responses no later than 20 days after service.

        e.    **Requests for Admission**.  No party shall serve requests for admission.  However, there shall be no limit on the number of requests for admission for purposes of authentication and admissibility of exhibits.

        f.    **Discovery uses.**  All discovery taken in the above-captioned litigation can be used in connection with the Part 3 administrative proceeding and vice versa—provided, however, that the deadlines and limitations set forth in this Case Management Order shall exclusively govern written discovery and depositions in the above-captioned litigation, rather than the deadlines and limitations set forth in the Part 3 Scheduling Order.  No individual or entity

deposed in one action may be re-deposed in the other, except as otherwise provided in the Part 3 Scheduling Order.

        3.      <u>Third-Party Discovery</u>.

        a.    **Subpoenas**.  No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days after service.  Each party shall produce all materials received pursuant to a third-party subpoena or other formal or informal request, including any declarations, letters, or affidavits obtained from a third party, to the other party within 3 business days of receiving those materials. Production shall occur in the format the materials were received, except that in the event a non-party produces documents or electronic information that are non-Bates-stamped, the party receiving the documents shall promptly Bates-stamp the documents or electronic information and produce them in an appropriate timeframe.  If a party serves a non-party with a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least five (5) calendar days after the original return date for the document subpoena.   To the extent a non-party deposition is properly noticed in accordance with this Order and the non-party's schedule cannot accommodate a deposition before the close of non-party fact discovery, after consultation with all parties involved, despite good faith efforts for earlier scheduling, and for good cause, a later deposition may occur with the agreement of all sides.  No party may unreasonably withhold agreement.

        b.    **Limitations on Party and Third-Party Declarations or Letters**.  No party may submit as evidence a declaration, notes of support, or affidavit from a party or third-party witness if such declaration or affidavit was executed or served less than 4 business days prior to his or her agreed-to deposition date.  In any event, no party or non-party declaration, notes of

support, or affidavit may be submitted as evidence if it was executed or served less than 14 calendar days before the close of non-party fact discovery. Declarations, notes of support, or affidavits produced after this date shall not be admitted into evidence or used at the preliminary injunction hearing.

        4.      <u>Depositions</u>.

        a.      **Number of Depositions**. The parties agree that relief from the limitation on the number of depositions set forth in Federal Rule of Civil Procedure 30(a)(2) is necessary and appropriate. Each side may depose a witness who (i) is listed on either side's preliminary witness list or final witness list or (ii) provides a declaration, note of support, or affidavit in connection with this matter. In addition, (a) one 30(b)(6) deposition notice of each party shall be permitted; (b) each side may depose up to twenty (20) non-party witnesses, including through 30(b)(6) depositions; and (c) the parties may depose any party or non-party who sat for an investigational hearing. Additionally, a party may depose a maximum of two additional witnesses beyond those listed on either side's preliminary witness list, who provided a declaration, notes of support, or affidavit, who sat for an investigational hearing. Cross-notices of depositions will not count against the above totals. No additional depositions of fact witnesses shall be permitted, except by agreement of the parties or by leave of the Court for good cause shown. The parties shall consult with each other prior to confirming any deposition to coordinate the date and time of the deposition, even if both parties notice a deposition for the same date and time.

        b.      **Notice.** The parties may not serve a deposition notice with fewer than 7 calendar days' notice. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's

schedule. If a party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least 7 calendar days after the original return date for the document subpoena.

> c. **Remote Depositions**. The parties will negotiate a deposition protocol to govern remote depositions.

> d. **Allocation of Time**. All depositions, including depositions of fact and expert witnesses and 30(b)(6) depositions, shall last no more than 7 hours on the record. Additionally, if both Plaintiff and Defendants notice any non-party fact deposition (including any 30(b)(6)deposition), the deposition will be 7 hours and will be divided equally between the sides. Unused time in any side's allocation of deposition time shall not transfer to the other side.

> e. **Deposition Designations**. The parties agree to work in good faith to reach agreement on deposition designations by the close of non-party fact discovery.

> f. **Deadline to Serve Deposition Notices to Parties and Third-Parties**. The parties shall serve deposition notices to a party or non-party no later than 7 calendar days before the close of party and non-party fact discovery, respectively.

5. <u>Privilege Logs.</u> The parties agree to suspend the obligations of Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of privileged materials withheld from discovery taken in this action (excluding Defendants' productions made during the course of the FTC's pre-complaint investigation. Notwithstanding the foregoing, the parties shall log withheld materials that are: (1) authored by, addressed to, or received from any non-party; (2) internal to a party that are not authored by, sent to, or received from the party's attorneys; or (3) internal to a party authored by, addressed to, or received from the party's attorneys for purposes other than obtaining legal advice, which could potentially include, but not be limited to, communications regarding the

TPA program.  For purposes of this parapraph, a "non-party" excludes a party's retained expert and persons assisting the expert within the meaning of Federal Rule of Civil Procedure 26.  The parties shall maintain all documents responsive to a discovery request that they withold pursuant to a claim of privilege or protection.

6.    <u>Newly-Available Information</u>. Discovery in this matter will take place on an accelerated basis. This order does not preclude any party from subsequently relying on evidence, including in court filings, arguments, and expert reports, that was not produced at the time of initial expert reports or briefs.  Further, if the schedule in Exhibit A contemplates briefs and expert reports submitted before the close of fact discovery, this Order does not limit either party to simply responding to previously raised arguments or evidence in any rebuttal or sur-rebuttal reports or reply or sur-reply briefs. For avoidance of doubt, this Order does not permit either party to submit additional expert reports or briefs not provided in Exhibit A.  Each party reserves the right to object to the admissibility of such evidence.

## IV.    EXPERT DISCOVERY

1.    <u>Expert Reports</u>.  Expert reports shall be filed in accordance with the deadlines in Exhibit A.

2.    <u>Expert Depositions.</u>  One seven-hour deposition of each expert shall be allowed. Expert depositions must be completed on or before the date listed as the Close of Expert Discovery date listed in Exhibit A.

3.    <u>Expert Materials Not Subject to Discovery</u>. Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

a.      Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:

   i.   any form of communication or work product shared between any of the parties' counsel and their expert(s), persons assisting the expert(s), or consultants, or between any of the experts or consultants themselves;

   ii.  any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

   iii. expert's notes, unless they constitute the only record of a fact or an assumption relied upon by the expert in formulating an opinion in this case;

   iv.  drafts of expert reports, analyses, or other work product; or

   v.   data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 2(b).

b.      The parties agree that they will disclose the following materials with all expert reports:

   i.   a list by Bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

   ii.  for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

4.  Expert Disclosures.  The parties shall provide the name and place of employment of each retained testifying expert witness by the date in Exhibit A, as well as a brief summary of

their anticipated testimony.  Only experts disclosed by the date in Exhibit A shall be allowed to testify in this proceeding.

5.  <u>Disclosure of Expert Materials</u>.  At the time an expert is first disclosed by a party, that party shall provide to the other party: (i) materials fully describing or identifying the background and qualifications of the expert, all publications authored by the expert within the preceding ten years, and all prior cases in which the expert has testified or has been deposed within the preceding four years; and (ii) transcripts of such testimony in the possession, custody, or control of the producing party or the expert, except that transcript sections that are under seal in a separate proceeding need not be produced.

6.  <u>Limitation on Experts</u>.  Each side may disclose no more than three (3) expert witnesses.

## V.   MOTIONS AND BRIEFING

1.     Plaintiff's memorandum in support of its motion for a preliminary injunction will be filed by the date in Exhibit A and will not to exceed 50 pages.

2.      Defendants' oppositions to Plaintiff's motion for a preliminary injunction will be filed by the date in Exhibit A and will not to exceed 50 pages.

7.     Plaintiff's reply memorandum in support of its motion for a preliminary injunction will be filed by the date in Exhibit A and will not to exceed 25 pages.

3.     Any briefs in support of, or oppositions to, and replies to motions in limine, including any Daubert motions, shall not exceed 10 pages.

4.     The parties' post-trial proposed findings of fact and conclusions of law will be filed by the date in Exhibit A and shall not exceed 100 pages.

## VI.   OTHER ISSUES

1.  <u>Trial Plan</u>.  After the close of non-party fact discovery, the parties shall meet and confer in good faith regarding trial logistics to propose to the Court.  These discussions shall include, but not be limited to, any additional pre-trial briefing, designations, a process for lodging objections to trial exhibits, a process for sealing and redacting trial exhibits, a process for presenting witness testimony that requires sealing the courtroom, a process for witness disclosure, a process for exchanging demonstrative exhibits, and scheduling the pre-trial conference.

2.  <u>Service</u>.  Service of any documents not filed via ECF, including pleadings, discovery requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by electronic mail to the following individuals designated by each party:

    i.  For Plaintiffs:

        1.  For Federal Trade Commission:

            Jennifer Fleury (jfleury@ftc.gov)
            Jessica Moy (jmoy@ftc.gov)
            Stephen Mohr (smohr@ftc.gov)
            Jordan Andrew (jandrew@ftc.gov)
            Wade Lippard (wlippard@ftc.gov)
            Michelle Seo (mseo@ftc.gov)
            Teresa Martin (tmartin@ftc.gov)
            Qing Yu Chen (qchen@ftc.gov)
            Kelly Luetkenhaus (kluetkenhaus@ftc.gov)

    ii.  <u>For Defendants:</u>

        1.  <u>For IQVIA:</u>

            Chantale Fiebig
            Weil, Gotshal & Manges LLP
            2001 M Street NW, Suite 600
            Washington, DC 20036
            (202) 682-7200
            Chantale.fiebig@weil.com

            Kenneth Reinker

Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Tel:  (202) 974-1500
kreinker@cgsh.com

2.  For PMI:

Alexander P. Okuliar
Alfredo Chamorro
Morrison & Foerster LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Tel: (202) 887-1500
aokuliar@mofo.com
achamorro@mofo.com

In the event the volume of served materials is too large for email and requires electronic data

transfer by file transfer protocol or a similar technology, or overnight delivery if agreed by the

parties, the serving party will telephone or email the other side's principal designee when the

materials are sent to provide notice that the materials are being served.  For purposes of

calculating discovery response times under the Federal Rules of Civil Procedure, electronic

delivery shall be treated the same as hand delivery.

3.  Nationwide Service of Process.  Good cause having been shown in view of the

geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide

service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45

and 15 U.S.C. § 23, to issue from this Court that may run into any other federal district requiring

witnesses to attend this Court.  The availability of nationwide service of process, however, does

not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure

32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a

deposition taken in this action.

13

4.      Third Party Confidential Information.  A Protective Order Governing Confidential Material, entered by the Court, shall govern discovery and production of Confidential Information. Any Party serving discovery requests, notices, or subpoenas sent to a non-party shall provide the non-party with a copy of the Protective Order.

5.      Inadvertent Production of Privileged Material.  In accordance with Federal Rule of Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), inadvertent production of documents or communications containing privileged information or attorney work product shall not be a basis for loss of privilege or work product of the inadvertently produced material, provided that the producing party notifies the receiving party within three (3) business days of learning of the inadvertent production.  When a party determines that it has inadvertently produced such material, it will notify other parties, who will promptly return, sequester, or delete the protected material from their document management systems.  Within two (2) business days of identifying inadvertently produced information or documents(s), the party seeking claw-back of such materials shall provide a revised privilege log for the identified information or documents.  A Party may move the Court for an order compelling production of the material, but such Party may not assert as a ground for entering such an order the mere fact of inadvertent production.  The Party asserting the privilege must file its opposition under seal and submit a copy of the material in question for in camera review.

6.      Attorney Work-Product.  Nothing in this Order requires the production of any party's attorney work-product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process privilege or any other privilege.

    7.    <u>Electronically Stored Information.</u>  The parties agree as follows regarding the preservation and production of electronically stored information ("ESI"):

    a.  All parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case. In addition, the parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

    b.  All parties agree that the use of Technology Assisted Review tools, including search terms, may assist in the efficient production of ESI. However, if a party desires to use such technologies that materially differ from the technologies used in connection with Defendants' response to the Second Request, it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology or terms.

    c.  All parties will request ESI in the form or forms that facilitate efficient review of ESI. In general, the parties will produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation, and pdfs will be produced as colored copies when specifically requested, within 24 hours upon receiving a reasonable request.

    8.    <u>Evidentiary Presumptions.</u>

    a.    Documents produced by non-parties from the non-parties' files shall be presumed to be authentic. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to trial exhibits. If a party serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection.

The Court will resolve any objections that are not resolved through this means or through the discovery process.

b. All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's pre-complaint investigation of the proposed acquisition, or any prior FTC investigation, are presumed to be authentic.

c. Any party may challenge the authenticity or admissibility of a document, and if necessary may take discovery related solely to authenticity or admissibility of documents.

9. <u>Magistrate Consent</u>. The parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636.

10. <u>Jury Trial.</u> The case is not to be tried by a jury.

11. <u>Modification of Civil Case Management and Scheduling Order</u>. Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert deadlines by agreement. Any such modifications must be in writing.

12. <u>Reservation of Rights</u>. Nothing in this Civil Case Management and Scheduling Order shall limit the parties' ability to object to, move to quash, or otherwise challenge any request for discovery or deposition notice under the Federal Rules of Civil Procedure.

**EXHIBIT A: DEADLINES**

| Event | Federal Court Deadline |
|---|---|
| Discovery Commences | July 27, 2023 |
| Parties serve initial disclosures | August 4, 2023 |
| Plaintiff's Preliminary Fact Witness List | August 15, 2023 |
| Defendants' Preliminary Fact Witness List | August 21, 2023 |
| Plaintiff Serves Expert Disclosures | September 6, 2023 |
| Defendants Serve Expert Disclosures | September 13, 2023 |
| Plaintiff Serves Initial Expert Report(s) | October 11, 2023 |
| Close of Party Fact Discovery | October 11, 2023 |
| Close of Non-Party Fact Discovery | October 20, 2023 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | October 25, 2023 |
| Defendants Serve Expert Report(s) | October 25, 2023 |
| Plaintiff Serves Rebuttal Expert Report(s) | November 3, 2023 |
| Exchange of Final Witness Lists | November 3, 2023 |
| Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction | November 9, 2023 |
| Close of Expert Discovery | November 9, 2023 |
| Exchange of Exhibit Lists | November 9, 2023 |
| Motions *In Limine* Deadline | November 13, 2023 |
| Plaintiff's Reply to Defendants' Opposition to Preliminary Injunction Motion | November 16, 2023 |
| Motions *In Limine* Response Deadline | November 16, 2023 |
| Pre-Hearing Conference | November 17, 2023 |
| Hearing Begins | November 20, 2023 |
| Post-Hearing Proposed Findings of Fact and Conclusions of Law | December 7, 2023 at 5:00 PM ET |

Dated: August 14, 2023

/s/ Jennifer Fleury

Jennifer Fleury (*pro hac vice*)
Jessica Moy (*pro hac vice*)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
jmoy@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

/s/ Chantale Fiebig

Chantale Fiebig
Mark A. Perry (*pro hac vice*)
Joshua M. Wesneski
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Chantale.fiebig@weil.com
Mark.perry@weil.com
Joshua.wesneski@weil.com

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Kenneth Reinker
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Tel: (202) 974-1500
kreinker@cgsh.com

Rahul Mukhi
One Liberty Plaza
New York, NY 10006
Tel: (212) 225-2000
rmukhi@cgsh.com

*Counsel for Defendant IQVIA Holdings Inc*

MORRISON & FOERSTER LLP
Alexander P. Okuliar  (*pro hac vice*)
David J. Shaw (*pro hac vice*)
2100 L Street, NW, Suite 900
Washington, DC 20037
Tel: (202) 887-1500
aokuliar@mofo.com

David J. Fioccola
Mika M. Fitzgerald
250 West 55th Street
New York, NY 10019
Tel: (212) 468-8000

dfioccola@mofo.com
mfitzgerald@mofo.com

*Counsel for Defendant Propel Media, Inc.*

SO ORDERED:

_____

HON. EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

August 15, 2023

# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** | |
| Plaintiff, | |
| v. | No. 2:20-cv-18140 |
| **HACKENSACK MERIDIAN HEALTH, INC.** | |
| And | |
| **ENGLEWOOD HEALTHCARE FOUNDATION** | |
| Defendants. | |

## PARTIES' JOINT STATUS REPORT AND
## CASE MANAGEMENT ORDER

Plaintiff Federal Trade Commission ("FTC" or "Commission") has met and conferred

with Defendants Hackensack Meridian Health, Inc. and Englewood Healthcare Foundation

(collectively, "Defendants"). The parties have reached agreement on a number of issues,

primarily relating to discovery, and respectfully submit their resolution to those matters for the

Court's review. The parties jointly submit the following Respective Proposals for Case

Management Order and Schedule.

A.     **TEMPORARY RESTRAINING ORDER**: The Court entered the Stipulation and

      Temporary Restraining Order on December 4, 2020.

B.     **DISCOVERY**

    1.   Initial Disclosures. The parties will serve the other side with initial disclosures

      pursuant to Federal Rule of Civil Procedure 26(a)(1) within one day of entry of this

      Order. The disclosures shall include the name and, if known, the address and

      telephone number of each individual likely to have discoverable information—along

with the subjects of that information—that the disclosing party may use to support its claim or defenses in this action. If the parties need to supplement or correct their Rule 26(a)(1) disclosures during the pendency of this action, they will do so pursuant to Federal Rule of Civil Procedure 26(e).

2. <u>Fact Discovery.</u> Fact discovery will begin on January 4, 2021. The parties shall complete fact discovery by March 12, 2021. The parties will submit a joint status report at the close of fact discovery.

3. <u>Pre-Hearing Discovery Conference.</u> This stipulated Order relieves the parties of their duty under Federal Rule of Civil Procedure 26(f) to confer about scheduling and a discovery plan.

4. <u>Third-Party Discovery.</u> No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than fourteen (14) calendar days after service. Each party shall produce all materials received pursuant to a third-party subpoena, and all materials received voluntarily in lieu of a subpoena, including any declarations or affidavits obtained from a third party, to the opposing side within three (3) business days of receiving those materials. Production shall occur in the format the materials were received, except that in the event a third party produces documents or electronic information that are non-Bates-stamped, the party receiving the documents shall promptly Bates-stamp the documents, electronic information, or electronic media and produce them in an appropriate timeframe. Unless otherwise agreed to or with leave of Court upon a showing of good cause, the parties shall produce all declarations of individuals, including third parties, and all letters of support, no later than fourteen (14) calendar days before the close of fact discovery. Document requests to third parties must be

served no later than February 26, 2021 provided, however, that the parties agree that no depositions shall be taken after the close of fact discovery absent a showing of good cause.  Failure to serve a request for documents in sufficient time to allow production in advance of a deposition within the discovery period shall not alone constitute good cause.  However, delays in compliance with document subpoenas served sufficiently in advance of the deposition that that a third party attributes to external factors may constitute good cause.

5.  <u>Document Requests and Production.</u>  There shall be no limit on the number of requests for production the parties may serve.  The parties shall serve any objections to requests for the production of documents no later than thirty (30) calendar days after the date of service of the document requests to which they assert objections.  Within three (3) calendar days of service of any such objections, the parties shall meet and confer in a good-faith attempt to resolve the objections, and the parties shall also meet and confer with respect to any requests that may present obstacles to a production within the timeframe set forth below.  In response to any document requests, the parties need not produce to each other in discovery in this action any documents previously produced by Defendants to Plaintiff in the course of any investigation of the affiliation agreement between Hackensack Meridian Health, Inc. and Englewood Healthcare Foundation, FTC File No. 201-0044.  All documents previously produced by Defendant Hackensack or Defendant Englewood to Plaintiff in the course of the investigation of the affiliation agreement between Hackensack Meridian Health, Inc. and Englewood Healthcare Foundation are deemed produced in this matter.  All documents previously withheld for privilege by either Defendant Hackensack or Defendant Englewood in the course of the investigation of the

affiliation agreement between Hackensack Meridian Health, Inc. and Englewood Healthcare Foundation are deemed withheld for privilege for the same reasons in this matter as those stated in the investigation.

6. <u>Requests for Admission.</u>  Requests for admission shall be limited to thirty (30) per side.  The parties shall serve objections and responses to requests for admission no later than thirty (30) calendar days after the date of service.

7. <u>Interrogatories.</u>  Each side shall serve no more than twenty-five (25) interrogatories. The parties shall serve objections and responses to interrogatories no later than thirty (30) calendar days after the date of service, subject to Paragraph 8 below.

8. <u>Deadline to Issue Interrogatories to Parties.</u>  The parties shall serve interrogatories to one another no later than two weeks after the opening of fact discovery, except that either side may serve no more than five (5) interrogatories after that date without prior leave of the Court for good cause shown, subject to the limitation on total interrogatories in Paragraph 7.  The parties may issue document requests or requests for admission to one another consistent with the Federal Rules of Civil Procedure and Local Rules.

9. <u>Expert Materials Not Subject to Discovery.</u>  Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

   a) Rule 26(a)(2)(B)(ii) is modified to read: "the facts, data and other information relied on by the witness in forming them."

   b) The following types of information shall not be the subject of any form of discovery and the parties shall not be obligated to preserve such information in any form or include such information on any privilege log except to the

extent the expert relies on such information in forming his or her opinions expressed in his or her expert report(s):

    i.    any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants retained in anticipation of litigation or retained after this litigation commenced and persons assisting the expert(s), or between any such experts or consultants themselves;

    ii.    any form of communication or work product shared between an expert(s) retained in anticipation of litigation or retained after this litigation commenced and persons assisting the expert(s);

    iii.    expert's notes;

    iv.    drafts of expert reports, analyses, or other work product; or

    v.    draft data formulations, draft data runs, draft data analyses, any draft database-related operations, or other such materials not required for production under Paragraph 9.d.ii.

c)   Nothing in this order shall permit a party or a testifying expert to withhold any proposition, fact, belief, data, assumption, information, or other material on which an expert relies in support of her or his opinion(s).

d)   The parties agree that they will disclose the following materials with all expert reports:

    i.    a list of materials, including Bates-stamped documents, relied upon by the testifying expert(s) in forming his or her opinions expressed in his or her report; and copies of any materials relied upon by the

expert not previously produced that are not readily available

publicly; and

ii.     for any calculations or statistical and/or economic analyses

appearing in the report, all data and programs that are necessary to

recreate the calculations or analyses from the initial ("raw") data

files, including any previously produced Bates-stamped initial

("raw") data files created by an expert or his or her staff, that are

used to run the calculations or analyses; and

iii.    data, statistical analyses, or other information (including any

calculation or exhibit) produced under the obligations in Paragraph

9.d.ii shall be provided in machine-readable format.

10. <u>Disclosure of Expert Materials</u>. At the time an expert is first disclosed by a party, that

party shall provide an up-to-date curriculum vitae identifying the background and

qualifications of the expert, all publications of the expert within the preceding ten

years, and all prior cases in which the expert submitted a report and/or sat for a

deposition within the previous five years.  The information required to be produced

by Paragraph 9(d) above shall be produced via File Transfer Protocol or similar

technological means.  If production via File Transfer Protocol is not feasible,

information shall be produced via hard drive on the calendar day after service of the

expert reports.  Parties will disclose their experts on February 16, 2021.

11. <u>Exchange of Lists of Witnesses to Appear at Hearing.</u>

a)    *Preliminary Fact Witness Lists:*  The parties shall exchange preliminary fact

witness lists (to include all potential party and third-party fact witnesses) no

later than 5:00 p.m. Eastern Time on January 12, 2021.  No more than

seventeen (17) individuals may appear on either side's preliminary fact

witness list.  Parties may supplement their list with up to five (5) third parties

by 6:00 p.m. Eastern Time on January 29, 2021, for a total of 22 fact

witnesses.  Each side shall jointly submit one list.  Lists shall be limited to

natural persons or, if unknown for a third party entity, a corporate

representative of a specific entity.  Preliminary fact witness lists shall

summarize the general topics of each individual witness's anticipated

testimony.  The preliminary and supplemental fact witness list shall include

the name of the employer of each natural person listed.  Each side may add

witnesses by agreement of the parties or with leave of the Court for good

cause shown, subject to the twenty-two (22) witness limit described above.

The opposing parties shall have a reasonable opportunity to depose any

witness not included on a party's initial preliminary fact witness list but

subsequently added thereto.

b) *Final Witness Lists:*  Parties will meet after the close of fact discovery to

discuss in good faith the timing for exchanging final witness lists and the

number of witnesses that may appear on either side's final witness list.  Each

side shall jointly submit one list.  Final witness lists shall summarize the

general topics of each witness's anticipated testimony.  The final witness lists

shall identify all witnesses (fact + expert) the producing side expects it may

present at the evidentiary hearing, other than solely for impeachment.  Absent

agreement of the parties or leave of the Court for good cause shown, no

witness may be included on a final witness list who was not listed on a

preliminary fact witness list, unless that fact witness was deposed during fact

discovery or was an expert who submitted a report in this matter. Additional

witnesses may be added to the final witness lists after these dates only by

agreement of the parties or with leave of the Court for good cause shown.

12. <u>Depositions.</u>

    a)  <u>Deposition Limits.</u> Each side may depose any witness who is listed on either

        side's preliminary, supplemental, or final witness list, and in addition may

        also depose any person who provides a declaration or affidavit or who sat for

        an investigational hearing during the Plaintiff's investigation. Each side may

        take a maximum of five (5) depositions of individuals beyond those listed on

        either side's preliminary, supplemental, or final witness list and beyond those

        who provide a declaration or affidavit or who sat for an investigational

        hearing. A 30(b)(6) notice counts as no more than one deposition, in the event

        that a party or third party designates multiple individuals. Additional

        depositions of fact witnesses shall be permitted only by agreement of the

        parties or by leave of the Court for good cause shown. The parties shall

        consult with each other prior to confirming any deposition to coordinate the

        time and place of the deposition. The parties shall use reasonable efforts to

        reduce the burden on witnesses noticed for depositions and to accommodate

        the witness's schedule.

    b)  <u>Allocation of Time.</u> All depositions, including depositions of fact and expert

        witnesses, shall proceed in accordance with the Federal Rules of Civil

        Procedure except that unless agreed upon by the parties and the witness, all

        depositions will be taken remotely in recognition of the COVID-19 pandemic.

        Notwithstanding the Federal Rules of Civil Procedure:

     i.     With regard to third parties, each side shall have three-and-a-half (3.5) hours for examination, with unused time by either party reverting to the other side. For purposes of this Order, former employees, consultants, agents, contractors, or representatives of the parties are considered party witnesses if they are represented by counsel at Defendants' expense (regardless of whether Defendants' counsel represent the former employees).

     ii.    For expert witnesses, the opposing side will have seven (7) hours for examination, absent agreement of the parties or leave of the Court for good cause shown.

     iii.   Unless otherwise agreed or with leave of the Court upon a showing of good cause, each side shall have the opportunity to depose each fact or expert witness only one (1) time.

c)   <u>Notice.</u> Unless otherwise agreed or with leave of Court upon a showing of good cause, the parties may not serve a deposition notice with fewer than ten (10) calendar days' notice. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on any witness noticed for deposition and to accommodate the witness's schedule. If a party serves a third-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) calendar days after the third party's compliance with the subpoena for the production of documents or electronically stored information.

d) <u>Deposition Designations.</u>  The parties need not designate portions of investigational hearings or depositions taken during the investigation or in the litigation.  The parties reserve the right to object to the admissibility of any investigational hearing or deposition transcript, or any portion thereof.

13. <u>Expert Depositions.</u>  Expert depositions cannot occur until at least five (5) calendar days after submission of any expert's final report.  These dates shall be subject to any revision in the dates that expert reports are produced.  Expert depositions must be completed on or before May 6, 2021.

14. <u>Discovery Uses.</u>  All discovery taken in the above-captioned litigation can be used in connection with the Part 3 administrative proceeding (FTC Docket No. 9399).  Only discovery obtained by a party in the Part 3 administrative proceeding (FTC Docket No. 9399) prior to the close of fact discovery in this proceeding may be used as part of this litigation.

### C.   MOTIONS AND BRIEFING SCHEDULE

15. Plaintiff will file its memorandum in support of its motion for a preliminary injunction by March 22, 2021.  This brief is not to exceed fifty (50) pages.

16. Defendants will file their opposition to the Plaintiff's motion for a preliminary injunction by April 12, 2021.  This brief is not to exceed fifty (50) pages.

17. Plaintiff will file its reply memorandum in further support of its motion for a preliminary injunction by April 29, 2021.  This brief is not to exceed twenty-five (25) pages.

18. Motions to seal documents or testimony identified on either side's exhibit list for use at the evidentiary hearing shall be filed by April 27, 2021 or a date determined by the Court.

19. The parties' proposed findings of fact and conclusions of law shall be submitted by 5:00 pm Eastern Time ten (10) calendar days after the conclusion of the evidentiary hearing.  Each side's proposed findings of fact and conclusions of law shall not exceed seventy-five (75) pages.

### D.   PRELIMINARY INJUNCTION EVIDENTIARY HEARING

20. The parties propose an evidentiary hearing on Plaintiff's motion for a preliminary injunction of no more than six (6) full days (inclusive of opening statements) with eighteen (18) hours allotted to each side to take place on or around May 10, 2021 if convenient for the Court.  Closing arguments will be scheduled at the Court's convenience subsequent to the hearing and will not be counted against either side's allotted time.  Defendants and Plaintiff shall split the time available at the hearing evenly, with direct examination of witnesses counting against the side conducting the direct examination and cross-examination of witnesses counting against the side

conducting the cross-examination.  Plaintiff may reserve a portion of its time for rebuttal.  All objections made at the hearing shall not count against either side's time limit.  Should the Court augment the time available for this proceeding, any additional time shall be divided equally between Plaintiff and Defendants.  The parties will exchange and agree on the day's usage of time at the close of each day's testimony.

E.    **OTHER MATTERS**

21. <u>Service.</u>  Service of any documents not filed via ECF, including pleadings, discovery requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by electronic mail to the following individuals designated by each party:

      For Plaintiff:

          Jonathan Lasken: jlasken@ftc.gov (principal designee)

          Emily Bowne: ebowne@ftc.gov

          Christopher Caputo: ccaputo@ftc.gov

          Lindsey Bohl: lbohl@ftc.gov

          Nandu Machiraju: nmachiraju@ftc.gov

          Cathleen Williams: cwilliams@ftc.gov

          Samantha Gordon: sgordon@ftc.gov

          Anthony Saunders: asaunders@ftc.gov

          Harris Rothman: hrothman@ftc.gov

          Nathan Brenner: nbrenner@ftc.gov

          Jacklyn Abernathy: jabernathy@ftc.gov (principal designee)

          Brittany Hill: bhill1@ftc.gov

For Defendants:

Paul Saint-Antoine: paul.saint-antoine@faegredrinker.com

Kenneth Vorrasi: kenneth.vorrasi@faegredrinker.com

Daniel Delaney: daniel.delaney@faegredrinker.com

Lee Roach: lee.roach@faegredrinker.com

Jonathan Todt: jonathan.todt@faegredrinker.com

John Yi: john.yi@faegredrinker.com

Alison Agnew: alison.agnew@faegredrinker.com

David Dahlquist: DDahlquist@winston.com

Heather Lamberg: HLamberg@winston.com

Jeffrey Kessler: JKessler@winston.com

Jeffrey Amato: JAmato@winston.com

Matt DalSanto: mdalsanto@winston.com

Kevin Goldstein: KBGoldstein@winston.com

Johanna Hudgens: JHudgens@winston.com

In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery if agreed by the parties, the serving party will telephone or email the other side's principal designees when the materials are sent to provide notice that the materials are being served. For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

22. <u>Answer.</u>  Defendants shall answer the complaint within seven calendar days of entry of this order.

23. <u>Nationwide Service of Process.</u>  Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and hearing subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23 to issue from this Court that may run into any other federal district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at the hearing of a deposition taken in this action.

24. <u>Third-Party Confidential Information.</u>  The Protective Order Concerning Confidentiality ("Protective Order") shall govern discovery and production of Confidential Information.  Any party serving discovery requests, notices, or subpoenas sent to a third party shall provide the third party with a copy of the Protective Order.

25. <u>Privilege Logs.</u>  Defendant Hackensack will produce the privilege log required under provision I 6 of the Second Request issued to it on February 21, 2020 limited to those individuals listed on its December 28, 2020 Initial Disclosures in the Part III Proceeding or its Initial Disclosures in this action, provided that the following types of information need not be placed on such privilege log: email, notes, drafts, communications, memoranda, or other work product produced by or exchanged solely among and between (a) Defendants' Outside Counsel; (b) Defendants' Outside Counsel, on the one hand, and any of Defendants' employee(s), on the other hand; (c)

draft regulatory or litigation filings; and (d) draft contracts or agreements.  On July 17, 2020, Defendant Hackensack provided the names of all individuals who provided responsive documents or parts of documents to the Second Request but were withheld in whole or in part under a claim of privilege.  Plaintiff may request production of a privilege log for any of those individuals it determines necessary and the Parties must meet-and confer on such requests within four (4) business days.  No other or further privilege logs need be produced by any party in this matter.  This provision will not be construed as a waiver by Plaintiff of any challenges it may deem appropriate to make to privilege claims made by Defendants during the course of the investigation or in this litigation.

26. <u>Exhibit Lists.</u>  The parties shall exchange final exhibit lists under Federal Rule of Civil Procedure 26(a)(3), along with electronic copies of all exhibits that appear on the final exhibit lists, by 5:00 pm Eastern Time on April 22, 2021.  Objections to exhibits, if any, will be exchanged by 5:00 pm Eastern Time on May 3, 2021.  Neither side's exhibit list may contain more than six hundred (600) exhibits.  The parties will provide notice to third parties on April 23, 2021 as to which exhibits from that third party appear on each side's exhibit list, and to inform third parties of their right to file Motions to Seal by April 27, 2021 or other date or time of the Court's convenience.

27. <u>Witness Disclosure.</u>  Each side shall provide opposing counsel a list of witnesses the parties intend to present during the first day of the hearing, including the order in which the witnesses will be presented, no later than 9:00 p.m. Eastern Time four (4) calendar days prior to the first day of the evidentiary hearing.  For each subsequent day of the hearing, each side shall provide opposing counsel a list of witnesses the parties intend to present, including the order in which the witnesses will be presented,

no later than 9:00 p.m. Eastern Time four (4) calendar days before the witness is presented. A list of all exhibits anticipated to be used on direct examination of the particular witness will be disclosed to opposing counsel by 9:00 pm Eastern Time two (2) calendar days prior to the hearing day when such witness is intended to be called.[1] With prior notice and permission from the Court, witnesses may be called out of order in either side's case where necessary to accommodate the schedule of the witness.

28. <u>Demonstrative Exhibits.</u> Each side shall disclose direct examination demonstrative exhibits and/or slide decks for use during its case in chief, if any, to opposing counsel by 9:00 p.m. Eastern Time two (2) calendar days and any direct examination demonstrative exhibits and/or slide decks for use during its rebuttal case, if any, to opposing counsel by 9:00 p.m. Eastern Time one (1) calendar day prior to the hearing day when such demonstratives and/or slide decks are intended to be displayed or presented to the Court.

29. <u>Inadvertent Production of Privileged Material.</u> In accordance with Federal Rule of Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), inadvertent production of documents or communications containing privileged information or attorney work product shall not be a basis for loss of privilege or work product of the inadvertently produced material, provided that the producing party notifies the receiving party within three (3) business days of learning of the inadvertent production. When a party determines that it has inadvertently produced such material, it will notify other parties, who will promptly return, sequester, or delete the

---

[1] The parties will provide the Court with a binder or CD/DVD of PDFs for each day of the hearing, which shall include all direct examination exhibits pertaining to each witness that the parties include on the list of exhibits provided to opposing counsel.

protected material from their document management systems. Within two (2) business days of identifying inadvertently produced information or documents(s), the party seeking claw-back of such materials shall provide a revised privilege log for the identified information or documents. A party may move the Court for an order compelling production of the material, but such party may not assert as a ground for entering such an order the mere fact of inadvertent production. The party asserting the privilege must file its opposition under seal and submit a copy of the material in question for in camera review.

30. <u>Attorney Work Product.</u> The parties will neither request nor seek to compel the production of any interview notes, interview memoranda, or recitation of information contained in such notes or memoranda, created by any party's Counsel. Nothing in this Order requires the production of any party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process privilege or any other privilege.

31. <u>Electronically Stored Information.</u> The parties agree as follows regarding the preservation and production of electronically stored information ("ESI").

    a) All parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this action. In addition, the parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

    b) All parties agree that the use of Technology Assisted Review tools may assist in the efficient production of ESI. However, if a party desires to use such

technologies, it shall meet and confer with the other side and negotiate in good
faith on the reasonable use of such technology.

c)   All parties will request ESI in the form or forms that facilitate efficient review
of ESI.  In general, the parties will produce ESI according to the same ESI
technical specifications used by Defendants in the FTC's pre-complaint
investigation.

32. Evidentiary Presumptions.

a)   Documents produced by third parties from the third parties' files shall be
presumed to be authentic within the meaning of Federal Rule of
Evidence 901.  Any good-faith objection to a document's authenticity must be
provided with the exchange of other objections to hearing exhibits.  If a party
serves a specific good-faith written objection to the document's authenticity,
the presumption of authenticity will no longer apply to that document and the
parties will promptly meet and confer to attempt to resolve any objection.  The
Court will resolve any objections that are not resolved through this means or
through the discovery process.

b)   All documents produced by Defendant Hackensack or Defendant Englewood
in response to document requests in this litigation or FTC's pre-complaint
investigation of the proposed integration agreement, FTC File No. 201-0044,
or any prior FTC investigation, are presumed to be authentic.

c)   Any party may challenge the authenticity or admissibility of a document for
good cause shown, and if necessary may take discovery related solely to
authenticity or admissibility of documents.

33. <u>Discovery Disputes.</u>  Before filing any discovery-related motion, the parties must meet and confer (i.e., in person or by phone, not by email or letter) in a good-faith attempt to resolve the dispute. If the parties are unable to reach an agreement without the Court's intervention, they must comply with Magistrate Judge Clark's procedures with respect to discovery disputes or propose a mutually agreed-upon alternative protocol.

34. <u>Modification of Scheduling and Case Management Order.</u>  Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.

## SCHEDULE

| Event | Dates |
|---|---|
| Discovery Commences | January 4, 2021 |
| Defendants' Answer to Plaintiff's Complaint | Within 7 Calendar Days of Entry of this Order |
| Service of Initial Disclosures | Within 1 Calendar Day of Entry of this Order |
| Exchange of Preliminary Fact Witness Lists | January 12, 2021 |
| Exchange of Supplemental Fact Witness Lists | January 29, 2021 |
| Deadline to Serve Written Discovery to Parties | Within 14 Calendar Days of Opening of Discovery, except for up to five interrogatories per side |
| Deadline to Serve Third-Party Discovery | February 26, 2021 |
| Close of Fact Discovery | March 12, 2021 |
| Joint Status Conference | March 15, 2021 or other date and time of the Court's convenience |
| Plaintiff Produces Expert Report(s) | March 19, 2021 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | March 22, 2021 |
| Defendants Produce Expert Report(s) | April 9, 2021 |
| Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction | April 12, 2021 |
| Exchange of Exhibit Lists | April 22, 2021 |
| Notification to Third Parties regarding Exhibits | April 23, 2021 |
| Plaintiff Produces Rebuttal Expert Report(s) | April 28, 2021 |

| Event | Dates |
|---|---|
| Plaintiff's Reply to Defendants' Opposition to Preliminary Injunction Motion | April 29, 2021 |
| Exchange of Final Witness Lists | TBD at close of fact discovery |
| Motions to Seal Exhibits for Trial | April 27, 2021 or other date or time of the Court's convenience |
| Objections to Exhibits | May 3, 2021 |
| Close of Expert Discovery | May 6, 2021 |
| Pre-Hearing Conference | May 7, 2021 or other date and time of the Court's convenience |
| Evidentiary Hearing Begins | May 10, 2021 |
| Proposed Findings of Fact and Conclusions of Law | Ten calendar days after the hearing ends |

Dated:  January 8, 2020                           Respectfully Submitted,


/s/ Jonathan Lasken                               /s/ Paul H. Saint-Antoine
Jonathan Lasken                                   Paul H. Saint-Antoine (Bar No. 04144-1989)
Emily Bowne                                       John S. Yi (Bar No. 11997-2014)
Lindsey Bohl                                      FAEGRE DRINKER BIDDLE & REATH
Christopher Caputo                                LLP
Nandu Machiraju                                   600 Campus Drive
Cathleen Williams                                 Florham Park, NJ  07932
                                                  Telephone:       973-549-7000
FEDERAL TRADE COMMISSION                          Facsimile:       973-360-9831
Bureau of Competition                             paul.saint-antoine@faegredrinker.com
600 Pennsylvania Avenue, NW                       john.yi@faegredrinker.com
Washington, D.C. 20580
(202) 326-3296                                    Kenneth M. Vorrasi (admitted *pro hac vice*)
jlasken@ftc.gov                                   John L. Roach, IV (admitted *pro hac vice*)
                                                  Jonathan H. Todt  (admitted *pro hac vice*)
*Attorneys for Plaintiff Federal Trade*           Alison M. Agnew (admitted *pro hac vice*)
*Commission*                                      FAEGRE DRINKER BIDDLE & REATH
                                                  LLP
                                                  1500 K Street, NW, Suite 1100
                                                  Washington, D.C.  20005
                                                  Telephone:       202-842-8800
                                                  Facsimile:       202-842-8465
                                                  kenneth.vorrasi@faegredrinker.com
                                                  lee.roach@faegredrinker.com
                                                  jonathan.todt@faegredrinker.com
                                                  alison.agnew@faegredrinker.com


                                                  Daniel J. Delaney (admitted *pro hac vice*)
                                                  FAEGRE DRINKER BIDDLE & REATH
                                                  LLP
                                                  191 N. Wacker Drive, Suite 3700
                                                  Chicago, IL 60606
                                                  Telephone:     312-569-1000
                                                  Facsimile:     312-569-3000
                                                  daniel.delaney@faegredrinker.com

                                                  *Counsel for Defendant Hackensack Meridian*
                                                  *Health, Inc.*


                                                  /s/Kerry Donovan
                                                  Kerry C. Donovan (Bar No. 90772012)
                                                  Jeffrey L. Kessler (*pro hac vice* admission
                                                  pending)
                                                  Jeffrey J. Amato (*pro hac vice* admission
                                                  pending)
                                                  WINSTON & STRAWN LLP
                                                  200 Park Ave
                                                  New York, NY 10166
                                                  Telephone: 732-778-8578
                                                  KDonovan@winston.com
                                                  JKessler@winston.com
                                                  JAmato@winston.com

Heather P. Lamberg (*pro hac vice* admission pending)
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20037
Telephone: 202-282-5274
HLamberg@winston.com

David E. Dahlquist (*pro hac vice* admission pending)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: 312-558-5600
DDahlquist@winston.com

*Counsel for Defendant Englewood Health Foundation*

Dated: 1/8/2021

SO ORDERED.

Hon. John Michael Vazquez
United States District Judge

# Exhibit E

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA, *et al.*,

        *Plaintiffs*,

v.

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.,

        *Defendants*.

Civil Action No.: 1:23-cv-10511-WGY

[~~PROPOSED~~] SCHEDULING AND CASE MANAGEMENT ORDER

1.    **Case Schedule**.  Unless otherwise specified, days will be computed according to Federal Rule of Civil Procedure 6(a).  The Parties agree that no motions to dismiss, motions for judgment on the pleadings, or motions for summary judgment will be filed.  The Court hereby adopts the following schedule:

| Parties' Joint Statement on Case Schedule |
| --- |
| The Parties are largely in agreement with respect to the proposed case schedule. However, for the small number of disputed issues that still remain, the Parties have included below the proposed case schedule a concise explanation of their respective positions. |

| Parties' Proposed Schedule | |
| --- | --- |
| **Event** | **Date** |
| Fact discovery begins | March 17, 2023 |
| Date by which any other parties shall be joined or the pleadings amended | April 4, 2023 |
| Parties serve preliminary trial fact witness list and list of experts that they intend to call | May 1, 2023 |
| Close of fact discovery | June 28, 2023 |
| Parties exchange final trial witness lists (including experts) | June 30, 2023 |

| Close of supplemental fact discovery (see Paragraph 9) | July 31, 2023 |
|---|---|
| Deadline to file Summary Judgment Motions[1] | August 1, 2023 |
| Parties exchange initial deposition designations | August 3, 2023 |
| Parties exchange deposition counter-designations | August 10, 2023 |
| Parties exchange initial exhibit lists | August 17, 2023 |
| Parties to meet and confer on confidentiality procedures for trial evidence | August 18, 2023 |
| Parties submit proposed order (or competing orders) concerning procedures for treatment of competitively sensitive information at trial | August 21, 2023 |
| Each Party informs each non-party of all documents produced by that non-party that are on that Party's exhibit list and all depositions of that non-party that have been designated by any Party | August 22, 2023 |
| Parties exchange draft sections of pretrial memorandum, including objections (based on evidentiary issues and confidentiality) to exhibits and deposition designations | September 1, 2023 |
| Parties exchange revised exhibit list at noon ET | September 8, 2023 |
| Parties file any motions *in limine* | September 11, 2023 |
| Joint Pretrial Memorandum to be filed | September 15, 2023 |
| Oppositions to any motions *in limine* | September 20, 2023 |
| Replies to any oppositions to motions *in limine* | September 26, 2023 |
| Trial Briefs pursuant to L.R. 16.5(f) | October 9, 2023 |
| Parties submit final trial exhibits to Court | October 16, 2023 |
| Trial begins | October 16, 2023 |

| Plaintiffs' Proposed Expert Discovery Schedule | |
|---|---|
| ***Plaintiffs'*** Initial Expert Report(s) | July 6, 2023 (backup materials 1 day later) |
| ***Defendants'*** Rebuttal Expert Report(s) to Initial Expert Report(s) | August 3, 2023 (backup materials 1 day later) |
| ***Plaintiffs'*** Reply Expert Report(s) to Rebuttal Expert Report(s) | August 25, 2023 (backup materials 1 day later) |

| Defendants' Proposed Expert Discovery Schedule | |
|---|---|
| ***Parties'*** Initial Expert Report(s) | July 6, 2023 (backup materials 1 day later) |
| ***Parties'*** Rebuttal Expert Report(s) to Initial Expert Report(s) | August 10, 2023 (backup materials 1 day later) |
| No Reply Reports | N/A |

WAY

---

[1] All parties have agreed to waive motions for summary judgment.



| Close of expert discovery[2] | September 8, 2023 | | Close of expert discovery[2] | August 31, 2023 |

| **Plaintiffs' Position on Expert Discovery Schedule** | **Defendants' Position on Expert Discovery Schedule** |

**Sequential expert reports:** Plaintiffs' proposed sequence of expert reports—Plaintiffs' report(s), then Defendants' rebuttal(s), then Plaintiffs' reply or replies—is appropriate because it reflects Plaintiffs' ultimate burden to prove that Defendants' proposed merger is unlawful. Plaintiffs' proposed report sequence follows the case in this District challenging JetBlue's Northeast Alliance with American Airlines, *see* ECF 76 at 2, *United States v. American Airlines Grp., Inc. and JetBlue Airways Corp.*, No. 21-cv-11558-LTS (D. Mass.), and scheduling orders in many recent merger cases, *see, e.g.,* ECF 46 at 2, *United States v. ASSA ABLOY AB*, No. 22-cv-2791 (D.D.C.); ECF 42 at 3-4, *United States v. UnitedHealth Grp. Inc.*, No. 22-cv-481 (D.D.C.); ECF 70 at 7, *United States v. U.S. Sugar Corp.*, No. 21-cv-1644 (D. Del.); *see also* ECF 71 at 2, *United States v. U.S. Airways Grp., Inc.*, No. 13-cv-1236 (D.D.C.) (setting deadlines for plaintiffs', then defendants', then "supplemental and/or rebuttal" reports in airline merger case).

**Reply report(s):** Defendants' proposal to limit expert reports to two simultaneous rounds would frustrate the purpose of expert discovery by preventing the experts from fully joining issue on areas of dispute—under Defendants' proposed schedule, Defendants' expert(s) will file opening report(s) without knowing what they are disputing, and Plaintiffs' expert(s) will never be able to respond to critiques of their analysis. Defendants' proposed schedule also leaves 21 days of expert discovery after rebuttal report(s). This time would better be used to sharpen the issues with a reply.

As this Court did in *Ford v. Takeda Pharm. U.S.A., Inc.*, the Court should grant Plaintiffs'

**Simultaneous exchange of expert reports:** Defendants propose to have two simultaneous exchanges of expert reports (an opening and rebuttal, with the opening by both sides being full initial reports), rather than three rounds of non-simultaneous disclosures as Plaintiffs propose. Defendants' proposal would:

a. make the best use of time to conduct expert discovery, which is significant in this expedited merger case;
b. allow each side two reports, thus ensuring Defendants and Plaintiffs have an equal opportunity to express all opinions and respond to the other side's expert(s), and
c. eliminate the frequent dispute over whether Plaintiffs' reply expert report has "new" analyses, thus entitling Defendants to a rebuttal report.

Defendants' proposal is consistent with Fed. R. Civ. P. 26(a)(2)(D) and simultaneous exchanges that occurred in merger and airline matters involving DOJ, as well as in matters before this Court. *See, e.g., U.S. v. Bertelsmann SE & Co. KGaA et al.*, No. 21-2886-FYP (D.D.C.), ECF No. 53; *U.S. v. United Cont'l Holdings, Inc. et al.*, No. 2:15-cv-07992-WHW-CLW (D.N.J.), ECF No. 24; *Bio-Rad Lab'ys, Inc. v. 10X Genomics, Inc.*, No. 1:19-cv-12533-WGY (D. Mass.), ECF No. 39.

Plaintiffs' assertion that Defendants' proposal would deprive Plaintiffs' expert(s) of any opportunity to submit a reply underscores why the simultaneous exchange proposed by Defendants is superior. Defendants' proposal

---

[2] All parties must make their experts available for deposition by this date for the close of expert discovery.

request for expert reply report(s) in light of Plaintiffs' burden of proof. ECF 62 at 9-10, No. 21-cv-10090-WGY (D. Mass.). Other cases cited by Defendants are unavailing to them because the CMO in *Bertelsmann* provided for reply reports, *see* ECF 69 at 2, No. 21-cv-2886 (D.D.C.), and in *Bio-Rad*, which involved patent claims and antitrust counterclaims, the parties agreed to "[s]upplemental . . . [r]eports." ECF 230 at 1-2, No. 19-cv-12533-WGY (D. Mass.).

**Close of expert discovery:** Plaintiffs ask for a schedule that allows for development of this case with the benefit of full expert discovery. The schedule is sufficiently expedited and appropriately considers the observance of national holidays. Defendants, whose previous request for trial a week after Labor Day anticipated the time exigencies of this case, will be able to conduct depositions during the Aug. 26-Sept. 8 period.

provides both sides an equal opportunity to respond to the other side's expert(s). Indeed, if Plaintiffs' proposal is accepted, Defendants would be in the very place Plaintiffs now complain is unfair (i.e., where Plaintiffs submit a reply to which no response is allowed). Finally, Plaintiffs' protests about not being able to submit a reply could be addressed by having three rounds of simultaneous submissions, a proposal previously made by Defendants that Plaintiffs rejected.

The *Ford* case cited by Plaintiffs is inapposite because no party was seeking simultaneous expert reports, and defendants were trying to limit plaintiffs to a single report.

**Close of expert discovery**: Because Defendants propose only two rounds of expert reports (rather than three), the Parties can complete expert depositions and any remaining expert discovery in advance of the Labor Day holiday, rather than the week of the holiday. Under Defendants' proposal, the Parties would have 21 days from the submission of the rebuttal reports, until August 31, 2023, to conduct expert depositions and complete expert discovery. In addition, Defendants' proposed schedule would provide the parties with sufficient time to account for expert depositions when they submit revised exhibit lists (September 8), *in limine* motions (September 11), and the Joint Pre-Trial Memorandum (September 15).

| **Plaintiffs' Proposed Date Certain for Post-Trial Briefing and Oral Closing Arguments** | |
|---|---|
| Post-trial proposed findings of fact and conclusions of law to be filed | To be set at the final pre-trial conference; alternatively, on or after December 1, 2023 |
| Oral closing arguments | Next business day following the close of evidence |

| **Defendants' Proposed Date Certain for Post-Trial Briefing and Oral Closing Arguments** | |
|---|---|
| Post-trial proposed findings of fact and conclusions of law to be filed | November 17, 2023 |
| Oral closing arguments | November 20, 2023 or at the Court's earliest |



4

| | | |
|---|---|---|
| | | convenience after submission of post-trial proposed findings of fact and conclusions of law |

| **Plaintiffs' Position on Date Certain for Post-Trial Briefing and Oral Closing Arguments** | **Defendants' Position on Date Certain for Post-Trial Briefing and Oral Closing Arguments** |
|---|---|
| Because pre-trial submissions will likely clarify the key factual and legal issues for resolution by the Court, Plaintiffs propose to defer setting the schedule for post-trial submissions until the final pre-trial conference. If the Court, however, prefers to set a deadline for proposed findings of fact and conclusions of law now, Plaintiffs respectfully request that such deadline be set for on or after December 1, 2023. The "outside date" chosen by Defendants for consummation of their merger is not until July 24, 2024. Plaintiffs' proposal takes into account the need to submit briefing and related materials to the Court as soon as possible, but balances that against the need to provide the parties—including eight Plaintiffs—sufficient time to review, synthesize, and summarize effectively what will be a lengthy transcript and voluminous record. Plaintiffs defer to the Court regarding the date of closing arguments, but would prefer it be scheduled the first business day following the presentation of evidence or as soon thereafter as the Court's schedule permits. | This is an expedited merger matter where the parties' and public interest favor a decision by the end of the year or as soon as practicable. To help facilitate a speedy resolution and allow the parties and the Court to plan ahead, everyone benefits from a fully set schedule. Thus, Defendants seek to include a date for post-trial submissions and closing arguments. Defendants also respectfully submit that conducting closing arguments after the parties' post-trial submissions is beneficial because the Court will have all of the factual and legal disputes before it in written form at the time the parties are making their closing arguments.

The so-called "outside date," which is the day by which the Proposed Transaction must be closed to avoid termination of the agreement, does not provide a reason to delay an otherwise expedited case schedule. To the extent the "outside date" has any relevance, it supports Defendants' proposal for prompt post-trial briefing and argument, which will allow the Court sufficient time to render a decision and still leave time for appeal. In addition, the Department of Transportation (DOT) is proposing to conduct a separate and wholly unprecedented additional review of the merger to be commenced after a final decision is rendered in this case. While Defendants dispute the DOT's basis and proposed timing for such a proceeding, it nevertheless creates the potential for additional proceedings and delay after the Court renders a judgment here.

Moreover, it is not necessary to wait for a trial to "clarify the key factual and legal issues" before setting post-trial deadlines, as Plaintiffs |

<table>
<tr><td></td><td>claim. Trial will provide no clarification on the schedule—the only issue in dispute. In any event, the DOJ conducted a year-long investigation, under a frequently litigated statute, and served a complaint identifying the relevant factual and legal issues. There is no reason to not set all of the deadlines now, other than to try to create delay.</td></tr>
</table>

2.     **Service of Complaint.** Counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived formal service of a summons.

3.     **Discovery Conference.** The Parties' prior consultations, submissions to the Court on March 20, 2023, and submission of this [Proposed] Order satisfy the Parties' obligations under Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b).

4.     **Completion of Proposed Transaction.** Defendants have agreed that they will not close, consummate, or otherwise complete the Proposed Transaction until 12:01 a.m. on the 10th day following the entry of the judgment by the Court in this matter, and only if the Court enters an appealable order that does not prohibit consummation of the transaction. For purposes of this Order, "Proposed Transaction" means the proposed acquisition of Spirit Airlines, Inc. by JetBlue Airways Corporation.

5.     **Jurisdiction and Venue.** Defendants have consented to personal jurisdiction and venue in this Court.

6.     **Discovery of Confidential Information.** The Court has entered a protective order governing the discovery and production of confidential information in this action (ECF No. 66) (the "Protective Order"). A copy of the Protective Order shall be included with any subpoenas served on non-parties.

7.     **Attorney Communications.** The Parties need not preserve nor produce in discovery the following categories of documents: (a) documents sent solely between outside

counsel for Defendants (or persons employed by or acting on behalf of such counsel) or solely

between counsel for Plaintiffs (or persons employed by the U.S. Department of Justice or

Plaintiff States' Offices of the Attorney General); and (b) documents that were not directly or

indirectly furnished to any non-Party, such as internal memoranda, authored by Defendants'

outside counsel (or persons employed by or acting on behalf of such counsel) or by counsel for

Plaintiffs (or persons employed by the U.S. Department of Justice or Plaintiff States' Offices of

the Attorney General).

      8.    **Initial Disclosures.**  The Parties, having agreed to a mutual exchange of

investigative materials, have therefore agreed to waive the exchange of disclosures under Federal

Rule of Civil Procedure 26(a)(1).

      9.    **Timely Service of Fact Discovery and Supplemental Discovery.**  All discovery,

including discovery served on non-parties, must be served in time to permit completion of

responses by the close of fact discovery.  However, notwithstanding any other provision of this

Order, each Party may issue supplemental discovery requests, including document requests for

custodial files and deposition notices, related to any person identified on a Party's final trial

witness list who was not identified on that Party's preliminary trial witness list within 7 days of

receipt of final trial witnesses lists; provided, however, that (i) no additional depositions may be

sought from any person who was previously deposed during this action (not including

depositions pursuant to Civil Investigative Demands) and (ii) no additional document requests

may be served on any person that was previously a custodian.  The deadline for supplemental

discovery related to new witnesses in Paragraph 1 shall apply; provided, however, that the

Parties may agree to reasonable modifications to that deadline.  Notwithstanding any other

deadlines in this Order, a Party may take limited discovery related to the authenticity of any

document on that Party's exhibit list to which the opposing side objects on the ground that such document is inauthentic.

      10.    **Written Discovery on Parties.**

      (a)    **Document Requests.** There is no limit on the number of requests for the production of documents that may be served by the Parties. The Parties must serve any objections to requests for productions of documents within 7 business days after the requests are served. Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve in good faith any objections and to agree on custodians to be searched. The Parties must make good-faith efforts to make rolling productions of responsive productions (to the extent not subject to any objections or custodian issues that have not been resolved) no later than 14 days after service of the request for production. The Parties must make good-faith efforts to substantially complete production of documents, data, or data compilations no later than 28 days after service of the requests for production and must make good-faith efforts to complete production within 40 days after service of the requests for production, unless otherwise extended by agreement between the Parties. In accordance with Local Rule 26.1(c), Plaintiffs collectively may serve two separate sets of requests for production on each Defendant, and Defendants collectively may serve two sets of requests for the production on each Plaintiff. Given the expedited schedule for fact discovery, any second set of requests for production must be served no later than 30 days before the close of fact discovery and must be limited to (a) requests seeking information or documents that such Party did not reasonably know to request in a first set of requests for production (e.g., related to information discovered during the course of a deposition or public announcements by a Party), or (b) "go get" requests for production not calling for custodial review. Notwithstanding Local Rule 26.1(c), if any Party seeks additional

documents or information following a second set of requests for production based on newly obtained information that such Party could not have reasonably known to request prior to service of the second set of requests for production, the Parties shall meet-and-confer in good faith.

(b) **Data Requests.** In response to any requests to which data or data compilations are responsive, the Parties will meet and confer in good faith regarding the requests and, as needed, will seek prompt assistance from employees knowledgeable about the content, storage, and production of data.

(c) **Interrogatories.** This Order expressly modifies Local Rule 26.1(c) such that Interrogatories are limited to 10 by Plaintiffs collectively to Defendants and to 10 by Defendants collectively to Plaintiffs. Subparts shall be governed by Local Rule 26.1(c). The Parties must serve any objections to interrogatories within 7 business days after the interrogatories are served. Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections. Parties shall fully respond to interrogatories no later than 28 days after service of the interrogatories.

(d) **Requests for Admission.** This Order expressly modifies Local Rule 26.1(c) such that Requests for Admission are limited to 10 by Plaintiffs collectively to Defendants and to 10 by Defendants collectively to Plaintiffs. Subparts shall be governed by the provision of Local Rule 26.1(c) concerning interrogatory subparts. The Parties must serve any objections to requests for admission within 7 business days after the requests are served. Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections. Parties shall make good-faith efforts to fully respond to requests for admission no later than 28 days after service of the requests.

11.     **Document Subpoenas to Non-Parties.**  The Parties will in good faith cooperate with each other with regard to any discovery to non-parties in an effort to minimize the burden on non-parties.  Each Party must serve a copy of any subpoena to a non-party on the other Parties at the same time as the subpoena is served on the non-party.  Every subpoena to a non-party shall include a cover letter requesting that (a) the non-party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it; and (b) the non-party provide to the other Parties copies of all productions at the same time as they are produced to the requesting Party.  If a non-party fails to provide copies of productions to the other Parties, the requesting Party shall provide such copies to the other Parties, in the format the productions were received by the requesting Party, within 3 business days of the requesting Party receiving such materials from the non-party.  In addition, if a non-Party produces documents or electronically stored information that are not Bates-stamped, the Party receiving those materials shall request that the non-party Bates-stamp all documents or electronically stored information and produce such Bates-stamped copies to all Parties simultaneously.  Within 2 business days of any agreement with a non-party, each Party must provide the other Parties with a copy of any written communication (including email) with any non-party concerning any modifications, extensions, or other negotiations concerning the non-party's response to the subpoena, or in the case of an oral modification, a written record summarizing the oral modification.



| Plaintiffs' Proposal | Defendants' Proposed Additional Language in Paragraph 11 Regarding Disputes with Subpoena Recipients |
|---|---|
| [Strike Defendants' proposed additional language.] | The Parties shall use best efforts to ensure that this Court handles all third-party discovery disputes. This will streamline the litigation, avoid delays in other jurisdictions, offer predictability and consistency in discovery rulings, and help inform the Court |

*This is nothing but a best efforts requirement. It binds only the parties before the Court and does not infringe in any way on the rights of any third party or the perogatives of any other court of competent jurisdiction*

on the relevant issues. As a result, where any Party seeks the Court's intervention in a discovery dispute involving a third party, it shall join the third party in communications with the Court to set a hearing. Where a third party files a discovery motion in a different court, Plaintiffs or Defendants shall inform that court of this Order and seek transfer here.

| Plaintiffs' Position | Defendants' Position |
|---|---|
| Defendants' proposal for all disputes concerning third-party subpoenas served on non-parties in other districts to be heard in this District is contrary to the Federal Rules of Civil Procedure, which appropriately balance non-parties' interests and address non-party disputes on a case-by-case basis. Under Rule 45, motions to compel and motions to quash or modify a subpoena are to be heard in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d). The Court should not adopt Defendants' proposal to categorically undermine this rule, especially as any court presiding over a non-party dispute can be advised of the discovery schedule. Non-party discovery disputes should proceed as envisioned by Rule 45 unless "the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). In the absence of a concrete dispute with a non-party (like the disputes that arose in the FTC/Meta litigation before the order on which Defendants rely), Defendants cannot satisfy the "exceptional circumstances" standard. Defendants' proposal is also flawed because it seeks to bind non-parties, impacts how other courts in other districts construe their jurisdiction, and conscripts Plaintiffs into supporting hypothetical future motions to transfer. | Defendants have served over 30 third-party subpoenas for documents on entities located in twenty different states or territories. Plaintiffs have also started serving document subpoenas on non-parties (thus far on a subset of the entities whom Defendants have served). The parties have agreed that fact discovery would close on June 28, 2023—which leaves twelve weeks for completing meet and confers, producing documents, engaging in any motion practice regarding the document subpoenas, and deposing some of the third parties. Thus, having a streamlined subpoena enforcement process is important; and having consistent subpoena enforcement under this Court's supervision will ensure the Court is presented with the evidence that will help in the decision on the merits. This type of order is consistent with Rule 45. In fact, it is the same order Judge Boasberg recently entered in the FTC's antitrust lawsuit against Meta pending in the United States District Court for the District of Columbia. Based on the proceedings in the Meta case, it appears that this order was both efficient and effective in reducing the number of disputes with non-parties. Of the dozens of subpoenas issued in that case, just a handful have resulted in motion practice. Further, this order would not prejudice Plaintiffs in any way; non-party disputes would be handled efficiently, consistently, and in Plaintiffs' chosen venue.

Following a case-by-case basis, as Plaintiffs propose, will only lead to delay. Moreover, |

| | their quotation of the Rules is inapposite. The Rules expressly allow for one Court to hear all non-party subpoena disputes, and that is all that Defendants request. So Plaintiffs' claim that they would bind non-parties and impact how other courts in other districts construe their jurisdiction, simply disagrees with the Rule. Finally, Plaintiffs' move to make subpoena enforcement more difficult prejudices Defendants. Over its yearlong investigation, DOJ took significant non-party discovery; Defendants have taken none. Thus, making subpoena enforcement will have significant detrimental impact on Defendants, and no impact on DOJ. Simply stated, DOJ already took its non-party discovery. That is why Plaintiffs are willing to agree to nationwide service of trial subpoenas, so they can drag any witness to this Court for trial, but then they inconsistently claim it is unfair for non-party subpoena enforcement to work the same way. |
| --- | --- |

12.   **Depositions.**

(a)   **Number.** Each side is limited to 30 fact depositions of witnesses. The following depositions do not count against the deposition cap imposed by the preceding sentences: (i) depositions of any persons identified on a Party's final trial witness list who were not identified on that Party's preliminary trial witness list; (ii) depositions of the Parties' designated expert witnesses; (iii) depositions taken in response to Civil Investigative Demands; and (iv) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

(b)    **Scheduling.**  The Parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witnesses' schedules.  Depositions shall be conducted in-person in the locations where witnesses reside or are employed, unless the noticing Party or Parties and the witness mutually agree otherwise; provided, however, that any deposition of a witness under the Parties' control must take place in the United States.  If a Party serves a non-Party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party serving those subpoenas must schedule the deposition for a date at least 7 business days after the return date for the document subpoena, and if the Party serving those subpoenas agrees to extend the date of production for the document subpoena in a way that would result in fewer than 7 business days between the extended production date and the date scheduled for that non-party's deposition, the date scheduled for the deposition must be postponed to be at least 7 business days following the extended production date, unless all other Parties consent to fewer than 7 business days.

(c)    **Time.**  Except as provided in this paragraph, depositions of fact witnesses are limited to no more than one day of 7 hours on the record unless agreed by the witness or ordered by the Court.  A Plaintiff noticing a deposition may cede some or all of its examination time to another Plaintiff.  A Defendant noticing a deposition may cede some or all of its examination time to another Defendant.  During non-party depositions, the non-noticing side will receive at least two hours of examination time.  If a non-party deposition is noticed by both sides, then time will be divided equally between the sides, and the deposition of the non-party will count as one deposition for both sides.  Pursuant to Federal Rule of Civil Procedure 30(d), because Defendants are negotiating divestiture agreements with one or more divestiture buyers, whose testimony is likely to be material to multiple issues on which different sides bear the

13

burden of proof, the length of depositions of divestiture buyers or their employees noticed by both sides is extended to 10 hours on the record, divided equally between the sides, and may be continued through a second day if agreed with the deponent in advance, to permit both sides to fairly examine the deponent; provided, however, that this shall not preclude such a deponent from seeking a shorter deposition after meeting and conferring with the noticing Parties.

(d)     **Objections.**  Any objection made by any Party in a deposition preserves that objection for every Party.

(e)     **CID Depositions.**  Any Party may further depose any person whose deposition was taken pursuant to a Civil Investigative Demand ("CID"), and the fact that such person's deposition was taken pursuant to a CID may not be used as a basis for any Party to object to that person's deposition.  Depositions taken pursuant to CID may be used at trial if admissible under the Federal Rules of Civil Procedure.

(f)     **Rule 30(b)(6) Depositions.**  Plaintiffs may issue two notices per Defendant of that Defendant's deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, for a total of 7 hours on the record per each deposition, regardless of whether Defendants designate more than one witnesses to testify on their behalf.   Plaintiffs must serve any second notice of a Defendant's deposition under Rule 30(b)(6), which must be limited to topics that Plaintiffs did not include in the first notice and that otherwise has not been addressed through other deposition testimony, no later than 30 days before the close of fact discovery. Where a witness testifying on behalf of a Defendant under Rule 30(b)(6) has also been noticed as a fact witness, the Parties shall confer regarding whether it is reasonable to take both depositions on the same day. Each deposition of a Party to be taken under Federal Rule of Civil Procedure

30(b)(6) counts as one deposition for the purpose of the limit in Paragraph 12(a), regardless of the number of witnesses produced to testify on the matters for examination in that deposition.

13. **Previously Served Discovery Requests.** For purposes of calculating deadlines under this Order, any discovery requests served prior to the entry of this Order shall be deemed to have been served on the later of the date of the March 21, 2023 scheduling conference and the date actually served.

14. **Discovery from Northeast Alliance Litigation.** Documents and other discovery materials produced in *United States et al. v. American Airlines Group Inc. and JetBlue Airways Corporation*, Case No. 1:21-cv-11558 (D. Mass.) (the "NEA Case"), may be used in this action as though they were produced in this action.

15. **Discovery from Executive-Branch Agencies.** Defendants having sought discovery from various federal and state executive branch agencies pursuant to Rule 45 subpoenas, the time periods in Paragraph 10 of this Order for discovery on Parties shall not apply to discovery requests to such agencies (other than the U.S. Department of Justice and Plaintiff States' Offices of the Attorney General), regardless of the form of the requests.

16. **ESI Specifications.** Parties shall produce all documents and ESI in accordance with the U.S. Department of Justice's Standard Specifications for Production of ESI, except when producing documents and ESI received from non-parties. Parties need not produce voicemail messages, except in the case where they are contained within a Party's e-mail system. With regard to productions by Defendants to Plaintiffs, the deduplication protocol remains in effect as in any production during the Investigation.

17. **Privilege Logs.**

(a) **Timing of Privilege Logs.** Parties shall serve any privilege logs 30 days following substantial completion of production of documents responsive to any set of document requests. Any documents determined not to be privileged during the preparation of privilege logs will be produced on a rolling basis and must be produced no later than service of the corresponding privilege log.

(b) **Contents of Privilege Logs.** Other than as identified in Paragraph 17(e), documents that are responsive to requests for production and that have been withheld or redacted on the basis of any claim of privilege and/or work product protection must be reflected on the Parties' privilege logs. Privilege logs shall identify for each document for which the Party claims privilege: (i) whether the document is being withheld or redacted; (ii) all claims of privilege and/or attorney work product applicable to the document withheld or redacted; (iii) a description of the specific subject matter of the document or communication not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other Parties, and the Court to evaluate the applicability of the privilege; and (iv) the following non-privileged metadata: all authors, addressees, and recipients of the document; subject line (if an email) or the file name (if non-email); date of the document; type of document (e.g., .pdf, Excel, .msg); Bates range; family Bates range if applicable; and custodian(s). Each privilege log will be produced along with a separate index containing an alphabetical list (by last name) of each name on the privilege log, identifying titles (for Party employees), company affiliations, the members of any group or email list on the log where practicable (e.g., the Board of Directors), and any name variations used in the privilege log for the same individual.

(c) **Identification of Legal Personnel on Privilege Logs.** For each entry of any privilege log, all attorneys acting in a legal capacity with respect to that particular document

or communication will be marked with the designation ESQ after their names (include a space before and after the "ESQ"). Further, the Parties shall identify all persons working in a legal capacity with respect to the withheld material other than attorneys, e.g., paralegals, and legal secretaries who appear on the privilege log.

(d) **Claw-Back Privilege Logs.** In the event that a Party seeks the return of previously produced documents on the basis of privilege ("Claw-Back"), as permitted by the Protective Order and Paragraph 18 of this Order, the disclosing Party must provide written notice and take all reasonable measures to retrieve the improperly disclosed material. The disclosing Party must also provide a privilege log corresponding to the respective Clawed-Back documents, consistent with this Paragraph.

(e) **Documents Presumptively Excluded from Privilege Logs.** The parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs:

      i.     documents or communications sent solely between counsel for the Defendants (or persons employed by or acting on behalf of such counsel) after July 28, 2022;

      ii.     documents or communications sent solely between outside counsel for either Defendant (or persons employed by or acting on behalf of such counsel) and that Defendant;

      iii.     documents or communications sent solely among inside counsel (acting in a purely legal capacity) for a Defendant;

      iv.     documents or communications sent solely between counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel);

    v.  documents authored by Defendants' outside counsel (or persons employed by or acting on behalf of such counsel) or by counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel), that were not directly or indirectly furnished to any non-Party, such as internal memoranda;

    vi.  documents or communications sent solely between counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel) and counsel for any non-Plaintiff state (or persons employed by or acting on behalf of such counsel) up to the date that such non-Plaintiff state informed any Plaintiff that it would not join the complaint;

    vii.  documents or communications sent solely between counsel for Plaintiffs and any Executive Branch agency of the United States;

    viii.  documents or communications not relating to the Proposed Transaction or any investigation into and/or oversight of the Proposed Transaction sent solely between persons employed by executive branch agencies and withheld solely under the deliberative process privilege;

    ix.  privileged draft contracts that were not directly or indirectly furnished to any non-party; and

    x.  privileged draft regulatory filings and draft litigation filings.

    xi.  non-responsive, privileged documents attached to responsive documents.

  To the extent multiple Plaintiffs (e.g., the U.S. Department of Justice and Plaintiff States' Offices of the Attorney General) are on a given document, and that document is not presumptively excluded from privilege logs pursuant to this paragraph, that document need only be logged once and not by all Plaintiffs.

18. **Inadvertent Production of Privileged or Work-Product Documents or Information.** Pursuant to Federal Rule of Evidence 502(d), the production of a document or information subject to a claim of attorney-client privilege, work-product immunity, or any other privilege or immunity under relevant federal case law and rules does not waive any claim of privilege, work product, or any other ground for withholding production to which the Party producing the documents or information otherwise would be entitled, provided that (a) the production was inadvertent; (b) the Party producing the documents or information used reasonable efforts to prevent the disclosure of documents or information protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity; and (c) the Party producing the documents or information promptly took reasonable steps after discovering the inadvertent disclosure to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

19. **Presumptions of Authenticity.** Documents and data produced by Parties and non-parties from their own files in this action or the NEA Case will be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to authenticity, the presumption of authenticity will no longer apply and the Parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

20. **Expert Witness Disclosures and Depositions.** Expert disclosures, including each side's expert reports, must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as modified by this paragraph. The expert report phasing and

procedural deadlines contained within this Order are not intended to change or impact in any way the formal legal burdens applicable to any Party.

    (a)    Neither side must preserve or disclose, including in expert deposition testimony, the following documents or information:

        (i)    any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared:

           (A)    between either side's counsel and that side's testifying or non-testifying expert(s);

           (B)    between any agent or employee of either side's counsel and that side's own testifying or non-testifying expert(s);

           (C)    between testifying and non-testifying experts;

           (D)    between non-testifying experts; or

           (E)    between testifying experts;

        (ii)    any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between experts and any persons assisting the expert;

        (iii)    the expert's notes, except for notes of interviews participated in or conducted by the expert, if the expert relied upon such notes in forming any opinions in his or her final report;

        (iv)    drafts of expert reports, affidavits, or declarations; and

           (v)      data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

    (b)      The Parties agree that the following materials will be disclosed:

           (i)      all final reports;

           (ii)      a list by bates number of all documents relied upon by the testifying expert(s) in forming any opinions in his or her final reports;

           (iii)      copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

           (iv)      a list of all publications authored by the expert in the previous 10 years and copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

           (v)      a list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number; and

           (vi)      for all calculations appearing in the final reports, all data and programs underlying the calculations (including all programs and codes necessary to replicate the calculations from the initial ("raw") data files and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report) and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations.

Each expert will be deposed for only one day of 7 hours on the record with all 7 hours reserved for the side noticing the expert's deposition; provided, however, that counsel for a Party

may additionally take reasonable and appropriate redirect examination of that Party's expert(s). Depositions of each side's experts will be conducted only after disclosure of all expert reports and all of the materials identified in Paragraph 20(b) of this Order for all of that side's experts.

21.  **Witness List.**

(a)  **Preliminary Lists.** Plaintiffs collectively are limited to 20 persons (excluding experts) on their preliminary trial witness list, and Defendants collectively are limited to 20 persons (excluding experts) on their preliminary trial witness list. The preliminary witness lists must include the name, employer, address, and telephone number of each witness. With respect to third parties for which depositions are not complete, such third parties can be identified in a corporate capacity until the depositions take place.

(b)  **Final Lists.** Plaintiffs collectively are limited to 20 persons (excluding experts) on their final trial witness list, and the Defendants collectively are limited to 20 persons (excluding experts) on their final trial witness list. Each side's final trial witness list may identify no more than 5 witnesses that were not identified on that side's preliminary trial witness list. If any new witnesses are added to a final trial witness list that were not on that side's preliminary trial witness list and not previously deposed, supplemental document discovery may be conducted with respect to such person(s), even if outside the close of discovery, and any deposition(s) by the other side of such witness(es) will not count against that other side's total depositions. Any document discovery and/or deposition notices of new witnesses on the Parties' final trial witness lists must be issued within 7 days of service of the final trial witness lists. The final trial witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii), must include the name, employer, address, and telephone number of each witness, and must include a brief summary of the subjects about which any expert witnesses will testify.

(c)    **General Principles for Witness Lists.**  In preparing preliminary trial witness lists, final trial witness lists, and expert disclosures, the Parties must make good-faith attempts to identify the witnesses whom they expect that they may present as live witnesses at trial (other than solely for impeachment).  No Party may call a person to testify as a live witness at trial (other than solely for impeachment) unless (i) that person was identified on that Party's final trial witness list or the opposing Party's final trial witness list; (ii) all Parties agree that a Party may call that person to testify; or (iii) that Party demonstrates good cause for allowing it to call that person to testify, despite that Party's failure to identify that person as a trial witness sooner.  Witnesses whose testimony will be offered into evidence at trial through designated portions of their deposition testimony shall be identified on final trial witness lists, however those witnesses do not count against the limits on the numbers of persons who may be identified on those lists.

| Plaintiffs' Proposal | Defendants' Proposed Additional Language in Paragraph 21(c) Prohibiting the Affirmative Use of Depositions for Witnesses Called Live at Trial |
|---|---|
| [Strike Defendants' proposed language.] | No Party may designate or offer the deposition testimony of a witness as evidence if that witness will be called live at trial; provided, however, that nothing limits the use of deposition testimony for impeachment. |
| **Plaintiffs' Position** | **Defendants' Position** |
| Defendants have proposed a blanket ban on using deposition designations from a witness who will testify live at trial, with a limited exception for impeachment.  Their proposal is contrary to the Federal Rules of Civil Procedure and Federal Rules of Evidence.  It would also hinder the efficient presentation of evidence to the Court.  The Rules provide that "[a]n adverse party *may use for any purpose* | Defendants respectfully submit that if a witness testifies live at trial, the Parties can and should ask any questions they have for that witness at trial, and the live testimony would render irrelevant the deposition testimony of that same witness, except for impeachment.  Defendants' commonsense approach reduces burden on the Parties (by not having to designate, counter-designate, |

*Save for actual impeachment during cross examination of a live witness, other admissible deposition testimony shall be submitted to the Court with appropriate designations and counter designations on the first day of trial*

the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)," Fed. R. Civ. P. 32(a)(3) (emphasis added), and that statements made by opposing "party's agent or employee on a matter within the scope of that relationship and while it existed" are not hearsay, Fed. R. Evid. 801(d)(2)(D). Under Rule 32(a)(3), a party deposition may "be used by an adverse party regardless of the presence or absence of the deponent at the hearing or trial and regardless of whether the deponent is available to testify *or has testified there*." *N. Ins. Co. of N.Y. v. Albin Mfg., Inc.*, 2008 WL 3285852, at *3 n.4 (D.R.I. Aug. 8, 2008) (citation omitted and emphasis added). "The rule is to be liberally construed, and though the court 'has discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand, it may not refuse to allow the deposition to be used merely because the party is available to testify in person.'" *Id.* (quoting 8A Wright *et al.*, *Fed. Practice & Procedure* § 2145) (brackets omitted); *see also Cmty. Counselling Serv., Inc. v. Reilly*, 317 F.2d 239, 243 (4th Cir. 1963) ("It has been consistently held that the Rule permits a party to introduce, as part of his substantive proof, the deposition of his adversary, and it is quite immaterial that the adversary is available to testify at the trial *or has testified there*.") (emphasis added).[3]

Even where a witness testifies live, designating deposition testimony of that witness promotes efficiency for the admission of documents, providing support on contextual or other background subjects for pre-trial briefs and opening statements, and permitting introduction of party admissions into the record. Defendants' request for a

counter-counter-designate, object, and negotiate over designations for a witness who will appear live) and the Court (by not having to rule on disputes or take designated testimony into evidence when the witness will be in the courtroom). Plaintiffs cite cases that primarily support the proposition that deposition testimony is not hearsay and can be used at trial even when a witness is *available* to testify. But Defendants are not seeking to limit the use of depositions based on hearsay or witness availability. Rather, Defendants seek to preclude Plaintiffs from designating deposition testimony of a witness who testifies at trial, as it would be highly redundant. DOJ itself has agreed to the approach Defendants propose in multiple other merger matters. *U.S. v. Bertelsmann SE & Co. KGaA et al.*, No. 21-2886-FYP (D.D.C.), ECF No. 119-1; *U.S. v. Assa Abloy, et al.*, No. 1:22-cv-02791-ABJ (D.D.C.), ECF No. 51. And DOJ agreed to this approach in the pre-trial order in the NEA action, which was so-ordered by Judge Sorokin. *See* Pretrial Order, *United States, et al. v. American Airlines Group, Inc., et al.*, No. 1:21-cv-11558-LTS, ECF. 196 at ¶¶ 27-31 (providing for the use of all deposition testimony, whether or not designated, for cross-examination, impeachment, or rebuttal purposes and for the use of deposition designations only as to those not included on the parties' final trial witness lists and for any witness on either side's final witness list who neither side will be calling to testify live at trial).

---

[3] Contrary to Defendants' characterization, in *Northern Insurance* the district court admitted deposition testimony from a party witness who testified live at trial, and in *Community Counselling* the court of appeals reversed the trial court for failing to do just that.

| | |
|---|---|
| wholesale bar on such party depositions is contrary to the relevant rules and undermines judicial economy. It is also premature now, at the outset of discovery and well before the parties exchange witness lists.<br><br>While Plaintiffs disagree with the Defendants' characterizations of proceedings in other cases, including two on the eve of trial, none of those cases imposed at the outset of a case the order that Defendants propose here to modify Rule 32(a)(3). Whatever stipulations the parties may or may not reach after discovery is concluded, the available evidence is known and trial is impending, there is no basis to require such provisions in a Case Management Order. | |

22.    **Demonstrative Exhibits**.  At least one month before the start of trial, the Parties agree to meet and confer regarding a protocol for serving demonstrative exhibits on opposing counsel before the start of any trial day where any such exhibit may be introduced (or otherwise used) at trial.

23.    **Service of Pleadings and Discovery on Other Parties.**  Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by ECF if required by applicable rule or otherwise by email, except when the volume of attachments requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each Party:

For Plaintiff United States of America:

Edward W. Duffy (Edward.Duffy@usdoj.gov)
Brendan Sepulveda (Brendan.Sepulveda@usdoj.gov)
John M. Briggs (John.Briggs@usdoj.gov)
Arianna Markel (Arianna.Markel@usdoj.gov)
Aaron M. Teitelbaum (Aaron.Teitelbaum@usdoj.gov)
John R. Thornburgh II (John.Thornburgh@usdoj.gov)

U.S. Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530

For Plaintiff Commonwealth of Massachusetts:

William T. Matlack
Daniel H. Leff
Antitrust Division
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
William.Matlack@mass.gov
Daniel.Leff@mass.gov

For Plaintiff District of Columbia:

C. William Margrabe
Estefania Torres Paez
Office of the Attorney General for the District of Columbia
400 6th Street NW, Suite 10100
Washington, D.C. 20001
Telephone: (202) 727-6294
will.margrabe@dc.gov
estefania.torrespaez@dc.gov

For Plaintiff State of New York:

Olga Kogan (*admitted pro hac vice*)
New York State Office of the Attorney General
28 Liberty Street, 20th Floor
New York, NY 10005
Telephone: (212) 416-8262
Email: olga.kogan@ag.ny.gov

For Plaintiff State of California:

Natalie S. Manzo
Winston. H. Chen
Komal K. Patel
Office of the California Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6000
Natalie.Manzo@doj.ca.gov
Winston.Chen@doj.ca.gov

26

Komal.Patel@doj.ca.gov

For Plaintiff State of Maryland:

    Schonette J. Walker
    Gary Honick
    Byron Warren
    Maryland Office of the Attorney General
    200 St. Paul Place, 19th Floor
    Baltimore, MD 21202
    410-576-6470
    swalker@oag.state.md.us
    ghonick@oag.state.md.us
    bwarren@oag.state.md.us

For Plaintiff State of New Jersey:

    Bryan S. Sanchez
    Ana Atta-Alla
    State of New Jersey Office of the Attorney General
    Division of Law
    124 Halsey Street – 5th Floor
    Newark, New Jersey 07102
    Telephone: (973) 648-6835
    Bryan.Sanchez@law.njoag.gov
    Ana.Atta-Alla@law.njoag.gov

For Plaintiff State of North Carolina:

    Jessica V. Sutton
    Special Deputy Attorney General
    North Carolina Department of Justice
    Post Office Box 629
    Raleigh, North Carolina 27602
    Tel: 919-716-6000
    E-mail: jsutton2@ncdoj.gov

For Defendant JetBlue Airways Corporation:

    Richard Schwed
    Jessica Delbaum
    SHEARMAN & STERLING LLP
    599 Lexington Avenue
    New York, NY 10022
    Telephone: (212) 848-4000
    rschwed@shearman.com

jessica.delbaum@shearman.com

Ryan Shores
Michael Mitchell
SHEARMAN & STERLING LLP
401 9th Street, NW, Suite 800
Washington, D.C. 20004
Telephone: (202) 508-8108
ryan.shores@shearman.com
michael.mitchell@shearman.com

Rachel Mossman Zieminski
SHEARMAN & STERLING LLP
2601 Olive Street, Suite 1700
Dallas, TX 75201
Telephone: (214) 271-5385
rachel.zieminski@shearman.com

Elizabeth M. Wright
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116
Telephone: (617) 937-2349
ewright@cooley.com

For Defendant Spirit Airlines, Inc.:

Andrew C. Finch
Jay Cohen
Eyitayo St. Matthew-Daniel
Kate Wald
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212)373-3000
afinch@paulweiss.com
jaycohen@paulweiss.com
tstmatthewdaniel@paulweiss.com
kwald@paulweiss.com

Meredith Dearborn
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, California 94105
Telephone: (650) 208-2788
mdearborn@paulweiss.com

28

For purposes of calculating discovery response times, electronic delivery at the time the email was received will be treated in the same manner as hand delivery at that time.

24. **Proposed Divestitures**

| Plaintiffs' Proposed Language Regarding the Timing of Production of Certain Divestiture Documents | Defendants' Proposed Language Regarding the Timing of Production of Certain Divestiture Documents |
|---|---|
| To promote orderly and fair discovery of facts related to Defendants' proposed divestitures, in addition to the two productions containing all original draft agreements and relevant correspondence concerning the proposed divestitures of Defendants' assets in Boston Logan International Airport, LaGuardia Airport, Newark Liberty International Airport, and Fort Lauderdale-Hollywood International Airport (the "Proposed Divestitures") pursuant to CID No. 31393, Defendants will produce any additional documents concerning the Proposed Divestitures promptly after such documents are created. Furthermore, within one business day of entering into any agreement concerning the Proposed Divestitures, Defendants will provide Plaintiffs a copy of the agreement. Defendants must produce such evidence by or before May 8, 2023. Defendants shall not be permitted to introduce or otherwise rely on documentary evidence and/or data concerning the Proposed Divestitures tendered or generated after May 8, 2023 as such evidence is unfairly prejudicial under Federal Rule of Evidence 403. This paragraph shall not be construed to require the exclusion of evidence arising from efforts to comply with future rulings (including changes in business plans required to comply with any such future rulings) in the NEA Case. | In addition to the two productions containing all original draft agreements and relevant correspondence concerning the proposed divestitures of Defendants' assets in Boston Logan International Airport, LaGuardia Airport, Newark Liberty International Airport, and Fort Lauderdale-Hollywood International Airport (the "Proposed Divestitures") pursuant to CID No. 31393, Defendants will produce any additional documents concerning the Proposed Divestitures in response to any document request served under Paragraph 10(a). Furthermore, within one business day of entering into any agreement concerning the Proposed Divestitures, Defendants will provide Plaintiffs a copy of the agreement. If such agreement has not been entered by May 8, 2023, the Parties will meet and confer, if necessary, to ensure Plaintiffs have adequate discovery concerning the divestiture agreement.

*adopting this language does not support an inference that the Court will admit any divestiture documents produced after May 8, 2023, a matter on which the Court expresses no opinion.* |

*[handwritten: 14]*

29

| Plaintiffs' Position | Defendants' Position |
|---|---|
| In merger challenges, Defendants often seek (1) to remedy or mitigate harms caused by the merger with collateral agreements to divest certain assets or rights (the subject of this paragraph), and (2) to promote benefits they believe will be realized if the merger is allowed to proceed (the subject of Paragraph 25). These are fact-intensive inquiries which are predictable areas of focus at trial. Here, the present disputes turn on when Defendants will create and produce a factual record purporting to support their positions. | Defendants identified the assets to be divested in the Agreement and Plan of Merger among JetBlue Airways Corporation, Sundown Acquisition Corp., and Spirit Airlines Inc. on July 28, 2022, meaning that Plaintiffs have long been on notice of the assets that would be divested. Plaintiffs also already know the potential buyers of the divestiture assets and have already sought and received documents from those potential buyers in the investigation of the proposed merger. In addition, Defendants also produced divestiture-related documents in the investigation, including correspondence with the potential buyers and the draft asset purchase agreements sent by JetBlue to the potential buyers. This means that the Plaintiffs know what JetBlue and Spirit plan to sell, who they plan to sell it to, and the proposed terms offered for the sale. JetBlue is currently in negotiations to finalize the divestiture transactions, and Defendants have proposed to produce final divestiture agreements one business day after they have been signed. |
| Although "divestiture commitments" have been a keystone of JetBlue's antitrust defense for at least eleven months, JetBlue has still not entered into any agreement to actually divest those assets. Plaintiffs will be unfairly prejudiced if JetBlue is allowed to prolong divestiture negotiations so as to deprive Plaintiffs of a fair opportunity to take discovery of Defendants and the actual divestiture buyers based on any final divestiture agreements, rather than Defendants' currently tentative "plan," "draft . . . agreements" and "proposed terms." Plaintiffs accordingly propose a May 8, 2023 cutoff date for divestiture evidence on which Defendants may rely—the same date that Defendants themselves propose, and which is necessary to allow for pertinent party and third-party fact discovery. | |
| | Defendants have agreed to make efforts to finalize and produce those agreements no later than May 8, 2023 (the date Plaintiffs selected as the point by which they wish to have this discovery) and to discuss with Plaintiffs how to proceed if those agreements are not signed by May 8, 2023. Plaintiffs have rejected this proposal and instead overreach by seeking a draconian remedy of complete preclusion of divestiture evidence if documents are not produced by May 8, 2023. Plaintiffs' approach would severely prejudice Defendants. Plaintiffs essentially seek a predictive ruling on a *motion in limine* that has yet to be filed—before there has been any indication whether or not they will be prejudiced. Further, Plaintiffs' proposal |
| The dispute concerns what occurs if Defendants fail to meet this deadline. Plaintiffs believe May 8, 2023 should be a genuine deadline with real consequences for non-compliance. Courts in merger cases have excluded evidence of proposed divestitures where that evidence is offered unfairly late. For example, in *FTC v. Ardagh Grp., S.A.*, No. 13-1021 (D.D.C.), the court refused to consider a divestiture that was still being negotiated while defense witnesses were | |

30

being deposed.[4]  Merger case management orders routinely provide that divestiture evidence will be excluded under Rule 403 if not produced well before the end of fact discovery, as Plaintiffs propose.  *See* ECF 53 at 20-21, *United States v. Bertelsmann SE & Co. KGaA*, No. 21-2886 (D.D.C.); ECF No. 52 at 22, *United States v. AON plc*, No. 21-1633 (D.D.C.).  In another pending merger case, the schedule provided for "day-for-day" extensions of fact discovery and other pretrial deadlines if divestiture documents were not timely produced, and after divestiture-related pre-trial disputes, the court extended fact discovery and, ultimately, delayed the trial.  ECF 46 at 21-22 & 1/18/13 & 4/3/23 Minute Orders, *United States v. ASSA ABLOY AB*, No. 22-cv-2791 (D.D.C.).  Here, because the Court has made clear that its trial date is firm, Plaintiffs are not seeking potential schedule extensions as in *ASSA ABLOY*.  Instead, Plaintiffs request a bright-line rule to keep this case on track while preventing unfair prejudice to Plaintiffs from delays within Defendants' control.  For the same reason, the Court should reject Defendants' "wait and see" approach as inadequate.

would place the Court in the odd position of having to analyze a merger that by its terms contemplates divestitures without being able to fully consider such divestitures if they are not completed by Plaintiffs' arbitrary date.  Plaintiffs cite *U.S. v. Bertelsmann SE & Co. KGaA et al.*, No. 21-2886-FYP (D.D.C.), but that case is entirely distinguishable as there were no divestiture or license of assets reflected in the purchase agreement or at issue at trial.  Here, by contrast, the divestitures are central.  *FTC v. Ardagh Grp., S.A.*, No. 13-1021 (D.D.C.), is even less relevant.  In that case, the court declined to hear evidence of a proposed divestiture first presented to the FTC after the scheduled close of fact discovery, after expert reports were submitted, and only three weeks before the start of the trial—and even then the defendants had not identified the buyer.  In *Assa Abloy*, unlike here, the merger agreement did not require divestitures or identify the scope of divestitures, and the DOJ did not know the identity of the divestiture buyers before filing the complaint.

Defendants recognize that Plaintiffs are entitled to the final divestiture agreements and have offered to produce them promptly upon signing and to meet-and-confer in good faith should the agreements not be signed by May 8, 2023.  Unlike Plaintiffs' proposal, Defendants' approach maintains the ability of both parties to preserve their rights—including Plaintiffs' right to move to exclude evidence of the divestitures if they can demonstrate actual prejudice—regarding the use and admissibility of such evidence and is also consistent with past practice in other merger trials.

---

[4] 9/24/13 Tr.at 29, https://www.ftc.gov/sites/default/files/documents/cases/130924ardaghtranscript.pdf.

25.    **Alleged Benefits / Network Plan**

| Plaintiffs' Proposed Language Regarding the Timing of Production of Documents Relating to Alleged Benefits | Defendants' Proposed Language Regarding the Timing of Production of Certain Network Plans |
|---|---|
| **Alleged Benefits.** To promote orderly and fair discovery of facts related to Defendants' future plans if the Proposed Transaction is or is not consummated, Defendants will produce plans developed for the combined JetBlue/Spirit network if the Proposed Transaction is consummated or for the separate JetBlue or Spirit networks if the Proposed Transaction is not consummated ("Network Plans") and any other future plans for JetBlue/Spirit promptly after they are developed.  Defendants must produce such evidence by or before May 8, 2023.  Defendants shall not be permitted to introduce or otherwise rely on documentary evidence and/or data concerning future plans for the purpose of supporting the claimed benefits of the Proposed Transaction tendered or generated after May 8, 2023 as such evidence is unfairly prejudicial under Federal Rule of Evidence 403.  This paragraph shall not be construed to require the exclusion of evidence arising from efforts to comply with future rulings (including changes in business plans required to comply with any such future rulings) in the NEA Case. | **Network Plan.** Defendants will produce in response to any document request served pursuant to Paragraph 10(a) plans developed for the combined JetBlue/Spirit network if the Proposed Transaction is consummated or for the separate JetBlue or Spirit networks if the Proposed Transaction is not consummated ("Network Plans") promptly after they are developed in the ordinary course of business.  If such Network Plans are not finalized and produced by May 8, 2023, the Parties will meet and confer, if necessary, to ensure Plaintiffs have adequate discovery concerning them.  The Parties recognize that Network Plans may change as a result of subsequent or unforeseen events occurring after May 8, 2023.  Defendants will promptly produce any such changes to Plaintiffs, and Plaintiffs reserve all rights related to discovery and admissibility of such changes. |
| Defendants may seek modification of this provision of the CMO if circumstances beyond Defendants' control, unforeseeable as of May 8, 2023, require changes to Network Plans or other future plans.  Prior to moving for such modification, Defendants must promptly produce (within two business days of their creation) all documents and data regarding such modification and the reasons for such modification, and make Rule 30(b)(6) deponents available about the changes at Plaintiffs' reasonable convenience (notwithstanding any other limitations on | *adopting this language does not support an inference that the Court will admit any network plans divulged after May 8, 2023, a matter on which the Court expresses no opinion* |

| | |
|---|---|
| depositions). After such production and deposition, Defendants may move for modification of this Order to allow for the potential admissibility of such evidence only on a showing of good cause and that Plaintiffs were not unfairly prejudiced. | |

| **Plaintiffs' Position** | **Defendants' Position** |
|---|---|
| Plaintiffs expect Defendants to try to show benefits of their proposed merger based on purportedly "ordinary course" documents about JetBlue's plans for the combined airline, as well as documents about JetBlue's and Spirit's contingency plans if the merger is blocked. For example, JetBlue may try to rely on a "combined network plan" for the merged airline to support purported benefits of the merger. Despite multiple requests during the government's pre-complaint investigation, JetBlue failed to produce a combined network plan and claimed it was deferring creating such a plan. This decision was a tactical choice that impeded the government's ability to evaluate JetBlue's arguments about consumer benefits. Now Defendants represent that they expect to produce their combined network plan by May 8, 2023.

Plaintiffs ask the Court to hold Defendants to this deadline to ensure a fair and efficient trial. Defendants control when they create their own network plan and other evidence that the merger is supposedly not harmful, such as integration plans, fleet plans, and route/airport entry or exit plans. It would be unfairly prejudicial for Defendants to rely on their own internal documents if Defendants wait until the end of fact discovery (or later) to create and produce them. Accordingly, as with divestiture evidence, such evidence should be excluded under Rule 403 if Defendants offer it to support their case after producing it untimely. If there are unforeseeable changed circumstances, | Defendants plan to produce the combined network plan in advance of May 8, 2023. But the airline industry is dynamic and rapidly developing, and it is possible there could be updates to the network plan after May 8, 2023. As with the divestiture agreements, Plaintiffs' proposal is again overreaching and seeks to pre-ordain a harsh penalty. Defendants' proposal does not extinguish Plaintiffs' right to later seek to exclude such evidence; it merely seeks to prevent the extraordinary ruling that prejudice will be presumed at the outset of this case based on an arbitrary date. The past several years have taught us that unexpected events can have a significant impact on travel patterns, and if something should happen that requires JetBlue to update the combined network plan (e.g., a natural disaster severely limits the ability to fly from an airport one of the airlines serves), Defendants should be permitted an opportunity to at least ask the Court to hear evidence on the changes. Indeed, Plaintiffs' own proposal implicitly acknowledges that changes may be required based on future events by carving out an exception for a future event Plaintiffs would welcome (i.e., an adverse ruling on JetBlue's Northeast Alliance with American Airlines).

Defendants should not be forced to prematurely give up their rights to rely on such evidence if it is not produced by the arbitrary date Plaintiffs propose. Accordingly, Defendants' proposed provision contemplates that Defendants will promptly produce any revised network plans and that they will work |

| Plaintiffs' proposal permits Defendants to seek to modify this provision if there is good cause and Plaintiffs are not unfairly prejudiced. | in good faith to ensure that Plaintiffs have adequate discovery. Defendants' proposal here again is consistent with past practice in other merger trials and equitably preserves the rights of both parties with respect to discovery and the admissibility of such evidence. |
|---|---|

26.    **Nationwide Service of Trial Subpoenas.** To assist the Parties in planning

discovery, and in view of the geographic dispersion of potential witnesses in this action outside

this District, the Parties are permitted, under 15 U.S.C. § 23, to issue trial subpoenas that may

run into any other federal district requiring witnesses to attend this Court. The availability of

nationwide service of process, however, does not make a witness who is "unavailable" for

purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available

under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

27.    **Modification of Scheduling and Case Management Order.** Any Party may

seek modification of this Order for good cause, except that the Parties may also agree to modify

discovery and expert disclosure deadlines by agreement.

SO ORDERED:

/s/ William G. Young
Hon. William G. Young
United States District Judge

Dated: April 6 , 2023

# Exhibit F

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                               *Plaintiffs*,<br><br>v.<br><br>UNITEDHEALTH GROUP INCORPORATED<br>and<br>CHANGE HEALTHCARE INC.,<br><br>                               *Defendants*. | Civil Action No. 1:22-cv-0481 (CJN) |

## SCHEDULING AND CASE MANAGEMENT ORDER

(1)    <u>Definitions.</u>  The following definitions apply to this Order:

        (a)    "Defendants" means UnitedHealth Group Incorporated ("United") and Change Healthcare Inc. ("Change") and any other defendant named in the above-captioned case.

        (b)    "Proposed Transaction" means UnitedHealth Group Incorporated's proposed acquisition of Change Healthcare Inc.

        (c)    "Claims Editing Divestiture" means the divestiture of Change Healthcare Inc.'s claims editing business, including ClaimsXten software.

        (d)    "Party" or "Parties" means any individual Plaintiff or any Defendant in the above-captioned action, or Plaintiffs and Defendants collectively.

        (e)    "Plaintiffs" mean the United States of America and the Plaintiff States, and all of their employees, agents, and representatives.

        (f)    "Plaintiff States" means the State of Minnesota, the State of New York, and any other state named as a plaintiff the above-captioned case.

(g)    "Relevant Materials" means (A) documents; (B) data; (C) communications and correspondence; (D) transcripts of testimony; and (E) witness statements, including draft and final versions of declarations and affidavits, letters relating to draft and final versions of declarations and affidavits, and transcripts.

(2)    <u>Service of Complaint</u>.  Counsel have accepted service of the Complaint on behalf of Defendants and have waived formal service of a summons.

(3)    <u>Jurisdiction and Venue</u>.  Defendants consent to personal jurisdiction and venue in this Court in the above-captioned case.

(4)    <u>Discovery Conference</u>.  The Parties' consultations about this Order and submission of this Order satisfy their obligations under Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3(c), and no further consultation is required before commencing discovery.

(5)    <u>Completion of Proposed Transaction</u>.  Defendants have agreed that they will not close, consummate, or otherwise complete UnitedHealth Group Incorporated's proposed acquisition of Change Healthcare Inc. any earlier than 12:01 a.m. on the tenth day following the entry of judgment by the Court and only if the Court enters an appealable order that does not prohibit consummation of the transaction.

(6)    <u>Notice of Claims Editing Divestiture.</u> Within one business day of entering into an agreement for the Claims Editing Divestiture, Defendants will provide Plaintiffs with a copy of the agreement. If such agreement has not been entered into by April 29, the Parties will meet and confer, if necessary, to ensure Plaintiffs have adequate discovery of the divestiture buyer.

(7)    <u>Dispositive Motions.</u>  Due to the compressed schedule before trial, the Parties agree that no motion to dismiss will be filed in this action.  The Parties reserve their rights to file other dispositive motions, including motions for summary judgment.

(8)     Discovery of Confidential Information.  Discovery and production of confidential information shall be governed by any Protective Order entered by the Court in this action, and a copy of all such orders shall be included with any discovery requests, notices, or subpoenas directed to non-Parties.

(9)     Case Schedule. Unless otherwise specified, days will be computed according to Federal Rule of Civil Procedure 6(a).  The Court hereby adopts the following schedule:

| Event | Date |
|---|---|
| Fact Discovery Begins | Mar. 22 |
| Parties exchange preliminary fact witness lists | Mar. 30 |
| Parties exchange supplemental fact witness lists | May 11 |
| Dispositive motions (if any) due on or before (opposition briefs due 3 weeks after any such filing) | June 3 |
| Plaintiffs to serve any Initial Expert(s) Reports(s) | June 6 |
| Deadline for the production of Backup Materials for Initial Expert(s) Report(s) | June 7 |
| Parties exchange final fact witness lists | June 8 |
| Close of fact discovery | June 21 |
| Defendants to serve any Expert(s) Report(s) | June 27 |
| Deadline for the production of Backup Materials for Defendants' Expert(s) Report(s) | June 28 |
| Parties exchange initial exhibit lists | June 30 |
| Parties exchange opening deposition designations | July 1 |
| Each Party informs each non-Party of all documents produced by that non-Party that are on the Party's exhibit list and all depositions of that non-Party that have been designated by any Party.  Parties must inform non-Parties that they should provide notice to the Parties, pursuant to the Protective Order, of whether that non-Party objects to the potential public disclosure at trial of that non-Party's documents and depositions, explain the basis for any such objections, and propose redactions where possible. | July 5 |
| Each side exchanges its objections to the other side's opening deposition designations and provide their deposition counter-designations | July 7 |
| Close of Supplemental Discovery | July 8 |
| Each side exchanges its objections to the other side's exhibits, including confidentiality objections | July 11 |
| Each side exchanges its objections to the other side's deposition counter-designations and provide their counter-counter-designations | July 11 |
| Non-Parties provide notice whether they object to the potential public disclosure at trial of any non-Party documents and depositions, explain the basis for any such objections, and propose redactions where possible | July 12 |

| Event | Date |
|---|---|
| Motions *in limine* due | July 13 |
| Plaintiffs to serve any Rebuttal Expert(s) Report(s) | July 13 |
| Deadline for the production of Backup Materials for Rebuttal Expert(s) Report(s) | July 14 |
| Parties meet and confer regarding disputes about confidentiality of Party documents on trial exhibit list | July 15 |
| Parties meet and confer regarding admissibility of trial exhibits and deposition designations | July 15 |
| Parties and non-Parties meet and confer regarding confidentiality of non-Party documents on trial exhibit list and non-Party depositions | July 15 |
| Oppositions to motions *in limine* due | July 20 |
| Joint submission regarding disputes about admissibility of trial exhibits, confidentiality issues, and deposition designations | July 20 |
| Pretrial briefs due | July 20 |
| Close of expert discovery; Parties exchange any further additions to exhibit lists, limited to materials contained in any expert report and used as exhibit(s) in any expert deposition | July 25 |
| Final pretrial conference | July 27 |
| Trial begins (12 days) | Aug. 1 |
| Post-trial briefs and proposed findings of fact and conclusions of law due | Parties will propose timing at the final pretrial conference. |

(10)   Initial Disclosures.  The Parties agree to waive the exchange of disclosures under Federal Rule of Civil Procedure 26(a)(1), as set forth in the Protective Order.

(11)   Statement Regarding Local Civil Rule 16.3(c)(3):  Assignment to Magistrate Judge. The Parties do not believe at this time that this matter should be assigned to a magistrate judge for all purposes, including trial.

(12)   Statement Regarding Local Civil Rules 16.3(c)(4) and (5): Settlement Possibilities and ADR.  The Parties have engaged in good faith settlement negotiations but despite their efforts, have been unable to settle the matter.  Plaintiffs do not believe that this case would benefit from mediation.  Defendants believe this case could benefit from mediation because, among other reasons, they will divest Change's claims editing business.

(13)  <u>Timely Service of Fact Discovery and Supplemental Discovery</u>.  All discovery, including discovery served on non-Parties, must be served in time to permit completion of responses by the close of fact discovery, except that Supplemental Discovery must be served in time to permit completion of responses by the close of Supplemental Discovery.  For purposes of this Order, "Supplemental Discovery" means document and deposition discovery, including discovery served on non-Parties, related to any person identified on a Party's final fact witness list who was not identified on that Party's preliminary or supplemented preliminary fact witness lists (including document and deposition discovery related to entities related to any such person). Depositions that are part of Supplemental Discovery must be noticed within 7 days of exchanging the final fact witness lists.

(14)  <u>Written Discovery on Parties.</u>

(a)  <u>Document Requests</u>. There is no limit on the number of requests for the production of documents that may be served by the Parties. The Parties must serve any objections to requests for production of documents within 7 business days after the requests are served. Within 3 business days of service of any objections, the Parties must meet and confer to resolve in good faith any objections and to agree on custodians to be searched. The parties must make good-faith efforts to make rolling productions of responsive documents (to the extent not subject to any objections or custodian issues that have not been resolved), including any portion(s) of responsive productions that are not subject to any objections or custodian issues beginning no later than 14 days after service of the request for production.

(i.)  The Parties must make good-faith efforts to substantially complete responsive productions no later than 28 days after service of the request for production. Should any objections or custodian issues remain unresolved for 14 days or more after service of the

request for production, the Parties must make good-faith efforts to complete such remaining responsive productions no later than 14 days after resolution of such objections or custodian issues.

(ii.)    Notwithstanding any other part of this paragraph, in responding to requests for production of documents that are part of Supplemental Discovery, the Parties must (i) serve any objections to such requests for production of documents within 3 business days after the requests are served; (ii) produce responsive documents (that are not subject to objections) no later than 7 days after the requests are served; and (iii) produce documents that were subject to objections no later than 7 days after resolution of objections.

(iii.)    None of the Parties must preserve or produce in discovery the following categories of documents:

> 1.  documents or communications sent solely between outside counsel for Defendants (or persons employed by or acting on behalf of such counsel) or solely between counsel for Plaintiffs (or persons employed by Plaintiffs); and
>
> 2.  documents or communications sent solely between inside counsel (acting in a purely legal capacity), or between inside counsel (acting in a purely legal capacity) and outside counsel for either Defendant (or persons employed by or acting on behalf of such counsel).

(iv.)    None of the Parties must preserve or produce in discovery the following categories of electronically stored information for this matter:

> 1.  voicemail messages, except in the case where they are contained within the Parties' e-mail systems;

2. e-mail or other electronic messages sent to or from a personal digital assistant or smartphone (e.g., iPhone handheld), provided that a copy of such e-mail or message is routinely saved and preserved elsewhere for potential production in discovery;

3. other electronic data stored on a personal digital assistant or smartphone, such as calendar or contact data or notes, provided that a copy of such information is routinely saved and preserved elsewhere for potential production in discovery;

4. temporary or cache files, including Internet history, web browser cache, and cookie files, wherever located; and

5. server, system, or network logs.

(b)     <u>Data Requests</u>.  In response to any requests where data or data compilations are responsive, the Parties will meet and confer in good faith regarding the requests and will work in good faith to address questions or issues relating to data, including upon reasonable request and notice, making employees knowledgeable about the content, storage, and production of data available for informal consultations during the meet-and-confer process. Throughout the meet-and-confer process, the Parties will work in good faith to complete production of data or data compilations within 28 days after service of the requests for production.

(c)     <u>Interrogatories</u>. Interrogatories are limited to 25 (including discrete subparts) by Plaintiffs collectively to each Defendant, and to 25 (including discrete subparts) by Defendants collectively to each Plaintiff. The Parties must serve any objections to interrogatories within 7 business days after the interrogatories are served. Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections. The Parties

must make good-faith efforts to provide complete answers to interrogatories no later than 21 days after service of the interrogatories.

(d) <u>Requests for Admission.</u> Plaintiffs collectively may serve up to 10 requests for admission on each Defendant and Defendants collectively may serve up to 10 requests for admission on each Plaintiff. The Parties must serve any objections to requests for admission within 7 business days after the requests for admission are served. Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections. The Parties must make good-faith efforts to provide complete responses to requests for admission no later than 21 days after service of the requests for admission.

(15) <u>Rule 45 Subpoenas on Non-Parties.</u> The Parties will in good faith cooperate with each other with regard to any discovery to non-Parties in an effort to minimize the burden on non-Parties. Each Party must serve a copy of any subpoena to a non-Party on the other Parties before, or at the same time as, the subpoena is served on the non-Party. Every subpoena to a non-Party shall include a cover letter requesting that (a) the non-Party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it and (b) the non-Party provide to the other Parties copies of all productions at the same time as they are produced to the requesting Party. If a non-Party fails to provide copies of productions to the other Parties, the requesting Party shall provide such copies to the other Parties, in the format the productions were received by the requesting Party, within 3 business days of the requesting Party receiving such materials from the non-Party. In addition, if a non-Party produces documents or electronically stored information that are not Bates-stamped, the Party receiving those materials shall request that the non-Party Bates-stamp all documents or electronically stored information and produce such Bates-stamped copies to all Parties simultaneously. Each Party must provide the

other Parties with (i) a copy of any written communication (including email) with any non-Party concerning the non-Party's response to or compliance with any subpoena, including any extensions or postponements, within 36 hours of the communication; and (ii) a written record of any oral or written modifications to the subpoena, within 36 hours of the modification.

(16)    Depositions.  Plaintiffs collectively are entitled to 35 depositions of non-expert witnesses, and the Defendants collectively are entitled to 35 depositions of non-expert witnesses. The following depositions do not count against the deposition caps imposed by the preceding sentences:  (a) depositions of any persons identified on a Party's final fact witness list who were not identified on that Party's preliminary or supplemental fact witness list; (b) depositions of the Parties' designated expert witnesses; (c) depositions taken in response to Civil Investigative Demands; (d) the 2-hours of deposition time afforded to non-noticing parties; and (e) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-Party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

(a)    Parties will make a good faith effort to make witnesses available for depositions upon 10 business days' notice.  If depositions are conducted remotely, they shall be conducted in accordance with the Parties' November 10, 2021 remote deposition letter, unless the Parties agree otherwise.

(b)    If a Party serves a non-Party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party

serving those subpoenas must schedule the deposition for a date at least 7 business days after the return date for the document subpoena, and if the Party serving those subpoenas agrees to extend the date of production for the document subpoena in a way that would result in fewer than 7 business days between the extended production date and the date scheduled for that non-Party's deposition, the date scheduled for the deposition must be postponed to be at least 7 business days following the extended production date, unless all other Parties consent.

(c)     Depositions of fact witnesses are limited to no more than one (7-hour) day unless otherwise stipulated. During non-Party depositions, the non-noticing side will receive two hours examination time. If a non-Party deposition is noticed by both sides, then time will be divided equally between the sides, and the deposition of the non-Party will count as one half of a deposition for both sides. Any time allotted to one side not used by that side in a non-Party deposition may not be used by the other side, unless both sides agree. Any objection made by any Party in a deposition preserves that objection for every Party.  Notwithstanding any other provisions in this paragraph, if a Plaintiff notices the deposition of a non-Party (including an employee of a non-Party) to or with which a Defendant has made a commitment or agreement (including an agreement to divest or license assets) to sell Change's claims-editing business, then the Plaintiff will receive 7 hours of examination time for the deposition.

(17)   <u>Evidence from a Foreign Country</u>.  Before any Party may offer documentary or testimonial evidence from an entity or person located in a foreign country, the other side must be afforded an opportunity by the entity or person (or both, when applicable) to obtain documentary and deposition discovery.  For any non-Party witness who resides outside the United States and is included on the witness lists of any Party, any deposition of that witness may be conducted via remote means, as described in Paragraph (16)(a) of this Order, and any such deposition may be

conducted under United States law. For any Party witness who resides outside the United States and is included on the witness lists of any Party, each Party agrees to make a good faith effort to make such witness available either for a remote deposition or an in-person deposition in the United States at a location convenient for the individual and as agreed to by the Parties. This paragraph does not apply to documents produced to the United States during its investigation of the Proposed Transaction before the Complaint was filed.

(18)    Privilege Logs.   The Parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs: (1) documents or communications sent to or from outside counsel for Defendants (or persons employed by or acting on behalf of such counsel); (2) documents or communications sent solely between counsel for Plaintiffs (or persons employed by or acting on behalf of the Plaintiffs); (3) documents or communications sent solely between counsel for the Plaintiffs (or persons employed by or acting on behalf of the Plaintiffs) and counsel for any state (or persons employed by or acting on behalf of the office of the attorney general of any state); (4) documents or communications sent solely between counsel for any state(s) (or persons employed by or acting on behalf of the office of the attorney general of any state(s)); (5) documents or communications sent solely among inside counsel (acting in a purely legal capacity), or inside (acting in a purely legal capacity) and outside counsel (or persons employed by or acting on behalf of counsel) for either Defendant; (6) privileged draft contracts; (7) privileged draft regulatory filings; and (8) non-responsive, privileged documents attached to responsive documents. When non-responsive, privileged documents that are attached to responsive documents are withheld from production, however, the producing Party will insert a placeholder to indicate a document has been withheld from that family. For each entry of the privilege log, all attorneys acting in a legal capacity with respect to that particular document

or communication will be marked with the designation ESQ after their names (include a space before and after the "ESQ").

(19) <u>Presumptions of Authenticity</u>. Documents produced by Parties and non-Parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the Parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

(20) <u>Expert Witness Disclosures and Depositions</u>. Expert disclosures, including each side's expert reports, must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as modified by this paragraph.

(a)     Neither side must preserve or disclose, including in expert deposition testimony, the following documents or information:

(i.)     any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared:

1. between any Plaintiffs or any Defendant's counsel and the Plaintiffs' or the Defendants' own testifying or non-testifying expert(s);

2. between any agent or employee of any Plaintiff's or Defendant's counsel and the Plaintiffs' or the Defendants' own testifying or non-testifying expert(s);

3.  between testifying and non-testifying experts;

4.  between non-testifying experts; or

5.  between testifying experts;

(ii.)     any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between experts and any persons assisting the expert;

(iii.)    the expert's notes, except for notes of interviews participated in or conducted by the expert, if the expert relied upon such notes in forming any opinions in his or her final report;

(iv.)    drafts of expert reports, affidavits, or declarations; and

(v.)     data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

(b)     The Parties agree that the following materials will be provided to the other side when the expert(s) are disclosed:

(i.)     all final reports;

(ii.)    a list by Bates number of all documents relied upon by the testifying expert(s) in forming any opinions in his or her final reports;

(iii.)   copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

(iv.)    a list of all publications authored by the expert in the previous 10 years and copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

(v.)     a list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number; and

(vi.)     for all calculations appearing in the final reports, all data and programs underlying the calculations (including all programs and codes necessary to replicate the calculations from the initial ("raw") data files and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report) and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations ("Backup Materials").

(c)     The case schedule allows for Plaintiffs' Initial Expert(s) Report(s), Defendants' Expert(s) Report(s), and Plaintiffs' Rebuttal Expert(s) Report(s).  Any additional supplemental report may not be served without agreement by the Parties or leave of court.

(d)     Each expert will be deposed for only one (7-hour) day, with all 7 hours reserved for the side noticing the expert's deposition. Depositions of each side's experts will be conducted only after disclosure of all expert reports and all of the materials identified in Paragraph (20)(b) of this Order for all of that side's experts.

(e)     For the avoidance of doubt, nothing in this Order precludes counsel for a Party from taking reasonable and appropriate redirect examination of their own experts or fact witnesses.

(21)     Fact Witness Lists. Plaintiffs collectively are limited to 25 persons on its preliminary fact witness list, and the Defendants collectively are limited to 25 persons on their preliminary fact witness list. The preliminary witness lists must include the name, employer, address, and telephone number of each fact witness.

(a)     Preliminary fact witness lists may be supplemented on or before the date specified in the case schedule, but only if a Party had not expected to call that witness to testify when the preliminary fact witness list was exchanged.  No more than a total of 25 fact witnesses may be included on the combined preliminary and supplemental fact witness lists.  By way of example, if a Party has 25 individuals on its preliminary witness list and decided to include 2 different individuals on its supplemental witness list, it must cut 2 witnesses from the preliminary witness list so that there are no more than 25 witnesses in total.  The supplemental witness lists must include the name, employer, address, and telephone number of each fact witness.

(b)     Witnesses whose testimony will be submitted through deposition testimony will be included on each side's final witness list but will not count toward any fact witness list limits, including the right to add witnesses set forth in Paragraph 21(c).

(c)     Plaintiffs collectively are limited to 25 persons on their final fact witness list, and Defendants collectively are limited to 25 persons on their final fact witness list. Each side's final fact witness list may identify no more than 5 witnesses that were not identified on that side's supplemental fact witness list. A witness who was not identified on a side's supplemental fact witness list may be added to that side's final fact witness list based on a good faith determination by that side, and the other side reserves their rights to object to such late disclosure. If any new witnesses are added to a final fact witness list who were not on that side's preliminary or supplemental fact witness list, document discovery may be had with respect to such person(s), even if out of time, and a deposition(s) by the other side of such witness(es) will not count against that other side's total depositions. The final fact witness lists must include the name, employer, address, and telephone number of each fact witness.

(d)     In preparing preliminary fact witness lists and final fact witness lists, the Parties must make good-faith attempts to identify the witnesses whom they expect that they may present as live witnesses at trial.  No Party may call a person to testify as a live witness at trial unless (a) that person was identified on any Party's final fact witness list; (b) all Parties agree that that Party may call that person to testify; or (c) that Party demonstrates good cause for allowing it to call that person to testify, despite that Party's failure to identify that person sooner.

(22)   <u>Service of Pleadings and Discovery on Other Parties</u>. Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by ECF if required by applicable rule or otherwise by email, except when the volume of attachments requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each Party:

> For Plaintiff United States of America:
>
> Janet Brody (Janet.Brody@usdoj.gov)
> Travis Chapman (Travis.Chapman@usdoj.gov)
> Jeremy C. Keeney (Jeremy.Keeney2@usdoj.gov)
> Ryan Karr (Ryan.Karr@usdoj.gov)
>
> U.S. Department of Justice
> Antitrust Division
> 450 Fifth Street, NW, Suite 4100
> Washington, DC 20530
>
>
> For Plaintiff State of Minnesota:
>
> Elizabeth R. Odette (Elizabeth.Odette@ag.state.mn.us)
> Office of Minnesota Attorney General
> 445 Minnesota Street, Suite 1400
> St. Paul, MN 55101-2131
> (651) 728-7208

For Plaintiff State of New York:

Olga Kogan (Olga.Kogan@ag.ny.gov)
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8066


For Defendant UnitedHealth Group Incorporated:

Craig Primis (cprimis@kirkland.com)
Anne McClain Sidrys (asidrys@kirkland.com)
Matt Reilly (matt.reilly@kirkland.com)
Winn Allen (winn.allen@kirkland.com)
Jeff Ayer (jeffrey.ayer@kirkland.com)
Rich Cunningham (rich.cunningham@kirkland.com)
T.J. McCarrick (tj.mccarrick@kirkland.com)
Alexia Brancato (alexia.brancato@kirkland.com)
Sarahi Padilla (Sarahi.constantinepadilla@kirkland.com)
Kristen Farnsworth (kristen.farnsworth@kirkland.com)
Ken Sturek (ksturek@kirkland.com)

Kirkland & Ellis LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
202-389-5000

Justin Bernick (Justin.bernick@hoganlovells.com)
Chuck Loughlin (chuck.loughlin@hoganlovells.com)
Ashley Howlett (Ashley.howlett@hoganlovells.com)
John Hamilton (john.hamilton@hoganlovells.com)

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

For Defendant Change Healthcare Inc.:

Sara Razi (sara.razi@stblaw.com)
Preston Miller (preston.miller@stblaw.com)
Abram Ellis (aellis@stblaw.com)
Daniel Owsley (daniel.owsley@stblaw.com)

Simpson Thacher & Bartlett LLP
900 G St NW, Suite 900
Washington, DC 20001

David Gelfand (dgelfand@cgsh.com)
Daniel Culley (dculley@cgsh.com)
Kathleen Bradish (kbradish@cgsh.com)
Stephen Houck (shouck@cgsh.com)

Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037

     (a)    Alternatively, electronic service on certain parties can be completed via their respective service distribution email address, if available.

     (b)    For purposes of calculating discovery response times, electronic delivery at the time the email was received will be treated in the same manner as hand delivery at that time. However, for any service other than service of court filings, email service that is delivered after 7:00 p.m. Eastern Time will be treated as if it was served the following business day.

     (23)   <u>Nationwide Service of Trial Subpoenas.</u> To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

(24)    Modification of Scheduling and Case Management Order. Modifications of the
rights and responsibilities of the Parties under this Order may be made by mutual agreement of the
Parties, provided any such modification has no effect on the schedule for pretrial filings or trial
dates. Otherwise, any Party may seek modification of this Order for good cause.

it is so ORDERED.

Date:  March 28, 2022

The Honorable Carl J. Nichols
United States District Judge

19

# Exhibit G

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FEDERAL TRADE COMMISSION,**

Plaintiff,

v.

**COSTAR GROUP, INC.,**                    Civil Action No. 1:20-cv-03518-JDB

    **AND**

**RENTPATH HOLDINGS, INC.,**

Defendants.

## JOINT STIPULATED CASE MANAGEMENT AND
## SCHEDULING ORDER

It is hereby ordered as follows:

A.  **TEMPORARY RESTRAINING ORDER**.  The Court entered the Temporary

Restraining Order on December 4, 2020.  Under that Temporary Restraining Order, the

Defendants cannot close their transaction until after 11:59 PM Eastern Time on the fifth

(5th) business day after this Court rules on the Plaintiff's motion for preliminary

injunction.

B.  **ANSWER**.  Defendants shall answer or otherwise respond to Plaintiff's Complaint on or

before December 14, 2020.

C.  **DISCOVERY**.

    1.  <u>Fact Discovery</u>.  The parties shall commence fact discovery upon the entry of this

proposed order and complete it by February 22, 2021, exceptthattto the extent a

third-party deposition is properly noticed in accordance with this Order, but the

third party's schedule cannot accommodate a deposition before the end of fact

discovery, a later deposition may occur at the agreement of both parties.  No party

may unreasonably withhold agreement.

    2.  <u>Initial Disclosures</u>.  The parties agree that they will not make initial disclosures

pursuant to Federal Rule of Civil Procedure 26(a)(1).

    3.  <u>Production of Investigative Materials</u>.  By December 11, 2020, Plaintiff and

Defendants will produce, in compliance with any Protective Order that may be

entered in this matter, the following Investigative Materials: (a) all documents or

data in their possession, custody, or control that (i) any non-party provided

to any party either voluntarily or under compulsory process preceding the filing

2

of this action in the course of the parties' assessment of or inquiries into the proposed merger or (ii) any party, including that party's counsel, provided to any non-party (exclusive of agents or consultants of that party retained for the purposes of the investigation but inclusive of agents or consultants of that party retained for business purposes), preceding the filing of this action in the course of the parties' assessment of or inquiries into the proposed merger; (b) all draft and final witness statements, including transcripts of testimony, affidavits, declarations, or letters, whether in hard-copy or electronic form, sent or received by any party, including that party's counsel, to or from any non-party, including that non-party's counsel, preceding the filing of this action in the course of the parties' assessment of or inquiries into the proposed merger; and (c) all transcripts of investigative hearings conducted in the course of the investigation of the acquisition of RentPath by CoStar, FTC File No. 201-0061 along with the exhibits used during those investigative hearings. The parties will conduct good-faith, reasonable, and diligent searches for Investigative Materials; if any Investigative Material is withheld as described in this Paragraph, the parties will meet and confer in good faith to agree on a resolution. Nothing in this Order requires the production of any party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually-retained expert, or materials subject to the deliberative-process or any other applicable governmental privilege.

4.  Pre-Trial Discovery Conference.  This stipulated Order relieves the parties of
their duty under Federal Rule of Civil Procedure 26(f) to confer about
scheduling and a discovery plan.

5.  Third-Party Discovery.  No party issuing a third-party subpoena for the
production of documents or electronically stored information shall request a
return date sooner than seven (7) calendar days after service.  Each party shall
produce all materials received pursuant to a third-party subpoena or other formal
or informal request, including any declarations or affidavits obtained from a
third party, to the other party in the format in which those materials were
received within two (2) business days of receiving those materials.  In the event
a non-party produces documents or electronic information that are non-Bates-
stamped – in addition to producing the materials in the format in which they
were received within two (2) business days of receiving them – the party
receiving the documents shall promptly Bates-stamp the documents or electronic
information and produce them in an appropriate timeframe.  The parties shall
serve document subpoenas to third parties by January 29, 2021.

6.  Limitations on Party and Third-Party Declarations or Affidavits.  No party may
submit as evidence a declaration or affidavit from a party or third-party witness
if such declaration or affidavit was executed or served less than one week prior
to his or her agreed-to deposition date.  In any event, no party or third-party
declaration or affidavit may be submitted as evidence if it was executed or
served less than ten (10) calendar days before the close of fact discovery unless
it is a supplemental third-party declaration or affidavit related to a previously

4

given third-party declaration or affidavit, in which case the parties agree to not
oppose any efforts to depose such a declarant or affiant irrespective of any
other provisions of this order.

7.  <u>Document Requests and Production</u>.  There shall be no limit on the number of
requests for production that the parties may serve.  The parties shall serve any
objections to requests for the production of documents no later than ten (10)
calendar days after the date of service of the document requests to which they
assert objections.  Within three (3) calendar days of service of any such
objections, the parties shall meet and confer in a good faith attempt to resolve the
objections.  The parties shall substantially comply with requests for production no
later than twenty (20) calendar days after the date of service (except to the extent
that a particular request results in an objection that cannot be worked out and
requires the Court to become involved).  In response to any document requests,
the parties need not produce to each other in discovery in this case any documents
previously produced by Defendants to the FTC in the course of the investigation
of the acquisition of RentPath by CoStar, FTC File No. 201-0061.

  i.  Document Productions shall be sent to the attention of:

    1.  To the FTC:  Susan A. Musser, Derek Diaz, Helder
        Agostinho, Brittany Hill, Phoebe Flint

    2.  To CoStar: Daniel M. Wall, Amanda P. Reeves, Marguerite
        M. Sullivan, Farrell J. Malone, and Anna M. Rathbun

    3.  To RentPath: Jonathan S. Klarfeld, Chong S. Park, Daniel
        V. Ward, and Douglas S. Hazelgrove

8.    Requests for Admission.    The parties agree not to serve requests for admission in this case other than requests for admission related to the authenticity of a document or admissibility of documents, data, or other evidence.

9.    Interrogatories.  The parties shall serve no more than twenty-five (25) interrogatories per side.  For purposes of this provision, an interrogatory requesting a refresh or update of a specification in the Second Requests, issued to the Defendants in the FTC's investigation into CoStar's proposed acquisition of RentPath (FTC File No. 201-0061) will count as a single interrogatory request in this proceeding, even if the specification contains subparts.

The parties shall serve objections and responses to interrogatories (other than contention interrogatories) no later than ten (10) calendar days after the date of service.  Within two (2) business days of any objections, the parties must meet and confer to attempt to resolve the objections.  The parties must make good-faith efforts to provide complete answers to interrogatories (other than contention interrogatories) no later than twenty (20) days after service of the interrogatories.

10.    Contention Interrogatories.  When serving interrogatories, the issuing party shall identify any contention interrogatories as such.  If the receiving party believes that an interrogatory that is not identified as a contention interrogatory is a contention interrogatory, it will provide notice of this belief no later than three (3) calendar days after it is served.  The parties will then meet and confer in good faith to resolve the issue.  No party shall seek through a deposition of

another party's counsel any information that the party could otherwise obtain through a contention interrogatory. The parties shall serve any objections within (7) calendar days. Within two (2) business days of any objections, the parties must meet and confer to attempt to resolve the objections. The parties shall respond to contention interrogatories within twenty (20) calendar days after the date of service. The parties reserve the right to object to the contention interrogatory as premature and to argue that any response should be delayed until after the close of discovery.

11. <u>Deadline to Issue Written Discovery to Parties</u>. The parties shall serve document requests and interrogatories to parties by January 29, 2021, except that requests for admission related to the authenticity of a document or the admissibility of documents, data, or other evidence may be served no later than March 22, 2021.

12. <u>Expert Reports</u>. Plaintiff shall serve its affirmative expert report(s) on March 1, 2021. Defendants shall serve their expert report(s) on March 17, 2021. Plaintiff shall serve its rebuttal expert report(s) on March 29, 2021. The parties are limited to no more than three (3) experts per side.

13. <u>Expert Materials Not Subject to Discovery</u>. Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

    a)      Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:

i.  any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants, or between any of the experts themselves;

ii.  any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

iii.  expert's notes, unless they constitute the only record of a fact or an assumption relied upon by the expert in formulating an opinion in this case;

iv.  drafts of expert reports, analyses, or other work product; or

v.  data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 13(b).

b)  The parties agree that they will disclose the following materials with all expert reports:

i.  a list by Bates number of all documents relied upon by the testifying expert(s);

ii.  copies of any materials relied upon by the expert not previously produced that are not readily available publicly; and

iii.  for any calculations appearing in the report, all data and programs underlying the calculation, including any processed data files relied upon by the expert in forming his or her opinion and all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

14. <u>Exchange of Lists of Witnesses to Appear at Hearing</u>.

    a)     *Preliminary Witness Lists:* The parties shall exchange preliminary witness lists no later than 6:00 PM Eastern Time on December 23, 2020. Defendants shall jointly submit one list. Preliminary witness lists shall include for each witness: (a) the witness's name and employer; (b) the name, address, telephone number, and email address of the witness's counsel (or, if not represented by counsel, the witness's address, telephone number, and email address); (c) an indication of whether the witness will offer expert testimony; and (d) a summary of the general topics of each witness's anticipated testimony. In addition, when exchanging their preliminary witness lists, the parties shall within 5 days of doing so, provide for each expert witness: (i) materials fully describing or identifying the background and qualifications of the expert; (ii) all publications of the expert within the preceding ten years; (iii) a listing of all prior cases in which the expert has been deposed and/or given in-court testimony within the previous five years; and (iv) all transcripts of such depositions and/or testimony in the possession, custody, or control of such producing party or expert, except that transcript sections under seal in a separate proceeding do not need to be produced. Each party will update its preliminary witness list promptly as it deletes witnesses. The number of witnesses who may be included on any side's preliminary witness list shall not exceed twenty-five (25).

    b)     *Supplemental Witness Lists:* The parties may supplement their preliminary witness list with up to five (5) additional third-party fact witnesses by 6:00

PM Eastern Time on January 22, 2021.  If a side supplements its preliminary witness list, it must strike any witnesses from its preliminary witness list so that the total number of witnesses included on its preliminary and supplemental witness lists does not exceed twenty-five (25).

c) *Final Witness Lists:* Final party and third-party witness lists shall be exchanged on or before 6:00 PM Eastern Time on March 22, 2021.  Only a witness who appears on a party's preliminary or supplemental witness list may be included on a party's final witness list, except that each side's final trial witness list may identify no more than five (5) witnesses that were otherwise deposed during fact discovery but were not identified on that side's preliminary or supplemental trial witness list.   Final witness lists shall include for each witness: (a) an indication of whether the witness will offer expert testimony; (b) a summary of the general topics of each witness's anticipated testimony; and (c) an indication of whether the witness will testify live or by deposition.  The preliminary, supplemental, and final witness lists shall represent a good faith effort to identify all witnesses the producing party expects that it may present at the evidentiary hearing, other than solely for impeachment.  The number of fact witnesses who may be included on the final witness list shall not exceed 12, which shall include any witnesses one side may call live or present via deposition.  Nothing herein prevents either side from offering into evidence and citing in written submissions deposition testimony provided by a witness in this litigation.

15.    Depositions.

    a)    Number of Depositions.  Each side may depose any individual who is listed

on either side's preliminary, supplemental, or final witness list or who

provides a declaration.  Each side may take a maximum of five (5)

depositions of individuals beyond those listed on the parties' preliminary,

supplemental, or final witness lists and beyond those who provide

declarations.  A 30(b)(6) notice counts as no more than one deposition, in

the event a party or third party designates multiple individuals.  Additional

depositions of fact witnesses shall be permitted only by agreement of the

parties or by leave of the Court for good cause shown.  The parties shall

consult with each other prior to confirming any deposition to coordinate the

time and place of the deposition.  The parties shall use reasonable efforts to

reduce the burden on witnesses noticed for depositions and to accommodate

the witness's schedule.

Allocation of time.  All depositions, including depositions of fact and expert

witnesses, shall last no more than seven (7) hours on the record. Unless

agreed upon by the parties and the witness, all depositions will be taken

remotely in recognition of the COVID-19 pandemic.  If both Plaintiff and

Defendants notice any third-party deposition, they shall allocate the time

evenly between them, except if either Plaintiff or Defendants have obtained

a sworn declaration from the deponent, the maximum time shall be allocated

5 hours to the party that did not obtain the declaration and two hours for the

party that obtained the declaration.  If both parties have

obtained a declaration from the deponent, the allocation of time shall be divided evenly between them. If both Plaintiff and Defendants notice any third-party fact deposition, the deposition shall count against each side's respective deposition totals. Unused time in any side's allocation of deposition time shall not transfer to the other party. The parties anticipate reaching a separate protocol governing remote depositions.

b)     For party witnesses or third-party witnesses retained by any party (e.g., as a consultant, agent, contractor, or representative) in connection with the proposed transaction, or any former employees of any party, the other side will have the opportunity to use seven (7) hours for the deposition.

c)     <u>Notice</u>. The parties may not serve a deposition notice with fewer than seven (7) calendar days' notice. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule. If a party serves a non-party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) calendar days after the original return date for the document subpoena. No notice for a deposition of a fact witness shall issue after January 29, 2021. The parties agree to make good-faith efforts to schedule all third-party depositions by the close of fact discovery. If a third-party deposition is properly noticed pursuant to the above, but the

third party's schedule cannot accommodate a deposition before the end of fact discovery, a later deposition may occur at the agreement of both parties. No party may unreasonably withhold agreement.

    d)    <u>Deposition Designations</u>. The parties need not designate portions of investigational hearings or depositions taken in the litigation. In advance of the preliminary injunction hearing, the parties will meet and confer and try to reach agreement regarding the treatment of transcripts of depositions, including objections to any such transcripts, for use as part of the record in this case. Nothing in this paragraph prevents any party from either objecting to the admissibility of investigational hearing transcripts or from seeking to admit the investigational hearing transcripts in whole or in part. The parties agree to address the admissibility of those transcripts at a later date.

16.    <u>Expert Depositions</u>. One seven-hour (on the record) deposition of each expert shall be allowed. Expert depositions must be conducted between March 2 and April 1, 2021.

17.    <u>Discovery Uses</u>. All discovery taken in the above-captioned litigation can be used in connection with the Part 3 administrative proceeding (FTC Docket No. 9398). Only discovery obtained by a party in the Part 3 administrative proceeding before the close of fact discovery in this proceeding may be used as part of this litigation, except by agreement of the parties or by leave of the Court for good cause shown.

**D.**    <u>**MOTIONS AND BRIEFING SCHEDULE**</u>

18.     Plaintiff will file its memorandum in support of its motion for a preliminary
        injunction by March 8, 2021.  This brief is not to exceed 40 pages.

19.     Defendants will file their opposition to the Plaintiff's motion for a preliminary
        injunction by March 31, 2021.  This brief is not to exceed 40 pages.

20.     Plaintiff will file its reply memorandum in further support of its motion for a
        preliminary injunction by April 9, 2021.  This brief is not to exceed 15 pages.

21.     Any motions *in limine*, including any *Daubert* motions, shall be filed by April
        2, 2021.  Responses to motions *in limine* shall be filed by April 7, 2021.

22.     A status conference is scheduled for January 29, 2021 at 2:00 PM Eastern
        Time.

23.     The parties' proposed findings of fact and conclusions of law shall be filed by
        ten (10) days after the close of the evidentiary hearing.  Each party's proposed
        findings of fact and conclusions of law shall not exceed 100 pages.

E.      **PRELIMINARY INJUNCTION EVIDENTIARY HEARING**

24.     The Court has scheduled an evidentiary hearing on Plaintiff's motion for a
        preliminary injunction to begin on April 12, 2021.  The parties will meet and
        confer promptly after the close of fact discovery with the goal of making a joint
        proposal to the Court as to how much time each side will have to present its
        case, including opening statements and closing statements. Examination time
        will count against the side conducting the examination of the witness. Plaintiff
        may reserve a portion of its time for rebuttal.

F.      **OTHER MATTERS**

25.     <u>Service</u>.  Service of any documents not filed via ECF, including discovery
        requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and

delivery of all correspondence, whether under seal or otherwise, shall be by electronic mail to the following individuals designated by each party:

      i.    For Plaintiff:

            1.    Susan A. Musser, Jessica Drake, Jennifer Milici, Helder Agostinho, Phoebe Flint, Brittany Hill

      ii.    For Defendants:

            1.    For CoStar: Daniel M. Wall, Amanda P. Reeves, Marguerite M. Sullivan, Farrell J. Malone, and Anna M. Rathbun

            2.    For RentPath: Jonathan S. Klarfeld, Chong S. Park, Daniel V. Ward, and Douglas S. Hazelgrove

In the event that any documents are too voluminous for electronic mail, the parties shall serve an electronic version of the papers on opposing counsel via Accellion, an electronic file transfer platform. The serving party will telephone or email the other side's principal designee when the materials are sent to alert them that the materials are being served. Service of court filings by 11:59 PM Eastern Time shall be considered filed on that day. For purposes of this provision, service of all other correspondence, discovery requests, witness lists, exhibit lists, objections, expert reports, and productions from parties and third parties by 5:59 PM Eastern Time shall be considered served on that day.

26.    <u>Nationwide Service of Process</u>. Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and trial subpoenas

pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue
from this Court. The availability of nationwide service of process, however,
does not make a witness who is otherwise "unavailable" for purposes of
Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available
under these rules regarding the use at trial of a deposition taken in this action.

27.    Third-Party Confidential Information. Defendants intend to move to modify
the Protective Order this Court entered on December 4, 2020. Defendants will
file their motion to modify on December 15, 2020. Any opposition from either
Plaintiff or an interested third party shall be due by December 30, 2020. The
Protective Order entered by the Court on December 4, 2020 shall govern
discovery and production of Confidential Information. Any party serving
discovery requests, notices, or subpoenas sent to a non-party shall provide the
non-party with a copy of the Protective Order.

28.    Privilege Logs. The parties agree to suspend the obligations of Federal Rule of
Civil Procedure 26(b)(5)(A) to produce a log of privileged materials withheld
from discovery taken in this action (excluding Defendants' productions made
during the course of the FTC's pre-complaint investigation). Notwithstanding
the foregoing, the parties shall log withheld materials that are: (1) authored by,
addressed to, or received from any non-party; (2) internal to a party that are not
authored by, sent to, or received from the party's attorneys; (3) authored by,
addressed to, or received from any party executive who serves both in-house
business and legal roles; and (4) authored by, addressed to, or received from

16

any executive who has a law degree, even if the executive is not a practicing
attorney. For purposes of this paragraph, a "non-party" excludes a party's
retained expert and employees of such expert within the meaning of Federal
Rule of Civil Procedure 26(b) or/and Federal Rule of Evidence 804. The
parties shall maintain all documents responsive to a discovery request that they
withhold pursuant to a claim of privilege or protection.

29. <u>Inadvertent Production of Privileged Material</u>. In accordance with Federal
Rule of Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d),
inadvertent production of documents or communications containing privileged
information or attorney work product shall not be a basis for loss of privilege
or work product of the inadvertently produced material, provided that the
producing party notifies the receiving party within three (3) business days of
learning of the inadvertent production. When a party determines that it has
inadvertently produced such material, it will notify other parties, who will
promptly return, sequester, or delete the protected material from their
document management systems. Within two (2) business days of identifying
inadvertently produced information or documents(s), the party seeking claw-
back of such materials shall provide a revised privilege log for the identified
information or documents. A party may move the Court for an order
compelling production of the material, but such party may not assert as a
ground for entering such an order the mere fact of inadvertent production. The
party asserting the privilege must file its opposition under seal and submit a
copy of the material in question for in camera review.

30.    <u>Electronically Stored Information</u>.  The parties agree as follows regarding the preservation and production of electronically stored information ("ESI")::

a)    All parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case.  In addition, the parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

b)    All parties will request ESI in the form or forms that facilitate efficient review of ESI.  In general, the parties will produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation.

31.    <u>Evidentiary Presumptions</u>.

a)    Documents produced by non-parties from the non-parties' files shall be presumed to be authentic.  Any good-faith objection to a document's admissibility must be provided with the exchange of other objections to trial exhibits.  If a party serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection.  The Court will resolve any objections that are not resolved through this means or through the discovery process.

b)    All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's pre-complaint investigation of the proposed acquisition, FTC. File No. 201-0061, or any prior FTC investigation, are presumed to be authentic.  If a party serves a

specific good-faith written objection to any such document's authenticity, the parties will promptly meet and confer to attempt to resolve any objection. The Court will resolve any objections that are not resolved through this means or through the discovery process.

32.  Modification of Case Management and Scheduling Order. Any party may seek modification of this Order for good cause.

33.  Statements Regarding Local Rules 16.3(c)(1), 16.3(c)(3), 16.3(c)(4), 16.3(c)(5), and 16.3(c)(6). In this action, counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived service of a summons. Defendants do not intend to file any Rule 12(b) motions and they consent, for the purposes of this case only, to personal jurisdiction and venue in this court. The parties do not believe that the case should be assigned to a magistrate judge for all purposes, including trial. The parties are amenable to settling this case, but despite their pre-Complaint efforts, have not been able to resolve their different views on the likely effects of the proposed merger. Presently, the parties do not believe that the case would benefit from the Court's alternative dispute resolution procedures.

34.  Exhibit Lists. The parties shall exchange exhibit lists on or before March 31, 2021. Objections shall be filed on or before April 2, 2021. The parties will file their final exhibit lists with the Court on or before April 9, 2021.

35.     Federal Rule of Civil Procedure 6(a)(1)(C) is to be applied when computing the deadlines in this Order.

**SO ORDERED.**


                                                            /s/
                                                    JOHN D. BATES
                                                    United States District Judge

Dated:  December 14, 2020

## OVERVIEW OF SCHEDULE

| Event | Date(s) |
|---|---|
| Defendants' Answer to Plaintiff's Complaint | December 14, 2020 |
| Defendants' Motion to Modify Protective Order | December 15, 2020 |
| Exchange of Preliminary Witness Lists | December 23, 2020 |
| Oppositions to Defendants' Motion to Modify Protective Order | December 30, 2020 |
| Exchange of Supplemental Witness Lists | January 22, 2021 |
| Deadline to Serve Written Discovery (excluding Requests for Admission for Authentication/Admissibility) to Parties and Third Parties | January 29, 2021 |
| Status Conference | January 29, 2021 (at 2 PM EST) |
| Deadline to Serve Deposition Notices for Fact Witnesses | January 29, 2021 |
| Close of Fact Discovery | February 22, 2021 |
| Opening Expert Report(s) Due | March 1, 2021 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | March 8, 2021 |
| Responsive Expert Report(s) Due | March 17, 2021 |
| Exchange of Final Witness Lists | March 22, 2021 |
| Deadline to Serve Requests for Admission for Authentication/Admissibility | March 22, 2021 |
| Rebuttal Expert Report(s) Due | March 29, 2021 |
| Exchange of Exhibit Lists | March 31, 2021 |
| Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction | March 31, 2021 |
| Close of Expert Discovery | April 1, 2021 |
| Last day for Motions *In Limine* to be filed | April 2, 2021 |
| Objections to Exhibit Lists | April 2, 2021 |
| Last day for responses to Motions *In Limine* to be filed | April 7, 2021 |
| Plaintiff's Reply to Defendants' Opposition to Preliminary Injunction Motion | April 9, 2021 |
| Final Exhibit Lists Due | April 9, 2021 |
| Pre-Hearing Conference | TBD |
| Evidentiary Hearing Begins | April 12, 2021 |
| Proposed Findings of Fact and Conclusions of Law | 10 days after the close of the Hearing |

# Exhibit H

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION and STATE OF TENNESSEE OFFICE OF THE ATTORNEY GENERAL AND REPORTER,<br><br>    Plaintiffs,<br><br>v.<br><br>METHODIST LE BONHEUR HEALTHCARE and TENET HEALTHCARE CORPORATION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>No. 2:20-cv-2835-SHL-tmp |

## CASE MANAGEMENT AND SCHEDULING ORDER

The following provisions were agreed to by the Parties and shall govern the progress of this litigation. The Court adjusted certain provisions of the joint submission of the Parties to reflect compliance with the applicable rules (Paragraph B.3), and the fact that the Court will set the date for the evidentiary hearing and post-hearing briefing at the January 7th Scheduling Conference (Paragraphs C.5 and Schedule).

**A.**    **TEMPORARY RESTRAINING ORDER**: The Court entered the Stipulation and Temporary Restraining Order on November 17, 2020. Under that Temporary Restraining Order, the Defendants cannot close their transaction until after 11:59 PM Eastern Time on the fifth (5th) business day after this Court rules on the Plaintiffs' motion for preliminary injunction.

**B.**    **DISCOVERY**

    1.    <u>Initial Disclosures</u>. The parties will serve the other side with initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by December 4, 2020. The

disclosures shall include the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claim or defenses in this action. If the parties need to supplement or correct their Rule 26(a)(1) disclosures during the pendency of this action, they will do so pursuant to Federal Rule of Civil Procedure 26(e).

2. <u>Fact Discovery.</u>  The parties shall commence fact discovery on December 4, 2020 and complete it by February 24, 2021.

3. <u>Pre-Trial Discovery Conference.</u>  This stipulated Order serves as the Parties' compliance with their obligations, under Federal Rule of Civil Procedure 26(f) and the applicable Local Rules of the Western District of Tennessee, to confer about scheduling and a discovery plan.

4. <u>Third-Party Discovery.</u>  No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days after service. Each party shall produce all materials received pursuant to a third-party subpoena or other formal or informal request, including any declarations or affidavits obtained from a third party, to the other party within two (2) business days of receiving those materials. Production shall occur in the format the materials were received, except that in the event a non-party produces documents or electronic information that are non-Bates-stamped, the party receiving the documents shall promptly Bates-stamp the documents or electronic information and produce them in an appropriate timeframe. The parties shall serve document requests to third parties by December 23, 2020.

5. <u>Limitations on Party and Third-Party Declarations or Letters</u>.  Absent leave of Court to be granted upon a showing of good cause, no party may submit as evidence a declaration, affidavit, or letter of support from a party or third-party witness unless (a) the opposing parties have had an opportunity to depose the witness; and (b) the declaration or affidavit was served at least two (2) days prior to his or her agreed-to deposition date.  In any event, no party or third-party declaration or affidavit may be submitted as evidence if it was executed or served less than ten (10) calendar days before the close of fact discovery.

6. <u>Document Requests and Production.</u>  Absent leave of Court to be granted upon a showing of good cause, each side shall be limited to twenty-five (25) requests for production.  The parties shall serve any objections to requests for the production of documents no later than seven (7) calendar days after the date of service of the document requests to which they assert objections.  Within two (2) business days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.  The parties shall substantially comply with requests for production no later than twenty-five (25) calendar days after the date of service. In response to any document requests, the parties need not produce to each other in discovery in this case any documents previously produced by Defendants to the FTC or the State in the course of the investigation of Methodist's proposed acquisition of the assets of two Tenet hospitals, FTC File No. 191-0189.

   a) Document Productions shall be sent to the attention of:

      i.  <u>To the FTC:</u>  Marsha Richard, Teresa Martin, James McCollough, and Harry Moran

3

     ii.  <u>To the State</u>:  Chris Dunbar

     iii.  <u>To Methodist</u>:  Tara Reinhart, David Wales, Anisa Somani, Vic Domen, and Amanda Wait

     iv.  <u>To Tenet</u>:   Matt Reilly, Norm Armstrong, Jeff Spiegel, Rich Cunningham, Albert Kim, and Brittany Lischinsky

7.  <u>Requests for Admission.</u>  The parties shall be limited to five (5) requests for admission per side.

8.  <u>Interrogatories.</u>  The parties shall serve no more than fifteen (15) interrogatories per side.  For purposes of this provision, an interrogatory requesting a refresh or update of a data specification in the Second Requests issued to the Defendants in the FTC's investigation of the proposed acquisition (FTC File No. 191-0189) will count as a single interrogatory request in this proceeding. The parties shall serve objections to interrogatories no later than ten (10) calendar days after the date of service.  Within two (2) business days of service of any objections, the parties must meet and confer to attempt to resolve the objections.  The parties must make good-faith efforts to provide complete answers to interrogatories, other than contention interrogatories, no later than twenty (20) days after service of the interrogatories.

9.  <u>Deadline to Issue Written Discovery to Parties.</u>  The parties shall serve requests for admission, document requests, and interrogatories to parties by no later than December 23, 2020.

10.  <u>Expert Reports.</u>  Plaintiffs shall serve their initial expert reports on March 3, 2021. Defendants shall serve their expert reports on March 17, 2021.  Plaintiffs shall serve their rebuttal reports on March 31, 2021.

11. <u>Expert Materials Not Subject to Discovery.</u>  Expert disclosures, including each side's

expert reports, shall comply with the requirements of Federal Rule of Civil Procedure

26(a)(2), except as modified herein:

    a)      Neither side must preserve or disclose, including in expert deposition

           testimony, the following documents or materials:

         i.     any form of communication or work product shared between any of

              the parties' counsel and their expert(s) or consultants, or between

              any of the experts themselves;

         ii.     any form of communication or work product shared between an

              expert(s) and persons assisting the expert(s);

         iii.     expert's notes, unless they are expressly relied upon and/or cited in

              support of an opinion or fact; (for the avoidance of doubt, if an

              expert relies on notes from an interview of a third-party, all notes

              relating to that interview shall be produced);

         iv.     drafts of expert reports, analyses, or other work product; or

         v.     data formulations, data runs, data analyses, or any database-related

              operations not relied upon by the expert in the opinions contained in

              his or her final report, except as set forth in 12(b).

    b)   The parties agree that they will disclose the following materials with all expert

           reports:

         i.     a list by Bates number of all documents relied upon by the testifying

              expert(s); and copies of any materials relied upon by the expert not

          previously produced that are not readily available publicly without cost online;

    ii.     a list of all publications authored by the expert in the previous ten (10) years and copies of all publications authored by the expert in the previous ten (10) years that are not readily available publicly;

    iii.    a list of all other cases in which, during the previous four (4) years, the expert testified at trial or by deposition, including tribunal and case number; and

    iv.    for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

12. <u>Exchange of Lists of Fact Witnesses to Appear at Hearing.</u>

    a)   *Preliminary Fact Witness Lists:* The parties shall exchange preliminary fact witness lists no later than 5:00 p.m. Central time on December 16, 2020. Preliminary fact witness lists shall be limited to twenty (20) per side and summarize the general topics of each witness's anticipated testimony. The preliminary witness list shall include the name of the employer of each witness and a description of the responsibilities of any third-party witness. A party may add a witness not included on its initial preliminary witness list to either an updated preliminary list or to its final witness list only for good cause and will explain in writing at the time of such an addition why that witness was not on the initial preliminary witness list. Only a witness who

appears on a party's initial preliminary witness list may be included on that party's final witness list, unless the opposing parties (1) have taken the witness's deposition during fact discovery, or (2) a deposition of the witness was noticed before the close of fact discovery and, due to circumstances outside of the control of the parties, and for good cause, the deposition must take place after the close of fact discovery.

b) *Final Fact Witness Lists:* Final party and third-party fact witness lists shall be exchanged on or before 5:00 p.m. Central time on March 12, 2021. Final fact witness lists shall be limited to fifteen (15) per side and summarize the general topics of each witness's anticipated testimony. Each side's final trial witness list may identify no more than five (5) witnesses that were not identified on that side's preliminary trial witness list. The preliminary and final fact witness lists shall represent a good faith effort to identify all witnesses the producing party expects that it may present at the evidentiary hearing, other than solely for impeachment. Additional witnesses may be added to the final witness list after March 12, 2021 only by agreement of the parties or with leave of the Court for good cause shown. Witnesses whose testimony will be offered into evidence at trial through deposition testimony need not be identified on preliminary or final trial witness lists, and those witnesses do not count against the limits on the numbers of persons who may be identified on those lists.

13. Depositions.

    a)    Number of Depositions. Each side may depose any witness who is listed on either side's preliminary, supplemental, or final witness list, or who provides a declaration or affidavit. Each side may take a maximum of five (5) depositions of individuals beyond those listed on either side's preliminary, supplemental, or final witness list and beyond those who provide a declaration or affidavit. A 30(b)(6) notice counts as no more than one deposition, in the event that a party or third party designates multiple individuals. Additional depositions of fact witnesses shall be permitted only by agreement of the parties or by leave of the Court for good cause shown. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

    b)    Allocation of time. All depositions, including depositions of fact and expert witnesses, shall last no more than seven (7) hours on the record. Unless agreed upon by the parties and the witness, all depositions will be taken remotely in recognition of the COVID-19 pandemic. With regard to third parties who submitted a declaration or letter of support for one side (but not the other side) or provided investigational hearing testimony, the side that obtained the declaration or letter of support or testimony shall be allocated 2 hours of deposition time and the other side shall receive the

8

remaining 5 hours.  With regard to third parties who submitted a declaration or letter of support for both sides or for neither side the sides shall allocate the time evenly between them. For purposes of this CMSO, former employees, consultants, agents, contractors, or representatives of the parties are considered party witnesses if they are represented by counsel at Defendants' expense (regardless of whether Defendants' counsel represent the former employees). Unused time in any party's allocation of deposition time shall not transfer to the other party.

c)  <u>Notice</u>.  Each side may not serve a deposition notice with fewer than seven (7) calendar days' notice.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition.  The parties agree to endeavor, to the extent practicable, to avoid scheduling more than two depositions on a given day.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.  If a side serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) calendar days after the original return date for the document subpoena.  No deposition notice shall issue after February 12, 2021.

d)  <u>Deposition Designations</u>.  The parties need not designate portions of investigational hearings or depositions taken in the litigation.  Full transcripts of investigational hearings or depositions taken in the litigation

shall be admitted, except that to the extent that a party cites investigational

hearing or deposition testimony in support of a proposed finding of fact,

the Court will assess any objections made on the record at the

investigational hearing or deposition in determining whether to accept that

proposed finding of fact.

14. Expert Depositions.  One seven-hour deposition of each expert shall be allowed.

Expert depositions must be completed on or before April 6, 2021.

15. Discovery Uses.  All discovery taken in the above-captioned litigation can be used in

connection with the Part 3 administrative proceeding (FTC Docket No. 9396).

16. Resolving Discovery Disputes.  Before filing any discovery-related motion, the

parties must meet and confer (i.e., in person or by phone, not by email or letter)

within two (2) days of a request to meet and confer in a good faith attempt to resolve

the dispute. If the parties are unable to reach an agreement without court intervention,

they must file a joint memorandum requesting a conference.  The joint memorandum

must clearly delineate (e.g., in bullet points) the subject of the disagreement and the

parties' attempts to resolve it.  Each side's portion of the joint memorandum may not

exceed 1.5 pages in length.

## C.  **MOTIONS AND BRIEFING SCHEDULE**

1. Plaintiffs will file their memorandum in support of their motion for a preliminary

injunction by March 10, 2021. This brief is not to exceed 25 pages.

2. Defendants will file their opposition to the Plaintiffs' motion for a preliminary

injunction by March, 26, 2021. This brief is not to exceed 25 pages.

3. Plaintiffs will file their reply memorandum in further support of its motion for a

preliminary injunction by April 7, 2021. This brief is not to exceed 10 pages.

4. Any motions *in limine*, including any *Daubert* motions, shall be filed by April 2, 2021.  Any responses to any motions *in limine* shall be filed by April 9, 2021.

5. The parties' proposed findings of fact and conclusions of law, and any post-trial briefing requested by the Court, shall be filed on a date determined by the Court, once the evidentiary hearing is scheduled. Each party's proposed findings of fact and conclusions of law, collectively, shall not exceed 100 pages.

## D. <u>PRELIMINARY INJUNCTION EVIDENTIARY HEARING</u>

1. The parties propose an evidentiary hearing of twenty-five (25) hours per side on or around April 12, 2021, if convenient for the Court. Defendants and Plaintiffs shall split the time available at the hearing evenly, with both direct examination and cross-examination of witnesses counting against the party conducting the examination. Plaintiffs may reserve a portion of their time for rebuttal.

## E. <u>OTHER MATTERS</u>

1. <u>Service.</u>  Service of any documents not filed via ECF, including pleadings, discovery requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by electronic mail to the following individuals designated by each party:

    a) For Plaintiffs:

        1. For Federal Trade Commission:

            a. Jennifer Milici: jmilici@ftc.gov

            b. Susan Musser: smusser@ftc.gov

            c. Melissa Hill: mchill@ftc.gov

        d.  Amy Ritchie: aritchie@ftc.gov

        e.  Rohan Pai: rpai@ftc.gov

        f.  James McCollough: jmccollough@ftc.gov

        g.  Harry Moran: hmoran@ftc.gov

   2.  For State of Tennessee:

        a.  Chris Dunbar: Chris.Dunbar@ag.tn.gov

b)  <u>For Defendants:</u>

   1.  <u>For Methodist:</u>

        a.  Tara Reinhart:  tara.reinhart@skadden.com

        b.  David Wales: david.wales@skadden.com

        c.  Anisa Somani: anisa.somani@skadden.com

        d.  Vic Domen: vic.domen@nortonrosefulbright.com

   2.  <u>For Tenet:</u>

        a.  Rich Cunningham: rich.cunningham@kirkland.com

        b.  Matt Reilly: matt.reilly@kirkland.com

        c.  Tammy Tsoumas: tammy.tsoumas@kirkland.com

        d.   Brittany Lischinsky: brittany.lischinsky@kirkland.com

        e.  Norm Armstrong: narmstrong@kslaw.com

        f.  Jeffrey Spiegel: jspigel@kslaw.com

In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery if agreed by the parties, the serving party will telephone or email the other side's principal designee when the materials are sent to provide notice that the

materials are being served.  For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

2. <u>Answer.</u>  Defendants shall answer the complaint on or before December 7, 2020.

3. <u>Nationwide Service of Process.</u>  Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court that may run into any other federal district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a deposition taken in this action.

4. <u>Third-Party Confidential Information</u>.  The Protective Order Governing Confidential Material, entered by the Court on November 19, 2020, shall govern discovery and production of Confidential Information.  Any Party serving discovery requests, notices, or subpoenas sent to a non-party shall provide the non-party with a copy of the Protective Order.

5. <u>Privilege Logs.</u>  The parties agree to suspend the obligations of Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of privileged materials withheld from discovery taken in this action (excluding Defendants' productions made during the course of the FTC's pre-complaint investigation).  Notwithstanding the foregoing, the parties shall log withheld materials that are:  (1) authored by, addressed to, or

13

received from any non-party; (2) internal to a party that are not authored by, sent to, or received from the party's attorneys; or (3) internal to a party authored by, addressed to, or received from the party's attorneys for purposes other than obtaining legal advice. For purposes of this parapraph, a "non-party" excludes a party's retained expert and employees of such expert within the meaning of Federal Rule of Civil Procedure 26(b). The parties shall maintain all documents responsive to a discovery request that they withold pursuant to a claim of privilege or protection.

6. <u>Witness Disclosure.</u> Each side shall provide opposing counsel a list of witnesses the parties intend to present during the first day of the hearing, including the order in which the witnesses will be presented, no later than 4:00 pm Central Time three (3) calendar days prior to the first day of the evidentiary hearing. For each subsequent day of the hearing, each side shall provide opposing counsel a list of witnesses the parties intend to present, including the order in which the witnesses will be presented, no later than 8:00 pm Central Time three (3) calendar days before the witness is presented. A list of all exhibits anticipated to be used on direct examination of the particular witness will be disclosed to opposing counsel by 5:00 pm Central Time one (1) calendar day prior to the hearing day when such witness is intended to be called. With prior notice and permission from the Court, witnesses may be called out of order in either parties' case where necessary to accommodate the schedule of the witness.

7. <u>Demonstrative Exhibits.</u> The parties shall disclose direct examination demonstrative exhibits and/or slide decks, if any, to opposing counsel by 5:00 pm Central Time one (1) calendar day prior to the hearing day when such demonstratives and/or slide decks

14

are intended to be displayed or presented to the Court. Demonstrative exhibits and slide decks will not be submitted with the pre-hearing order.

8. <u>Inadvertent Production of Privileged Material.</u> As authorized by Federal Rule of Evidence 502(d), the production of a document or information subject to a claim of attorney-client privilege, work-product immunity, or any other privilege or immunity under relevant federal case law and rules does not waive any claim of privilege, work product, or any other ground for withholding production to which the party producing the documents or information otherwise would be entitled, provided that (a) the production was inadvertent; (b) the party producing the documents or information used reasonable efforts to prevent the disclosure of documents or information protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity; and (c) the party producing the documents or information promptly took reasonable steps to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

9.  A party may move the Court for an order compelling production of the material, but such party may not assert as a ground for entering such an order the mere fact of inadvertent production.  The party asserting the privilege must file its opposition under seal and submit a copy of the material in question for in camera review.

10. <u>Attorney Work-Product.</u> The parties will neither request nor seek to compel the production of any interview notes, interview memoranda, or recitation of information contained in such notes or memoranda, or recitation of information contained in such notes or memoranda, created by any party's Counsel, except as specified in Paragraphs 11.  Nothing in this Order requires the production of any party's attorney

work-product confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process privilege or any other privilege.

11. Electronically Stored Information. The parties agree as follows regarding the preservation and production of electronically stored information ("ESI"):

    a) All parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case. In addition, the parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

    b) All parties agree that the use of Technology Assisted Review tools, including search terms, may assist in the efficient production of ESI. However, if a party desires to use such technologies, it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology or terms.

    c) All parties will request ESI in the form or forms that facilitate efficient review of ESI. In general, the parties will produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation.

12. Evidentiary Presumptions.

    a) Documents produced by non-parties from the non-parties' files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's admissibility must be provided with the exchange of other objections to trial exhibits. If a party

serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection.  The Court will resolve any objections that are not resolved through this means or through the discovery process.

b)  All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's pre-complaint investigation of the proposed acquisition, FTC. File No. 191-0189, or any prior FTC investigation, are presumed to be authentic.

c)  Any party may challenge the authenticity or admissibility of a document for good cause shown, and if necessary may take discovery related solely to authenticity or admissibility of documents.

13. <u>Modification of Scheduling and Case Management Order.</u>  Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.  Any such modifications must be in writing.

14. <u>Statements Regarding Local Rules 4.1 and 12.1.</u>  In this action, counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived service of summons.  Defendants do not intend to file any Rule 12(b) motions and consent, for the purposes of this case only, to personal jurisdiction and venue in this court.

## SCHEDULE

| Event | Date(s) |
|---|---|
| Discovery Commences | December 4, 2020 |
| Service of Initial Disclosures | December 4, 2020 |
| Defendants' Answer to Plaintiffs' Complaint | December 7, 2020 |
| Exchange of Preliminary Fact Witness Lists | December 16, 2020 |
| Deadline to Serve Written Discovery to Parties | December 23, 2020 |
| Deadline to Serve Written Discovery to Third Parties | December 23, 2020 |
| Close of Fact Discovery | February 24, 2021 |
| Plaintiffs produces initial expert report(s) | March 3, 2021 |
| Plaintiffs' Memorandum of Law in Support of Preliminary Injunction Motion | March 10, 2021 |
| Defendants produce initial expert report(s) | March 17, 2021 |
| Exchange of Final Witness Lists | March 19, 2021 |
| Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction | March 26, 2021 |
| Plaintiffs produce rebuttal expert reports | March 31, 2021 |
| Exchange of Exhibit Lists | March 19, 2021 |
| Close of Expert Discovery | April 6, 2021 |
| Plaintiffs' Reply to Defendants' Opposition to Preliminary Injunction Motion | April 7, 2021 |
| Objections to Exhibit Lists | March 26, 2021 |
| Exchange Rebuttal Exhibit List | April 1, 2021 |
| Last day for Motions *In Limine* to be filed | April 2, 2021 |
| Oppositions to Motions *In Limine* to be filed | April 9, 2021 |

| Event | Date(s) |
|---|---|
| Pre-Hearing Conference | To be set at Scheduling Conference |
| Evidentiary Hearing Begins | To be set at Scheduling Conference |
| Proposed Findings of Fact and Conclusions of Law | To be set at Scheduling Conference |

*This order has been entered based upon the Parties' joint stipulated filing. Absent good cause shown, the deadlines set by this Order will not be modified or extended.*

**IT IS SO ORDERED,** this 8th day of December, 2020.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE

# Exhibit I

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| Plaintiffs, | |
| v. | |
| **PEABODY ENERGY CORPORATION,** | Civil Action No. 4:20-cv-00317-SEP |
| and | |
| **ARCH COAL, INC.,** | |
| Defendants. | |

**CASE MANAGEMENT ORDER**

The Court hereby enters the following Case Management Order:

A.   **STIPULATED TEMPORARY RESTRAINING ORDER.**  The Court entered the
Stipulated Temporary Restraining Order on February 28, 2020.  Under that Stipulation,
the Defendants have agreed not to, and cannot, close their transaction until after 11:59
p.m. Eastern Time on the third (3rd) business day after this Court rules on the Plaintiff's
motion for preliminary injunction.

B.   **ANSWER**.  Defendants shall answer or otherwise respond to Plaintiff's Complaint on or
before **March 13, 2020**.

C.   **DISCOVERY.**

1. Fact Discovery.  During the hearing on **February 28, 2020**, the Court authorized the
commencement of fact discovery effective immediately.  The parties shall complete it
by **April 24, 2020**.

1

2. <u>Initial Disclosures</u>.  By **March 9, 2020**, the parties shall serve upon each other initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).  The disclosures shall include the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claim or defenses in this action.  If the parties need to supplement or correct their Rule 26(a)(1) disclosures during the pendency of this action, they will do so pursuant to Federal Rule of Civil Procedure 26(e).

3. <u>Production of Investigative Materials.</u>  Plaintiff and Defendants shall use their best efforts to produce by **March 6, 2020**, initially on an "outside counsel eyes only" basis, and at all times in compliance with Protective Order Concerning Confidentiality entered by the Court, all of their investigative materials not already produced to the other side ("Investigative Materials").  Such Investigative Materials shall include at least the following: (a) all documents or data in their possession, custody, or control that (i) any non-party provided to any party either voluntarily or under compulsory process preceding the filing of this action in the course of the parties' assessment of or inquiries into the competitive effects of the proposed joint venture or (ii) any party, including that party's counsel, provided to any non-party (exclusive of agents or consultants of that party retained for the purposes of the investigation), preceding the filing of this action in the course of the parties' assessment of or inquiries into the competitive effects of the proposed joint venture; and (b) any witness statements, including transcripts of testimony, affidavits,

declarations[1] or letters whether in hard-copy or electronic form, sent or received by any party, including that party's counsel, to or from any non-party, including that non-party's counsel, preceding the filing of this action in the course of the parties' assessment of or inquiries into the competitive effects of the proposed joint venture. The parties will conduct good-faith, reasonable, and diligent searches for Investigative Materials; if any Investigative Material is withheld as described in this Paragraph, the parties will meet and confer in good faith to agree on a resolution. Nothing in this Order requires the production of any party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process or any other applicable governmental privilege.

4. <u>Pre-Trial Discovery Conference.</u>  This stipulated Order relieves the parties of their duty under Federal Rule of Civil Procedure 26(f) to confer about scheduling and a discovery plan.

5. <u>Third-Party Discovery.</u>  No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days after service.  Each party shall produce all materials received pursuant to a third-party subpoena, including any declarations or affidavits obtained from a third party, to the other party within two (2) business days of receiving those materials.  Production shall occur in the format the materials were received, except that in the event a non-party produces documents or electronic information that are non-Bates-stamped, the party receiving the documents shall promptly Bates-stamp the

---

[1] Plaintiff has represented that it does not possess any declarations under oath related to this matter other than those which were included as exhibits to its Memorandum in Support of its Motion for a Temporary Restraining Order.

documents or electronic information and produce them in an appropriate timeframe. The parties shall serve document requests to third parties by **April 10, 2020**.

6. <u>Limitations on Party and Third-Party Declarations or Letters.</u>  No party may proffer as evidence a declaration or affidavit from a party or third-party witness if such declaration or affidavit was executed or served less than one week prior to his or her agreed-to deposition date.  In any event, no party or third-party declaration or affidavit may be proffered as evidence if it was executed or served less than ten (10) calendar days before the close of fact discovery unless it is a supplemental third-party declaration or affidavit related to a previously given third-party declaration or affidavit, in which case the parties agree to not oppose any efforts to depose such a declarant or affiant irrespective of any other provisions of this order.

7. <u>Document Requests and Production.</u>  Each party shall be limited to twenty (20) requests for production to each party.  There shall be no limit on the number of requests for production that the parties may serve on non-parties.  The parties shall serve any objections to requests for the production of documents no later than ten (10) calendar days after the date of service of the document requests to which they assert objections.  Within three (3) calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.  The parties shall substantially comply with requests for production no later than thirty (30) calendar days after the date of service.  In response to any document requests, the parties need not produce to each other in discovery in this case any documents previously produced by Defendants to the FTC in the course of the investigation of the joint venture between Peabody and Arch, FTC File No. 191-0154.

      i.    Document Productions shall be sent to the attention of:

         1.   To the FTC:  Alicia Burns-Wright, Brittany Hill and James McCollough

         2.   To Peabody:  Gregory Senn, Robert Tebbenkamp, J. Matthew Schmitten, and Cristina Thrasher

         3.   To Arch:  Steven Pet and Pouria Sadat

8. <u>Requests for Admission.</u>  Each party shall be permitted to serve up to five (5) requests for admission on the other side, not counting requests for admission for the authenticity of documents or admissibility of evidence.  There shall be no limit on the number of requests for admission related to the authenticity of a document and admissibility of evidence.

9. <u>Interrogatories.</u>  The parties shall serve no more than ten (10) interrogatories per side. The parties shall serve objections to interrogatories no later than ten (10) calendar days after the date of service, and responses within ten (10) calendar days thereafter. For purposes of this provision, an interrogatory requesting a refresh or update of a specification in the Second Requests, Subpoena Duces Tecum, and Civil Investigative Demands issued to the Defendants in the FTC's investigation of the proposed joint venture (FTC File No. 191-0154) will count as a single interrogatory request in this proceeding, even if the specification contains subparts.

10. <u>Contention Interrogatories</u>.  When serving interrogatories, the issuing party shall identify any contention interrogatories as such.  If the receiving party believes that an interrogatory that is not identified as a contention interrogatory is a contention interrogatory, it will provide notice of this belief no later than three (3) calendar days

after it is served.  The parties will then meet and confer in good faith to resolve the
issue.  No party shall seek through a deposition of a party attorney information that it
could otherwise obtain through a contention interrogatory.  The parties shall serve
objections to interrogatories no later than ten (10) calendar days after the date of
service, and responses within ten (10) calendar days thereafter.

11. <u>Deadline to Issue Written Discovery to Parties</u>. The parties shall serve document
requests and interrogatories to parties by **<u>April 6, 2020</u>**, except that requests for
admission related to the authenticity of a document or the admissibility of documents,
data, or other evidence may be served no later than three (3) weeks prior to the
hearing.

12. <u>Expert Reports.</u>  The parties shall serve their expert report(s) on **<u>April 24, 2020</u>**.  The
parties shall serve their rebuttal expert report(s) on **<u>May 15, 2020</u>**.  The parties are
limited to no more than three (3) experts per side, not including rebuttal experts.

13. <u>Disclosure of Expert Materials.</u>  At the time an expert is first disclosed by a party, that
party shall provide: materials fully describing or identifying the background and
qualifications of the expert, all publications of the expert within the preceding ten
years, and all prior cases in which the expert has been deposed within the previous
five years; and transcripts of such testimony in the possession, custody, or control of
such producing party or expert, except that transcript sections under seal in a separate
proceeding do not need to be produced.  Plaintiff shall disclose its experts by **<u>March
31, 2020</u>**, and Defendants shall disclose their experts by **<u>April 2, 2020</u>**.

Case: 4:25-cv-02391 Document #: 64-2 Filed: 04/15/25 Page 170 of 334 PageID #:1603

14. <u>Expert Materials Not Subject to Discovery.</u>  Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

    a)    Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:

        i.    any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants, or between any of the experts themselves;

        ii.    any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

        iii.    expert's notes, unless they constitute the only record of a fact or an assumption relied upon by the expert in formulating an opinion in this case;

        iv.    drafts of expert reports, analyses, or other work product; or

        v.    data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 14(b).

    b)   The parties agree that they will disclose the following additional materials with all expert reports:

        i.    a list by Bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly; and

        ii.     for any calculations appearing in the report, all data and programs

                underlying the calculation, including all programs and codes

                necessary to recreate the calculation from the initial ("raw") data

                files.

15. <u>Exchange of Lists of Fact Witnesses to Appear at Hearing.</u>

    a)  *Preliminary Fact Witness Lists:* The parties shall exchange preliminary party and third-party witness lists no later than 6:00 p.m. Eastern Time on **<u>March 16, 2020</u>**.  Preliminary witness lists shall include for each witness:  (a) the witness's name and employer; (b) the name, address, telephone number, and email address of the witness's counsel (or, if not represented by counsel, the witness's address, telephone number, and email address); and (c) a summary of the general topics of each witness's anticipated testimony.  The number of witnesses who may be included on any side's preliminary witness list shall not exceed twenty five (25).  Each party's witness list shall represent a good faith assessment of the actual individual witnesses the party reasonably anticipates it may call at an evidentiary hearing.  Defendants shall jointly submit one list. Each party will update its preliminary witness list promptly as it deletes witnesses.

    b)  *Supplemental Witness Lists:*  The parties may supplement their preliminary party and third-party witness list with up to ten (10) additional fact witnesses by 6:00 p.m. Eastern Time on **<u>April 3, 2020</u>**, provided that the parties may not disclose more than five (5) such additional fact witnesses after 6:00 p.m. Eastern Time on **<u>March 27, 2020</u>**.  If a side supplements its preliminary

witness list, it must strike any witnesses from its preliminary witness list so
that the total number of witnesses included on its preliminary and
supplemental witness lists does not exceed twenty five (25).

c) *Final Witness Lists:* Final party and third-party witness lists shall be
exchanged on or before 6:00 p.m. Eastern Time on **May 15, 2020**.  Only a
witness who appears on a party's preliminary or supplemental witness list
may be included on a party's final witness list.  Final witness lists shall
include for each witness:  (a) an indication of whether the witness will offer
expert testimony; and (b) a summary of the general topics of each witness's
anticipated testimony.  The preliminary, supplemental, and final witness lists
shall represent a good faith effort to identify all witnesses the producing party
expects that it may present at the evidentiary hearing, other than solely for
impeachment.  The number of fact witnesses who may be included on the
final witness list shall not exceed twelve (12), which shall include any
witnesses one side may call live or present via deposition.  Nothing herein
prevents either side from offering into evidence and citing in written
submissions deposition testimony provided by a witness in this litigation.

16. Depositions.

a) Number of Depositions. Each side may depose any witness who is listed on
either side's preliminary, supplemental, or final witness list, or who provides a
declaration or affidavit.  Each side may take a maximum of five (5)
depositions of individuals beyond those listed on either side's preliminary,
supplemental, or final witness list and beyond those who provide a

9

declaration. Investigational hearings of Defendants' employees or non-parties
conducted during the FTC's investigation of the proposed joint venture (FTC
File No. 191-0154) shall be treated as though they were depositions pursuant
to the Federal Rules. A 30(b)(6) notice counts as no more than one
deposition, in the event a party or third party designates multiple individuals.
Additional depositions of fact witnesses shall be permitted only by agreement
of the parties or by leave of the Court for good cause shown.

b) <u>Allocation of time.</u> All depositions, including depositions of fact and expert
witnesses, shall last no more than seven (7) hours. If both Plaintiff and
Defendants notice any third-party fact deposition, the deposition shall count
against each side's respective deposition totals, and both sides shall allocate
the seven-hour time evenly between the two sides; provided, however, that if
Plaintiff obtained written or oral testimony of any such third-party witness
during its investigation, including by declaration, Defendants shall be
allocated five of the seven hours of deposition time. Subject to the foregoing
sentence, for any third-party deposition noticed by only one side, the noticing
side shall be allocated five (5) hours of deposition time for direct and re-direct
testimony, and the non-noticing side shall be allocated two (2) hours of
deposition time for cross or re-cross testimony. For any party witness who
submitted to an investigational hearing during the FTC's investigation,
Plaintiff will be limited to no more than five (5) hours of deposition time.
Unused time in any side's allocation of deposition time shall not transfer to
the other side.

c) For party witnesses or third-party witnesses retained by any party (e.g., as a consultant, agent, contractor, or representative) in connection with the proposed transaction, or any former employees of any party, the other side will have the opportunity to use six (6) hours for the deposition.

d) <u>Notice</u>.  The parties may not serve a deposition notice with fewer than seven (7) calendar days' notice.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.  If a party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) calendar days after the original return date for the document subpoena.  No deposition notice shall issue after **<u>April 10, 2020</u>**.  If a third-party deposition is properly noticed pursuant to the above, but the third party's schedule does not reasonably accommodate a deposition before the end of fact discovery, a later deposition may occur.

e) <u>Deposition Designations</u>.  The parties need not designate portions of investigational hearings or depositions taken in the litigation.  In advance of the preliminary-injunction hearing, the parties will meet and confer and try to reach agreement regarding the treatment of transcripts of investigational hearings and depositions, including objections to any such testimony or transcripts, for use as part of the record in this case.

17. <u>Expert Depositions.</u>  One seven-hour deposition of each expert shall be allowed.  For

any expert who provides more than one report, the noticing party may split that seven-hour deposition at its discretion over two days, the second day of which shall be after service of the expert's rebuttal report.   Expert depositions must be conducted on or before **May 26, 2020**.

18. Discovery Uses.  All discovery taken in the above-captioned litigation can be used in connection with the Part 3 administrative proceeding (FTC Docket No. 9391).  Only discovery obtained by a party in the Part 3 administrative proceeding before the close of fact discovery in this proceeding may be used as part of this litigation.

19. Before filing any discovery-related motion, the parties must meet and confer (i.e., in person or by phone, not by email or letter) in a good faith attempt to resolve the dispute. If the parties are unable to reach an agreement without court intervention, they **must** file a **joint** memorandum requesting a conference. The joint memorandum must clearly delineate (e.g., in bullet points) the subject of the disagreement and the parties' attempts to resolve it. It may not exceed three (3) pages in length.

## D.      **MOTIONS AND BRIEFING SCHEDULE**

20. Plaintiff will file its memorandum in support of its motion for a preliminary injunction by **April 28, 2020**.  This brief is not to exceed 45 pages.

21. Defendants will file their opposition to the Plaintiff's motion for a preliminary injunction by **May 20, 2020**.  This brief is not to exceed 50 pages.

22. Plaintiff will file its reply memorandum in further support of its motion for a preliminary injunction by **May 29, 2020**.  This brief is not to exceed 25 pages.

23. Any motions *in limine*, including any *Daubert* motions, shall be filed by **May 22, 2020.**  Responses to motions *in limine* shall be filed by **May 27, 2020**.

24. The parties' proposed findings of fact and conclusions of law shall be filed by ten (10) days after the close of the evidentiary hearing. Each party's proposed findings of fact and conclusions of law shall not exceed 100 pages.

**E.     PRELIMINARY INJUNCTION EVIDENTIARY HEARING**

25. The Court has scheduled an evidentiary hearing on Plaintiff's motion for a preliminary injunction to begin on **June 1, 2020**. The parties will meet and confer promptly after the close of fact discovery with the goal of making a joint proposal to the Court as to how much time each side will have to present its case, including opening statements and closing statements. Examination time will count against the side conducting the examination of the witness, with both direct examination and cross-examination of witnesses counting against the side conducting the examination. Plaintiff may reserve a portion of its time for rebuttal.

**F.     OTHER MATTERS**

26. Service. Service of any documents not filed via ECF, including discovery requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by electronic mail to the following individuals designated by each party:

     i.     For Plaintiff:

       1. Daniel Matheson: dmatheson@ftc.gov (Principal Designee)

       2. Amy Dobrzynski: adobrzynski@ftc.gov

       3. Michael Franchak: mfranchak@ftc.gov

       4. Joshua Goodman: jgoodman@ftc.gov

       5. Brittany Hill: bhill1@ftc.gov

6. James McCollough: jmccollough@ftc.gov

ii.    For Defendants:

1.    For Peabody:

a.    Ted Hassi: thassi@debevoise.com (Principal Designee)

b.    Michael Schaper: mschaper@debevoise.com

c.    J. Robert Abraham: jrabraham@debevoise.com

d.    Leah Martin: lmartin@debevoise.com

e.    Tristan Ellis: tmellis@debevoise.com

f.    Gregory Senn: gasenn@debevoise.com

g.    Robert Tebbenkamp: rhtebben@debevoise.com

h.    Gorav Jindal: gjindal@akingump.com

i.    Corey Roush: croush@akingump.com

j.    J. Matthew Schmitten: mschmitten@akingump.com

k.    Cristina Thrasher: cthrasher@akingump.com

l.    Matthew T. Schelp:

matthew.schelp@huschblackwell.com

2.    For Arch:

a.    Stephen Weissman: stephen.weissman@bakerbotts.com

b.    Michael Perry: michael.perry@bakerbotts.com

c.    William Lavery: william.lavery@bakerbotts.com

d.    Steven Pet: steven.pet@bakerbotts.com

e.    Pouria Sadat: pouria.sadat@bakerbotts.com

In the event that any documents are too voluminous for electronic mail, the parties shall serve an electronic version of the papers on opposing counsel via Accellion, an electronic file transfer platform. The serving party will telephone or email the other side's principal designee when the materials are sent to alert them that the materials are being served. Service of correspondence or formal papers by 11:59 p.m. Eastern Time shall be considered filed on that day. For purposes of this provision, service of discovery requests or productions from parties or third parties after 5:59 p.m. Eastern Time shall be considered served the next business day.

27. <u>Nationwide Service of Process.</u>  Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a deposition taken in this action.

28. <u>Third-Party Confidential Information</u>.  The Protective Order Concerning Confidentiality entered by the Court shall govern discovery and production of Confidential Information.  Any Party serving discovery requests, notices, or subpoenas sent to a non-party shall provide the non-party with a copy of the Protective Order.

29. Privilege Logs.  The parties agree to suspend the obligations of Federal Rule of Civil

    Procedure 26(b)(5)(A) to produce a log of privileged materials withheld from

    discovery taken in this action.  Notwithstanding the foregoing, the parties shall log

    withheld materials that are:  (1) authored by, addressed to, or received from any non-

    party; or (2) internal to a party that are not authored by, sent to, or received from the

    party's attorneys.  For purposes of this parapraph, a "non-party" excludes a party's

    retained expert(s) and employees of such expert(s) within the meaning of Federal

    Rule of Civil Procedure 26(b) or/and Federal Rule of Evidence 804.  The parties shall

    maintain all documents responsive to a discovery request that they withold pursuant

    to a claim of privilege or protection.

30. Inadvertent Production of Privileged Material.  In accordance with Federal Rule of

    Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), inadvertent

    production of documents or communications containing privileged information or

    attorney work product shall not be a basis for loss of privilege or work product of the

    inadvertently produced material, provided that the producing party notifies the

    receiving party within five (5) business days of learning of the inadvertent

    production.  When a party determines that it has inadvertently produced such

    material, it will notify other parties, who will promptly return, sequester, or delete the

    protected material from their document management systems.  Within two (2)

    business days of identifying inadvertently produced information or documents(s), the

    party seeking claw-back of such materials shall provide a revised privilege log for the

    identified information or documents.  A Party may move the Court for an order

    compelling production of the material, but such Party may not assert as a ground for

entering such an order the mere fact of inadvertent production.  The Party asserting the privilege must file its opposition under seal and submit a copy of the material in question for in camera review.

31. <u>Electronically Stored Information.</u>  The parties agree as follows regarding the preservation and production of electronically stored information ("ESI")

    a) All Parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case.  In addition, the Parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

    b) All Parties agree that the use of Technology Assisted Review tools may assist in the efficient production of ESI.  However, if a party desires to use such technologies, it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology.

    c) All parties will request ESI in the form or forms that facilitate efficient review of ESI.  In general, the parties will produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation.

32. <u>Evidentiary Presumptions.</u>

    a) Documents produced by non-parties from the non-parties' files shall be presumed to be authentic and admissible.  Any good-faith objection to a document's admissibility must be provided with the exchange of other objections to trial exhibits.  If a party serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will

no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. The Court will resolve any objections that are not resolved through this means or through the discovery process.

b)  All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's pre-complaint investigation of the proposed joint venture, FTC. File No. 191-0154, are presumed to be authentic and admissible. If a party serves a specific good-faith written objection to the document's admissibility, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. The Court will resolve any objections that are not resolved through this means or through the discovery process.

c)  Any party may challenge the authenticity or admissibility of a document for good cause shown, and if necessary may take discovery or obtain declarations related solely to authenticity or admissibility of documents, notwithstanding any discovery limits otherwise imposed by this Order.

33. <u>Modification of Scheduling and Case Management Order.</u>  Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.

34. <u>Statement Regarding Local Rule 5.02.</u>  Consistent with Local Rule 5.02, the parties' track preference is Track 2 because this case is expected to be concluded within 18

months of filing, with motion and discovery schedules established by a Case Management Order issued after a Rule 16 Scheduling Conference.

35. <u>Exhibit Lists.</u>  The parties shall exchange final exhibit lists on or before **May 18, 2020**.  Objections shall be filed on or before **May 26, 2020**.  The parties will file their final exhibit lists with the Court on or before **May 27, 2020**.

36. FRCP 6(a)(1)(C) is to be applied when computing the deadlines in this Order.

## PROPOSED SCHEDULE

| Event | Date(s) |
|---|---|
| Discovery Commences | February 28, 2020 |
| Initial Disclosures | March 9, 2020 |
| Defendants' Answer to Plaintiff's Complaint | March 13, 2020 |
| Preliminary Fact Witness Lists | March 16, 2020 |
| Plaintiff's Expert Disclosures | March 31, 2020 |
| Defendants' Expert Disclosures | April 2, 2020 |
| Supplemental Fact Witness Lists | April 3, 2020 |
| Deadline to Serve Written Discovery to Parties (Excluding Requests for Admission for Authentication/Admissibility) | April 6, 2020 |
| Deadline to Serve Written Discovery to Third Parties | April 10, 2020 |
| Deadline to Serve Deposition Notices for Fact Witnesses | April 10, 2020 |
| Expert Report(s) Due | April 24, 2020 |
| Close of Fact Discovery | April 24, 2020 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | April 28, 2020 |
| Deadline to Serve Requests for Admission for Authentication/Admissibility | May 11, 2020 |
| Exchange of Final Witness Lists | May 15, 2020 |
| Rebuttal Expert Report(s) Due | May 15, 2020 |
| Exchange of Exhibit Lists | May 18, 2020 |

| Event | Date(s) |
|---|---|
| Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction | May 20, 2020 |
| Last Day to File Motions *In Limine* | May 22, 2020 |
| Last Day for Objections to Exhibit Lists | May 26, 2020 |
| Close of Expert Discovery | May 26, 2020 |
| Last Day to File Responses to Motions *In Limine* | May 27, 2020 |
| Final Exhibit Lists Due | May 27, 2020 |
| Pre-Hearing Conference | May 28, 2020 |
| Plaintiff's Reply to Defendants' Opposition to Preliminary Injunction Motion | May 29, 2020 |
| Evidentiary Hearing Begins | June 1, 2020 |
| Proposed Findings of Fact and Conclusions of Law | 10 days following conclusion of hearing |

Dated:  this 5th day of March, 2020.

SO ORDERED.

_____

Hon. Sarah E. Pitlyk
United States District Judge

# Exhibit J

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:15-cv-02115-EGS |
| **STAPLES, INC.** and **OFFICE DEPOT, INC.**, | |
| Defendants. | |

### Joint Motion for Entry of Stipulated Case Management and Scheduling Order

In accordance with the Court's December 23, 2015 Minute Order, on behalf of all parties, Plaintiff Federal Trade Commission submits this Joint Motion for Entry of the attached revised Stipulated Case Management and Scheduling Order.


Dated: December 23, 2015                    Respectfully Submitted,


                                             /s/ Tara Reinhart
                                             Tara Reinhart
                                             (D.C. Bar 462106)
                                             Chief Trial Counsel
                                             Federal Trade Commission
                                             Bureau of Competition
                                             400 Seventh Street, N.W.
                                             Washington, D.C. 20024
                                             (202) 326-2638
                                             treinhart@ftc.gov

                                             *Attorney for Federal Trade Commission*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FEDERAL TRADE COMMISSION**, *et al.*,

v.

**STAPLES, INC.** and
**OFFICE DEPOT, INC.**,

Civil Action No. 1:15-cv-02115-EGS

## STIPULATION REGARDING CASE MANAGEMENT AND SCHEDULING ORDER

Pursuant to the Court's December 23, 2015 Minute Order, the Status Conference held on December 17, 2015, and in accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.3, Plaintiffs Federal Trade Commission, District of Columbia, Commonwealth of Pennsylvania, and Defendants Staples, Inc. and Office Depot, Inc. (collectively, "parties") submit the following stipulated Case Management and Scheduling Order:

|  | Proposal |
|---|---|
| Fact discovery begins | On filing of this proposed Order |
| Plaintiffs produce Investigation Materials | December 16, 2015 |
| Rule 26(a)(1) disclosures | December 18, 2015 |
| Deadline for amendments to pleadings or join parties | One day after entry of this proposed Order |
| Answers to Complaint due | December 22, 2015 |
| Each side serves its preliminary trial witness list | December 24, 2015 |
| Deadline to issue written discovery to parties | January 27, 2016 |
| Fact discovery closes | February 12, 2016 |
| Plaintiffs serve Expert Report(s) | February 15, 2016 |
| Plaintiffs' Brief in Support of Preliminary Injunction | February 16, 2016 |

| | Proposal |
|---|---|
| Each side serves its final trial witness list | February 25, 2016 |
| Defendants serve rebuttal Expert Report(s) | February 29, 2016 |
| Each side exchanges exhibit lists | March 4, 2016 |
| Defendants' Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction | March 8, 2016 |
| Each side exchanges its objections to the other side's exhibits | March 8, 2016 |
| Plaintiffs' Reply Expert Report(s) | March 10, 2016 |
| Parties to complete meet and confer regarding objections to exhibits | March 14, 2016 |
| Last day for Motions *in limine* to be filed | March 14, 2016 |
| Close of Expert Discovery | March 15, 2016 |
| Joint Pretrial Statement to be filed | March 16, 2016 |
| Final pretrial conference | March 16, 2016 at 10 a.m. |
| Plaintiffs' Reply In Support of Motion for Preliminary Injunction | March 17, 2016 |
| Preliminary Injunction Hearing starts | March 21, 2016 |

1.      **Statements Regarding Local Rules 16.3(c)(3), 16.3(c)(3), 16.3(c)(4), 16.3(c)(5), and 16.3(c)(6)**.  In this action, counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived service of a summons.  Defendants do not intend to file any Rule 12(b) motions and they consent, for the purposes of this case only, to personal jurisdiction and venue in this Court.  The parties do not believe that the case should be assigned to a magistrate judge for all purposes, including trial.  Both parties are amenable to settling this case, but despite their pre-complaint efforts, have not been able to resolve their different views of the likely effects of the proposed merger.  Presently, the parties do not believe that the case would benefit from the Court's alternative dispute resolution procedures.

2.      **Discovery Conference**.  The parties' prior consultations and submission of this stipulated Order relieve the parties of their duty under Federal Rule of Civil Procedure 26(f) and the Local Rules to confer further generally about scheduling and a discovery plan.  The parties shall meet and confer when particular scheduling or discovery issues arise.

3.      **Production of Investigation Materials**.  The Plaintiffs will produce, initially on an "outside counsel eyes only" basis, and at all times in compliance with the Protective Order, the following Investigation Materials: (a) all documents, data, information, or transcripts of testimony that:  (i) any non-party provided to Plaintiffs either voluntarily or under compulsory process preceding the filing of this action in the course of Plaintiffs' inquiries into the competitive effects of the proposed acquisition or (ii) provided to any non-party preceding the filing of this action in the course of Plaintiffs' inquiries into the competitive effects of the proposed acquisition; and (b) any witness statements, including affidavits, transcripts, or letters, whether in hard-copy or electronic form, sent or received by Plaintiffs to or from any non-party including its counsel, preceding the filing of this action in the course of Plaintiffs' inquiries into

the competitive effects of the proposed acquisition.  The Plaintiffs will conduct good-faith, reasonable, and diligent searches for Investigation Materials; if any Investigation Material is not produced as agreed in this Paragraph, the parties will meet and confer in good faith to agree on a resolution.  Nothing in this Order requires the production of any party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process or any other governmental privilege.

4.      **Timely Service of Fact Discovery**.  All written and deposition discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery.  Parties must serve any additional declarations within one day of knowing receipt of the signed declaration.  Parties must serve any additional declarations by February 12, 2016.  The parties agree to work in good faith to complete depositions (or counter-declarations by the other side) by February 12, 2016, or as soon as practical thereafter.

5.      **Written discovery**.

a.      Interrogatories:  Interrogatories shall be limited to 20 per side, including discrete subparts.

b.      Requests for Admission.  Requests for admission shall be limited to 20 per side.  Requests for admission relating solely to the authentication or admissibility of documents, data, or other evidence, issues that the parties shall attempt to resolve initially through negotiation, shall not count against these limits.

c.      Document Requests:  There shall be no limit on the number of requests for the production of documents that may be served by the parties.  The parties shall

not be required to produce to each other in discovery in this case any documents previously produced by the parties in the course of the investigation of the acquisition of Office Depot by Staples, FTC File No. 151-0065, or any prior FTC investigation.

d.      Responses to written discovery:  Unless otherwise agreed, the parties shall respond in writing to interrogatories and requests for admissions within 15 days after they are served.  The parties must serve any objections to requests for productions of documents (including a proposal of custodians to search) within 5 days after the requests are served.  Within 2 days of service of those objections, the parties will meet and confer to attempt to resolve the objections and custodians.  Responsive productions (subject to any objections or custodian issues that have not been resolved) will be made on a rolling basis with a good-faith effort to be completed no later than 20 days after service of the request for production.  Responsive productions following resolution of objections and custodians shall be completed on a rolling basis with a good-faith effort to be completed no later than 14 days after the resolution by the parties.  In response to any Rule 34 request for data or data compilations, the parties will meet and confer in good faith and make employees knowledgeable about the company's electronic systems, applications and tools, and the content, storage and production of data available for informal consultations during a meet and confer.

e.      The parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs: (1) any documents or communications sent solely between outside counsel for the parties (or persons

employed by or acting on behalf of such counsel) or by counsel for the Federal Trade Commission or Plaintiff States (or persons employed by the Federal Trade Commission or the Plaintiff States); (2) emails that are forwarded to assistants or secretaries, where no responsive information is added and the prior privileged email has been logged; (3) Defendants' communications with internal counsel reflecting legal advice or attorney work product related to the negotiation of the merger agreement with Office Depot and the financing terms of the Staples/Office Depot transaction; (4) Defendants' communications with internal counsel reflecting legal advice or attorney work product related to (a) the preparation of Staples' and Office Depot Hart-Scott-Rodino premerger notifications filed on February 26, 2015; or (b) the preparation of Staples and Office Depot's response to the Requests for Additional Information and Documentary Material Issued to Defendants ("Second Request"); (5) documents that were not directly or indirectly furnished to any non-party, such as internal memoranda, and that were authored by the parties' outside counsel (or persons employed by the Federal Trade Commission or the Plaintiff States); (6) documents or communications sent solely between outside counsel for the parties (or persons employed by or acting on behalf of) and employees or agents of each party; (7) privileged draft contracts; (8) draft regulatory filings; and (9) non-responsive, privileged documents attached to responsive documents. When non-responsive, privileged documents that are attached to responsive documents are withheld from production, however, the parties will insert a placeholder to indicate a document has been withheld from that family. The parties also agree to the following guidelines concerning the

preparation of privilege logs: (a) a general description of the litigation underlying attorney work product claims is permitted; (b) identification of the name and the company affiliation for each non-Defendant person is sufficient identification; and (c) there is no requirement to identify the discovery request to which each privilege document was responsive.

6.      **Witness Lists (preliminary trial and final trial)**.  Each side is limited to 50 persons on its preliminary witness list, and 20 persons on its final trial witness list.  Absent agreement of the parties or leave of court, no witness may be included on a final witness list that was not listed on a preliminary witness list.  Both the preliminary trial witness list and the final trial witness list shall be good-faith attempts to identify for the other side the witnesses the party expects that it may present at trial other than solely for impeachment.  The final trial witness list shall comply with the Federal Rule of Civil Procedure 26(a)(3)(A)(i).

7.      **Depositions**.  The parties agree there should be no limit on the number of depositions that each party will be permitted.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition.  The parties may not serve a deposition notice with fewer than seven days' notice for the deposition.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.  All depositions, including expert depositions, shall be limited to a maximum of seven (7) hours.  If a party makes a good-faith effort to depose a witness, and the witness refuses to appear for a deposition, a declaration by such witness shall be presumptively inadmissible.  A party seeking to depose a witness should bring any recalcitrant witness issues to the court's attention as soon as practicable.  Parties will work in good faith to re-schedule depositions for which a declaration is served less than five (5) calendar days prior to

the agreed upon deposition. Further, in such cases, parties agree to work in good faith to complete depositions (or counter-declarations by the other side) by February 12, 2016, or as soon as practical thereafter.

For any deposition of a current employee or agent of any Defendant, or former employee or agent of a Defendant that retains Defendants' counsel as its counsel in this case, Plaintiffs shall be allocated seven (7) hours for the deposition. For any deposition of a third party noticed by both Plaintiffs and Defendants, the maximum time for the deposition shall be allocated evenly between the two sides. For any noticed deposition of a third party for which either side has obtained a declaration from the deponent, the maximum time shall be allocated for five (5) hours for the party that did not obtain the declaration, and two (2) hours for the party that obtained the declaration. For any noticed deposition of the proposed divestiture buyer, Essendant, or its employees, Plaintiffs shall be allocated six (6) hours and Defendants one (1) hour. Unused time in any party's allocation of deposition time shall not transfer to the other party.

If a Party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven days after the original return date for the document subpoena.

**8.** **Nationwide Service of Trial Subpoenas**. To assist the parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, each side shall be permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for the purposes of Federal Rule of Civil Procedure 32 and Federal Rule of

Evidence 804 available under these rules regarding the use at trial of a deposition taken in the above-captioned action pending in this Court.

**9.     Discovery of Confidential Information**.  Discovery and production of confidential information shall be governed by the Protective Order Concerning Confidentiality that the parties are filing with the Court.  After entry by the Court, a copy of the Protective Order shall be sent to any non-parties that have been served with discovery requests, notices, or subpoenas.  In addition, by February 19, 2016, Defendants shall provide Plaintiffs with redacted versions of any exhibits used in investigational hearings or depositions in this matter for which either Defendant asserted confidentiality, or inform Plaintiffs of those exhibits that no longer need to be treated as confidential.  By February 19, 2016, Defendants also shall inform Plaintiffs of the portions of investigational hearing or deposition transcripts that no longer need to be treated as confidential.

**10.     Expert Witness Disclosures and Depositions**.  Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

    a.     Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:

        i)     any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between:

            1.     any party's counsel and its expert(s), or between any agent or employee of the party's counsel and the party's expert(s);

            2.     testifying and non-testifying experts;

            3.     non-testifying experts; or

            4.     testifying experts;

       ii)      any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between experts and any persons assisting the expert;

       iii)     expert's notes, except for notes of interviews participated in or conducted by the expert of fact witnesses;

       iv)     drafts of expert reports, affidavits or declarations; and

       v)      data formulations, data runs, data analyses, or database related operations not relied upon by the expert in forming opinions in his or her final report.

b.    The parties agree that the following materials will be disclosed with all expert reports:

       i)       a list by bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly; and

       ii)     for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

**11.    Service of Pleadings and Discovery on Other Parties**.  Service of all pleadings, discovery requests, including Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence in this matter shall be made by ECF or email, except when the volume of attachments requires electronic data transfer and/or, if agreed upon by the parties, overnight delivery of the attachments, to the following individuals designated by each party:

For Plaintiff Federal Trade Commission:

    Stelios Xenakis
    Federal Trade Commission
    Bureau of Competition
    400 Seventh Street, S.W.
    Washington, DC 20024
    (202) 326-2821
    sxenakis@ftc.gov

    Ryan Quillian
    Federal Trade Commission
    Bureau of Competition

400 Seventh Street, S.W.
Washington, DC 20024
(202) 326-2739
rquillian@ftc.gov

For Plaintiff District of Columbia:

Bennett Rushkoff
Chief, Public Advocacy Section
441 4th Street, N.W., Suite 600 South
Washington, D.C. 20001
(202) 727-5173
bennett.rushkoff@dc.gov

Catherine Jackson
Assistant Attorney General
441 4th Street, N.W., Suite 600 South
Washington, D.C. 20001
(202) 442-9841
catherine.jackson@dc.gov

For Plaintiff Commonwealth of Pennsylvania:

Norman Marden
Commonwealth of Pennsylvania
Pennsylvania Office of Attorney General
Antitrust Section
14th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-4530
nmarden@attorneygeneral.gov

For Defendant Staples, Inc.:

Diane Sullivan
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153
diane.sullivan@weil.com
Telephone: (212) 310-8897
Facsimile: (212) 310-8007

Jeffrey Perry
Carrie Mahan Anderson
Weil, Gotshal & Manges LLP
1300 Eye Street N.W.

Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
jeffrey.perry @weil.com
carrie.anderson@weil.com

For Defendant Office Depot, Inc.

Matthew Reilly
Simpson Thatcher & Bartlett LLP
900 G Street, N.W
Washington, D.C. 20001
(202) 636-5566
matt.reilly@stblaw.com

In the event that any documents are too voluminous for electronic mail, the parties shall serve an electronic version of the papers on opposing counsel either (a) on a disc by hand at their Washington, D.C. office or (b) via Accellion, an electronic file transfer platform. The serving party will telephone or email the other side's principal designee when the materials are sent to alert them that the materials are being served. For purposes of calculating discovery response times under the Federal Rules, electronic delivery shall be treated in the same manner as hand delivery.

Each side shall copy and produce to the other side materials obtained in discovery from any non-party, in the format they were received, within three business days after receipt by the party initiating the discovery request; except that if a non-party produces documents or electronic information that are not Bates-stamped, the party receiving the documents shall Bates-stamp them before producing a copy to the other parties, and shall produce the documents or electronic information in a timeframe appropriate to the volume and complexity of the files received.

**12. Deposition Designations.** The parties need not designate portions of investigational hearings or depositions taken in the litigation. Full transcripts of investigational

hearings or depositions taken in the litigation shall be admitted, except that to the extent a party cites investigational hearing or deposition testimony in support of a proposed finding of fact, the Court will assess any objections made on the record at the investigational hearing or deposition in determining whether to accept that proposed finding of fact.

13. **Evidentiary Presumptions**.

    a.    Documents produced by non-parties from their own files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

    b.    All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's investigation of the proposed acquisition (FTC File No. 151-0065), or any prior FTC investigation, are presumed to be authentic.

    c.    Any party may challenge the authenticity or admissibility of a document for good cause shown, and if necessary may take discovery relating solely to authenticity and/or admissibility of documents.

14. **Demonstrative exhibits**. Demonstrative exhibits, other than those used by experts, do not need to be included on Exhibit lists, but, unless otherwise agreed or ordered, need

to be served on all counsel of record at least 24 hours before any such exhibit may be introduced, or otherwise used, at trial.  Text-only PowerPoint slides, demonstratives used at any hearing other than trial, and demonstratives created in court need not be pre-disclosed to the opposing party.

15.    **Briefing**.  Plaintiffs' Memorandum In Support of Its Motion for Preliminary Injunction, not to exceed 45 pages, shall be filed on or before February 16, 2016.  Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction, not to exceed 45 pages, shall be filed on or before March 8, 2016.  Plaintiffs' Reply Brief, not to exceed 25 pages, shall be filed on or before March 17, 2016.

16.    <u>**Proposed Findings of Fact and Conclusions of Law:**</u>  Proposed findings of fact and conclusions of law shall be due 10 days after the close of the hearing.  Approximately one week after proposed findings of fact and conclusions of law are submitted, the parties shall appear for a final summation of the parties' argument.

17.    <u>**Date and Length of Preliminary Injunction Proceeding.**</u>  The preliminary injunction hearing in this matter will be held beginning on March 21, 2016.  Plaintiffs and Defendants will be granted a full and fair opportunity to present their case in a non-cumulative fashion.  Plaintiffs may preserve a portion of its time for rebuttal.

18.    **Modification of Scheduling and Case Management Order**.  Any party may seek modification of this Order for good cause, except that discovery and expert disclosure deadlines also may be modified by the parties by agreement.

Dated: December 23, 2015                    Respectfully submitted,

                                            /s/ Tara Reinhart
                                            Tara Reinhart
                                            (D.C. Bar 462106)
                                            Chief Trial Counsel
                                            Federal Trade Commission
                                            Bureau of Competition
                                            400 Seventh Street, S.W.
                                            Washington, D.C. 20024
                                            202-326-2638
                                            treinhart@ftc.gov

                                            *Attorney for Plaintiff Federal Trade Commission*

                                            /s/ Catherine Jackson
                                            Catherine Jackson
                                            Assistant Attorney General
                                            441 4th Street, N.W., Suite 600 South
                                            Washington, DC 20001
                                            202-442-9864
                                            catherine.jackson@dc.gov

                                            *Attorney for Plaintiff District of Columbia*

                                            /s/ Norman Marden
                                            Norman Marden
                                            Chief Deputy Attorney General
                                            Commonwealth of Pennsylvania
                                            Pennsylvania Office of Attorney General
                                            Antitrust Section
                                            14th Floor, Strawberry Square
                                            Harrisburg, PA 17120
                                            717-787-4530
                                            nmarden@attorneygeneral.gov

                                            *Attorney for Plaintiff Commonwealth of Pennsylvania*

                                            /s/ Diane Sullivan
                                            Diane Sullivan (DC Bar 1014037)
                                            Weil, Gotshal & Manges LLP
                                            767 Fifth Avenue
                                            New York, NY 10153
                                            diane.sullivan@weil.com

Telephone: (212) 310-8897
Facsimile: (212) 310-8007


Jeffrey Perry (DC Bar 465994)
Carrie Mahan Anderson (DC Bar 459802)
1300 Eye Street NW
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
jeffrey.perry@weil.com
carrie.anderson@weil.com

*Counsel for Defendant Staples, Inc.*


 /s/ Matthew Reilly
Matthew Reilly
Simpson Thacher & Bartlett LLP
900 G Street, N.W
Washington, D.C. 20001
(202) 636-5566
matt.reilly@stblaw.com

*Counsel for Defendant Office Depot, Inc.*




SO ORDERED:


Date:  December _____, 2015


Honorable Emmet G. Sullivan
United States District Court Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of December, 2015, I filed the foregoing with the Clerk of the Court via the CM/ECF system, which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Notice of Electronic Filing.

/s/ Tara Reinhart
Tara Reinhart
Attorney for Plaintiff Federal Trade Commission

# Exhibit K

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 15-cv-01080-DAP |
| | ) | |
| **STERIS CORPORATION,** | ) | Judge Dan Aaron Polster |
| | ) | |
| and | ) | |
| | ) | |
| **SYNERGY HEALTH PLC,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CASE MANGEMENT PLAN AND SCHEDULING ORDER</u>

**A. TEMPORARY RESTRAINING ORDER**.  The Court entered the parties' Stipulated Temporary Restraining Order on June 2, 2015.  ECF No. 7.  Under that Order, the Defendants will not close their transaction until at least four (4) days after this Court rules on the Plaintiff's Motion for Preliminary Injunction.

**B. DISCOVERY**

1. <u>Fact Discovery</u>.  The parties may commence issuing discovery requests immediately. Fact discovery shall be completed by July 20, 2015 (28 days prior to the hearing).  All discovery requests shall have return dates prior to the close of fact discovery.  Deposition dates may be extended beyond the close of fact discovery only for good cause shown.

2. <u>Initial Disclosures</u>.  The parties shall serve upon each other lists of people with knowledge, as required by Fed. R. Civ. P. 26(a)(1), not later than June 10, 2015.  By June 10, 2015, the parties will make a good-faith effort to produce copies of all documents in their possession that they may use to support their claims and defenses in this action

pursuant to Fed. R. Civ. P. 26(a)(1). To the extent that additional documents come to the parties' attention during discovery, the parties shall supplement their disclosures promptly.

3. <u>Document Production</u>. The parties shall not be required to produce to each other in discovery in this case any documents previously produced by Defendants to Plaintiff FTC in the course of the investigation of the acquisition of Synergy Health plc by STERIS Corporation, FTC File No. 151-0032.

4. <u>Expert Materials Not Subject to Discovery</u>. Expert disclosures and reports shall comply with Fed. R. Civ. P. 26(a)(2), except neither side must preserve nor disclose:

   a) Any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants, or between any of the experts themselves;

   b) Any form of communication or work product shared between an expert(s) and persons assisting the expert(s); or

   c) Expert's notes; unless they reflect facts or assumptions relied upon by the expert in arriving at the opinions contained in the final expert report;

   d) Drafts of expert reports, analyses, or other work product; or

   e) Data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report.

5. <u>Disclosure of Expert Materials</u>. The parties shall disclose the following materials with all expert reports:

   a) All documents relied on by the testifying expert(s) by Bates number; and (except for those excluded above) copies of any other materials relied on by the testifying

expert(s) that were not previously produced and are not readily available through public sources; and

    b) All data and programs underlying the expert's calculations for any calculation appearing in an expert report, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

6. <u>Requests for Admission and Exhibits</u>. Each side shall be permitted to serve no more than ten (10) requests for admission, subject to the following provisions:

    a) Requests for admission related to the authenticity of a document and admissibility of evidence shall not count against the limit of ten (10) requests for admission.

    b) All documents produced by a Defendant or one of its related companies either in response to document requests in this litigation or in the course of the FTC's investigation of the proposed acquisition (FTC File No. 151-0032) are presumed to be authentic. The producing party may challenge the authenticity of a document for good cause shown.

    c) The parties shall serve responses to requests for admission no later than ten (10) days after the date of service.

7. <u>Interrogatories</u>. The parties shall be permitted to serve no more than fifteen (15) interrogatories per side. For purposes of this provision, an interrogatory requesting a refresh or update of a specification in the Second Requests issued to the Defendants in the FTC's investigation of the proposed acquisition (FTC File No. 151-0032) will count as a single interrogatory request in this proceeding, even if the specification contains subparts. The parties shall serve responses to interrogatories no later than ten (10) days after the date of service.

8. <u>Deadline to Issue Written Discovery to Parties</u>.  The parties shall serve requests for admission, interrogatories, and document requests to parties by June 19, 2015, except that requests for admission related to the authenticity of a document or admissibility of evidence may be served no later than three (3) weeks prior to the hearing**.**

9. <u>Service of Objections to Written Discovery</u>.  The parties shall serve any objections to written discovery requests no later than ten (10) days after the date of service of the discovery requests to which objections are asserted.  The parties shall substantially comply with requests for production no later than twenty (20) days after the date of service.

10. <u>Exchange of Third-Party Discovery Responses</u>.  Each party shall provide the other side a copy of all discovery material received from a third party within 48 hours of receipt of such third-party discovery material, including any declarations or affidavits obtained from any third party.

11. <u>Exchange of Lists of Fact Witnesses to Appear at Hearing</u>.  The parties shall exchange preliminary party and third-party fact witness lists no later than 5:00 p.m. EST on June 12, 2015.  Such preliminary fact witness lists shall include a summary of the topics of each witness's testimony.  The preliminary witness list shall include the name of the employer of the witness.  The parties will update their preliminary witness list, including summaries of employment information, promptly as they add or delete witnesses.  Final party and third-party fact witness lists shall be exchanged four (4) weeks prior to the hearing, with a summary of the topics of each witness's testimony.  Additional witnesses may be added to the final witness list after this date only by agreement of the parties or with leave of Court for good cause shown.

12. <u>Limitations on Party and Third-Party Declarations</u>.  No party may submit as evidence a declaration or affidavit from a party or third-party witness if such declaration or affidavit was executed after one (1) week prior to his or her deposition.  In any event, no party or third-party declarations or affidavits may be submitted as evidence if they were executed less than five (5) weeks prior to the hearing.

13. <u>Depositions</u>.

    a)  There are no limits on the number of depositions that may be taken.  The parties shall consult with each other prior to noticing any deposition to coordinate the time and place of the deposition.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

    b)  All third-party depositions shall be limited to a maximum of seven (7) hours.

    c)  For any third-party deposition noticed by both the Plaintiff and the Defendants, where the witness has not submitted a declaration, affidavit, or letter of support for the proposed transaction, the maximum time for the deposition shall be allocated evenly between the two sides.  For any noticed deposition for which one side has obtained a declaration, affidavit, or letter of support for the proposed acquisition from the deponent, the maximum time shall be allocated for five (5) hours for the party that did not obtain the declaration, affidavit, or letter of support, and two (2) hours for the party that obtained the declaration, affidavit, or letter of support.  If the third-party witness has submitted a declaration, affidavit, or letter of support to both sides, time will be split evenly in the deposition.

Unused time in any party's allocation of deposition time shall not transfer to the other party.

d)  For party witnesses, the Plaintiff will have the opportunity to use seven (7) hours for the deposition.  Plaintiff may depose any Defendant witness, including those for whom the FTC conducted an investigational hearing.

e)  If a party serves a subpoena on a third party for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) days after the original return date for the document subpoena.

14. Experts.

a)  Expert Reports.  The parties shall simultaneously exchange expert reports on July 22, 2015 (26 days prior to the hearing), and rebuttal expert reports on August 3, 2015 (14 days prior to the hearing).  The parties need not disclose the identities of rebuttal experts until the date that rebuttal expert reports are due.

b)  Expert Depositions.  Depositions of each side's experts may only be conducted after the disclosure of each expert's report.  Expert depositions must be completed on or before August 10, 2015 (7 days prior to the hearing).  Each expert deposition will be limited to a total of seven (7) hours, with all time allocated to the opposing party.

15. Discovery Uses.  All discovery taken in the above-captioned litigation can be used in connection with the Part 3 administrative proceeding (FTC Docket No. 9365).  Only discovery obtained by a party in the Part 3 administrative proceeding by five (5) weeks prior to the hearing in this proceeding may be used as part of this litigation.

16. <u>Discovery Disputes</u>.  Counsel shall comply with Local Rule 37 before filing discovery motions under Fed. R. Civ. P. 37.  The order for resolving discovery disputes under this rule is (1) good faith resolution efforts by counsel, (2) telephone conference call with the Court, (3) position letters (not to exceed 2 pages) to the Court, and (4) Fed. R. Civ. P. 37 discovery motion.

## C.  BRIEFING SCHEDULE

1. Defendants' response to Plaintiff's Motion for Preliminary Injunction (ECF No. ____), not to exceed forty-five (45) pages, shall be filed ten (10) days before the hearing.  The Plaintiff's reply brief, not to exceed forty-five (45) pages, shall be filed three (3) days before the hearing.

2. Aside from the response and reply identified in subpart C.1 above, the parties shall have five (5) business days from service of an unredacted motion to file a responsive brief to any motion, and three (3) business days from service of an unredacted motion to file a reply brief to any response.  Service of any formal paper by the ECF system after 6:00 P.M. EST shall be deemed delivered the next business day for the purposes of calculating the due date for a response or reply.

## D.  DATE AND LENGTH OF PRELIMINARY INJUNCTION HEARING

1. The preliminary injunction hearing in this matter shall begin at **9:00 AM** on **August 17, 2015**, and shall conclude no later than **August 19, 2015.** Each side will have equal time available to present their arguments, direct examinations and cross examinations, using a "chess clock" system.  Proposed findings of fact and conclusions of law will be due ten (10) days after the close of the hearing.

## E.  OTHER MATTERS

1.  <u>Answer</u>.  Defendants shall answer the Plaintiff's Complaint for Temporary Restraining Order and Preliminary Injunction (ECF No. ___) on or before June 12, 2015.

2.  <u>Electronic Service</u>.  Service of all correspondence and formal papers filed, whether under seal or otherwise, shall be by electronic mail.  In the event that any documents are too voluminous for electronic mail, the parties shall serve an electronic disk version of the papers on opposing counsel by hand at their Washington, D.C. office or serve the papers on opposing counsel via Accellion, an electronic content platform.  The serving party will telephone or email the other side's principal designee when the materials are sent to alert them that the materials are being served.  Electronic delivery shall be treated the same as hand delivery for purposes of calculating response times under the Federal Rules of Civil Procedure.

3.  <u>Nationwide Service</u>.  The Parties will be allowed nationwide service of discovery and trial subpoenas pursuant to Fed. R. Civ. P. 45 and 15 U.S.C. § 23, to issue from this Court.

4.  <u>Privilege Logs</u>.  The parties agree to suspend the obligation under Rule 26(b)(5)(A), Fed. R. Civ. P., to produce a log of privileged materials withheld from discovery taken in this action (excluding the Defendants productions made during the course of the FTC's pre-complaint investigation).  Notwithstanding the foregoing, the parties shall log materials that are: (1) authored by, addressed to, or received from any non-party; or (2) internal to a party that are not authored by, addressed to, or received from the party's attorneys.  The term "non-party" as used in this provision excludes counsel for Defendants.  The parties

shall maintain all documents responsive to a discovery request that are withheld pursuant to a claim of privilege or protection.

5. <u>Exhibit Lists</u>. The parties shall file final exhibit lists two (2) weeks before the hearing. Objections shall be filed one (1) week before the hearing.

6. <u>Deposition Designations</u>. The parties shall exchange deposition designations two (2) weeks before the hearing. Counter-designations shall be exchanged one (1) week before the hearing. Objections to counter-designations and final deposition designations shall be filed three (3) days before the hearing.

7. <u>Expert Reports</u>. In order to save time at the hearing, the direct testimony of each side's expert will be presented via the expert reports.

**SCHEDULE**

| Event | Date(s) | No. of Days to Hearing |
|---|---|---|
| Serve Initial Disclosures of Persons with Knowledge; Initial Production of Documents | June 10, 2015 | |
| Exchange of Preliminary Fact Witness Lists | June 12, 2015 | |
| Defendants File Answer to Complaint | June 12, 2015 | |
| Deadline to Issue Written Discovery to Parties (Except Authenticity and Admissibility RFAs) | June 19, 2015 | |
| Exchange of Final Fact Witness Lists | July 20, 2015 | 28 days |
| Close of Fact Discovery | July 20, 2015 | 28 days |
| Exchange of Expert Reports | July 22, 2015 | 26 days |
| RFAs for Authentication/Admissibility | July 27, 2015 | 21 days |
| Exchange of Rebuttal Expert Reports | August 3, 2015 | 14 days |
| Exchange of Exhibit List and Deposition Designations | August 3, 2015 | 14 days |
| Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction Due | August 7, 2015 | 10 days |
| Exchange of Objections to Exhibits and Counter-designations | August 10, 2015 | 7 days |
| Close of Expert Depositions | August 10, 2015 | 7 days |
| Plaintiffs' Reply Brief Due | August 14, 2015 | 3 days |
| Objections to Counter-Designations | August 14, 2015 | 3 days |
| Hearing on Plaintiffs' Motion for Preliminary Injunction | August 17-19, 2015 | |
| Proposed Findings of Fact and Conclusions of Law | | 10 days post-hearing |

A telephone conference call, on the Court's bridge line, will be held in this matter on **Tuesday, August 11, 2015, at 12:00 PM.**

**IT IS SO ORDERED.**

 * /s/ Dan A. Polster June 8, 2015*
 **Dan Aaron Polster**
 **United States District Judge**

# Exhibit L

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| Federal Trade Commission, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 1:15-cv-00256 (APM) |
| ) | |
| Sysco Corporation, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## CASE MANAGEMENT AND SCHEDULING ORDER

Upon consideration of the Proposed Case Management and Scheduling Order submitted by the parties on March 6, 2015, it is hereby ordered that the following shall govern the proceedings in this matter:

**I.**    **Scheduling Order**

A.    TEMPORARY RESTRAINING ORDER:  The court entered the Stipulated Temporary Restraining Order on February 27, 2015.  ECF #35.

B.    DISCOVERY

1.    Fact Discovery.  The parties may commence issuing discovery immediately.  Fact discovery shall be completed by April 14, 2015.

2.    Initial Disclosures.  The parties already have served each other with lists of people with knowledge, as required by Fed. R. Civ. P. 26(a)(1).  By March 20, 2015, the parties will make a good faith effort to produce copies of all documents in their possession that they may use to support their claims and defenses in this action, pursuant to

Fed. R. Civ. P. 26(a)(1).   To the extent additional documents come to the parties' attention during discovery, they will supplement their disclosures promptly.

3. <u>Pre-Trial Discovery Conference.</u>  The parties' prior consultations and submission of this stipulated Order relieve the parties of their duty under Fed. R. Civ. P. 26(f) to confer about scheduling and a discovery plan.

4. <u>Third-Party Discovery.</u>  For any third-party subpoena, the parties will not request a return date sooner than seven calendar days after service.  The parties agree to produce all materials received pursuant to a third-party subpoena to the non-serving Party in the format the materials were received within 24 hours of knowing receipt.

5. <u>Document Production.</u>  The parties shall not be required to produce to each other in discovery in this case any documents previously produced by Defendants to Plaintiff FTC in the course of the investigation of the acquisition of USF Holding Corp. by Sysco Corporation, FTC File No. 141-0067.

6. <u>Expert Materials Not Subject to Discovery.</u>   Expert disclosures and reports shall comply with Fed. R. Civ. P. 26(a)(2), except neither side must preserve or disclose:

   a) any form of communication or work product shared between any of the Parties' counsel and their expert(s), or between any of the experts themselves;

   b) any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

   c) expert's notes; unless they reflect facts or assumptions relied upon by the expert in arriving at the opinions contained in the final expert report;

   d) drafts of expert reports, analyses, or other work product; or

    e)      data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report.

The Parties shall disclose the following materials with all expert reports:

    a)      all documents relied on by the testifying expert(s) by Bates number; and (except for those excluded above) copies of any materials relied on by the testifying expert(s) that were not previously produced and are not readily available through public sources; and

    b)      all data and programs underlying the expert's calculations for any calculation appearing in an expert report, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files, and any intermediate files.

7.   <u>Requests for Admission and Exhibits.</u>  The parties shall be limited to eight requests for admission per side, subject to the following provisions:

    a)      There will be no limit on the number of requests for admission for the authenticity of documents or admissibility of evidence. Requests for Admission related to the authenticity of a document and admissibility of evidence shall not count against the limit of eight Requests for Admission. The parties will respond to requests regarding the authenticity and admissibility of documents within ten days.

    b)      Any good faith objection to a document's status as a business record must be provided at the same time as other objections to intended trial exhibits. If the opposing side serves a specific good faith written objection to the

document's status as a business record, the parties will promptly meet and confer to attempt to resolve any objection.  If the objection is not resolved, the party seeking to introduce the exhibit shall have the opportunity to take discovery regarding the exhibit(s) in question.  Any objections not resolved through this means or the discovery process will be resolved by the Court.

8. <u>Interrogatories.</u>  Each side shall be permitted to serve the other with up to twelve interrogatories seeking only factual information (i.e., no contention interrogatories). The parties shall serve responses to the interrogatories no later than ten days after the date of service.

9. <u>Deadline to Issue Written Discovery to Parties</u>:  The parties shall serve requests for admission, interrogatories, and document requests to parties by March 27, 2015, except that requests for admission related to the authenticity of a document and admissibility of evidence shall be served by April 4, 2015.

10. <u>Service of Objections to Written Discovery</u>.  The parties shall serve any objections to written discovery requests within ten days of service of the discovery requests to which objections are asserted.

11. <u>Exchange of Lists of Fact Witnesses to Appear at Hearing.</u>  The parties shall exchange preliminary party and third-party fact witness lists no later than 5:00 pm ET, on March 9, 2015.  Such preliminary party and non-party fact witness lists shall include a summary of the topics of each witness's testimony.  The preliminary witness list shall include the name of the employer of each witness.  The parties will update their preliminary lists promptly as they add or delete witnesses.  Final party and non-party fact witness lists shall be exchanged on or before April 10, 2015, with a summary of

the topics of each witness's testimony.  Additional witnesses may be added to the final witness list after this date only by agreement of the parties or with leave of the Court for good cause shown.

12. Depositions.

    a)    The parties agree there should be no limit on the number of depositions that each party will be permitted.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition.  The Parties may not serve a deposition notice with fewer than seven days' notice.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

    b)    All depositions shall be limited to a maximum of seven (7) hours.

    c)    For any deposition noticed by both Plaintiffs and Defendants, the maximum time for the deposition shall be allocated evenly between the two sides.  For any noticed deposition for which either side has obtained a declaration from the deponent, the maximum time shall be allocated for five (5) hours for the party that did not obtain the declaration, and two (2) hours for the party that obtained the declaration.  For any noticed deposition of the proposed divestiture buyer of eleven US Foods' distribution centers, Performance Food Group, or its employees, Plaintiffs shall be allocated six (6) hours and Defendants one (1) hour.  For any party deponent who has previously been deposed in an investigational hearing in the Federal Trade Commission's investigation of the acquisition of USF Holding Corp. by Sysco

Corporation, FTC File No. 141-0067, the deposition shall be limited to a maximum time of 3.5 hours; provided that Plaintiffs shall be entitled to designate a maximum of four (4) depositions of deponents who have previously been deposed in an investigational hearing for which the deposition shall have a maximum time of 7 hours; provided further that the CEOs of Sysco and US Foods shall not be among those four unless any is identified on Defendants' preliminary or final witness lists. Unused time in any party's allocation of deposition time shall not transfer to the other party.

    d) If a Party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven days after the original return date for the document subpoena.

13. <u>Expert Reports.</u>[1] The parties shall simultaneously exchange expert reports on April 14, 2015 and rebuttal expert reports on April 21, 2015.

14. <u>Expert Depositions.</u> Depositions of each side's experts may only be conducted after the disclosure of each expert's report. Expert depositions must be completed on or before April 28, 2015.

15. <u>Discovery Uses.</u> All discovery taken in the above-captioned litigation can be used in connection with the Administrative Action and vice versa.

---

[1] At the time of service of the expert reports, a Party shall provide opposing counsel (i) a list of all commercially-available computer programs used by the expert in the preparation of the report; (ii) a copy of all data sets used by the expert, in native file format and processed data file format; and (iii) all customized computer programs used by the expert in the preparation of the report or necessary to replicate the findings on which the expert report is based.

16. Notwithstanding any other provision herein, the Parties may modify deadlines in paragraphs 1-15 in this Order by agreement, but must provide notice of such modification to the court.

C.    <u>BRIEFING SCHEDULE</u>

17. Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction shall be filed by April 21, 2015. The Plaintiffs' Reply Brief shall be filed by April 29, 2015.

D.    <u>DATE AND LENGTH OF PRELIMINARY INJUNCTION HEARING</u>

18. The preliminary injunction hearing in this matter shall begin on May 5, 2015, at 9:30 a.m. in Courtroom 5, and will conclude no later than May 13, 2015.

E.    <u>OTHER MATTERS</u>

19. <u>Electronic Service.</u> Service of all correspondence and formal papers filed, whether under seal or otherwise, shall be by electronic mail. In the event any documents are too voluminous for electronic mail, the parties shall serve an electronic disk version of the papers on opposing counsel by hand at their Washington, D.C. office. The serving Party will telephone the other side's principal designee when the materials are sent to alert them that the materials are being served. Electronic delivery shall be treated the same as hand delivery for purposes of calculating response times under the Federal Rules. Service on Plaintiff FTC shall be deemed service on the Plaintiff States. Plaintiff FTC shall provide copies to the Plaintiff States of any papers served by Defendants.

20. <u>Privilege Logs</u>: The parties agree to suspend the obligation under Rule 26(b)(5)(A), Fed. R. Civ. P., to produce a log of privileged materials withheld from discovery taken

in this action (excluding the Defendants' productions made during the course of the
FTC's pre-complaint investigation).  Notwithstanding the foregoing, the parties shall
log materials that are:  1) authored by, addressed to, or received from any non-party; or
2) internal to a party that are not authored by, addressed to, or received from the party's
attorneys. The term "non-party" as used in this provision excludes counsel for (a) the
Defendants and (b) Performance Food Group on or after February 2, 2015.  The parties
shall maintain all documents responsive to a discovery request that are withheld
pursuant to a claim of privilege or protection.

21. <u>Answer.</u>  Defendants shall answer the complaint on or before March 5, 2015.

22. <u>Nationwide Service.</u>  The Parties will be allowed nationwide service of discovery and
trial subpoenas pursuant to Fed. R. Civ. P. 45 and 15 U.S.C. § 23, to issue from this
Court.

23. <u>March 5, 2015 Order:</u>  The court's Order issued on March 5, 2015, ECF #48, is hereby
incorporated into this Case Management and Scheduling Order as if fully set forth
herein.

<u>SCHEDULE</u>

| Event | Date |
|---|---|
| Defendants File Answer to Complaint | March 5, 2015 |
| Exchange of Preliminary Fact Witness Lists | March 9, 2015 |
| Deadline to Issue Written Discovery to Parties (Except Authenticity and Admissibility RFAs) | March 27, 2015 |
| Deadline for Service of Third-Party Subpoenas | April 1, 2015 |
| Final party and non-party fact witness lists shall be exchanged on or before | April 10, 2015 |
| Close of Fact Discovery | April 14, 2015 |
| Exchange of Expert Reports | April 14, 2015 |
| Exchange of Rebuttal Expert Reports | April 21, 2015 |
| Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction Due | April 21, 2015 |
| Parties Exchange Exhibit Lists and Deposition Designations | April 27, 2015 |
| Close of Expert Depositions | April 28, 2015 |
| Plaintiffs' Reply Brief Due | April 29, 2015 |
| Parties Exchange Objections to Exhibits and Deposition Designations | April 30, 2015 |
| Pre-hearing conference | May 1, 2015 at 10:00 a.m. |
| Hearing on Plaintiffs' Motion for Preliminary Injunction | Commences on May 5, 2015 |
| Proposed Findings of Fact and Conclusions of Law | May 20, 2015 |

Dated: March 9, 2015

Amit P. Mehta
United States District Judge

# Exhibit M

United States District Court
Southern District of Texas
**ENTERED**
August 21, 2024
Nathan Ochsner, Clerk

# United States District Court
## Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § § | Civil Action No 4:24-cv-02508 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | Judge Charles Eskridge |
| | § | |
| | § | |
| TEMPUR SEALY INTERNATIONAL INC and MATTRESS FIRM GROUP INC, | § § § § | |
| | § | |
| Defendants. | § | |

## Minute Entry and Order

Minute entry for STATUS CONFERENCE before Judge Charles Eskridge on August 19, 2024. All parties present and represented by counsel.

    1.   Initial matters

The Court identified objections and responses to subpoena by third parties E.S. Kluft & Company, Inc, Serta Simmons Bedding, LLC, and Sleep Number Corporation. Dkts 75, 76 & 77. The parties confirmed no issue is currently ripe for decision by the Court.

The Court addressed the subject of local counsel. It was suggested that Plaintiff Federal Trade Commission confer with the US Attorney's Office in the Southern District of Texas to ensure a local attorney is available as necessary. It was likewise suggested that Defendant Mattress Firm Group Inc obtain local counsel.

    2.   Scheduling and docket control order

The Court addressed the scheduling and docket control order. Dkt 57.

The parties' requested amendment to the scheduling and docket control order was GRANTED AS MODIFIED. Dkt 46-1.

The deadline for responses to motions under Federal Rule of Evidence 702 was REVISED to November 7, 2024.

Evidentiary hearing was REVISED to begin November 12, 2024. The Court is reserving the potential for ten trial days.

A revised scheduling order will enter separately.

A status conference was SET for September 25, 2024, at 2:30 pm in Courtroom 9F.

The parties were ORDERED to confer and propose a date for an additional conference after 3:30 pm during the week of September 9, 2024.

3.   Joint discovery and case management plan

The Court addressed the joint discovery and case management plan. Dkt 46.

*As to the first disputed issue,* it was ORDERED that the deadlines for document production proposed by FTC—substantial compliance within 28 days of service, and no later than 7 days before a deponent's deposition—should be treated as good-faith targets. The parties may bring disputes to the Court as needed. See id at 6–8.

*As to the second disputed issue,* it was ORDERED that depositions will proceed in person, but that the parties must confer in good faith as to depositions that may reasonably be taken remotely. The parties must travel to depose third parties at a location reasonably convenient to the witness. See id at 10–14.

*As to the third disputed issue,* it was ORDERED that the parties confer as to the amount of time reasonably needed for deposition of third parties Purple and Serta. The Court observed that more than 7 hours for certain witness depositions could be justified, with such depositions perhaps proceeding for 5 hours per day for 2 days. The parties may bring disputes to the Court as needed. See id at 14–18.

*As to the fourth disputed issue,* final witness lists were LIMITED to twenty witnesses per side. The parties were ORDERED to confer and agree on a procedure for advance notice during trial as to which witnesses will testify each day. See id at 31–35.

*As to the fifth disputed issue,* it was ORDERED that exhibits be limited only to those intended in good faith to be used at evidentiary hearing, with the number of exhibits not otherwise limited. The parties should refer to Court Procedure 22 for use and admission of exhibits at trial. See Dkt 46 at 35–40.

*As to the sixth disputed issue,* it was ORDERED that, for use in this action of investigational hearings prior to this action, the FTC must provide deposition designations. For depositions taken as part of this action, deposition designations for witnesses who do not appear live at hearing were LIMITED to ten per side. The parties may request additional deposition designations upon showing of reasonable need. The parties should follow Court Procedure 24 as to deposition designations. See Dkt 46 at 40–45.

Post-hearing briefing was ELIMINATED without prejudice to the parties requesting additional briefing after the close of evidence, if necessary. See id at 29.

4.    Discovery

The Court addressed the status of discovery. The parties confirmed that all requests for written discovery and subpoenas have been issued.

The parties were advised that they should follow Court Procedure 15 for any discovery disputes. Any such dispute will be addressed promptly.

It was ORDERED that the parties meet and confer as to the scope of Rule 30(b)(6) deposition of FTC. The parties may bring disputes to the Court as needed.

The parties noted no disputes as to privilege logs.

5. Concluding matters

The parties should continue to confer in good faith regarding discovery and settlement.

SO ORDERED.

Signed on August 20, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

# Exhibit N

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FEDERAL TRADE COMMISSION

and

STATE OF CALIFORNIA,

        Plaintiffs,

     v.

JOHN MUIR HEALTH

and

TENET HEALTHCARE CORPORATION

        Defendants.

CASE NO. 5:23-CV-05952-PCP

**CASE MANAGEMENT ORDER**

Judge:       Hon. P. Casey Pitts

## CASE MANAGEMENT ORDER

1.   <u>Definitions</u>. The following definitions apply to this Order:

    (a)    "Defendants" means John Muir Health ("JMH") and Tenet Healthcare Corporation ("Tenet") and any other defendant named in the above-captioned case.

    (b)    "FTC Proceeding" means the administrative complaint and proceeding *In the matter of John Muir Health and Tenet Healthcare Corporation*, FTC Docket No. 9421.

    (c)    "Proposed Transaction" means the proposed sale by SRRMC Management, Inc. and its affiliates, including Tenet, of its 51% equity interest in San Ramon Regional Medical Center, LLC to JMH, following which JMH would become the sole owner of San Ramon Regional Medical Center, LLC.

    (d)    "Party" or "Parties" means any individual Plaintiffs or Defendants in the above-captioned case, or Plaintiffs and Defendants collectively.

(e)     "Plaintiffs" means the Federal Trade Commission ("FTC") and all of its employees, agents, and representatives and the State of California (the "State") and all of its employees, agents, and representatives.

(f)     "Preliminary Injunction Hearing" or "trial" means the evidentiary hearing on the merits of Plaintiffs' request for a preliminary injunction in this case.

2.     Service of Complaint.  Counsel have accepted service of the Complaint on behalf of Defendants and have waived formal service of a summons.

3.     Jurisdiction and Venue.  Defendants consent to personal jurisdiction and venue in this Court solely in the above-captioned case.

4.     Discovery Conference.  The Parties' consultations about this Order and submission of this Order satisfy their obligations under Federal Rule of Civil Procedure 26(f), and no further consultation is required before commencing discovery.

5.     Completion of Proposed Transaction. Defendants have agreed that they will not close, consummate, or otherwise complete the Proposed Transaction any earlier than 11:59 PM Eastern Time on the fifth business day after this Court issues an Order on the FTC's motion for a preliminary injunction pursuant to Section 13(b) of the Federal Trade Commission Act or such other date set by this Court.

6.     Discovery of Confidential Information.  Discovery and production of confidential information shall be governed by any Protective Order entered by the Court in this action, and a copy of all such orders shall be included with any discovery requests, notices, or subpoenas directed to non-Parties.

7.     Case Schedule.  Unless otherwise specified, days will be computed according to Federal Rule of Civil Procedure 6(a).  The Court hereby adopts the following case schedule:

| Event | Deadline |
|---|---|
| Complaint Filed | Friday, November 17, 2023 |
| Start of Discovery | Wednesday, November 22, 2023 |
| Submission of Joint Case Management Statement | Monday, December 4, 2023 |
| Initial Case Management Conference | Thursday, December 7, 2023 |
| Initial Disclosures (Plaintiffs and Defendants) | Friday, December 8, 2023 |
| Answer to Complaint | Friday, December 8, 2023 |
| Exchange of Preliminary Fact Witness Lists | Monday, December 18, 2023 |

| Event | Deadline |
|---|---|
| Service of Written Discovery Requests to the Parties | Thursday, December 28, 2023 |
| Service of Declarations Other than Solely Relating to Admissibility of Evidence | Wednesday, January 10, 2024 |
| Exchange of Final Fact Witness Lists | Monday, January 22, 2024 |
| End of Fact Discovery | Monday, January 29, 2024 |
| End of Supplemental Discovery | Thursday, February 8, 2024 |
| Plaintiffs' Expert Report(s) | Tuesday, January 30, 2024 |
| Defendants' Expert Report(s) | Tuesday, February 13. 2024 |
| Plaintiffs' Rebuttal Report(s) | Friday, February 23, 2024 |
| Plaintiffs' Brief in Support of Preliminary Injunction | Friday, February 23, 2024 |
| Opening Deposition Designations | Monday, February 26, 2024 |
| Exchange of Exhibit Lists | Monday, February 26, 2024 |
| End of Expert Discovery | Thursday, February 29, 2024 |
| Defendants' Brief in Opposition to Preliminary Injunction | Friday, March 1, 2024 |
| Objections and Counters to Deposition Designations | Friday, March 1, 2024 |
| Exchange of Exhibit List Objections | Friday, March 1, 2024 |
| Motions *in Limine* | Sunday, March 3, 2024 |
| Objections to Counters to Deposition Designations | Monday, March 4, 2024 |
| Oppositions to Motions *in Limine* | Tuesday, March 5, 2024 |
| Joint Pre-Hearing Statement | Wednesday, March 6, 2024 |
| Joint Pre-Hearing Stipulation | Wednesday, March 6, 2024 |
| Pre-Hearing Conference | Friday, March 8, 2024 |
| Start of Preliminary Injunction Hearing (3 days) | Monday, March 11, 2024 – Wednesday, March 13, 2024 |
| Submission of Proposed Findings of Fact and Conclusions of Law | Tuesday, April 2, 2024 |

8.    <u>Timely Service of Fact Discovery and Supplemental Discovery</u>.  All discovery, including discovery served on non-Parties, must be served in time to permit completion of responses by the close of fact discovery with the exception of Supplemental Discovery as set forth in this paragraph.  For purposes of this Order, "Supplemental Discovery" means document and deposition discovery, including discovery served on non-Parties, related to any person identified on a Party's final fact witness list who was not identified on that Party's preliminary fact witness list (including document and deposition discovery

related to entities related to any such person). Depositions that are part of Supplemental Discovery must be noticed within 7 days of exchanging the final fact witness lists. Any party can request relief from the deadlines set forth herein for good cause shown.

        9.     <u>Written Discovery on Parties</u>

        (a)     <u>Document Requests</u>. Requests for the production of documents under Federal Rule of Civil Procedure 34 are limited to 20 (including discrete subparts) by Plaintiffs collectively to each Defendant, and to 20 (including discrete subparts) by Defendants collectively to Plaintiffs. The Parties must serve any objections to requests for production of documents within 7 days after the requests are served. Within 4 days of service of any objections, the Parties must meet and confer to resolve in good faith any objections and to agree on custodians to be searched. The Parties must make good-faith efforts to make rolling productions of responsive documents (to the extent not subject to any objections or custodian issues that have not been resolved), including any portion(s) of responsive productions that are not subject to any objections or custodian issues, beginning no later than 14 days after service of the request for production, and completed no later than January 31, 2024.

        (i)     Notwithstanding any other part of this Paragraph 9, in responding to requests for production of documents that are part of Supplemental Discovery, the Parties must: (i) serve any objections to such requests for production of documents within 4 days after the requests are served; (ii) produce responsive documents (that are not subject to objections) no later than 7 days after the requests are served; and (iii) produce documents that were subject to objections no later than 7 days after resolution of the objections.

        (ii)     None of the Parties must preserve or produce in discovery the following categories of documents:

        1.     documents or communications sent solely between outside counsel for Defendants (or persons employed by or acting on behalf of such counsel) or solely between counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel);

2.      documents or communications sent solely between inside counsel (acting in a purely legal capacity), or between inside counsel (acting in a purely legal capacity) and outside counsel for either Defendant (or persons employed by or acting on behalf of such counsel);

3.      documents or communications sent solely within the FTC or the State;

4.      documents or communications among the FTC and the State subject to common interest privilege, law enforcement investigatory privilege, joint prosecution privilege, the work product doctrine, or any other applicable privilege or protection from disclosure;

(iii)    None of the Parties must preserve or produce in discovery the following categories of electronically stored information for this matter:

1.      voicemail messages, except in the case where they are contained within the Parties' email systems;

2.      email or other electronic messages sent to or from a smartphone or electronic tablet (e.g., iPad), provided that a copy of such email or message is routinely saved and preserved elsewhere for potential production in discovery;

3.      other electronic data stored on a smartphone or electronic tablet, such as calendar or contact data or notes, provided that a copy of such information is routinely saved and preserved elsewhere for potential production in discovery;

4.      temporary or cache files, including Internet history, web browser cache, and cookie files, wherever located; and

5.      server, system, or network logs.

(b)     <u>Data Requests</u>.  In response to any requests where data or data compilations are responsive, the Parties will meet and confer in good faith regarding the requests and will work in good faith to address questions or issues relating to data, including, upon reasonable request and notice, making employees knowledgeable about the content, storage, and production of data available for informal consultations during the meet-and-confer process.

(c) <u>Interrogatories</u>. Plaintiffs collectively may serve up to 10 interrogatories (including discrete subparts) on each Defendant and Defendants collectively may serve up to 10 interrogatories on each Plaintiff. The Parties must serve any objections to interrogatories within 7 days after the interrogatories are served. Within 4 days of service of any objections, the Parties must meet and confer to attempt to resolve the objections. The Parties must make good-faith efforts to provide complete answers to interrogatories no later than 21 days after service of the interrogatories.

(d) <u>Requests for Admission.</u> Plaintiffs collectively may serve up to 10 requests for admission on each Defendant and Defendants collectively may serve up to 10 requests for admission on each Plaintiff. The Parties must serve any objections to requests for admission within 10 days after the requests for admission are served. Within 4 days of service of any objections, the Parties must meet and confer to attempt to resolve the objections. The Parties must make good-faith efforts to provide complete responses to requests for admission no later than 21 days after service of the requests for admission.

10. <u>Rule 45 Subpoenas on Non-Parties</u>. The Parties will in good faith cooperate with each other with regard to any discovery to non-Parties in an effort to minimize the burden on non-Parties. Each Party must serve a copy of any subpoena to a non-Party on the other Parties before, or at the same time as, the subpoena is served on the non-Party. Every subpoena to a non-Party shall include a cover letter requesting that (a) the non-Party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it and (b) the non-Party provide to the other Parties copies of all productions at the same time as they are produced to the requesting Party. If a non-Party fails to provide copies of productions to the other Parties, the requesting Party shall provide such copies to the other Parties, in the format the productions were received by the requesting Party, within 4 days of the requesting Party receiving such materials from the non-Party. In addition, if a non-Party produces documents or electronically stored information that are not Bates-stamped, the Party receiving those materials shall request that the non-Party Bates-stamp all documents or electronically stored information and produce such Bates-stamped copies to all Parties simultaneously. Each Party must provide the other Parties with: (i) a copy of any written communication (including email) with any non-Party concerning

1    the non-Party's response to or compliance with any subpoena, including any extensions or postponements,

2    within 36 hours of the communication; and (ii) a written record of any oral or written modifications to the

3    subpoena, within 36 hours of the modification.  Notwithstanding the fact discovery and Supplemental

4    Discovery deadlines, the Parties are not precluded from receiving, using, or otherwise relying on

5    documents produced by non-Parties after those deadlines, provided that those documents were produced

6    pursuant to timely subpoenas for the production of documents and timely provided to all Parties pursuant

7    to this paragraph.

8         11.    Depositions.  Plaintiffs collectively are entitled to 5 depositions of non-expert witnesses,

9    and Defendants collectively are entitled to 5 depositions of non-expert witnesses.   The following

10   depositions do not count against the deposition caps imposed by the preceding sentences: (a) depositions

11   of any person identified on a Party's preliminary or final fact witness list; (b) depositions of the Parties'

12   designated expert witnesses; (c) depositions of any person who sat for an investigational hearing or

13   deposition in connection with Plaintiffs' investigation relating to the Proposed Transaction;

14   (d) depositions of any person who provided a declaration or letter of support relating to the Proposed

15   Transaction, this action, or the FTC Proceeding; and (e) depositions taken for the sole purpose of

16   establishing the location, authenticity, or admissibility of documents produced by any Party or non-Party,

17   provided that such depositions may be noticed only after the Party taking the deposition has taken

18   reasonable steps to establish location, authenticity, or admissibility through other means, and further

19   provided that such depositions must be designated at the time that they are noticed as being taken for the

20   sole purpose of establishing the location, authenticity, or admissibility of documents.  Cross-notice of

21   depositions and the one hour of deposition time afforded to a non-noticing Party will not count against the

22   above totals.

23         (a)    Parties will make a good faith effort to make witnesses available for depositions

24   upon 10 days' notice.

25         (b)    If a Party serves a non-Party a subpoena for the production of documents or

26   electronically stored information and a subpoena commanding attendance at a deposition, the Party

27   serving those subpoenas must schedule the deposition for a date at least 7 days after the return date

28   for the document subpoena, and if the Party serving those subpoenas agrees to extend the date of

production for the document subpoena in a way that would result in fewer than 7 days between the extended production date and the date scheduled for that non-Party's deposition, the date scheduled for the deposition must be postponed to be at least 7 days following the extended production date, unless all other Parties consent.

(c)     Depositions of fact witnesses are limited to no more than one (7-hour) day, unless otherwise stipulated.  During non-Party depositions, the non-noticing side will receive one hour of examination time.  If a non-Party deposition is noticed by both sides, then time will be divided equally between the sides.  Any time allotted to one side not used by that side in a non-Party deposition may not be used by the other side, unless both sides agree.  Any objection made by any Party in a deposition preserves that objection for every Party.  For purposes of allocating deposition time, former employees, consultants, agents, contractors, and representatives of a Defendant are considered that Defendant's witness if they are represented by Defendants' counsel or if any Defendant is paying for the witness's counsel. Defendants may not subpoena or notice depositions of Defendants' witnesses. Depositions will be conducted in person by default, but the parties will meet and confer in good faith regarding any request that a particular deposition be conducted remotely, and any unresolved dispute with respect to such an issue shall be presented to the assigned magistrate judge for resolution.

12.     <u>Declarations</u>.  A Party that obtains a declaration from a Party or non-Party fact witness will promptly produce it to the other side, and in any event not later than (1) seven days before the declarant is scheduled to be deposed or (2) the deadline for service of declarations other than solely relating to admissibility of evidence, whichever is earlier.  Each side is limited to 10 declarations by fact witnesses submitted in the course of this action, except for declarations relating solely to authenticity and admissibility of exhibits.  Declarations requested by a Party from a non-Party before the deadline for service of declarations other than solely relating to admissibility of evidence but received after that date must be produced to the other Party upon receipt.  No declaration, other than declarations relating solely to authenticity and admissibility of exhibits, will be admitted unless the declarant appears on a Party's final witness list and a fair opportunity was available to depose the declarant subsequent to serving the declaration on the other side, unless otherwise agreed by the Parties.

13.  <u>Privilege Logs</u>.  The Parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs: (1) documents or communications sent to or from outside counsel for Defendants (or persons employed by or acting on behalf of such counsel); (2) documents or communications sent solely between counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel); (3) documents or communications sent solely between counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel) and counsel for any state (or persons employed by or acting on behalf of the office of the attorney general of any state); (4) documents or communications sent solely between counsel for any state(s) (or persons employed by or acting on behalf of the office of the attorney general of any state(s)); (5) documents or communications sent solely among inside counsel (acting in a purely legal capacity), or inside (acting in a purely legal capacity) and outside counsel (or persons employed by or acting on behalf of counsel) for either Defendant; (6) documents or communications sent internally within the FTC or the State; (7) documents or communications among the FTC and the State subject to common interest privilege, law enforcement investigatory privilege, joint prosecution privilege, the work product doctrine, or any other applicable privilege or protection from disclosure; (8) privileged draft contracts; (9) privileged draft regulatory filings; and (10) non-responsive, privileged documents attached to responsive documents.  When non-responsive, privileged documents that are attached to responsive documents are withheld from production, however, the producing Party will insert a slipsheet to indicate a document has been withheld from that family.  For each entry of the privilege log, all attorneys acting in a legal capacity with respect to that particular document or communication will be marked with an asterisk after their names.

14.  <u>Presumptions of Authenticity</u>.  Documents produced by Parties and non-Parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901.  Sworn declarations, investigational hearing transcripts, and deposition transcripts from the investigation of the Proposed Transaction, this action, and the FTC Proceeding may be relied upon in connection with briefing, findings of fact and conclusions of law, and the Court's determinations in this action. Documents produced by Parties and non-Parties from their own files shall not be excluded solely on the ground that they are or contain hearsay. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits.  If the opposing side serves a specific good-faith

written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the Parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

15.  <u>Expert Witness Disclosures and Depositions</u>.  Expert disclosures, including each side's expert reports, must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as modified by this paragraph.

(a)  Neither side must preserve or disclose, including in expert deposition testimony, the following documents or information:

(i)  any form of oral or written communications, correspondence, or work product not relied on by the expert in forming any opinions in their final report shared:

1.  between any Plaintiff's counsel and Plaintiffs' own testifying or non-testifying expert(s) or between any Defendant's counsel and Defendants' own testifying or non-testifying expert(s);

2.  between any agent or employee of any Plaintiff's counsel and Plaintiffs' own testifying or non-testifying expert(s) or between any agent or employee of any Defendant's counsel and Defendants' own testifying or non-testifying expert(s);

3.  between testifying and non-testifying experts;

4.  between non-testifying experts; or

5.  between testifying experts;

(ii)  any form of oral or written communications, correspondence, or work product not relied on by the expert in forming any opinions in their final report shared between experts and any persons assisting the expert;

(iii)  the expert's notes, except for notes of interviews participated in or conducted by the expert, if the expert relied on such notes in forming any opinions in their final report;

(iv)  drafts of expert reports, affidavits, or declarations; and

(v)     data formulations, data runs, data analyses, or any database-related operations not relied on by the expert in forming any opinions in their final report.

(b)     The Parties agree that the following materials will be provided to the other side when the expert reports are served:

(i)     all final reports;

(ii)     a list by Bates number of all documents relied on by the testifying expert(s) in forming any opinions in their final reports;

(iii)     copies of any materials relied on by the expert not previously produced that are not readily available publicly;

(iv)     a list of all publications authored by the expert in the previous 10 years and copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

(v)     a list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number; and

(vi)     for all calculations appearing in the final reports, all data and customized programs underlying the calculations (including all customized programs and codes necessary to replicate the calculations from the initial ("raw") data files and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report).

(c)     Each side may offer no more than two expert witnesses in this case.

(d)     The case schedule allows for Plaintiffs' Initial Expert Report(s), Defendants' Expert Report(s), and Plaintiffs' Rebuttal Expert Report(s). Any additional supplemental report may not be served without agreement by the Parties or leave of the Court.

(e)     Each expert will be deposed for only one (7-hour) day, with all 7 hours reserved for the side noticing the expert's deposition.

(f)     For the avoidance of doubt, nothing in this Order precludes counsel for a Party from conducting reasonable and appropriate redirect examination of their own experts or fact witnesses.

16. <u>Relation to Discovery in the FTC Proceeding.</u> Any discovery obtained in this proceeding may be used in the FTC Proceeding and vice-versa. Document requests, interrogatories, and requests for admission served by the Parties in this action will count against discovery limits in the FTC Proceeding and vice versa. No individual or entity deposed in one action may be re-deposed in the other.

17. <u>Disputes Relating to Discovery Matters or Protective Orders</u>. The Parties agree to comply with the Standing Order for Civil Cases for Judge P. Casey Pitts or the applicable standing order of the assigned magistrate judge with respect to any discovery disputes that arise, except that, given the expedited and compressed nature of this action, the Court may consider and grant the Parties relief from the deadlines to file discovery-related motions set forth in Civil L.R. 37-3 for good cause shown.

18. <u>Fact Witness Lists</u>

(a) Each side collectively is limited to 20 persons on its preliminary fact witness list. The preliminary witness lists must include the name, employer, address, and telephone number of each fact witness.

(b) Witnesses whose testimony will be submitted solely through deposition testimony will be included on each side's final witness list, but will not count toward any fact witness list limits, including the right to add witnesses set forth in Paragraph 16(c). For witnesses already deposed as of the final fact witness list deadline, each final witness list will make clear which witnesses' testimony will be submitted solely through deposition testimony. For witnesses deposed after the final fact witness list deadline, the Parties shall note within 3 days of such witnesses' deposition whether their testimony will be submitted solely through deposition testimony.

(c) Each side collectively is limited to 20 persons on its final fact witness list. Each side's final fact witness list may identify no more than 6 witnesses that were not identified on that side's preliminary fact witness list. A witness who was not identified on a side's preliminary fact witness list may be added to that side's final fact witness list based on a good faith determination by that side, and the other side reserves their rights to object to such late disclosure. If any new witnesses are added to a final fact witness list who were not on any Party's preliminary fact witness list, document discovery may be had with respect to such person(s), even if out of time. The final

fact witness lists must include the name, employer, address, and telephone number of each fact witness.

(d)     In preparing preliminary and final fact witness lists, the Parties must make good-faith attempts to identify the witnesses whom they expect that they may present as live witnesses at trial.  No Party may call a person to testify as a live witness at trial unless: (i) that person was identified on any Party's final fact witness list; (ii) all Parties agree that that Party may call that person to testify; or (c) that Party demonstrates good cause for allowing it to call that person to testify, despite that Party's failure to identify that person sooner.

19.     <u>Pre-Hearing Submissions</u>.  In advance of the final pre-hearing conference, the Parties shall make the following submissions, on the dates set forth in the Case Schedule.

(a)     Plaintiffs collectively shall submit one memorandum in support of their request for a preliminary injunction, which shall not exceed 30 pages.  Defendants collectively shall submit one memorandum in opposition to Plaintiffs' request for a preliminary injunction, which shall not exceed 30 pages.

(b)     Any motions *in limine* and oppositions thereto shall be filed by the dates set forth in the Case Schedule.  Each side shall file a single motion *in limine*, if any, setting forth all *in limine* rulings it seeks; and the other side shall file a single opposition, if any, thereto.  Each motion *in limine* and each opposition to a motion *in limine* shall not exceed 5 pages.  The Parties shall confer in good faith in advance of filing any motion *in limine* in an effort to narrow the disputed issues.

(c)     The Parties shall make a joint pre-hearing statement regarding trial procedures (e.g., allotment of time for each side's presentations, advance notice regarding demonstratives to be used and anticipated witnesses to be called each day), disputes about admissibility of trial exhibits, confidentiality issues, and deposition designations, and any other matters they deem relevant to and necessary for the efficient conduct of the Preliminary Injunction Hearing.

(d)     The Parties shall submit a joint pre-hearing stipulation setting forth any stipulations that could narrow and clarify the issues to be tried.

20. <u>Proposed Findings of Fact and Conclusions of Law</u>. Each side shall submit proposed findings of fact and conclusions of law, which shall not exceed 75 pages.

21. <u>Service of Pleadings and Discovery on Other Parties</u>. Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by ECF if required by applicable rule or otherwise by email, except when the volume of attachments requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each Party:

For Plaintiff Federal Trade Commission:

> John Wiegand
> Federal Trade Commission
> 90 7th Street, Suite 14-300
> San Francisco, CA 94103
> Telephone: (415) 848-5174
> Email: jwiegand@ftc.gov

> Nicolas Stebinger
> Federal Trade Commission
> 600 Pennsylvania Avenue NW
> Washington, DC 20580
> Telephone: (202) 326-2688
> Email: nstebinger@ftc.gov

For Plaintiff the State of California:

> Malinda Lee
> Roma Patel
> California Department of Justice
> 300 S. Spring Street, Suite 1702
> Los Angeles, CA 90013
> Telephone: (213) 269-6223
> Email: malinda.lee@doj.ca.gov
> Email: roma.patel@doj.ca.gov

For Defendant John Muir Health:

> David C. Kiernan, Bar No. 215335
> dkiernan@jonesday.com
> Margaret A. Ward, Bar No. 304435
> maward@jonesday.com
> JONES DAY
> 555 California Street, 26th Floor
> San Francisco, California 94104
> Telephone:     +1.415.626.3939

> Jeffrey A. LeVee, Bar No. 125863
> jlevee@jonesday.com
> JONES DAY

555 South Flower Street, 50th Floor
Los Angeles, California 90071
Telephone: +1.213.489.3939

For Defendant Tenet Healthcare Corporation:

Christopher W. Keegan (SBN 232045)
Anna Terteryan (SBN 300368)
Psalm Cheung (SBN 343767)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1400
Email: chris.keegan@kirkland.com
Email: anna.terteryan@kirkland.com
Email: psalm.cheung@kirkland.com

(a)     Alternatively, electronic service on certain parties can be completed via their respective service distribution email address, if available.

(b)     For purposes of calculating discovery response times, electronic delivery at the time the email was received will be treated in the same manner as hand delivery at that time.

22.     <u>Nationwide Service of Trial Subpoenas.</u>  To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

23.     <u>Modification of Scheduling and Case Management Order.</u>  Modifications of the rights and responsibilities of the Parties under this Order may be made by mutual agreement of the Parties, provided any such modification has no effect on the schedule for pre-hearing filings or trial dates.  Otherwise, any Party may seek modification of this Order for good cause.

**IT IS SO ORDERED.**

Date: <u>December 12, 2023</u>

_____
Hon. P. Casey Pitts
United States District Judge

# Exhibit O

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC, and GRAIL, INC.,<br><br>Defendants. | Case No. 3:21-cv-00800-CAB-BGS<br><br>**CASE MANAGEMENT AND SCHEDULING ORDER**<br><br>Complaint Filed: March 30, 2021<br><br>Judge: Hon. Cathy Ann Bencivengo<br>Magistrate: Hon. Bernard G. Skomal<br><br>Trial Date: Not Set |

It is hereby ordered as follows:

      **A.**    **TEMPORARY RESTRAINING ORDER.**  Defendants consented to the entry of a Temporary Restraining Order, which the District Court for the District of Columbia entered on March 31, 2021.  Under that Temporary Restraining Order, the Defendants have agreed not to close their transaction until the earlier of 12:01 AM Eastern Time on September 20, 2021 or after 11:59 PM Eastern Time on the second (2nd) business day after this Court rules on the Plaintiff's motion for preliminary injunction.

      **B.**    **ANSWER.**  Defendants answered Plaintiff's Complaint on April 5, 2021.

      **C.**    **DISCOVERY.**

      1.    <u>Fact Discovery</u>.  Fact discovery commenced on April 1, 2021 and shall be completed by **June 4, 2021**.  To the extent a third-party deposition is properly noticed in accordance with this Order and the third party's schedule cannot accommodate a deposition before the end of fact discovery, a later deposition may occur with the agreement of both sides.  No party may unreasonably withhold agreement.  All discovery in this case, including discovery initiated prior to the entry of the CMSO, shall be subject to the CMSO as entered by any Court.

      2.    <u>Initial Disclosures</u>.  The parties agree to forego the requirement to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

      3.    <u>Pre-Trial Discovery Conference</u>.  This Order relieves the parties of their duty under Federal Rule of Civil Procedure 26(f) to confer about scheduling and a discovery plan.

      4.    <u>Third-Party Discovery</u>.  No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days after service.  Each party shall produce all materials received pursuant to a third-party subpoena or other formal or informal request, including any declarations or affidavits obtained from a third

party, to the other party in the format in which those materials were received within two (2) business days of receiving those materials.  In the event a non-party produces documents or electronic information that are non-Bates-stamped—in addition to producing the materials in the format in which they were received within two (2) business days of receiving them—the party receiving the documents shall promptly Bates-stamp the documents or electronic information and produce them in a reasonable timeframe.  The parties shall serve document subpoenas to third parties by **May 7, 2021**.

     5.  <u>Limitations on Party and Third-Party Declarations or Affidavits</u>. No party may submit as evidence a declaration or affidavit from a party or third-party witness if such declaration or affidavit was executed or served less than one week prior to his or her agreed-to deposition date.  In any event, no party or third-party declaration or affidavit may be submitted as evidence if it was executed or served less than fourteen (14) calendar days before the close of fact discovery unless it is a supplemental third-party declaration or affidavit related to a previously given third-party declaration or affidavit, in which case the parties agree to not oppose any efforts to depose, or re-depose, such a declarant or affiant irrespective of any other provisions of this order.

     6.  <u>Document Requests and Production</u>.  There shall be no limit on the number of requests for production of documents that the parties may serve.  The parties shall serve any objections to requests for the production of documents no later than ten (10) calendar days after the date of service of the document requests to which they assert objections.  Within two (2) business days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.  Responsive productions (subject to any objections or custodian issues that have not been resolved) must be made on a rolling basis and must begin as soon as reasonably practicable after the date of service.  All productions must be completed within 30 calendar days of the document request.  In response to any

document requests, the parties need not produce to each other in discovery in this case any documents previously produced by Defendants to the FTC in the course of the investigation of the acquisition of GRAIL by Illumina, FTC File No. 201-0144.

Document Productions shall be sent to the attention of:

To the FTC:    William Cooke
Sadie Goering
Matthew Joseph
Stephen Mohr
Susan Musser
Sarah Wohl
Nicholas Widnell
David Gonen
Lauren Gaskin
Dylan Naegele
Eric Edmondson
Hana Verwilt

For Illumina:    Sharonmoyee Goswami
Jesse Weiss
Michael Zaken
Illumina Trial Team (list serv)
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019

For GRAIL:    Marguerite Sullivan
Anna Rathbun
Latham Antitrust Team (list serv)
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004

7.    <u>Interrogatories</u>.  The parties shall serve no more than twenty-five (25) interrogatories per side.  The parties may serve up to five (5) contention interrogatories per side.  The parties shall serve objections and responses to interrogatories no later than ten (10) calendar days after the date of service.  Within two (2) business days of any objections, the parties must meet and confer to attempt

to resolve the objections.  The parties must make good-faith efforts to provide complete answers to interrogatories no later than twenty (20) calendar days after service of the interrogatories.

        8.    <u>Deadline to Issue Written Discovery to Parties</u>.  The parties shall serve document requests and interrogatories to parties by **April 28, 2021**.

        9.    <u>Expert Reports</u>.  Plaintiff shall serve its expert report(s) on **June 8, 2021**.  Defendants shall serve their expert report(s) on **June 29, 2021**.  Plaintiff shall serve its rebuttal expert report(s) on **July 9, 2021**.

        10.    <u>Expert Materials Not Subject to Discovery</u>.  Expert disclosures, including each side's expert report(s), shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

        a)    Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:

        i.    any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants, or between any of the experts themselves;

        ii.    any form of communication or work product shared between an expert and persons assisting the expert;

        iii.    expert's notes, unless they constitute the only record of a fact or an assumption relied upon by the expert in formulating an opinion in this case;

        iv.    drafts of expert reports, analyses, or other work product; or

        v.    data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 13(b).

        b)    The parties agree that they will disclose the following materials with all expert reports:

i.     a list by Bates number of all documents relied upon by the testifying expert(s);

ii.     copies of any materials relied upon by the expert not previously produced that are not readily available publicly; and

iii.     for any calculations appearing in the report, all data and programs underlying the calculation, including any processed data files relied upon by the expert in forming his or her opinion and all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

11.     Exchange of Lists of Witnesses to Appear at Hearing.

a)     *Preliminary Witness Lists:*  The parties shall exchange preliminary witness lists no later than 11:59 PM Eastern Time two business days after the CMSO is entered.  Defendants shall jointly submit one list.  Preliminary witness lists shall include for each witness (including both fact and expert witnesses):  (a) the witness's name and employer; (b) the name, address, telephone number, and email address of the witness's counsel (or, if not represented by counsel, the witness's address, telephone number, and email address); (c) an indication of whether the witness will offer expert testimony; and (d) a summary of the general topics of each witness's anticipated testimony.  The number of fact witnesses who may be included on any side's preliminary witness list shall not exceed twenty five (25).  The preliminary witness lists shall include only witnesses that a side believes in good faith it will present at the evidentiary hearing live (including remotely if necessary to satisfy COVID-19 protocols).   Defendants reserve all rights to object to Plaintiff's use, in its proposed findings of fact or conclusions of law, of deposition designation testimony (including investigational hearing testimony) of witnesses who were not disclosed on Plaintiff's preliminary or final witness lists.  Plaintiff similarly reserves all rights to admit investigational hearing transcripts and deposition designations regardless of whether those witnesses were included on the Plaintiff's preliminary, supplemental, or final

1  witness lists.

2         b)    *Supplemental Witness Lists:*  Each party shall supplement

3  their witness list to include all expert witnesses that will be or may be submitting an

4  expert report and/or testifying at trial.  With this supplemental witness list, each

5  side shall provide a summary of the general topics of each witness's anticipated

6  testimony on or before 11:59 PM Eastern Time on **May 14, 2021**.

7         c)    *Final Witness Lists:*  Final party and third-party witness

8  lists shall be exchanged on or before 11:59 PM Eastern Time on **July 19, 2021**.

9  Only a witness who appears on either party's preliminary witness list, supplemental

10 witness list, or were otherwise deposed during fact discovery may be included on a

11 party's final witness list.  Final witness lists shall include for each witness

12 (including both fact and expert witnesses): (a) an indication of whether the witness

13 will offer expert testimony; and (b) a summary of the general topics of each

14 witness's anticipated testimony.  No witness shall be permitted at trial unless the

15 opposing side had an opportunity to depose the witness before trial.  Defendants

16 reserve all rights to object to Plaintiff's use, in its proposed findings of fact or

17 conclusions of law, of deposition designation testimony (including investigational

18 hearing testimony) of witnesses who were not disclosed on Plaintiff's preliminary

19 or final witness lists.  Defendants' position is that final witness lists shall also

20 include an indication of whether the witness will testify live (including remotely if

21 necessary to satisfy COVID-19 protocols) or through reading or playing of a

22 deposition at the preliminary injunction evidentiary hearing.  Plaintiff similarly

23 reserves all rights to admit investigational hearing transcripts and deposition

24 designations regardless of whether those witnesses were included on the Plaintiff's

25 preliminary, supplemental, or final witness lists and to rely on those transcripts in

26 the Findings of Fact and Conclusions of Law.

27

28

12. <u>Depositions</u>.

     a)   *Number of Fact Depositions:*

           i.      Each side is entitled to depose any individual who is listed on either side's preliminary, supplemental or final witness lists. In addition, each side is entitled to depose (1) any individual who signed a declaration or letter of support or any third party that is developing or commercializing oncology tests and has signed with Illumina, since September 21, 2020, a (i) supply agreement, amended supply agreement, letter of intent, or open offer containing terms relating to the proposed transaction, or (ii) "standard contract for U.S. oncology customers" on Illumina's website; and (2) any third-party witness who appeared for an investigational hearing taken in the investigation conducted by the FTC. Each witness may only be deposed once in this litigation in their individual capacity unless that witness or third party signs a (1) new declaration or letter of support, or (2) supply agreement, amended supply agreement, letter of intent, or open offer containing terms relating to the proposed transaction, or (3) "standard contract for U.S. oncology customers" on Illumina's website, after they were deposed in this litigation. In that case, the witness may be re-deposed in a deposition of limited duration for the limited purpose of inquiry into that modified agreement or declaration, notwithstanding any other provisions in the CMSO.

           ii.      In addition to those individuals listed under (C.12(a)(i)), each side may take a maximum of fifteen (15) fact depositions of party and third-party witnesses. Plaintiffs may take the deposition of any party witness listed on either side's preliminary witness list as well as no more than five (5) additional depositions of party witnesses.

           iii.      A Rule 30(b)(6) notice counts as no more than one (1) deposition, in the event a party or third party designates multiple individuals in response to a notice. Additional depositions of fact witnesses shall be permitted only by agreement of the parties or by leave of the Court for good cause shown.

The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

b) *Allocation of time:* All depositions, including depositions of fact (including 30(b)(6) witnesses) and expert witnesses, shall last no more than seven (7) hours on the record. For the avoidance of doubt, a single 30(b)(6) notice entitles the serving side a maximum of seven (7) hours of testimony on the record on the topics in the notice, regardless of whether multiple witnesses are designated to respond to those topics. If both Plaintiff and Defendants notice any third-party deposition, they shall allocate the time evenly between them. If both Plaintiff and Defendants notice any third-party fact deposition, the deposition shall count against each side's respective deposition totals. Unused time in any side's allocation of deposition time shall not transfer to the other party. The parties anticipate reaching a separate protocol governing remote depositions. For party witnesses or third-party witnesses retained by any party (*e.g.*, as a consultant, agent, contractor, or representative) in connection with the proposed transaction, or any former employees of any party, the other side will have the opportunity to use up to seven (7) hours for the deposition, consistent with the restrictions on 30(b)(6) depositions described in this section.

c) *Notice:* The parties may not serve a deposition notice with fewer than seven (7) calendar days' notice. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule. If a party serves a non-party with a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) calendar days after the

original return date for the document subpoena.  No notice for a deposition of a fact witness shall issue after **May 7, 2021**, except that deposition notices of witnesses who sign, after May 7, 2021, (1) a declaration or letter of support, (2) a new supply agreement, amended supply agreement, letter of intent, or open offer containing terms relating to the proposed transaction, or (3) a "standard contract for U.S. oncology customers" on Illumina's website, may be served anytime within five (5) calendar days of the declaration, letter of support, supply agreement, amendment, letter of intent or contract being provided to the opposing party.  The parties agree to make good-faith efforts to schedule all third-party depositions by the close of fact discovery.  If a third-party deposition is properly noticed pursuant to the above but the third party's schedule cannot accommodate a deposition before the end of fact discovery, a later deposition may occur at the agreement of both sides.  No party may unreasonably withhold agreement.

13.    Expert Depositions.  A single seven (7) hour (on the record) deposition of each expert shall be allowed.  Expert depositions must be conducted between **July 12** and **July 16, 2021**.

14.    Discovery Uses.  All discovery taken in the above-captioned litigation can be used in connection with the Part 3 administrative proceeding (FTC Docket No. 9401).  Only discovery obtained by a party in the Part 3 administrative proceeding before the close of fact discovery in this proceeding may be used as part of this litigation, except by agreement of the parties or by leave of the Court for good cause shown.

**D.    MOTIONS AND BRIEFING SCHEDULE.**

15.    Plaintiff will file its memorandum in support of its motion for a preliminary injunction by **June 18, 2021**.  This brief shall not exceed forty-five (45) pages.

16.    Defendants will file their opposition to Plaintiff's motion for a preliminary injunction by **July 12, 2021**.  This brief shall not exceed forty-five (45)

1   pages.

2         17.    Plaintiff will file its reply memorandum in further support of its

3   motion for a preliminary injunction by **July 20, 2021**.  This brief shall not exceed

4   twenty-five (25) pages.

5         18.    Any motions *in limine*, including any *Daubert* motions, shall be

6   filed by **July 21, 2021**.  Responses to motions *in limine* shall be filed by **July 23,**

7   **2021**.

8         19.    The parties' proposed findings of fact and conclusions of law

9   shall be filed within ten (10) calendar days after the close of the evidentiary

10  hearing.

11      **E.**    **PRELIMINARY INJUNCTION EVIDENTIARY HEARING.**

12        20.    The evidentiary hearing on Plaintiff's motion for a preliminary

13  injunction will begin on **August 9, 2021**.  Given disagreement between the Plaintiff

14  and Defendants regarding the scope of evidence to be admitted in this preliminary

15  injunction proceeding, the parties will meet and confer after the close of fact

16  discovery and will make a joint proposal to the Court on **June 21, 2021** regarding

17  (1) whether all witnesses for whom either party will move to admit deposition

18  transcripts or investigational hearing transcripts need to be included on the

19  preliminary, supplemental and/or the final witness list; (2) the number of witnesses

20  that shall be included on the final witness list; and (3) whether deposition or

21  investigational hearing testimony can be admitted for someone on the final witness

22  list if that person testifies live at the preliminary injunction hearing; and (4) how

23  much time each side will have to present its case, including opening statements and

24  closing statements.  Examination time will count against the side conducting the

25  examination of the witness.  Plaintiff may reserve a portion of its time for rebuttal.

26      **F.**    **OTHER MATTERS.**

27        21.    <u>Service</u>.  Service of any documents not filed via ECF, including

28  discovery requests, notice of Rule 45 subpoenas for testimony or documents, expert

disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be served by electronic mail to the following individuals designated by each party:

        22.    <u>For Plaintiff</u>:

                To the FTC:    William Cooke
                                       Sadie Goering
                                       Matthew Joseph
                                       Stephen Mohr
                                       Susan Musser
                                         Sarah Wohl
                                       Nicholas Widnell
                                       Hana Verwilt

                <u>For Defendants</u>:

                For Illumina:   Sharonmoyee Goswami
                                       Jesse Weiss
                                       Michael Zaken
                                       Illumina Trial Team (list serv)
                                       Cravath, Swaine & Moore LLP
                                       825 Eighth Avenue
                                       New York, NY 10019

                For GRAIL:     Marguerite Sullivan
                                         Anna Rathbun
                                       Latham Antitrust Team (list serv)
                                       Latham & Watkins LLP
                                       555 Eleventh Street, NW
                                       Suite 1000
                                       Washington, D.C. 20004

        In the event that any documents are too voluminous for electronic mail, the parties may serve an electronic version of the papers on opposing counsel via an electronic file transfer platform. The serving party will telephone or email the other side's principal designee when the materials are sent to alert them that the materials are being served. Service of court filings by 11:59 PM Eastern Time shall be considered to have been filed on that day. For purposes of

-12-

this provision, service of all other correspondence, discovery requests, witness lists, exhibit lists, objections, expert reports, and productions from parties and third parties by 11:59 PM Eastern Time shall be considered served on that day.

23. <u>Nationwide Service of Process</u>. Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a deposition taken in this action.

24. <u>Third-Party Confidential Information</u>. The Protective Order entered by the Court on April 1, 2021 shall govern discovery and production of Confidential Information. Any party serving discovery requests, notices, or subpoenas sent to a non-party shall provide the non-party with a copy of the Protective Order.

25. <u>Privilege Logs</u>. The parties agree to suspend the obligations of Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of privileged materials withheld from discovery taken in this action (excluding Defendants' productions made during the course of the FTC's pre-complaint investigation). Notwithstanding the foregoing, the parties shall log withheld materials that are: (1) authored by, addressed to, or received from any non-party; (2) internal to a party that are not authored by, sent to, or received from the party's attorneys; (3) authored by, addressed to, or received from any party executive who serves both in-house business and legal roles; and (4) authored by, addressed to, or received from any executive who has a law degree, even if the executive is not a practicing attorney. For purposes of this Paragraph, a "non-party" excludes a party's retained expert and employees of such expert within the meaning of Federal Rule of Civil Procedure

26(b) and/or Federal Rule of Evidence 702. The parties shall maintain all documents responsive to a discovery request that they withhold pursuant to a claim of privilege or protection. The FTC agrees to log any external communication withheld due to deliberative process privilege. This Paragraph shall not alter either Party's right to challenge any privilege claims made by either Party, including, but not limited to, any deliberative process privilege claim.

26.     <u>Electronically Stored Information</u>.  The parties agree as follows regarding the preservation and production of electronically stored information ("ESI"):

a)      All parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case.  In addition, the parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

b)      All parties will request ESI in the form or forms that facilitate efficient review of ESI.  In general, the parties will produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation.

27.     <u>Evidentiary Presumptions</u>.

a)      Documents produced by non-parties from the non-parties' files shall be presumed to be authentic.  Any good-faith objection to a document's admissibility must be provided with the exchange of other objections to trial exhibits.  If a party serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. The Court will resolve any objections that are not resolved through this means or through the discovery process.

b)      All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's pre-

complaint investigation of the proposed acquisition, FTC File No. 2021-0063, or any prior FTC investigation, are presumed to be authentic. If a party serves a specific good-faith written objection to any such document's authenticity, the parties will promptly meet and confer to attempt to resolve any objection. The Court will resolve any objections that are not resolved through this means or through the discovery process.

28. <u>Modification of Case Management and Scheduling Order</u>. Any party may seek modification of this Order for good cause.

29. <u>Statements Regarding Local Rules 16.1 and 16.3</u>. The parties do not consent to assignment of this case to a magistrate judge for all purposes, including trial. The parties are amenable to settling this case but, despite their pre-Complaint efforts, have not been able to resolve their different views on the likely effects of the proposed merger. Presently, the parties do not believe that the case would benefit from the Court's alternative dispute resolution procedures.

30. <u>Exhibit Lists</u>. The parties shall exchange exhibit lists on or before **July 16, 2021**. Objections shall be filed on or before **July 21, 2021**. The parties will file their final exhibit lists with the Court on or before **July 23, 2021**.

31. <u>Fact Witness Deposition/Investigational Hearing Designations</u>. The parties shall exchange affirmative fact witness deposition or investigational hearing designations on or before **July 12, 2021**. Fact witness deposition or investigational hearing counter-designations and objections to affirmative fact witness deposition designations shall be exchanged on or before **July 16, 2021**. Objections to fact witness deposition or investigational hearing counter-designations shall be exchanged on or before **July 21, 2021**. Defendants reserve all rights to object to designations that are in contravention of the Federal Rules of Evidence. Defendants reserve all rights to object to Plaintiff's use, in its proposed findings of fact or conclusions of law, of deposition designation testimony (including investigational hearing testimony) of witnesses who were not disclosed

on Plaintiff's preliminary or final witness lists.  Plaintiff similarly reserves all rights to admit investigational hearing transcripts and deposition designations regardless of whether those witnesses were included on the Plaintiff's preliminary, supplemental, or final witness lists and to rely on those transcripts in the Findings of Fact and Conclusions of Law.  Plaintiff also reserves all right to argue for designations consistent with the 16 C.F.R. § 3 and federal case law.

32.     Federal Rule of Civil Procedure 6(a)(1)(C) is to be applied when computing the deadlines in this Order.

It is **SO ORDERED.**

Dated:  April 26, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge

-16-

# OVERVIEW OF SCHEDULE

| Event | Date(s) |
|---|---|
| Exchange of Preliminary Witness Lists, including Expert Witnesses | Two days post-entry of CMSO by Court |
| Deadline to serve Written Discovery to Parties | April 28, 2021 |
| Deadline to serve Written Discovery to Third Parties | May 7, 2021 |
| Deadline to serve Deposition Notices for Fact Witnesses | May 7, 2021 |
| Exchange of Supplemental Witness Lists | May 14, 2021 |
| Close of Fact Discovery | June 4, 2021 |
| Plaintiff's Expert Report(s) due | June 8, 2021 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | June 18, 2021 |
| Joint Proposal Regarding Designation of Fact Witness Testimony and Final Witness Lists | June 21, 2021 |
| Defendants' Expert Report(s) due | June 29, 2021 |
| Plaintiffs' Rebuttal Expert Report(s) due | July 9, 2021 |
| Exchange of Affirmative Fact Witness Designations | July 12, 2021 |
| Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction | July 12, 2021 |
| Close of Expert Discovery | July 16, 2021 |
| Exchange of Exhibit Lists | July 16, 2021 |
| Exchange of Fact Witness Counter-Designations and Objections to Affirmative Fact Witness Designations | July 16, 2021 |
| Exchange of Final Witness Lists, including Expert Witnesses | July 19, 2021 |
| Plaintiff's Reply Brief in Further Support of Motion for Preliminary Injunction | July 20, 2021 |
| Last day for Motions In Limine to be filed | July 21, 2021 |
| Exchange of Objections to Fact Witness Counter-Designations | July 21, 2021 |
| Objections to Exhibit Lists | July 21, 2021 |
| Final Exhibit Lists due | July 23, 2021 |
| Last day for Responses to Motions In Limine to be filed | July 23, 2021 |
| Pre-Hearing Conference | TBD |
| Evidentiary Hearing begins | August 9, 2021 |
| Proposed Findings of Fact and Conclusions of Law | 10 days after the close of the Hearing |

3:21-cv-00800-CAB-BGS

# Exhibit P

**FILED**

**JUL - 6 2011**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

---

UNITED STATES OF AMERICA,

              *Plaintiff*,

    v.

H&R BLOCK, INC.;
2SS HOLDINGS, INC.; and
TA IX L.P.,

              *Defendants*.

---

Civil Action No. 11-00948 (BAH)
Judge Beryl A. Howell

## ~~PROPOSED~~ JOINT SCHEDULING AND CASE MANAGEMENT ORDER

In accordance with Rules 16 and 26 of the Federal Rules of Civil Procedure, Rule 16 of

the Local Rules of the United States District Court for the District of Columbia, this Court's

Standing Order for Civil Cases, this Court's June 30, 2011 Minute Order, and all other applicable

rules, the Court hereby ORDERS as follows:

### I.    PLEADING AND MOTIONS BRIEFING

1.    Plaintiff having filed its complaint on May 23, 2011, Defendants shall file their

Answers the first business day after this Order is entered.  Plaintiff shall file its motion for a

preliminary injunction and supporting papers (consistent with LCvR 65.1(c)) by no later than

August 1, 2011.  Defendants shall file their Oppositions to Plaintiff's motion for a

preliminary injunction and supporting papers (consistent with LCvR 65.1(c)) by no later than

August 12, 2011.  Plaintiff shall file its reply papers by no later than August 18, 2011.

Plaintiff's reply papers may present any documentary factual information discovered by

Plaintiff after July 18, 2011 and any testimonial factual information discovered after July 26,

2011.  Plaintiff and Defendants shall file, on August 18, 2011, their respective Pretrial

Statements, which are to conform, as much as applicable, to LCvR 16.5. Pretrial Statements need not include materials and information covered by LCvR 16.5(b)(iv), (v) and (vi) as those items are anticipated elsewhere in this Order. Consistent with the provisions in Part III of this Proposed Joint Scheduling and Case Management Order, any declarations submitted in support of the preliminary injunction motion or oppositions to the motion will be considered by the Court in ruling on the motion.

## II.   INITIAL DISCLOSURES

2.    In lieu of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), the parties have provided disclosures as follows under the terms and conditions set forth below:

(a) Plaintiff's Initial Disclosures:

      i.   Plaintiff produced to Defendants all correspondence, documents, data, oral examination transcripts, depositions or any other materials and statements, and executed declarations and affidavits, whether in hard-copy or electronic form, exchanged between Plaintiff (including Plaintiff's counsel) and any non-party (including the non-party's counsel) in anticipation of or in the course of Plaintiff's investigation, which means the Department of Justice's inquiry into the proposed acquisition of 2SS Holdings Inc. by H&R Block, Inc. (collectively, "Investigation Materials"). Plaintiff produced these Investigation Materials regardless of whether those materials were received informally or through compulsory process, such as a subpoena or a Civil Investigative Demand. Plaintiff was not required to produce back to Defendants documents or other written materials originally received from Defendants or provided by the

- 2 -

Department of Justice to the Defendants during the investigation, transcripts of depositions of Defendants' employees or representatives that the Department of Justice authorized to be released to the Defendants, communications between counsel for Defendants and counsel for the United States, and documents that were not directly or indirectly furnished to any third party, such as internal memoranda authored by counsel for the United States. This Paragraph shall not be construed as requiring the production of Plaintiff's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or material subject to the deliberative process or any other governmental privilege.

ii. The disclosures set forth in Paragraph 1(a) were to be made on a rolling basis, and were completed within fourteen (14) calendar days from the entry of the Protective Order, *i.e.*, June 29, 2011. In order to avoid unnecessary delay incurred in the encryption of Plaintiff's production, Defendants picked up all of Plaintiff's electronic document productions at Plaintiff's offices in Washington, D.C.

(b) <u>Defendants' Initial Disclosures</u>:

i. Defendants produced to Plaintiff copies of all correspondence, documents, data, oral examination transcripts, depositions or any other materials and statements, and executed declarations and affidavits, whether in hard-copy or electronic form, exchanged between any Defendant (including Defendants' counsel) and any non-party (including the non-party's

- 3 -

counsel) in anticipation of, in the course of responding to, or otherwise relating to, Plaintiff's investigation. Defendants were not required to produce back to Plaintiff documents or other written materials originally received from Plaintiff or documents or other written materials already provided to Plaintiff, communications between counsel for the Defendants and counsel for the Plaintiff relating to the Department of Justice's investigation or challenge of the proposed transaction, and documents that were not directly or indirectly furnished to any third party, such as internal memoranda authored by counsel for the Defendants. This Paragraph shall not be construed as requiring the production of Defendants' attorney work product, confidential attorney-client communications, privileged joint defense communications, or communications with or information provided to any potentially or actually retained expert.

ii. The disclosures set forth in Paragraph 1(b) were to be made on a rolling basis, and were completed within fourteen (14) calendar days from the entry of the Protective Order, *i.e.*, June 29, 2011.

## III. WITNESS LISTS

3. On July 8, Plaintiff and Defendants shall exchange their initial lists of fact witnesses. Each list may contain no more than ten (10) fact witnesses that the side providing the list believes may testify on its behalf, live or in deposition. By no later than July 22, Plaintiff and Defendants may supplement their respective lists by no more than five (5) additional fact witnesses. For each new witness, the side adding the witness shall explain, in writing, why that witness was not on the initial witness list. Other than declarations of

- 4 -

counsel, any declaration that Plaintiff intends to submit in support of its Motion for a Preliminary Injunction or Reply, or that Defendants intend to submit in support of their Opposition to the Preliminary Injunction, must be provided to the other side by no later than July 8, 2011, unless the declaration has not, in good faith, been executed by that date, in which case it must be provided to the other side by no later than July 15, 2011. In the event a party intends to submit a declaration on July 15, 2011, that party must give notice to the other side by no later than July 8, 2011 of that anticipated declaration. Non-counsel declarations that are not exchanged in accordance with the preceding sentences will not be considered by the Court in ruling on the Motion for a Preliminary Injunction. In Defendants' Opposition to the Preliminary Injunction, Defendants may aver to testimony they anticipate a witness will provide at the hearing. In Plaintiff's Reply thereto, Plaintiff may aver to testimony it anticipates a witness will provide at the hearing.

4.     On August 15, Plaintiff and Defendants will exchange final witness lists for their cases-in-chief. Each list may include any fact witness that was on either side's July 8th or July 22nd list, except that neither the Plaintiff's nor the Defendants' final witness list for their case in chief may contain more than eight (8) fact witnesses and four (4) expert witnesses.

5.     On August 17, Plaintiff will disclose to Defendants the witnesses that it plans to call on rebuttal (if any), or if good cause exists for Plaintiff not to disclose its rebuttal witnesses on August 17, the witnesses must be disclosed as soon after August 17 as is possible, including the use of after-hours service. Plaintiff will explain, in writing, with its disclosure why any rebuttal fact witness was not on the final fact witness list. Any fact rebuttal witness must have already been deposed, have been on a parties' July 8th or July 22nd witness lists, or have been identified to Defendants prior to the exchange of final witness lists

- 5 -

on August 15, unless good cause exists to excuse non-compliance with the foregoing requirements. Defendants will have a reasonable opportunity to depose any rebuttal witnesses that have not already been deposed and that were not listed on a party's July 8th or July 22nd witness lists at least one (1) business day before cross examination. Plaintiff may not call more than two (2) rebuttal fact witnesses and two (2) rebuttal expert witnesses.

6.      On August 30, 2011, the Parties will exchange and provide to the Court the schedule of witnesses to be called by each Party.

## IV.    DISCOVERY PERIOD

7.      The period for fact discovery (other than for purposes of establishing authenticity or admissibility) shall begin after the Court enters this Order and shall be completed by August 10, except for depositions of Plaintiff's rebuttal witnesses that are not on either side's July 8th or July 22nd witness lists and were not already deposed before their identification as rebuttal witnesses.

8.      The service of interrogatories, requests for admission, and document requests to the parties and nonparties shall be completed by July 12.

9.      The period for expert discovery shall begin after the Court enters this Order and shall be completed by August 12, 2011 — except that depositions of experts will commence on August 19 and continue until August 31, 2011, unless otherwise agreed by the parties. The order of depositions will be agreed to between the parties.

## V.    WRITTEN DISCOVERY

10.     Defendants (combined) shall propound no more than fifteen (15) interrogatories on Plaintiff. Of those fifteen (15) interrogatories, no more than twelve (12) may be contention interrogatories. Plaintiff shall propound no more than twenty-five (25)

interrogatories on Defendants. Of those twenty-five (25) interrogatories, no more than twelve (12) may be contention interrogatories. Plaintiff's twenty-five (25) interrogatories may be divided amongst the Defendants as Plaintiff sees fit. Should Plaintiff seek similar or identical company-specific information from both H&R Block and 2SS Holdings/TA, it must use separate interrogatories for both Defendants. The parties' agreement regarding the number of interrogatories and the number of contention interrogatories does not limit their rights to object to any interrogatory on any ground, and does not waive either side's right to argue that contention interrogatories are (or any particular contention interrogatory is) improper or untimely. Objections and responses to interrogatories shall be served within fourteen (14) calendar days of service or entry of this Order, whichever is later, unless otherwise agreed or by leave of court.

11.    Neither Plaintiff nor Defendants (combined) is permitted to serve more than ten (10) requests for admissions. The parties' agreement on requests for admissions does not limit their rights to object to any specific request on any ground. Objections and responses to requests for admission shall be served within fourteen (14) calendar days of service or entry of this Order, whichever is later, unless otherwise agreed or by leave of court.

## VI.    DOCUMENT DISCOVERY

11.    Defendants (combined) may serve no more than fifteen (15) document requests on Plaintiff. Plaintiff may serve no more than twenty-five (25) document requests on Defendants (combined). Plaintiff's twenty-five (25) document requests may be divided amongst the Defendants as Plaintiff sees fit, except that Plaintiff may not serve more than twenty (20) requests on any single Defendant. For calculation purposes, a request to Defendant H&R Block to update its responses to certain document requests that were part of

- 7 -

the Division's November 24, 2010 Request for Additional Information and Documentary Materials shall be considered one (1) request; a request to Defendants 2SS Holdings/TA to update their responses to certain document requests that were part of the Division's November 24, 2010 Request for Additional Information and Documentary Materials shall be considered one (1) request. Inclusion of this explanation for calculation purposes does not limit Defendants' right to object to the Division's respective November 24, 2010 Requests that Plaintiff might seek to have updated. Objections to any document requests shall be served within five (5) business days of service of the document request, and complete responsive productions (subject to any objections that have not been ruled upon) shall be served (1) by Defendants and Plaintiff within 30 calendar days of service and (2) by non-parties within 20 calendar days of service, unless otherwise agreed or by leave of court. Productions by parties and non-parties in response to document requests shall be made on a rolling basis, where practicable. As part of the rolling production, unless good cause is shown, Defendants shall produce no later than July 25 responsive documents for any employee or representative of any Defendant who (1) was not named as a custodian for the purpose of that Defendant's compliance with the requests for additional information issued during Plaintiff's investigation, and (2) is on Defendants' July 8th or July 22nd witness lists. For any document or other discovery requests served prior to the entry of this Order, the timing for objections shall be calculated from the date this Order is entered.

12.    Neither Plaintiff nor Defendants (combined) shall serve more than fifteen (15) document subpoenas, pursuant to Fed R. Civ. P. 45, on non-parties.

13.    Non-parties will be requested to produce materials to both the Plaintiff and Defendants. The party that serves a document subpoena on a non-party pursuant Fed. R. Civ.

- 8 -

P. 45 shall confirm whether the other side received the materials within one (1) business day of knowing receipt. If the non-party did not produce copies to both sides, the serving party will provide a copy of all materials produced to the other side within (1) business day after confirming that the other party did not receive the materials from the non-party. Any party that does not have access to materials provided by a non-party in response to a subpoena issued pursuant to Fed. R. Civ. P. 45 for at least one (1) business day before any deposition in which the materials will be used as exhibits may elect to have the deposition postponed until that party has had access to the materials for at least one (1) business day before the materials will be used as exhibits in any such deposition, unless good cause exists to excuse compliance with this requirement.

14.     If a party provides to a non-party a written explanation, modification or extension of time to respond to a Rule 45 document request, that document and information will be provided to the other parties at the same time it is provided by the party issuing the request. Any oral modifications or extensions of time by a party to a non-party must be conveyed to the other parties as soon as practicable but in any event no later than one (1) business day after such modification or extension is granted.

## VII.     CONFIDENTIAL INFORMATION

15.     Discovery and production of confidential information shall be governed by the Protective Order, a copy of which shall be included with any document requests issued to non-parties.

## VIII.     SERVICE OF PLEADINGS AND DISCOVERY

16.     Plaintiff and Defendants shall serve all pleadings and discovery requests and any related or follow-up correspondence relating to any modifications, extensions, or any other

changes, including Rule 45 subpoenas for documents and/or testimony, (1) on the other parties (to a person, or persons, designated by the other parties) by e-mail (unless the size of the materials makes e-mail impractical, in which case service may be effectuated either by hand or overnight mail), and (2) on the applicable non-parties by hand, e-mail, mail or facsimile. The parties shall serve each other with copies of all such materials (including but not limited to every third-party subpoena for documents and/or testimony) as soon after they are served as is practical but in no event later than one (1) business day after service unless good cause is shown.

## IX.    DEPOSITIONS

17.     Absent good cause shown, depositions shall be limited to no more than four (4) per side, plus declarants, experts, any potential witnesses on the parties' July 8th and July 22nd witness lists, or on the Plaintiff's rebuttal witness list. For purposes of this Order, a deposition of a party or a non-party taken pursuant to Fed. R. Civ. P. 30(b)(6) shall count as one deposition, regardless of how many witnesses are designated for that deposition. Depositions taken for the sole purpose of: (i) establishing the authenticity and/or admissibility of documents; (ii) laying the foundation for a possible objection to a claim of privilege; (iii) ascertaining compliance with a subpoena; and (iv) laying the foundation for a possible motion to compel, shall not count against the limit of four (4) depositions. Investigative depositions taken during the investigation of the Proposed Acquisition do not count towards the limit of four (4) depositions. Plaintiff may further depose party witnesses whose investigative depositions were taken during the Investigation.

18.     In accordance with Fed. R. Civ. P. 30(d)(2), all pre-hearing depositions are limited to one day in length (maximum of seven (7) hours of examination), unless the witness

and the parties all consent to a longer examination. For depositions of individuals who are declarants or on any witness list, the noticing party shall be entitled to five (5) hours as well as any additional time not used by the opposing party. For depositions of individuals who are not declarants or on any witness list, the noticing party shall be entitled to four (4) hours as well as any additional time not used by the opposing party. If the opposing party requests more than the allotted time, the noticing party will make a reasonable effort to provide additional time, and the opposing party may also notice its own deposition, if the deponent is a declarant or on a witness list, or by using one of its own four (4) additional depositions. All fact depositions, except for depositions of Plaintiff's rebuttal fact witnesses as set forth in Paragraph 5, must be completed by August 12 unless agreed by the parties or by order of this Court.

## X.    EXPERT WITNESS REPORTS AND DEPOSITIONS

19.    Plaintiff's initial expert reports shall be served on Defendants no later than July 25, but Plaintiff shall identify its principal economic expert witness no later than July 18.

20.    Defendants' expert reports shall be served on Plaintiff no later than August 12, but Defendants shall identify their principal economic expert witness no later than August 1.

21.    Plaintiff shall serve any supplemental or rebuttal expert reports on Defendants no later than August 18. Any supplemental reports served by Plaintiff may only address information that was unavailable prior to July 18. Any rebuttal reports served by Plaintiff may only rebut information contained in Defendants' expert reports.

22.    Each party's expert reports shall conform to Fed. R. Civ. P. 26(a)(2). The expert reports shall contain all opinions held by the expert as of that date. The parties agree that the

- 11 -

following materials are not subject to discovery, unless the materials were relied upon by an expert or were a basis for an expert's opinion:

    a.   Any form of oral or written communications or correspondence between any party's counsel and its experts, between testifying and non-testifying experts, or between testifying experts;

    b.   Expert's notes;

    c.   Drafts of expert reports; and

    d.   Data formulations, data runs, or any database-related operations not relied upon by an expert in his or her final report.

## XI.    DEPOSITION DESIGNATIONS

23.    The parties shall exchange designations of deposition testimony to be offered at the hearing no later than August 13 (unless otherwise agreed by the parties), including any proposed redactions for public versions of designated testimony. Each party must provide objections, including objections to proposed redactions, and counter-designations and counter-redactions to designated deposition testimony no later than August 16. The parties will promptly meet and confer to attempt to resolve any disputes. Any disputes that are not resolved through this means or the discovery process will be resolved by the Court.

## XII.    EXHIBITS AND EXHIBIT LISTS

24.    No later than August 13 (unless otherwise agreed by the parties), the parties will exchange numbered sets of all exhibits that the parties anticipate introducing in their cases in chief, including proposed redacted, public versions of exhibits. The parties will exchange any objections to the exhibits, or proposed redactions, and counter-redactions to be offered by the other side no later than August 16. Exhibit lists need not include exhibits used solely

for purposes of cross-examination. All exhibits, objections and redactions are due by August 18, 2011. The parties will promptly meet and confer to attempt to resolve any disputes. Any disputes that are not resolved through this means or the discovery process will be resolved by the Court.

25. On August 18, Plaintiff will provide Defendants with the exhibits that the Plaintiff anticipates introducing in rebuttal, including proposed redacted, public versions of exhibits. Defendants will provide Plaintiff with any objections to those rebuttal exhibits, or proposed redactions, and counter-redactions on August 22. Plaintiff's rebuttal exhibit lists need not include exhibits used solely for purposes of cross-examination. The parties will promptly meet and confer to attempt to resolve any disputes. Any disputes that are not resolved through this means or the discovery process will be resolved by the Court.

26. Demonstrative exhibits need not be included in the exhibit list, but before any such exhibit may be introduced, or otherwise used, at the hearing, it must be served on all counsel at least two (2) business days before any such use, except that, if good cause exists for not providing two (2) business days advance notice, the exhibit must be served as close to two (2) business days in advance of its use as is possible, including the use of after-hours service. Demonstrative exhibits to be used by experts that are properly disclosed pursuant to Section X of this Order may be slightly revised before use, provided that the revised version is served on the opposing party at least two (2) business days before any such exhibit may be introduced, or otherwise used, at the hearing, except that, if good cause exists for not providing two (2) business days advance notice, the revised version must be served as close to two (2) business days in advance of its use as is possible, including the use of after-hours service.

- 13 -

## XIII. USE OF GOVERNMENT'S INVESTIGATIVE ORAL EXAMINATION TRANSCRIPTS OF PARTY WITNESSES

27. Defendants will not object on hearsay grounds to the admissibility of transcripts of oral examinations of individuals who were employees or other representatives of a party when examined, that were conducted by the Plaintiff during Plaintiff's investigation of the transaction underlying this action. Proffered testimony must be identified by line and page number at the same time and in the same manner as deposition designations. If Plaintiff offers investigative deposition testimony at trial, and the Defendants were not permitted to defend the deposition, these witnesses may be called at trial for purposes of cross-examination and re-direct.

## XIV. NATIONWIDE SERVICE OF SUBPOENAS

28. Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties are permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other district requiring witnesses to appear in this Court. The availability of nationwide service of process, however, does not make a witness that is otherwise "unavailable" for purposes of Fed. R. Civ. P. 32 and Fed. R. Evid. 804, available under those rules.

## XV. CONSUMMATION OF THE TRANSACTION

29. The Defendants shall not consummate the proposed transaction for at least five (5) business days following a final order by this Court on Plaintiff's motion for a preliminary injunction, unless Plaintiff consents otherwise.

## XVI. EVIDENTIARY PRESUMPTIONS

30. Documents produced by any party or nonparty from its own files shall be presumed to be authentic and business records within the meaning of Fed. R. Evid. 901 and

803(6). Any good faith objection to a document's authenticity must be provided at the same time as other objections to intended trial exhibits. If the opposing side serves a specific good faith written objection to the document's authenticity or its status as a business record, the above presumption will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

## XVII.  PREHEARING MOTIONS

31.     Prehearing motions not otherwise covered in this Order shall be filed no later than August 12, and any oppositions to prehearing motions shall be filed no later than August 18 except that pre-hearing motions concerning Defendants' experts will be due by August 19 and pre-hearing motions concerning Plaintiff's rebuttal experts will be due on August 25. Oppositions to any such motions will be due within three (3) business days.

## XVIII.     PREHEARING CONFERENCE

32.     On September 2, 2011, the Court shall hold a Prehearing Conference at which time the Court may rule on prehearing motions and resolve any outstanding disputes regarding the admissibility of exhibits at the Preliminary Injunction Hearing, and the submission of exhibits under seal (and the submission of associated, redacted, public exhibits).

## XIX.  HEARING

33.     The hearing on Plaintiff's preliminary injunction motion shall begin on September 6. By no later than July 22, 2011, the parties will exchange their respective positions on the proposed length of the evidentiary hearing and will present the Court with a joint submission on this issue no later than July 29, 2011 — unless the Court Orders otherwise.

- 15 -

## XX.   MODIFICATION OF THIS ORDER

34.     This Order shall control the subsequent course of this action, unless modified by agreement of the parties and approved by the Court or modified by the Court for good cause shown.  The parties reserve the right to petition the Court for relief from any provision of this Order.


**SO ORDERED:**

Dated this ____ day of July 2011.


_____
Judge Beryl A. Howell
United States District Court for the
District of Columbia

# Exhibit Q

**Al Pfeiffer**
Direct Dial: +1.415.395.8898
al.pfeiffer@lw.com

# LATHAM&WATKINS LLP

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |

August 28, 2024

Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

> RE:  ***FTC v. Tapestry, Inc.*, No. 1:24-cv-03109-JLR: Defendants' Motion For Conference Seeking Guidance On The Admissibility Of Undesignated Transcripts And Documents Without Sponsoring Witnesses**

Dear Judge Rochon:

We write on behalf of Defendants Tapestry, Inc. and Capri Holdings Limited to respectfully request a conference regarding the scope of evidentiary materials that the Court will permit as exhibits in this matter. Specifically, Defendants seek guidance from the Court on (1) whether transcripts that are not designated as hearing testimony will be admissible, and (2) whether exhibits that are not admitted through a sponsoring hearing witness will be admissible. Defendants believe it would promote administrative efficiency, fair play under the Case Management & Scheduling Order ("CMSO"), ECF 71, and an informed review of the evidentiary record if the answers to both questions above were "no." Because Plaintiff has made clear that it intends to move for the admission of both categories of evidence described, and because the Court's preferences on this issue affect how the parties will prepare and present their cases, Defendants seek guidance on these questions at a conference at the Court's earliest convenience.

## I.   BACKGROUND

On April 29, 2024, the parties appeared before the Court to discuss the procedure that would govern the September 9, 2024 evidentiary hearing. During that initial conference, the Court stated that "it might be helpful to hear the direct[ examinations] in this case instead of having them by affidavit," and that "presenting the witnesses to the Court" would be the "better process for this particular procedure." Ex. 1, Apr. 29, 2024 Hg. Tr. 9:7-9, 19:18-21. All parties agreed to that process of oral witness testimony and stated that they would present their hearing testimony in an allotted 20 hours per side. *Id.* at 8:10-17, 16:14-21. The Court then entered the parties' stipulated CMSO memorializing a limitation of 20 fact witnesses and 20 hours per side, with time spent conducting examinations counting against the side doing the questioning. CMSO ¶¶ B.13(b), D.1.

In the course of discovery, Plaintiff conducted 37 depositions of Defendants' current or former employees, in addition to the 5 "investigative hearings" ("IH") it conducted under its administrative rules before filing this lawsuit. On August 2, 2024, Plaintiff stated that it intended to submit the deposition and IH transcripts as exhibits without designating the testimony to be played in Court and without counting those witnesses against Plaintiff's 20-witness or 20-hour

hearing limit. Defendants objected to that proposal in writing on August 2. On August 15, Plaintiff provided a draft pre-hearing order proposing that expert reports and all evidence filed in pre-hearing submissions "be considered as evidence by this Court, irrespective of its introduction as evidence at the hearing." Ex. 2 at 6, Aug. 15, 2024 email from D. Quinn. For avoidance of doubt, that proposal would include full undesignated transcripts and documents lacking a hearing witness. Defendants objected to that language, and it was not included in the Stipulated Pre-Hearing Order. ECF 172. However, Plaintiff maintained that the "Court can and should consider that evidence," and that the FTC "reserve[s] all rights to seek to move in this evidence before the Court closes the final record." Ex. 3 at 7, Aug. 25, 2024 email from D. Quinn. And on August 27, Plaintiff again refused to commit not to move for the admission of full undesignated transcripts and documents that are not introduced through a sponsoring hearing witness. *Id.* at 5-6. At the same time that Plaintiff is seeking to admit paper records of non-hearing testimony and documents, it has moved to exclude actual hearing testimony from two knowledgeable industry experts. *See* ECF 170, 175.

## II. DEFENDANTS' POSITION

For the sake of administrative efficiency, compliance with the CMSO, and to ensure the Court receives reliable interpretations of evidence, Defendants' position is that witness testimony should be presented through in-hearing testimony—live or by designated deposition—and exhibits should have sponsoring witnesses. Defendants address both points below.

From the outset of this case, Defendants conducted discovery in good faith based on the 20-hour and 20-witness procedure the parties agreed to in the CMSO and at the Initial Status Conference. It would completely undermine that procedure to permit the wholesale submission of deposition and IH transcripts as exhibits, as Plaintiff has proposed. Plaintiff has included *54* transcripts from 47 witnesses on its exhibit list, *20* of whom do not appear on either side's witness list. *See* Ex. 4 (summarizing Plaintiff's transcript exhibits). Plaintiff would effectively more than double its agreed-upon allotment of fact witnesses and time if the Court were to admit these nearly 12,000 pages and more than 70 hours of testimony. This violates the CMSO, runs counter to the Court's stated preference for oral testimony, and is unfair to Defendants, who—since the start of this case—have understood that the Court would hear testimony from 20 witnesses per side who would all be subject to robust direct and cross-examination.

As to exhibits, Plaintiff has repeatedly presented interpretations of documents to the Court that (1) the evidentiary record does not support, or (2) the evidentiary record directly refutes. This type of attorney mischaracterization is a known risk with exhibits being presented without a witness. This risk applies to evidentiary proceedings of all types, including federal merger challenges. For example, in *United States v. AT&T*, the court "instructed the parties to introduce documents through sponsoring witnesses" because "[w]itnesses would be able to contextualize and explain the . . . documents at issue, which might otherwise be misunderstood or selectively cited in post-trial briefs." 310 F. Supp. 3d 161, 186-87 (D.D.C. 2018). And in *United States v. UnitedHealth*, the government moved to preclude third-party documents without sponsoring witnesses, arguing that "the Court will not be able to hear from anyone with personal knowledge about these documents to explain their relevance to this case." Ex. 5 at 1, Pls.' Mot., *UnitedHealth*, No. 22-cv-0481 (D.D.C. 2022). The same concerns apply here. Documents should be admitted through knowledgeable witnesses, not through attorney argument.

In addition to promoting a more fair and reasoned evidentiary-hearing process, following the processes courts applied in these cases will have the added benefit of facilitating a faster resolution of this matter. From the start of this case, the Court has correctly acknowledged that time is of the essence, and set a discovery and pre-trial schedule accordingly. It would burden the Court and slow down that process on the back end to introduce nearly 12,000 transcript pages and untold numbers of exhibits devoid of any witness testimony for context.

## III.   PLAINTIFF'S POSITION IS INEFFICIENT AND UNDULY PREJUDICIAL

In correspondence, Plaintiff has opposed Defendants' positions by arguing that (1) hearsay (like the transcripts) is admissible in evidentiary hearings, and (2) the FTC Part 3 evidentiary standards (or lack thereof) should apply in this hearing. Neither argument has merit.

First, regardless of whether hearsay testimony *may* be admissible in a preliminary injunction hearing, "motions for preliminary injunctions should not be resolved on the basis of [witness] affidavits which evince disputed issues of fact," because that puts the court in a position of "merely showing a preference for 'one piece of paper to another.'" *Forts v. Ward*, 566 F.2d 849, 851-52 (2d Cir. 1977) (quotation omitted). Instead, when the preliminary injunction proceeding requires "[r]esolution of [ ] factual questions, most of which present credibility issues," then "cross-examination and the opportunity to observe the witnesses' demeanor on the stand, is essential." *Id.* at 854; *Espiritu Santo Holdings v. L1bero Partners*, 789 F. App'x 288, 289 (2d Cir. 2020) ("[W]hen a factual issue is disputed, oral testimony is preferable to affidavits."). These principles reflect the importance of hearing both sides of a witness's testimony, which will not come across in deposition transcripts where Plaintiff was the questioner 95% of the time or more. Further, the transcripts are riddled with improper questions to which Defendants objected, but which objections would not be resolved if Plaintiff submits entire transcripts as exhibits. In the IHs the FTC conducted before filing this lawsuit, Defendants did not even have the full right to object, cross-examine, or attend the IHs of the other's employees. Moreover, in this case, all parties and the Court agreed to a hearing of oral testimony of 20 hours and 20 fact witnesses.

Second, the fact that an administrative Part 3 hearing has extremely loose evidentiary standards (if any) should not alter the procedures used in this proceeding. The constitutionality of the FTC's administrative proceedings is currently in question, with the Supreme Court expressing "grave doubts about the[ir] constitutional propriety." *Axon Enter. v. FTC*, 598 U.S. 175, 196 (2023) (Thomas, J., concurring); *see also* Ex. 6, Compl. ¶ 55, *Kroger Co. v. FTC*, No. 24-cv-438 (S.D. Ohio Aug. 19, 2024) (challenging FTC administrative proceeding as "unlawful and unconstitutional"); *see also Axon Enter. v. FTC*, 986 F.3d 1173, 1192 (9th Cir. 2021) ("[T]he FTC's administrative hearings do not trigger the protections of the Federal Rules of Civil Procedure or Evidence."), *rev'd and remanded on other grounds*, 598 U.S. 175 (2023).

\*       \*       \*

Defendants are confident in the evidentiary record and look forward to presenting their case at the hearing. To facilitate an efficient hearing process and resolution, Defendants request that the Court clarify at a conference (1) whether transcripts that are not being designated as trial testimony will be admissible; and (2) whether exhibits that lack a sponsoring witness will be admissible. Defendants contend that the answer to both question should be "no."

LATHAM & WATKINS LLP

Respectfully submitted,

/s/ Alfred C. Pfeiffer
Alfred C. Pfeiffer (admitted *pro hac vice*)
of LATHAM & WATKINS LLP

*Counsel for Defendant Tapestry, Inc.*


/s/ Jonathan M. Moses
Jonathan M. Moses[1]
of WACHTELL, LIPTON, ROSEN & KATZ

*Counsel for Capri Holdings Limited*


CC:
- All Counsel of Record (via ECF)

Enclosures:
- Ex. 1: Apr. 29, 2024 Initial Status Conference Transcript
- Ex. 2: Aug. 15, 2024 email from D. Quinn with attachment
- Ex. 3: Aug. 27, 2024 email from D. Quinn
- Ex. 4: Summary of Deposition Transcripts on Plaintiff's Exhibit List
- Ex. 5: Pls.' Mot. in Limine, United States v. UnitedHealth Grp., Inc., No. 22-cv-0481 (D.D.C. July 13, 2022), ECF No. 75
- Ex. 6: Compl., The Kroger Co. v. FTC, No. 24-cv-438 (S.D. Ohio Aug. 19, 2024)

Defendants' request for a conference is DENIED. No motions in limine to exclude evidence were filed by Defendants. The Court will hold a video case management conference on September 6, 2024 to discuss the parties' joint September 4, 2024 submission and the *Daubert* motions. At that time, the Court can discuss with the parties the matters raised in Defendants' August 28, 2024 letter more fully. But in order to provide guidance now for purposes of hearing preparation, the Court will not exclude all deposition and IH transcripts that are not presented at the hearing. The Court's decision to forego a bench trial practice of direct examination of witnesses by affidavits pursuant to the Court's Individual Rule 5.C.iv (and live cross) is inconsequential. Out of court sworn testimony such as depositions may be submitted through designations and counter-designations, given that they are likely admissible under Federal Rule of Evidence 801(d)(2) and Federal Rule of Civil Procedure 32. In any event, the Court may receive hearsay during a preliminary injunction hearing. *See Mullins v. City of New York*, 626 F.3d 47, 51-52 (2d Cir. 2010). And Defendants either cross examined the witnesses or had the opportunity to do so. With respect to documents, in its August 30, 2024 letter, the FTC has represented that it does not intend to move in all documents on its exhibit list. The Court will address any document issues as they are presented and certainly sophisticated counsel here understands that documents that are presented during the hearing, with context, will be more persuasive. The Court does not find persuasive the authority cited by Defendants in its August 28 letter, especially since much of it does not deal with preliminary injunction hearings, supports the uncontroverted notion that a live IH PI hearing be held (which will commence on September 9), or addresses the constitutionality of the FTC's administrative proceedings (which is not an issue that has been raised in this case). The September 6, 2024 video conference shall be held at 10 am EST via Microsoft Teams. Counsel shall submit an appearance sheet pursuant to the Court's Individual Rule 2(B) and will receive Microsoft Teams log-in credentials at the email addresses provided. The public listen-only line may be accessed by dialing Toll-Free Number: 877-336-1831 | Access Code: 5583342. The Clerk of Court shall close the motion pending at Dkt. 195.

---

[1]     Electronic signatures used with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge
Dated: September 3, 2024
New York, New York

# Exhibit R

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

FEDERAL TRADE COMMISSION, )
 )
   Plaintiff, )  No. 5:24-CV-28
 )
  vs. )
 )
NOVANT HEALTH, INC., and )
COMMUNITY HEALTH SYSTEMS, )
INC. )
 )
   Defendants. )
_____)

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE KENNETH D. BELL
UNITED STATES DISTRICT COURT JUDGE
APRIL 24, 2024

APPEARANCES:

On Behalf of the Plaintiff:

  NATHAN BRENNER, ESQ.
  Federal Trade Commission
  600 Pennsylvania Avenue NW
  Washington, DC 20580

  NICOLAS STEBINGER, ESQ.
  KAREN HORVITZ HUNT, ESQ.
  Federal Trade Commission
  400 7th Street, SW
  Washington, DC 20024

On Behalf of Defendant Novant:

  HEIDI K. HUBBARD, ESQ.
  BETH A. STEWART, ESQ.
  Williams & Connolly
  680 Maine Avenue, SW
  Washington, DC 20024

  BRIAN S. CROMWELL, ESQ.
  Parker Poe Adams & Bernstein, LLP
  620 South Tryon Street, Suite 800
  Charlotte, North Carolina 28202

<u>APPEARANCES</u>:

On Behalf of Defendant Community Health Systems:

    ADAM KARL DOERR, ESQ.
    Robinson Bradshaw & Hinson
    101 North Tryon Street, Suite 1900
    Charlotte, North Carolina 28246

    MICHAEL J. PERRY, ESQ.
    JAMIE E. FRANCE, ESQ.
    Gibson, Dunn & Crutcher, LLP
    1050 Connecticut Avenue, NW
    Washington, DC 20036

 

Cheryl A. Nuccio, RMR-CRR
Official Court Reporter
United States District Court
Charlotte, North Carolina

P R O C E E D I N G S

1

2          THE COURT:  All right.  Thank you all for being

3   here.

4          At 5:00 last night I was told by defense counsel

5   that there would be several days of defense evidence, and I

6   was worried that we would even be through by our new May 1st

7   date.  8:00 this morning I was told no defense evidence.  And

8   so knowing the importance of having this hearing so that --

9   because I know you need to plan for things, I scheduled this.

10  I know it's not convenient for you time, place, or any other

11  reason, but I appreciate you indulging me on this.

12         If counsel would please introduce themselves to me.

13  You may have to do it more than once because I'm terrible with

14  names.

15         MR. BRENNER:  Good afternoon, Your Honor.  Nathan

16  Brenner for the Federal Trade Commission.

17         THE COURT:  That will be easy to remember because my

18  law clerk, Mr. Brenner, has a son named Nathan.  So you I will

19  remember.

20         MR. BRENNER:  No relation as far as I know.

21         MR. STEBINGER:  And, Your Honor, Nicolas Stebinger

22  for the Federal Trade Commission.

23         THE COURT:  Pardon me, sir, I couldn't hear you.

24         MR. STEBINGER:  Nicolas Stebinger.

25         MS. HUNT:  And Karen Hunt for the Federal Trade

1  Commission.

2          THE COURT:  Yes, ma'am.

3          MS. HUBBARD:  Good afternoon, Your Honor.  Heidi

4  Hubbard from Williams & Connolly.  I'm counsel for Novant

5  Health.

6          MS. STEWART:  Good afternoon, Your Honor.  Beth

7  Stewart from Williams & Connolly.  Also counsel for Novant

8  Health.

9          MR. CROMWELL:  Good afternoon, Your Honor.  Brian

10 Cromwell from Parker Poe.  Local counsel for Novant Health.

11         THE COURT:  Your name I'll also remember.

12         MR. DOERR:  Good afternoon.  Adam Doerr with

13 Robinson Bradshaw for CHS.

14         MR. PERRY:  Good afternoon, Your Honor.  Michael

15 Perry from Gibson Dunn for CHS.

16         THE COURT:  And I think we have two or three remote

17 participants who are just listening in, as I understand it.

18 We declined a request from some of the media to attend

19 remotely.

20         All right.  So let me ask.  I've been told that you

21 would rather stay with the May 1st schedule even though we

22 could now start again on the 29th, but I understand the

23 reasons for that.  Everybody good with that?

24         MR. BRENNER:  Yes, Your Honor.

25         THE COURT:  Not inviting more than the five days we

1  had allotted for this, I will have six days if it takes that

2  long because I have several sentencing hearings and a couple

3  of other things on that following Thursday.  But we could go

4  Wednesday to Wednesday if we had to, but I'm not insisting

5  that we do so.

6           MS. HUBBARD:  Your Honor, Heidi Hubbard for Novant

7  Health.

8           I think using other proceedings of this type as

9  benchmarking, they typically go five to six days.  We are in

10 regular communication with the Federal Trade Commission and we

11 want to commit to the Court to give regular updates on how

12 we're doing on timing as the hearing gets going.  But we think

13 five to six days is a reasonable estimate to get in the

14 evidence.

15          THE COURT:  And since it's a bench trial, I mean, if

16 we have to start early and stay late, we can do that.  So if

17 it looks like we're getting behind even after the first day,

18 let me know and we'll change the hours.

19          Is there a practical drop dead date by which you

20 need an order from this Court with respect to the

21 administrative process?

22          MS. HUBBARD:  Your Honor, I'm going to address that

23 from Novant's perspective.  Again, Heidi Hubbard.

24          Obviously, the merger is terribly important to

25 Novant and CHS and we cannot close until we have a -- you

1  know, the Court -- if the Court denies the preliminary

2  injunction, which will be our request, then we would be able

3  to close.  And until we get a ruling from the Court, we are

4  not able to close.  And so we are prepared to go as quickly as

5  we can, including getting findings of facts and conclusions of

6  law in post-hearing as quickly as we can and whatever we need

7  to do to facilitate going as quickly as we can.

8          THE COURT:  I meant it from an even more practical

9  stand than that.  The administrative hearing is scheduled to

10 start the end of June, right?

11         MR. BRENNER:  Yes, Your Honor.

12         THE COURT:  I wouldn't anticipate having any trouble

13 getting an order out well before then, but what is the effect

14 if the Court didn't issue an order and the administrative

15 hearing started?

16         MR. BRENNER:  The effect would be that the

17 administrative hearing would just begin and would continue

18 whether there's an order from this Court or not.  The Court's

19 order would simply preliminarily enjoin the transaction so

20 that the administrative process could complete.  But there's

21 nothing stopping the administrative hearing from beginning.

22 There is nothing tying the administrative process from

23 beginning to your order.

24         THE COURT:  Okay.

25         MS. HUBBARD:  Your Honor, if I could, please.  Heidi

1  Hubbard again.

2         I don't know that that's ever happened.  I mean,

3  typically if the parties are waiting on the ruling on the

4  preliminary injunction, they will jointly agree to put off the

5  start time of the administrative trial.  So we would be a

6  little bit in uncharted territory at that point.

7         THE COURT:  Well, the only thing that could

8  conceivably slow the Court down is the post-hearing proposed

9  findings and conclusions because the court reporter, I spoke

10  to her last week about this.  She is frankly loaded up so if

11  she's got to turn a transcript around from this hearing, and

12  then I guess we'd have to put a really short deadline on the

13  proposed findings, and then I would have to actually think

14  about it and then draft something.  So that schedule is going

15  to be a little tight.

16         MS. HUBBARD:  Understood, Your Honor.  And I think

17  in the case management order that Your Honor so ordered, it

18  provides that proposed findings and conclusions will be not

19  earlier than ten days after the conclusion of the hearing.

20  But we are basically telling our team, let's be ready to give

21  the Court our proposed findings and conclusions ten days after

22  the conclusion of the hearing.

23         THE COURT:  And last time I talked to our court

24  reporter about this -- and I understand that there's been a

25  request for daily transcripts.

1          MR. BRENNER:  Yes, Your Honor.

2          THE COURT:  Which unless something has changed,

3 she's able to do during the part of the hearing that's next

4 week because she has support and backup enough to do it, but

5 not the following week.

6          Is that still the case?

7          THE COURT REPORTER:  Debbie is -- I talked to Tammy.

8 Debbie is going to jump on board the second week.  So we now

9 have two reporters each day.

10          THE COURT:  All right.  Good.

11          So let's get into some of the motions.  And I'll

12 just take them, I think, in the order they were filed.

13          The FTC's motion to exclude the Deloitte

14 made-for-litigation report, which is document 113.  If I'm

15 reading the motion and the response correctly, Novant asserts

16 that it will not refer or rely on that study, that report, but

17 the FTC is noncommittal.

18          MR. STEBINGER:  Thank you, Your Honor.  Nicolas --

19          THE COURT:  And just so you know, the practice in

20 this Court is that you stand up when you address the Court and

21 oddly enough you remain seated while you're examining

22 witnesses.  That's in deference to the state court because

23 that's how they do things.

24          MR. STEBINGER:  I'm sorry, Your Honor.

25          THE COURT:  No, that's all right.

1          MR. STEBINGER:  We got a preview from prior counsel

2     and thought we were doing it the proper way, so I apologize,

3     Your Honor.

4          So I think it seems that reading the response from

5     the defendants, we're in agreement that the Deloitte efficacy

6     piece shouldn't be in evidence.  The hang-up comes where we --

7     they have relied on it in their briefing and in their expert

8     reports.  And so we, I think, took a fairly straightforward

9     position that we intended to point out to Your Honor where in

10    the briefing they are relying on now excluded evidence, and

11    that was something the defendants actually objected to.

12         Also, as far as we're aware, this evidence of --

13    this delayed advocacy, which is the sole basis for $2 million

14    in claims -- I'll try to be a little more circumspect just to

15    make sure that I'm not saying anything confidential on the

16    record.

17         There are efficiencies claimed in the brief that

18    rest solely and exclusively on expert reports that incorporate

19    this Deloitte advocacy.  We're not aware of any other real

20    efficiencies analysis that has happened.  And so our concern

21    is that some of their witnesses or experts are going to

22    testify, well, we've done this analysis -- or we believe there

23    are efficiencies of this amount.  And then we probe on cross

24    and they say, oh, this was actually relying on Deloitte's

25    work.  And then we would say, Your Honor, that's something

1  that's not in evidence.  We'd move to have that excluded.

2  Bringing the fact of the Deloitte advocacy basis for some of

3  these things out on cross was also something that raised

4  concerns for defendants.

5       So I think our position -- we don't plan to make a

6  feature of it.  But to the extent that it does turn up that

7  it's being relied on somewhere, that's certainly something we

8  intend to bring to Your Honor's attention.  I think that's the

9  disconnect.  So I think I would simply request that Your Honor

10 enter the order that we've proposed and I believe it more or

11 less will resolve this issue.

12      But if defendants think that I am somehow

13 mischaracterizing the back and forth, I'm sure they will let

14 you know.

15      THE COURT:  Ms. Hubbard.

16      Sorry, Ms. Stewart.

17      MS. STEWART:  Thank you, Your Honor.  This is Beth

18 Stewart, and I'll be happy to address that.

19      So I think we've been as clear as we can be.  We do

20 not intend to admit it.  We do not intend to rely upon it.

21 And we do not intend to refer upon it.  And that includes any

22 experts that we would call.

23      At the time the Deloitte study was done, it was not

24 a made-for-litigation study.  It was made to try to avoid

25 litigation, and we are here nonetheless.  And so, Your Honor,

1    at this point our focus is not going to be on efficiences as

2    reflected in that Deloitte study, but on why there are

3    pro-competitive benefits to this transaction that make it

4    appropriate to go through.

5              And so I'm not sure there's a disconnect, but we

6    can't say it any more clearly.  We're not going to admit it.

7    We're not going to rely on it.  We're not going to refer to

8    it.

9              Now, obviously, to the extent witnesses have some

10   independent knowledge of efficiencies independent of the

11   Deloitte study, they may offer testimony about that or they

12   may not offer testimony about that, and I don't think the FTC

13   has any objection to that.  The disconnect seems to be that

14   they wanted to reserve the right, I think, to sort of jump up

15   and down and say, Your Honor, this report has been excluded.

16   Whereas, from the defendants' perspective, we're just trying

17   to streamline the trial.  And from our focus, the focus is on

18   the anti -- the pro-competitive effects of this transaction.

19   And as a result, we do not intend to admit, rely, or refer to

20   the Deloitte report.

21             THE COURT:  And you represent that none of your

22   expert witnesses will refer to it in support of their

23   opinions.

24             MS. STEWART:  That's correct, Your Honor.  There was

25   some reference in their reports in response to the FTC's

1    experts who were themselves the ones who introduced reference

2    to that.  But again, we do not intend to rely on it.  I mean,

3    I suppose it's possible that if the FTC put a hot lamp on our

4    experts, they might admit at some point there was such a

5    thing, but they don't intend to rely on it for the basis of

6    their opinions.

7         THE COURT:  Well, it sounds like that's going to

8    kind of resolve itself if things go as you project and then

9    they won't have any reason to bring it up and it won't be an

10   issue.

11        MS. STEWART:  That's right.  The deal I offered was

12   let's just both pretend it doesn't exist, and that didn't seem

13   to quite satisfy their concern.  But I think as a practical

14   matter, my hope for the Court is that today will be the last

15   time it will hear the phrase Deloitte.

16        THE COURT:  All right.  The next one is a motion in

17   limine regarding admissibility of documents and testimony by

18   the FTC, document 115.  If I understand, you're suggesting you

19   want to do just some massive dump into the record and then

20   we'll figure out what we're actually going to use after that?

21        MR. STEBINGER:  No, Your Honor, that's not the case.

22   And actually, I would like to correct some of the statements

23   in defendants' papers because they mischaracterize the relief

24   we're seeking.

25             They said that we're trying to move in the entirety

13

1    of our exhibit list, and that is not the case.  We specified

2    categories of documents that we would like to admit.  So it's

3    not the 700 on our list.  It is ordinary-course documents of

4    defendants and third parties.  It is deposition transcripts

5    from this case and investigational hearing transcripts from

6    our investigation.  That is roughly 500 documents altogether.

7    A number of these will be addressed at the hearing, but a

8    number of them we anticipate will be referred to in the briefs

9    and the findings of facts.  Just for context, the defendants

10   have included 290 exhibits on their list.  And so I think that

11   this is directionally kind of consistent given that we have

12   the burden of proof.

13          The reason that we believe that these documents

14   should come in is consistent with the *G.G.* case that I'm sure

15   Your Honor has seen in the briefing.  The Fourth Circuit

16   essentially -- within the Fourth Circuit, courts can and do

17   consider hearsay where to do so is consistent with the nature

18   and the purpose of the proceeding.

19          Here, the nature and the purpose of the proceeding

20   is to understand the FTC's likelihood of success in the

21   underlying administrative proceeding.  These categories of

22   documents that we've culled out are, as a matter of course,

23   admissible in the underlying administrative proceeding.

24          For example, in the *Illumina* case, which was an

25   administrative proceeding that happened in 2021, the documents

1    of this nature were jointly moved in by the parties in advance

2    of the administrative hearing, about 4,000 of them, and --

3    just moved into evidence, much like in the *Wilhelm Wilhelmsen*

4    case that we cited in our papers.

5         We think that it is -- for the Court to -- frankly,

6    to do its job and understand what we're going to be doing in

7    the proceeding, it should have access to the materials and

8    consider the materials that are going to be relied upon in the

9    administrative proceeding.

10        I should note, the documents that we are citing that

11   are on our exhibit list here, we're not talking about the

12   whole evidence of -- or the whole universe of evidence that

13   will be at issue in the administrative proceeding.  There are

14   going to be additional documents, additional witnesses.  There

15   are additional depositions that are in the process of being

16   scheduled for that proceeding.

17        I think that in their response, the defendants don't

18   really address that a number of the cases we cited in our

19   papers where district courts were dealing with exactly this

20   issue admitted the deposition transcripts, hearing

21   transcripts, and ordinary-course documents of defendants and

22   third parties precisely for this reason, that this is what is

23   necessary to judge the FTC's likelihood of success.  And I'm

24   referring to the *Thomas Jefferson* case, the *Wilhelm Wilhelmsen*

25   case, the *Microsoft* case, the *Sysco* case, and the *ProMedica*

1    case.

2          I'd also like to address the defendants' suggestion

3    that we've somehow mischaracterized the holding of the *Thomas*

4    *Jefferson* judge.  In exhibits to our motion, we attached an

5    order from that judge admitting two sets of documents, docket

6    entry 274 and 275.  In their papers the defendants went back

7    into the docket, pulled docket entry 274, which -- in which

8    the judge admitted 57 documents at the FTC's request and said,

9    look, this is only 57 documents.  They neglected to also go to

10   document -- docket entry 275 in which another 150 documents

11   were admitted by defendants of exactly the sorts of documents

12   we're talking about here.  And so that is the investigational

13   hearing transcripts, deposition transcripts, and the

14   ordinary-course documents of the parties and third parties.

15         So I think that what we're asking Your Honor to do

16   is consistent with the past practice in this variety of case.

17         Now, I think the defendants also spent a lot of time

18   on the *AT&T* case in their papers in talking about why, given

19   the importance of this case, the Court should apply a stricter

20   evidentiary standard than other courts considering preliminary

21   injunction requests under Section 13(b) of the FTC Act.

22         I think *AT&T* actually really supports what the FTC

23   is asking for here and highlights why the Court here should

24   take a different approach.  And if you take a look at the *AT&T*

25   case, that was, first of all, a permanent injunction case.  So

1  that was the merits proceeding, not a preliminary injunction

2  case, brought by the Department of Justice and a six-week

3  trial with tons of document custodians.  As I'm sure Your

4  Honor just did with this recent tax fraud trial, it involves

5  sitting down with a bunch of witnesses just going through and

6  authenticating documents.

7        That -- although in the FTC's administrative

8  proceedings, the rules of evidence are relaxed and it's much

9  easier to move things in, the volume of exhibits for those

10  merits proceedings is a little more similar to what you're

11  looking at in *AT&T*.  So, for example, in the *Illumina* case

12  about 4,000 exhibits come in at the outset of the hearing and

13  there is a month and change -- or a month or so of testimony.

14        But that's not what we are here for in this case.

15  This -- in the 13(b) statutory context, the -- I think the

16  case law in this circuit and the others that we cite in our

17  papers make clear that it's the Court's role to judge whether

18  we have a fair and tenable chance of succeeding in that longer

19  proceeding.

20        And so, Your Honor, sometimes -- we're not asking

21  for this here, but there are courts that have decided these

22  preliminary injunction cases on the papers.  We have a lot of

23  good evidence in our case and we are happy to show it to you.

24  But this is not meant to be six weeks of authenticating

25  documents through records custodians.  And if we were to take

1    that approach in this case of really needing to sit down and

2    authenticate each document, we would need those four to six

3    weeks to go back and get all of defendants' employees who

4    wrote these emails, sit them down.  Did you write this, sir?

5    Did you write this?  This is not what 13(b), what this

6    statutory framework is designed to do and that's not what

7    courts should do with it.

8            What the defendants are trying to do here with this

9    request is essentially turn this -- ignore that we're in the

10   13(b) proceeding altogether and make this the ultimate final

11   trial, and it simply isn't.

12           And I think the last thing I'll say on this point, I

13   think that the defendants have characterized a lot of their

14   argument as we want the reliable evidence to come in.  This is

15   what this is about, is making sure that it's only reliable

16   evidence.

17           First of all, Your Honor has, I'm sure, decided

18   many -- is certainly capable of looking at deposition

19   transcripts and looking at evidence in the context of motions

20   and other proceedings and giving it the weight that it's

21   worth.  But if you take a look at their exhibit list, which

22   I'm sure is going to be filed at some point, you can see that

23   this is not really about making sure that it's only reliable

24   evidence that comes in.  This is about trying to simply keep

25   out as much evidence that is unfavorable to them.  And the

1    reason I say this is if you look at -- so they have taken the

2    position that the evidence should come in through witnesses

3    who are going to be able to authenticate the stuff and talk

4    about it.  Well, they have included as DX8 through 12, for

5    example -- these are just examples -- letters of support from

6    people out in -- I hesitate to say community members because

7    we don't know exactly who -- their name is on them.  But in

8    any event, letters of support that have been mailed to one

9    place or another from nobody on the witness list.

10          They have included as DX205 a series of deposition

11   transcripts that are, first of all, not from anyone listed as

12   a witness in this case, but not even from this case.  They're

13   from a DOJ investigation from six to eight years ago in an

14   unrelated case.  And so these are not -- these are not

15   documents that in any world would ever be presented, you know,

16   as they would couch it, reliably through a testifying witness.

17          So what we view this motion as is simply an effort

18   to try to restrict the, frankly, unfavorable evidence to the

19   defendants that we have accumulated over the course of the

20   investigation, over the course of discovery in this case.

21          So what we're asking Your Honor to do is allow us to

22   move, again, not our entire exhibit list, but these categories

23   of evidence that are going to be considered as a matter of

24   course by the administrative law judge so that Your Honor has

25   the necessary material to make these decisions.  And also so

1    that we don't turn this -- Your Honor has talked about needing

2    to move expeditiously through this proceeding to get it done

3    in the five or six days that we have.  To do that we can't be

4    sitting there going through these many, many relevant

5    documents of the defendants.  We intend to present our case

6    asking the witnesses about the relevant facts.  Where there's

7    documents that we're going to ask them about, we're going to

8    ask them about those documents.  But some of these documents

9    don't speak -- or some of these documents speak for themselves

10   and we don't need to spend all that time standing up there

11   with the witnesses, you know, just reading things off of

12   paper.

13           And so we ask the opportunity to move these in ahead

14   of the hearing and proceed expeditiously.  Highlight the most

15   relevant evidence for Your Honor.

16           Thank you.

17           THE COURT:  So is the dispute from the defendants

18   not that the documents are not authentic, that is, they are

19   ordinary-course records or they are actual transcripts, but

20   that you want each of them sponsored by -- I'm not sure how

21   that's different from authenticated by -- a witness.

22           MS. HUBBARD:  It's not limited to sponsoring, Your

23   Honor.

24           So for example, there are documents on the FTC's

25   exhibit list that have triple hearsay in them:  A news article

20

1    quoting two, three other people.  That, under any stretch of

2    the imagination, would normally go through a pretty hard look

3    under the Federal Rules of Evidence.

4            And we are asking for a presumption in the first

5    instance that exhibits come in one at a time so that they can

6    be:  Is there a proper foundation for them?  Are they

7    relevant?  Is there hearsay?  Is there some other problem with

8    them?

9            As I think Your Honor can tell from our brief, while

10   the standard in a preliminary injunction hearing may be

11   relaxed, it is not abandoned.  And in fact, in the cases that

12   the FTC has cited in their brief, a lot of times either the

13   parties agreed on what was going to come in or the Court was

14   saying at the preliminary injunction stage, different from our

15   situation, there's going to be a trial in federal court under

16   the Federal Rules of Evidence that is going to test these

17   exhibits so we can relax it a little bit, not abandon it.

18           And we're saying at this stage, we haven't even

19   started.  There is no way that it is possible to tell which of

20   those 500 and something documents are reliable, which of them

21   have got triple hearsay in them, which of them are completely

22   out of context, which might be drafts.  There are some of

23   them, including as we gave an example in our brief, where it

24   turned out that the quote out of context wasn't even from one

25   of the parties.  It was from some third party and it was

1    entirely unclear.  And I won't say it because it's -- I think

2    there's a confidentiality assertion over it by the third

3    party.  And we need to talk about the additional complication

4    of confidentiality.  If 500 documents just sail into the

5    record, many of them are subject to confidentiality claims.

6              But the context, so how does one tell if the FTC

7    plans to cite a lot of these things in their post-trial

8    findings of fact and conclusions of law that the Court has

9    never seen in our hearing?  How does one tell who is saying

10   that?  Why are they saying that?  Is it a draft?  Is it a

11   final?  Was it ever acted upon?  What is the context?  Is

12   there an explanation?  None of that will be apparent.

13             And I think the reason that we cited the *AT&T*

14   comments by Judge Leon so heavily is -- yeah, it was not a

15   preliminary injunction hearing, but he was identifying the

16   very real problem that exists here, too, was some kind of mass

17   admission.  I mean, Judge Leon said especially when the time

18   frame is compressed for decision, it is not helpful to have

19   some kind of blanket admission because the Court doesn't have

20   the luxury of spending months sorting through these various

21   things that are being cited to figure out what is reliable,

22   what is meaningful.

23             I think if we take a step back, FTC has not even

24   pretended that they plan to use 500 or so of these documents

25   at the hearing.  It sounds like the plan is to have a whole

1    bunch of things sail into evidence that were never mentioned,

2    no context, can't even tell who wrote them or why or when or

3    what, and then argue from them.

4            And I think it's critical that the standard that

5    they cited for the preliminary injunction is not right.  That

6    this is a federal court with a federal standard for

7    preliminary injunction, substantial likelihood of success, and

8    sort of say it doesn't matter and just let it all sail in.

9    Let's abandon the rules of evidence even though we're in

10   federal court.  It's not helpful.

11           And we have on top of that the added complication of

12   the confidentiality issues.  And I think the Court has been --

13   the docket and the wonderful clerks have been bombarded with

14   assertions of confidentiality by third parties well taken.  If

15   all these documents sail into the record, there's all kinds of

16   issues about what is confidential, what stays confidential,

17   and we're going to have those types of issues in the hearing.

18   We're going to need to work closely to be thoughtful about

19   issues where someone is asking to close the courtroom.  But it

20   is not helpful to then have this raft of documents untied to

21   any witness and really, you know, no foundation for their

22   reliability for whether they would even get close to passing

23   muster under the Federal Rules of Evidence.

24           So our proposal, which I feel like is a modest

25   proposal at this moment when we're a week out, is let's start

1    with a presumption that the parties are going to try to abide

2    by the rules that we should be abiding by.  And we did offer a

3    number of ways to try to streamline if there are some small

4    subset of additional documents that the parties can agree on

5    or, as in the *Thomas Jefferson* case, that post-trial,

6    post-hearing the parties have a limited number that they can

7    agree on.  Or if we can't, that we can at least formulate

8    meaningful objections for the Court to consider.  That I think

9    is a way to proceed that helps us be as helpful as we can with

10   the evidence we're presenting to the Court in a hearing that

11   makes all the difference in terms of whether we are going to

12   be able to acquire these two hospitals.

13            THE COURT:  All right.  So the Court accepts the

14   proposition that hearsay documents can be considered during

15   this hearing and so that's not a problem for the Court.  And

16   the same with transcripts for which there was no cross

17   examination.  The Court knows how to weigh such evidence, the

18   fact that it is hearsay or triple hearsay, perhaps, and the

19   fact that a transcript may not have included any cross

20   examination.  So I don't have any conceptual conflict with

21   those coming in.

22            But what the Court doesn't want is a bunch of

23   exhibits in the record that nobody is going to use, ever.

24   Because I can tell you this.  If a document is not discussed

25   during the hearing or referenced and discussed in post-hearing

1    pleadings, it's not going to be considered.  I'm not going
2    through the record to see if you all missed something and see
3    if I can find something I like.
4            So I think the way I want to do this is that the
5    exhibits will be entered at the time the witness is
6    testifying.
7            And I do not expect any arguments over authenticity,
8    right?  It's just you would say that they are inadmissible
9    under the rules of evidence, which we're not going to strictly
10   follow.
11           But that those documents come in during the hearing
12   with whatever witness is going to be discussing them.  And at
13   the end of the hearing, we will have a discussion about what
14   else do the parties want to move in.  By that time, at the end
15   of the hearing, everybody should have a pretty good idea of
16   what they're going to want to address in their post-hearing
17   briefings rather than just let's dump it all in now and figure
18   out later what we're actually going to use.
19           MS. HUBBARD:  Thank you, Your Honor.  That makes
20   sense.
21           MR. STEBINGER:  Thank you.
22           THE COURT:  All right.  So the next one is motion to
23   exclude expert testimony by Dr. Jha, a motion by the FTC at
24   docket 116 and the mirror image motion by defendants to
25   exclude portions of Dr. Tenn's testimony.

1          I have read -- haven't read everything in this case,
2    but I will be as prepared as I wanted to be since we get this
3    break.  I was worried about not being as prepared as I wanted
4    to be, but now I will be.  But I have read those.  They're
5    both going to be denied.  I have heard from both sides why I
6    should or should not give much weight to those expert opinions
7    and why.  Okay.  I'm aware.  So the motion to exclude is
8    denied.
9          Unopposed motion to allow remote testimony of Burns,
10   docket number 158.  Other than the logistics, I certainly have
11   no issue with that.  We'll just figure out how to do it.
12            MR. BRENNER:  Thank you, Your Honor.
13            THE COURT:  All right.  Now the one that's kind of
14   got me a bit wondering, the motions to consider evidence in
15   camera.
16          Do the parties have a sense as to how many of
17   these -- first of all, it's not clear to me from the motions
18   from the third parties to consider there's -- you know, they
19   say it's trade secret and yada yada yada.  Well, I don't know
20   that.  They have quoted the right language.  Whether it's
21   actually applicable I do not know.
22          I suspect there's going to be some media interest in
23   this and I'm not going to spend a bunch of time ruling on
24   motions from the press to unseal certain things, so I want to
25   limit this to the extent we can.

1          It's a long way of asking how -- do you know, either

2    side, how many of these request for in camera review of

3    documents will actually be used during this hearing?

4          MR. BRENNER:  Your Honor, I think defendants may

5    have more information about this because none of this

6    information is the FTC's and some of it is defendants'.  I do

7    suspect -- I can tell you from other antitrust cases that I've

8    been involved in that nonparties are often quite protective of

9    their documents and testimony because there are potential

10   competitors, you know, listening in.  And they're protective

11   of business -- forward-looking business strategies, pricing

12   information, things of that nature.  And we are happy to work

13   with the Court's preference on how to handle this.

14         I can tell you that the way I've seen it work in

15   past practice is that there is an open court session of direct

16   and cross examination.  I'm sorry, an open court session of

17   direct and then an open court session of cross examination.

18   Then we go into a sealed session where there would be the

19   continuation of the examination with the public not in the

20   courtroom.  And we could do that in limited fashion when the

21   examinations involve or implicate the confidential information

22   either involving defendants' material or nonparty material.

23   That's one mechanism that I've seen work.

24         And to Your Honor's question about media interest,

25   what I've seen in past cases is that after the hearing

1    transcripts are finalized by the court reporter, the parties

2    and nonparties can go through them and unredact certain

3    information and testimony that occurred in sealed session so

4    that the transcripts could be more publicly available, or we

5    could maximize public availability.

6         THE COURT:  So the original question:  How many of

7    these supposed confidential documents will actually be used?

8         MS. STEWART:  Your Honor, Beth Stewart for

9    defendants.

10        I think the good news is this is a shared problem

11   between we and the FTC and we've had some really productive

12   discussions so far about how to make this work.

13        I think the Court should generally assume that

14   essentially every third-party witness is seeking to have any

15   exhibit that they produced protected as confidential.  That's

16   what we're seeing on the docket that you're seeing as well,

17   that there have been just maybe dozens of filings in the last

18   week seeking to protect that.

19        From the perspective of CHS and Novant -- and

20   obviously, Mr. Perry will address it if he has anything to

21   modify it.  We obviously want to have an open trial as much as

22   we possibly can.  There may be very narrow segments of

23   defendants' information that we would think would need to be

24   confidential.  But we are operating on the assumption that in

25   order to have this trial done efficiently in six days, that we

1    need to be as thoughtful and as targeted as we can in terms of
2    those requests.
3           Another mechanism that we've agreed to with the FTC
4    that I think could be potentially helpful is that at least as
5    to direct examinations, we have an agreement that we will
6    exchange those exhibits at 5:00 the day before.
7           And so right now there are a thousand something
8    exhibits on the parties' collective lists.  But our hope is
9    that once we have more targeted exchanges as part of that
10   process, we can really focus in on what, if anything, actually
11   needs to be protected.  And I think, frankly, we probably need
12   to have some more discussions amongst us now that we have seen
13   the deluge on the docket of the third parties.
14          But as I say, I think this is in some significant
15   measure a concern of third parties and not of the parties to
16   this case.  Again, maybe very narrow things that we as
17   defendants would find proprietary.  But it is a hot mess, as I
18   say in Georgia.
19          THE COURT:  Yeah, the -- but again, of the six days
20   worth of hearing, how much of it would be taken up discussing
21   what is claimed to be confidential information?
22          MS. STEWART:  So one way to look at it is there are
23   roughly 32 witnesses on the parties' collective witness list
24   and about half of those are third parties.  And again, my
25   understanding is that essentially all of those third parties

1    are, at this stage at least, preserving their right to request

2    of the Court that their confidential information be sealed.  I

3    think they will be asking the Court that certainly any

4    exhibits that they've produced receive confidential treatment

5    and will perhaps also be asking the Court that testimony by

6    their witnesses be sealed.

7            As to the remaining half in terms of kind of the

8    party and expert witnesses, again, my expectation is that the

9    bulk of those examinations can happen in open court and there

10   may be very narrow slivers that we would have to close the

11   court for consistent with Mr. Brenner's explanation.

12           THE COURT:  Well, it may be, because I've seen it

13   before, that there is an overclaim of confidentiality.  And of

14   course, I won't know that until I see it or hear it.  So it

15   may be we'll have to act as if they are.  And I might be able

16   to make some decisions in the moment that that's not a sealed

17   part of the transcript, that's not a sealed document, that's

18   not a sealed exhibit.

19           So the logistics of it, would we be able -- instead

20   of just running people in and out every time we want to get a

21   new witness, is there a way to do it, like put that part of it

22   at the beginning of the day, the end of the day, set aside a

23   day -- does that make any sense -- on presenting the evidence?

24   I know it might not, but...

25           MS. STEWART:  I think it's a helpful idea, Your

1  Honor.  As I say, I think, candidly, we've learned a lot on

2  each side watching the docket expand over the last week.

3       And for what it's worth, another helpful fact is I

4  think that between the two of us, we're each in contact with

5  counsel for all of these parties.  And so why don't we commit

6  to sort of take this back and try to think of a way to make

7  this work.  Again, I think it is a largely third-party

8  concern.

9       THE COURT:  Yeah, see if you can figure out a way so

10  that we're not kicking people in and out of the courtroom and

11  inviting them back in every 30 or 40 minutes.

12       MR. BRENNER:  Your Honor, one thing that might work

13  is depending on how you break up the court day, we could start

14  after a break with sealed sessions and then reopen, or

15  something like that.  I think that would be easier given

16  travel schedules for some of these witnesses than just set

17  aside a whole day for a sealed session.  But I do think

18  arranging sealed sessions around breaks so that we were not

19  ushering spectators in and out.

20       THE COURT:  Well, do try to work on it together with

21  the goal of not shuffling people around during court time.

22       MR. BRENNER:  Yes, Your Honor.

23       MS. STEWART:  Yes, Your Honor.

24       MR. BRENNER:  Be happy to.

25       THE COURT:  And we can talk about that again on the

1   1st, I suppose.

2          The question was raised, I think in an email to

3   Mr. Brenner, Irving Brenner, whether the Court is amenable to

4   a procedure agreed upon by the parties to call witnesses

5   appearing on both sides' witness list just one time.  I am

6   very much in favor of that.

7          MR. BRENNER:  Thank you, Your Honor.

8          MS. STEWART:  Your Honor, if I can just clarify one

9   thing so we have full agreement.  Again, this is another issue

10  we've discussed at length with the FTC and I think we are in

11  full agreement.

12         Because some of our party witnesses, meaning

13  employees of Novant or potentially employees or former

14  employees of CHS will now get called in the FTC's case and

15  they will testify only once, needless to say, when we get up

16  and do our direct examinations of our own witnesses, we will

17  be exceeding the scope of what the FTC just questioned them

18  on.  I don't think there's any disagreement about that, but I

19  just wanted to make sure that we submit to that for the

20  record.

21         THE COURT:  That's the necessary result of such an

22  agreement.

23         MS. STEWART:  Thank you, Your Honor.

24         MR. BRENNER:  Yes, Your Honor.

25         THE COURT:  Other than live testimony and obviously

1  documents, is there any other evidence that you're intending

2  to put in during the hearing?

3        MS. STEWART:  So on behalf of defendants, Your

4  Honor, yes.  There are two witnesses who we intend to call by

5  video.  The Court will be relieved to hear their testimony

6  will be brief, I think.  We are in the process of working with

7  the FTC to come up with a set of designations,

8  counter-designations, et cetera.

9        I think our intention on behalf of defendants, in

10 the spirit that the Court probably doesn't need a movie night

11 at the end of the day, is to actually play the video live and

12 we can do sort of live objections as the transcript goes.  But

13 as I say, I think there will only be two such witnesses, at

14 least from our side, and I'm not aware of any from the FTC

15 side.

16       MR. BRENNER:  Your Honor, there are no additional

17 deposition designations from the FTC.

18       The other category of evidence that we have

19 discussed with counsel for defendants is a stipulation, a set

20 of facts stipulated relating to one witness's testimony who

21 was -- or is on our witness list, but we think it would be

22 most efficient for the Court if we just worked together

23 cooperatively with the defendants and put together a set of

24 stipulated facts that obviated the need for her to be called

25 as a witness.

1       THE COURT:  All right.  That all sounds good.  But
2   are you going to put in deposition or investigate interview
3   transcripts during the hearing?
4       MR. BRENNER:  We would potentially use those for
5   impeachment purposes.  I don't believe we would intend to
6   introduce any of them as exhibits, but we would -- as
7   previously discussed with my co-counsel, we would plan to cite
8   them and reference them in our proposed findings of fact after
9   the hearing.
10      MS. HUBBARD:  And Your Honor, we do not plan to use
11  and try to introduce those.  Again, for impeachment or to
12  refresh, but that's different.
13      THE COURT:  So if that's the way it goes, please,
14  when you do your designations, keep them to the truly key
15  portions of the, you know, designation of this hundred out of
16  a hundred and fifty pages we really want the Court to read.
17  Because if you want me to make a decision, give me less to
18  read.
19      MS. STEWART:  And Your Honor, is the Court
20  comfortable with us playing those limited two depositions --
21  again, I don't expect they're going to be more than probably
22  an hour and change total.  Would the Court be comfortable with
23  us playing them live and doing sort of objections as if it
24  were a normal witness being called?
25      THE COURT:  That's fine.

```
 1              MS. STEWART:  Okay.

 2              THE COURT:  And do look for any efficiencies we can

 3    put into this.  You mentioned stipulations, which, of course,

 4    I encourage.  But I hope not to argue over -- we can talk

 5    about this a little bit -- the authenticity of exhibits.

 6              MS. HUBBARD:  Your Honor, we agree with that.  I

 7    mean, authenticity, is it authentic, that's like a waste of

 8    everyone's time to argue over that.  When we're asking to

 9    follow the rules of evidence, we're talking about more

10    substantive rules of evidence.

11              THE COURT:  Yeah, and I've already said we're not

12    going to strictly adhere to the rules of evidence.

13              MS. HUBBARD:  Understood, yes.

14              THE COURT:  I will forewarn you that if I feel the

15    need to ask a witness a question, I will.  And I've actually

16    been known to ask questions during bench trials during

17    openings and closings because if there's something I want to

18    know and you're not telling me, your purposes are not being

19    well served.  So I will try not to be a particularly hot

20    bench, but if I get curious, I'll ask some.

21              So for that first day, how long would you like for

22    opening statements?

23              MR. BRENNER:  Your Honor, for the FTC, we think 45

24    minutes to an hour would be sufficient; but we're happy to

25    comply with whatever preference you have in terms of length of
```

1    opening.

2            MS. HUBBARD:  And Your Honor, it's Heidi Hubbard

3    again.

4            For the defense total, so both Novant and CHS, we

5    were asking in our conversations with FTC to agree on 75

6    minutes, with the idea that we would try to go less.

7            THE COURT:  Well, I'll give the FTC up to an hour if

8    they would like it, but you don't have to use it.

9            MR. BRENNER:  Thank you, Your Honor.

10           THE COURT:  And we'll give the defendants a total of

11   75 minutes however you want to divide it.

12           MS. HUBBARD:  Thank you, Your Honor.

13           THE COURT:  I think the calendar entry says we're

14   going to start at 9:30.  I think that is just put in because

15   we usually start jury trials on the first day at 9:30.  We can

16   start at 9:00 if that is going to be helpful to everybody.

17           MS. HUBBARD:  That would be great.

18           MR. BRENNER:  That works for us.

19           THE COURT:  And the courthouse is open, I think it's

20   7:00 AM, so you can come in any time after that.  And we'll

21   just sort of adjust the schedule as we think we need.  If we

22   need to start taking fewer breaks or stay longer at night,

23   then we'll adjust accordingly.

24           MS. HUBBARD:  Your Honor, would you mind giving us

25   just a sense of what your typical schedule is.  It helps us

1  with witness planning.

2         THE COURT:  Well, of course, there's a difference

3  between a bench and a jury.  A jury trial I go either 9:00 or

4  8:30 to 5:00 or 5:30.  In this one I think our default

5  position, we'll go 9:00 to 5:30 or 6:00, and then start

6  getting their earlier in the morning if we need to.  And then

7  obviously we'll take a lunch break.  And we may need fewer

8  other breaks since we don't have a jury to worry about.  But

9  those are kind of ad hoc.  I don't look at the clock and say

10 hour and a half, we're quitting.

11        (The Court and the clerk conferred.)

12        THE COURT:  Well, the courthouse is open at 7:00,

13 but the guards won't let you in until 8:00, I'm told.

14        THE CLERK:  I just don't want them waiting outside

15 for an hour.

16        THE COURT:  I guess there's a difference between

17 being open and accessible.

18        I don't know if you visited our courtrooms down

19 there, but there are -- I don't know if they'll be big enough

20 for your purposes.  But outside the courtroom, my courtroom,

21 there's an attorney conference room on each side of the hall

22 so you can divvy that up as you sit fit.

23        MS. HUBBARD:  And one question that my wonderful

24 trial paralegal always asks me to ask is whether we can leave

25 hard copies of exhibits either in the courtroom or in our

1    little witness room overnight.

2              THE COURT:  Yes, you can, although typical

3    disclaimer:  If anything happens to it, it's not on us.

4              MS. HUBBARD:  Understood.

5              THE COURT:  But it's a secure building.  I leave my

6    stuff there.

7              MS. HUBBARD:  All right.  Thank you.

8              THE COURT:  So it should be all right.

9              Do any of you need training on our electronic

10   evidence presentation system?

11             MR. BRENNER:  We have a training scheduled for

12   Friday of this week, I believe.

13             MS. HUBBARD:  And we have a wonderful sort of tech

14   hot seat person who I think has been in communication with the

15   court.  The court staff has been wonderful in helping answer

16   those questions.  So we're going to try to be ready to roll

17   and know what we're doing on the morning of May 1st as far as

18   tech goes.

19             THE COURT:  Anything else you want to address

20   tonight?

21             MR. CROMWELL:  Your Honor, I try and make sure I

22   understand what the Court is ordering.  I wanted to make sure

23   I understood how long the lunch break was going to be.

24             THE COURT:  Depends on how hungry I am.

25             MR. CROMWELL:  Fair.  Fair.  But just for planning

38

1   purposes.

2              THE COURT:  I mean, it's usually an hour.  If

3   there's some reason, like good reason, to make it longer, but

4   it seems to me like lunch can usually be eaten in an hour.

5              MR. CROMWELL:  And then we did talk about finishing

6   within six days.  I understand the Court has some hearings on

7   the seventh day.  If we go long, are we available to come back

8   that Friday and close or are we stuck with the first three

9   days?

10             THE COURT:  I think we just have one brief thing

11  that Friday, right?

12             THE CLERK:  Correct.

13             THE COURT:  Just have the Gardasil thing.

14             THE CLERK:  Correct.

15             THE COURT:  So yeah, we would have most of the day

16  on Friday if we had to.

17             MR. CROMWELL:  If we had to.  Okay.  Great.  Thank

18  you.

19             THE COURT:  I mean, like nearly all of it.  I think

20  I have a 30- or 60-minute hearing on that Friday.

21             MR. BRENNER:  Your Honor, related to that, would you

22  envision having closing arguments immediately following the

23  evidentiary hearing or would you want to schedule those after

24  the proposed findings of fact are submitted?

25             THE COURT:  I'd just as soon do it immediately

1    after.

2              MR. BRENNER:  Thank you, Your Honor.

3              THE COURT:  If there is some good reason why you

4    don't want to do that...

5              MS. HUBBARD:  For the defense we would like to do

6    that.

7              THE COURT:  All right.  That will be the plan, then.

8              MR. BRENNER:  Thank you, Your Honor.

9              THE COURT:  Anything else we can talk about?

10             (No response.)

11             THE COURT:  Again, I appreciate everybody coming up

12   here.  I wouldn't have done this to you if I had known what

13   was going to happen today.  We could have done this at a more

14   convenient hour for all of us, but you can blame those

15   attorneys that left earlier.

16             MS. HUBBARD:  We will, but we are grateful to the

17   Court and the courtroom staff for seeing us at this hour.  So

18   thank you.

19             THE COURT:  All right.  Thank you.  Well, I'll see

20   you all on the 1st, then.

21             ALL COUNSEL:  Thank you, Your Honor.

22             (End of proceedings at 5:57 PM.)

23                          *****

24

25

1  UNITED STATES DISTRICT COURT

2  WESTERN DISTRICT OF NORTH CAROLINA

3  CERTIFICATE OF REPORTER

4

5

6          I, Cheryl A. Nuccio, Federal Official Realtime Court

7  Reporter, in and for the United States District Court for the

8  Western District of North Carolina, do hereby certify that

9  pursuant to Section 753, Title 28, United States Code, that

10  the foregoing is a true and correct transcript of the

11  stenographically reported proceedings held in the

12  above-entitled matter and that the transcript page format is

13  in conformance with the regulations of the Judicial Conference

14  of the United States.

15

16          Dated this 25th day of April 2024.

17

18

19                          s/Cheryl A. Nuccio

20                          _____
                            Cheryl A. Nuccio, RMR-CRR
                            Official Court Reporter

21

22

23

24

25

# Exhibit S

FEDERAL TRADE COMMISSION | OFFICE OF THE SECRETARY | FILED 10/15/2024 OSCAR NO 611957 | PAGE Page 1 of 4 * -PUBLIC

*PUBLIC*

## UNITED STATES OF AMERICA
## BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:       **Lina M. Khan, Chair**
                                  **Rebecca Kelly Slaughter**
                                  **Alvaro M. Bedoya**
                                  **Melissa Holyoak**
                                  **Andrew Ferguson**

| | |
|---|---|
| **In the Matter of** | |
| **Tempur Sealy International, Inc.,**<br>      **a corporation,** | **Docket No. 9433** |
|    **and** | |
| **Mattress Firm Group Inc.,**<br>      **a corporation.** | |

## COMPLAINT COUNSEL'S RESPONSE TO RESPONDENTS'
## MOTION TO CONTINUE EVIDENTIARY HEARING

Complaint Counsel does not oppose Respondents' request to continue the evidentiary hearing ("hearing") and agrees that the hearing should start no sooner than February 9, 2025. Complaint Counsel, however, respectfully requests the Commission require Complaint Counsel, Tempur Sealy International, Inc. and Mattress Firm Group Inc. (collectively, "Parties") to submit a joint status report on January 13, 2025 updating the Commission on the status of the preliminary injunction proceeding and its impact on whether (and when) an administrative hearing may be necessary.

As Respondents note in their Motion to Continue Evidentiary Hearing ("Motion"), the federal court preliminary injunction "almost always obviates the need for further administrative proceedings." Motion, at 4. Currently, the Parties do not know when (or how) the federal court proceedings will be resolved. By January 13, however, the Parties will be better situated to

*PUBLIC*

provide a meaningful update to the Commission regarding the status of a decision in the federal

proceeding and whether an administrative hearing is necessary at all. Accordingly, Complaint

Counsel respectfully requests this Commission adjourn the Part 3 administrative hearing and

order the Parties to submit a joint status report on January 13, 2025 regarding whether an

administrative proceeding will be necessary and, if it is, propose a date for the administrative

proceeding no earlier than February 9, 2025.


Dated: October 15, 2024                         Respectfully submitted,

                                    By:   *s/ Noel Miller*
                                          Noel Miller
                                          Federal Trade Commission
                                          600 Pennsylvania Ave., NW
                                          Washington, DC 20580
                                          Telephone: (202) 326-3639
                                          Email: nmiller2@ftc.gov


                                          *Counsel Supporting the Complaint*

## UNITED STATES OF AMERICA
## BEFORE THE FEDERAL TRADE COMMISSION

**COMMISSIONERS:**  **Lina M. Khan, Chair**
**Rebecca Kelly Slaughter**
**Alvaro M. Bedoya**
**Melissa Holyoak**
**Andrew Ferguson**

| |
|---|
| **In the Matter of** |
| **Tempur Sealy International, Inc.,** **a corporation,** |
| **and** |
| **Mattress Firm Group Inc.,** **a corporation.** |

**Docket No. 9433**

### [PROPOSED] ORDER

Having considered Respondents' motion to continue the evidentiary hearing and finding good cause for a continuance, it is hereby ORDERED that the evidentiary hearing is adjourned and shall be commenced on a date no sooner than February 9, 2025. It is also hereby ORDERED that the Parties shall submit a joint status report on January 13, 2025 updating the Commission on the status of the federal court proceeding and proposing a date upon which the administrative hearing shall commence.

By the Commission

Dated: _____

By: _____
April J. Tabor
Secretary

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2024, I caused the foregoing document to be filed electronically using the FTC's E-Filing System, which will send notification of such filing to:

> April Tabor
> Secretary
> Federal Trade Commission
> 600 Pennsylvania Ave., NW, Rm. H-113
> Washington, DC 20580
> ElectronicFilings@ftc.gov
>
> Office of Administrative Law Judges
> Federal Trade Commission
> 600 Pennsylvania Ave., NW, Rm. H-110
> Washington, DC 20580

I further certify that I caused the foregoing document to be served via email to:

D. Bruce Hoffman
Ryan Shores
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 974-1500
Email: bhoffman@cgsh.com
Email: rshores@cgsh.com

*Counsel for Respondent Tempur Sealy International, Inc.*

Sara Y. Razi
Simpson Thacher & Bartlett LLP
900 G Street NW
Washington, DC 20001
Telephone: (202) 636-5582
Email: sara.razi@stblaw.com

*Counsel for Respondent Mattress Firm Group Inc.*

By:   *s/ Noel Miller*
     Noel Miller

*Counsel Supporting the Complaint*