**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FEDERAL TRADE COMMISSION,**

*Plaintiff,*

v.

**GTCR BC HOLDINGS, LLC, and**

**SURMODICS, INC.,**

*Defendants.*

Case No. 1:25-cv-02391

Hon. Jeffrey I. Cummings

**JOINT STIPULATED CASE MANAGEMENT ORDER**

Plaintiff Federal Trade Commission ("FTC" or "Commission") has met and conferred with Defendants GTCR BC Holdings, LLC ("BC Holdings") and Surmodics, Inc. (collectively, "Defendants"). The parties jointly submit the following Joint Stipulated Case Management Order:

A. **TEMPORARY RESTRAINING ORDER**: The Court entered the Stipulation and Temporary Restraining Order ("TRO") on March 12, 2025. The Commission reserves the right to seek an extension of the TRO to include additional time after the district court rules on the motion for preliminary injunction to facilitate appellate considerations. BC Holdings and Surmodics believe that a further extension to the TRO would be improper under Rule 65(b)(2) and reserve the right to oppose a request by the Commission to extend the TRO at a later time.

B. **DISCOVERY**

1. <u>Initial Disclosures</u>. The parties agree to forego the requirement to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

2. <u>Motion to Dismiss.</u> Defendants do not intend to file a motion to dismiss.

3. <u>Fact Discovery.</u> The parties commenced fact discovery on March 18, 2025. Fact discovery will be completed by June 13, 2025.

4. <u>Pre-Trial Discovery Conference.</u> This stipulated Order relieves the parties of their duty under Federal Rule of Civil Procedure 26(f) to confer about scheduling and a discovery plan.

5. <u>Third-Party Discovery.</u> No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days[1] after service. Every subpoena to a third party shall include a cover letter requesting that (1) the third party Bates stamp each document with a production number and any applicable confidentiality designation prior to producing it and (2) the third party provide to the other parties copies of all productions at the same time as they are produced to the requesting party, using the contact information provided in Section E. Upon reasonable request from the third party, the requesting party shall provide such copies to the other parties within three (3) business days of the requesting party receiving the materials from the third party. If materials are received from a third party within three (3) business days of that party's deposition, the parties shall meet and confer as to whether it is necessary to reschedule the deposition. No party may unreasonably withhold agreement to reschedule a deposition. Each party shall produce all

---

[1] Unless otherwise specified, "days" as used in this Order shall mean calendar days. If the last day of the period is a Saturday, Sunday, holiday, or court closure, the period continues to run until the next day that is not a Saturday, Sunday, holiday, or court closure.

2

    materials received pursuant to an informal request, including any declarations or affidavits obtained from a third party, to the other parties within three (3) business days of receiving those materials. Production shall occur in the format the materials were received, except that in the event a non-party produces documents or electronic information that are non-Bates-stamped, the party receiving the documents shall promptly Bates-stamp the documents or electronic information and produce them in an appropriate timeframe. Each side shall serve subpoenas for the production of documents upon no more than ten (10) entities or individuals, except that each side may serve subpoenas for the production of documents on any:

    a. Entities or individuals who appear on any party's initial witness list; provided a declaration, letter of support, or affidavit; sat for an investigational hearing during Plaintiff's investigation (FTC File No. 241-0095); are listed on any party's initial disclosures in the administrative action (FTC Docket No. 9440); or sat for a deposition in this action; or

    b. Entities and individuals affiliated with the entities or individuals identified in the immediately preceding subsection (a).

The parties shall serve document requests to third parties no later than fourteen (14) days before the close of fact discovery date in Schedule A.

6. <u>Declarations or Affidavits</u>. Written support from third parties may be submitted only as a Declaration or Affidavit signed under penalty of perjury. No informal statements of support or opposition will be permitted. No party may submit as evidence a declaration or affidavit from a party or third-party witness unless a fair opportunity was available to depose the signatory subsequent to serving the declaration or affidavit on the other side, unless otherwise agreed by the parties. Notwithstanding the foregoing, the parties reserve

the right to object to the reliability and admissibility of any Declaration or Affidavit in accordance with the Federal Rules of Evidence.

7. <u>Document Requests and Production.</u> No more than thirty (30) requests for production shall be served by either side. The FTC issuing identical requests for production to each Defendant counts as a single request for production for purposes of counting the FTC's requests. The parties shall serve any objections to requests for the production of documents no later than fourteen (14) days after the date of service of the document requests to which they assert objections. Within three (3) business days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections. Within 28 days of a discovery request, the parties shall produce all responsive documents that they have identified and collected for production by that time. After the 28-day deadline, the parties shall continue to produce additional responsive documents on a rolling basis on weekly intervals beginning on the 35th day from the date of service of the request until production is completed. The parties shall work in good faith to substantially produce documents pertaining to a deponent at least seven (7) days before the deponent's deposition. In response to any document requests, the parties need not produce to each other in discovery in this case any documents previously produced by Defendants to the FTC in the course of the investigation, FTC File No. 241-0095.

8. <u>Requests for Admission.</u> The parties shall serve no more than fifteen (15) Requests for Admission per side. However, there shall be no limit on the number of requests for admission for purposes of authentication and admissibility of exhibits. For purposes of this provision, every discrete subpart to a request for admission will count as a separate request for admission. The FTC issuing identical requests for admission to each Defendant counts as a single request for admission for purposes of counting the FTC's

requests. The parties shall serve objections and responses to requests for admission no later than fourteen (14) days after the date of service.

9. <u>Interrogatories.</u>  The parties shall serve no more than fifteen (15) interrogatories per side. For purposes of this provision, each subpart to an interrogatory that seeks information about a discrete separate subject will count as a separate interrogatory, consistent with Federal Rule of Civil Procedure 33. The FTC issuing identical interrogatories to each Defendant counts as a single interrogatory for purposes of counting the FTC's requests. The parties shall serve objections and responses to interrogatories no later than fourteen (14) days after the date of service.

10. <u>Deadline to Issue Written Discovery to Parties</u>. The parties shall serve document requests to parties no later than fourteen (14) days after the filing of this proposed Order. The parties shall serve interrogatories and requests for admission at least fourteen (14) days prior to the close of fact discovery, except that requests for admission related to the authenticity of a document or the admissibility of documents, data, or other evidence may be served no later than twenty-one (21) days prior to the evidentiary hearing.

11. <u>Expert Reports.</u>  Each side may disclose no more than two (2) expert witnesses. Plaintiff shall serve its expert reports on June 13, 2025.  Defendants shall serve their expert reports on July 3, 2025.  Plaintiff shall serve its expert rebuttal reports on July 14, 2025.  Nothing in this Order shall prevent an individual otherwise called as a fact witness from providing opinion testimony about an issue on which they are qualified to testify under the Federal Rules of Evidence.

12. <u>Expert Materials Not Subject to Discovery.</u>  Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

    a)     Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:

        i.     any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants, or between any of the experts themselves;

        ii.     any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

        iii.     expert's notes, unless they are expressly relied upon and/or cited in support of an opinion or fact;

        iv.     drafts of expert reports, analyses, or other work product; or

        v.     data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 12(b).

    b)     The parties agree that they will disclose the following materials with all expert reports:

        i.     a list by Bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

        ii.     for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

13. **Motions *in Limine* Related to Experts.** Within 48 hours after the final expert deposition, the parties will meet and confer to discuss (a) whether any party plans to move to exclude

any opinion of an expert witness, and (b) an appropriate schedule for briefing any such motion and any responsive pleadings.

14. <u>Exchange of Lists of Fact Witnesses to Appear at Hearing.</u>

    a) *Preliminary Fact Witness Lists:* The parties shall exchange preliminary party and third-party fact witness lists on April 15, 2025. Each side's preliminary fact witness lists shall list no more than thirty (30) witnesses and shall list all witnesses by name, except for third-party corporate representatives, which may be listed as "[third-party] corporate representative." Preliminary fact witness lists shall summarize the general topics of each witness's anticipated testimony. The preliminary witness list shall include the name of the employer of each witness and a description of the responsibilities of any third-party witness. Only a witness who appears on either side's initial preliminary witness list, who has been disclosed as an expert witness, or who has been deposed in this matter may be included on a side's final witness list.

    b) *Final Fact Witness Lists:* Final party and third-party fact witness lists shall be exchanged on or before 7 p.m. Central Time on July 3, 2025, and shall summarize the general topics of each witness's anticipated testimony. Final fact witness lists shall include no more than twenty (20) witnesses per side and shall list all witnesses by name.

    c) The preliminary and final fact witness lists shall represent a good faith effort to identify all witnesses the producing side expects that it may present live at the evidentiary hearing, other than solely for impeachment. Additional witnesses may be added to the final witness list after July 3, 2025 only by agreement of the parties or with leave of the Court for good cause shown.

7

15. <u>Depositions.</u>

    a) <u>Remote Depositions</u>. The parties will confer regarding a deposition protocol to govern remote depositions, and agree that any party may decide to take or attend a deposition remotely without limiting the right of another party to attend or take the deposition in person. In the event a witness raises a reasonable objection to an in-person deposition, the noticing party and the relevant third party shall negotiate in good faith about the format of the deposition. Parties who do not agree to an in-person deposition for a given witness shall have the opportunity to participate remotely in the deposition.

    b) <u>Deposition Scheduling</u>. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

    c) <u>Number of Depositions</u>. Each side may depose any witness who is listed on either side's preliminary or final witness list, who provides a declaration, affidavit, or statement of support or opposition, or who sat for an investigational hearing during Plaintiff's investigation (FTC File No. 241-0095). Each side may take a maximum of fifteen (15) depositions of fact witnesses beyond those (i) listed on any party's preliminary or final witness lists, (ii) who are associated with an entity listed on either Plaintiff's or Defendants' preliminary or final witness lists, (iii) who provided a declaration or affidavit, or (iv) who sat for an investigational hearing during Plaintiff's investigation (FTC File No. 241-0095). In addition, one 30(b)(6) deposition

notice of each party shall be permitted. A 30(b)(6) deposition counts as no more than one deposition, regardless of whether a party or third party designates multiple individuals. Cross-notices of depositions will not count against the above totals. Additional depositions of fact witnesses shall be permitted only by agreement of the parties or by leave of the Court for good cause shown.

d) <u>Allocation of time.</u>  All depositions, including depositions of fact and expert witnesses, shall last no more than seven (7) hours.  By agreement, the parties may extend a deposition up to eight (8) hours, with the additional hour to be allocated equally.  If both Plaintiff and Defendants notice any third-party fact deposition, they shall allocate the time evenly between each side with the following exception: for witnesses who sat for an investigational hearing or who have provided a declaration or affidavit to only one side during Plaintiff's investigation (FTC File No. 241-0095), the side which conducted the investigational hearing or received a declaration or affidavit shall have three hours (3) and the other side shall have four (4) hours. In either case, unused time in any side's allocation of deposition time shall not transfer to the other side.

e) For purposes of this Order, employees, consultants, agents, contractors, or representatives of the parties, or persons or entities whose counsel is, or was at any point during this litigation, paid for by the parties, are considered party witnesses.

f) <u>Notice.</u>  The parties may not serve a deposition notice with fewer than seven (7) days' notice. If a party serves a non-party subpoena for the production of

        documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) days after the original return date for the document subpoena. To the extent a third-party deposition is properly noticed in accordance with the above and the third party's schedule cannot accommodate a deposition before the close of fact discovery, after consultation with all parties involved, despite good faith efforts for earlier scheduling, and for good cause, a later deposition may occur with the agreement of all sides. No party may unreasonably withhold agreement.

    g) <u>Admissibility</u>. Testimony from investigational hearings taken during the investigation of the proposed acquisition can be used as admissible evidence in this litigation, subject to each party's right to object to the admission of specific testimony in accordance with the Federal Rules of Evidence.

16. (<u>Expert Depositions.</u> A single seven (7) hour deposition of each expert shall be allowed.

17. <u>Discovery Uses.</u> All discovery taken in the above-captioned litigation can be used in connection with the Part 3 administrative proceeding (FTC Docket No. 9440). Only discovery obtained by a party in the Part 3 administrative proceeding five (5) weeks prior to the hearing in this proceeding may be used as part of this litigation.

**C.** **MOTIONS AND BRIEFING SCHEDULE**

1. Plaintiff will file its memorandum in support of its motion for a preliminary injunction by June 18, 2025. This brief is not to exceed 15,000 words.

2. Defendants will file their opposition to the Plaintiff's motion for a preliminary injunction by July 7, 2025. This brief is not to exceed 15,000 words.

3. Plaintiff will file its reply memorandum in further support of its motion for a preliminary injunction by July 18, 2025. This brief is not to exceed 6,500 words.

4. Each side shall be limited to three (3) motions *in limine*, including any *Daubert* motions. Motions *in limine* shall be filed by July 14, 2025. Responses to motions *in limine* shall be filed by July 18, 2025.

5. *In Camera* Designation. Parties and third parties shall submit any requests for in camera treatment of demonstratives, exhibits, and testimony (depositions or investigational hearings) by the date set in the pre-hearing order. Each party and third party is responsible for requesting in camera treatment of its own confidential materials and information regardless of which side's exhibit list the materials or information appear on. Requests for in camera treatment shall be made in the form of a single motion to the Court per party or third-party, not to exceed twenty (20) pages.

6. Proposed Findings of Fact and Conclusions of Law (if any) will be due two weeks after the conclusion of the evidentiary hearing. There will be no reply Findings of Fact and Conclusions of Law.

D. **PRELIMINARY INJUNCTION EVIDENTIARY HEARING**

1. The Court will set a preliminary injunction hearing and a prehearing conference on a mutually agreeable date in due course. Defendants and Plaintiff shall split the time available at the hearing evenly between each side, with both direct examination and cross-examination of witnesses counting against the party conducting the examination.

11

2. Each side will have at least twenty-four (24) hours to present testimony during the hearing. Should the Court augment the time available for this proceeding, any additional time shall be divided equally between each side.

3. The parties will meet and confer on a further proposed pre-hearing order after the close of fact discovery by June 13, 2025. That proposed order will include, but not be limited to, if not already handled by the Court: a process for deposition designations (if any); a process for video designations (if any); a process for exchanging exhibits and limitations on exhibits at the hearing (if any); a process for handling objections to exhibits, including claims of confidentiality and a timeline for making and challenging *in camera* designations; and a process for exchanging illustrative aids and Rule 1006 exhibits.

E. **OTHER MATTERS**

1. Service. Service of any documents not filed via ECF, including pleadings, discovery requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by electronic mail to the following individuals designated by each party:

    Plaintiff: Maia Perez, mperez@ftc.gov; Jessica Weiner, jweiner@ftc.gov; Lauren Gaskin, lgaskin@ftc.gov; Qing Yu Chen, qchen@ftc.gov; Jacob Warren, jwarren1@ftc.gov; Qwai-Zia Pennix, qpennix@ftc.gov.

    Defendant's: Daniel P. Culley dculley@cgsh.com; Blair Matthews bmatthews@cgsh.com; Gabriel Lazarus glazarus@cgsh.com; Miranda Herzog mherzog@cgsh.com; Paul Saint-Antoine paul.saint-antoine@faegredrinker.com; Joanne Lewers joanne.lewers@faegredrinker.com; Matthew Lechner matthew.lechner@faegredrinker.com; Josh Mahoney josh.mahoney@faegredrinker.com; Jonathan Todt

jonathan.todt@faegredrinker.com Rich Cunningham

rich.cunningham@kirkland.com; Matt Reilly matt.reilly@kirkland.com; Colin

Herd colin.herd@kirkland.com; Kelly Fayne kelly.fayne@lw.com

In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery if agreed by the parties, the serving party will telephone or email the other side's principal designee when the materials are sent to provide notice that the materials are being served. For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

2. <u>Mutual Exchanges.</u>  For any deadline involving a mutual exchange between the parties, the parties agree that such exchange will occur at 7:00pm Central Time.

3. <u>Answer.</u>  Defendants answered the complaint on March 27, 2025.

4. <u>Nationwide Service of Process.</u>  Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court that may run into any other federal district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a deposition taken in this action.

5. <u>Third-Party Confidential Information</u>.  The Agreed Confidentiality Order entered on April 11, 2025 shall govern discovery and production of Confidential Information.  Any

Party serving discovery requests, notices, or subpoenas sent to a non-party shall provide the non-party with a copy of the Agreed Confidentiality Order.

6. <u>Privilege Logs.</u>  The parties agree to suspend the obligations of Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of privileged materials withheld from discovery taken in this action (excluding Defendants' productions made during the course of the FTC's pre-complaint investigation, FTC File No. 241-0095).  None of the parties must preserve, log, or produce in discovery the following categories of documents:

   a) Documents or communications sent solely between outside counsel for Defendants (or persons employed by or acting on behalf of such counsel) or solely between counsel for Plaintiff (or persons employed by or acting on behalf of such counsel);

   b) Documents or communications sent solely between in-house counsel (acting in a purely legal capacity) and that Defendant's respective outside counsel (or persons employed by or acting on behalf of such outside counsel), or solely between either Defendant's employees and that Defendant's respective outside counsel (or persons employed by or acting on behalf of such outside counsel);

   c) Documents or communications sent solely within the FTC (including persons employed by or acting on behalf of the FTC);

   d) Documents or communications sent between the FTC and state, local, or federal governmental agencies subject to common interest privilege, law enforcement investigatory privilege, joint prosecution privilege, the work product doctrine, or any other applicable privilege or protection from disclosure; and

      e) Materials exempted from disclosure under the Expert Materials provisions of Section B of this Order.

Notwithstanding the above, Defendants shall log any withheld communications between in-house counsel and any party employees or agents, regardless of whether in-house counsel was acting in a purely legal capacity.

7. <u>Inadvertent Production of Privileged Material.</u>  In accordance with Federal Rule of Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), inadvertent production of documents or communications containing privileged information or attorney work product shall not be a basis for loss of privilege or work product of the inadvertently produced material, provided that the producing party notifies the receiving party within three (3) business days of learning of the inadvertent production.  When a party determines that it has inadvertently produced such material, it will notify other parties, who will promptly return, sequester, or delete the protected material from their document management systems.  Within two (2) business days of identifying inadvertently produced information or documents(s), the party seeking claw-back of such materials shall provide a revised privilege log for the identified information or documents.  A Party may move the Court for an order compelling production of the material, but such Party may not assert as a gound for entering such an order the mere fact of inadvertent production.  The Party asserting the privilege must file its opposition under seal and submit a copy of the material in question for in camera review.  Plaintiff and Defendants will work in good faith to make all claw back requests regarding exhibits on the Exhibit List (if any) no later than July 18, 2025.  This provision supersedes any Confidentiality Order provision regarding inadvertent disclosure of privileged information. This

provision does not waive any privilege claim or prevent a party from making a claw back request in good faith at a later date.

8. <u>Electronically Stored Information.</u> The parties agree as follows regarding the preservation and production of electronically stored information ("ESI")

   a) All Parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case. In addition, the Parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

   b) All Parties agree that the use of Technology Assisted Review tools may assist in the efficienct production of ESI. However, if a party desires to use such technologies, it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology.

   c) All parties will request ESI in the form or forms that facilitate efficient review of ESI.

9. <u>Evidentiary Presumptions.</u>

   a) Documents produced by non-parties from the non-parties' files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's admissibility must be provided with the exchange of other objections to trial exhibits. If a party serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. The Court will resolve any objections that are not resolved through this means or through the discovery process.

b) All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's pre-complaint investigation of the proposed acquisition, FTC File No. 241-0095, or any prior FTC investigation, are presumed to be authentic.

c) Any party may challenge the authenticity or admissibility of a document for good cause shown, and if necessary may take discovery related solely to authenticity or admissibility of documents.

10. <u>Newly-Available Information</u>. Discovery in this matter will take place on an accelerated basis. This order does not preclude any party from subsequently relying on evidence, including in court filings, arguments, and expert reports, that was not produced at the time of service, or was produced within three (3) days of service of initial expert reports or briefs. If evidence is produced within three (3) business days of the due date of an expert report, the party submitting the report may provide an updated report incorporating the new material within three (3) business days of the original deadline for the report. If evidence is produced within three (3) business days of the due date of a brief, the party submitting the brief may address that evidence in its next responsive brief.

11. <u>Modification of Scheduling and Case Management Order.</u> This order has been entered into after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended. Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.

12. In this action, counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived service of a summons.

13. For the purposes of this case only, Defendants consent to personal jurisdiction and venue in this court.

14. The parties do not believe that the case should be assigned to a magistrate judge for all purposes, including trial.

**SCHEDULE**

| Event | Date(s) |
| --- | --- |
| Discovery Commences | March 18, 2025 |
| Defendants' Answer to Plaintiff's Complaint | March 27, 2025 |
| Exchange of Preliminary Fact Witness Lists | April 15, 2025 |
| Deadline for Serving Document Requests to Parties | April 29, 2025 |
| Deadline for Serving Interrogatories and Requests for Admission (except Requests for Admission for Authentication/Admissibility) | April 29, 2025 |
| Close of Fact Discovery | June 13, 2025 |
| Plaintiff produces initial expert report(s) | June 13, 2025 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | June 18, 2025 |
| Deadline to Serve Requests for Admission for Authentication/Admissibility | July 2, 2025 |
| Defendants produce expert report(s) | July 3, 2025 |
| Exchange of Final Witness Lists | July 3, 2025 |
| Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction | July 7, 2025 |
| Exchange of Exhibit Lists | July 9, 2025 |
| Plaintiff produces rebuttal expert reports | July 14, 2025 |
| Motions *In Limine* | July 14, 2025 |
| *In camera* designations | By the date set in the pre-hearing order |
| Close of Expert Discovery | July 18, 2025 |
| Plaintiff's Reply to Defendants' Opposition to Preliminary Injunction Motion | July 18, 2025 |
| Objections to Exhibits | July 18, 2025 |
| Responses to Motions *In Limine* | July 18, 2025 |

| Event | Date(s) |
|---|---|
| Deadline for any challenges to *in camera* designations | By the date set in the pre-hearing order |
| Pre-Hearing Conference | To be set at a later date |
| Evidentiary Hearing | To be set at a later date |

Dated: April 17, 2025
SO ORDERED.

HON. JEFFREY I. CUMMINGS
United States District Judge