1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEDERAL TRADE COMMISSION,     )   Case No. 25 C 2391
STATE OF ILLINOIS and STATE   )
OF MINNESOTA,                 )
                              )
                Plaintiffs,   )
                              )
        v.                    )
                              )
GTCR, LLC, GTCR BC HOLDINGS,  )
LLC and SURMODICS,            )   Chicago, Illinois
                              )   April 17, 2025
                Defendants.   )   11:00 a.m.


TRANSCRIPT OF TELEPHONIC PROCEEDINGS - STATUS HEARING
BEFORE THE HONORABLE JEFFREY I. CUMMINGS

APPEARANCES:

For the Plaintiff FTC    FEDERAL TRADE COMMISSION
Via Telephone:           BY:  MS. MAIA PEREZ
                              MS. LAUREN GASKIN
                              MS. Le'ORA P. TYREE
                              MS. JESSICA B. WEINER
                         600 Pennsylvania Avenue NW
                         Washington, DC  20580


For the Plaintiff        OFFICE OF THE ILLINOIS ATTORNEY GENERAL
State of Illinois        BY:  MR. JOHN R. MILLIGAN
Via Telephone:           115 S. LaSalle Street
                         Chicago, Illinois  60603


For the Plaintiff        OFFICE OF THE MINNESOTA ATTORNEY GENERAL
State of Minnesota       BY:  MS. ELIZABETH R. ODETTE
Via Telephone:           445 Minnesota Street
                         St. Paul, Minnesota  55101


For the Defendant        CLEARY GOTTLIEB STEEN & HAMILTON LLP
GTCR BC HOLDINGS, LLC     BY:  MR. DANIEL P. CULLEY
Via Telephone:                MR. BLAIR MATTHEWS
                         2112  Pennsylvania Avenue NW
                         Washington, DC  20037

APPEARANCES (Continued):


For the Defendant          FAEGRE DRINKER BIDDLE & REATH LLP
Surmodics, Inc., Via       BY:  MR. JOSHUA P. MAHONEY
Telephone:                      MS. JOANNE LEWERS
                                MR. PAUL H. SAINT-ANTOINE
                           311 S. Wacker Drive, Suite 4400
                           Chicago, Illinois  60606


Court Reporter:            JOENE HANHARDT, CSR, RPR
                           Official Court Reporter
                           219 S. Dearborn Street, Room 1222
                           Chicago, Illinois  60604
                           (312) 435-6874
                           jhardt120@aol.com

                    *    *    *    *    *

                PROCEEDINGS REPORTED BY STENOTYPE
     TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard in open court:)

THE CLERK: 25 C 2391, Federal Trade Commission vs. GTCR, BC Holdings, LLC, et al.

Once again, this is the Courtroom Deputy. Unless you are speaking or answering the Judge, please mute your phone. And please state your name for the record each time that you answer or address the Judge.

Counsel for the plaintiff who will be talking today, please state your name for the record.

MS. PEREZ (Via Telephone): Good morning, your Honor, Maia Perez on behalf of the Federal Trade Commission.

THE COURT: Good morning.

MS. WEINER (Via Telephone): Good morning, your Honor, this is Jessica Weiner on behalf of the Federal Trade Commission.

MS. TYREE (Via Telephone): Good morning, your Honor, this is Le'Ora Tyree on behalf of the Federal Trade Commission.

THE COURT: And who do we have for the defendant?

MR. CULLEY (Via Telephone): Good morning, your Honor, this is Daniel Culley for GTCR BC Holdings, LLC.

THE COURT: Good morning.

MR. SAINT-ANTOINE (Via Telephone): Good morning, your Honor, this is Paul Saint-Antoine on behalf of Surmodics.

THE COURT: Good morning.

(Background Interruption.)

THE COURT: Someone has a conversation going on in the background. Could you please mute your phone?

(Background Interruption.)

THE COURT: So, if you are not speaking, could you please mute your phone?

(Background Interruption.)

THE CLERK: This is Kerwin, the Courtroom Deputy. The number begins with 39 and ends in 29. Please mute your phone.

THE COURT: Okay. I think we are good now.

All right. I want to first thank everyone for your flexibility in the timing of the hearing this morning. And I want to begin with plaintiff's motion for an order directing the filing of plaintiffs' amended complaint under seal.

Do the defendants have any objection to this motion, beginning with GTCR, Mr. Culley?

MR. CULLEY (Via Telephone): Yes, your Honor. This is Daniel Culley.

We do not have an objection to the filing of the amended complaint under seal -- to the motion to seal specifically.

As you might imagine, we have a number of objections to the complaint, itself, but not to the motion to seal.

THE COURT: Okay. Thank you.

And how about you, Mr. Saint-Antoine?

MR. SAINT-ANTOINE (Via Telephone): The same position,

your Honor.  We have no objection to the filing of the complaint under seal.

THE COURT:  Okay.

So, plaintiffs' motion for an order directing the filing of plaintiffs' amended complaint under seal will be granted.

And, now, I want to turn to the joint motion for the entry of a proposed joint stipulated case management order and resolution of areas of impasse.

I appreciate the parties' work on this document.  It seems, with the exception of the three disputes, to be pretty comprehensive.

Let's turn to the first issue, which is your request for production and response date.  I have had an opportunity to look through the parties' respective positions and here is what I would propose to resolve this dispute.  And, then, I want to hear from defense counsel regarding this.

I note, before I give my proposal, that it indicates -- that this document indicates -- that the defendants have already begun their collection process and they agree to make a good faith effort to complete relevant production at least seven days before any employees' depositions.

What I would like to order is that the defendants produce all available responsive documents that they have gathered within twenty-eight days after service of the request,

with the understanding that they may not be able to complete their production within that twenty-eight-day period; and, that the defendants certify that they have substantially completed production of responsive documents no later than seven days before the deposition.

So, I would envision an initial production perhaps substantially all, but certainly most of the documents, within twenty-eight days; and, then, additional documents up to seven days before each deposition takes place.

And let me hear from defense counsel as to your reaction to that.

Mr. Culley?

MR. CULLEY (Via Telephone): Yes, your Honor. Yes, absolutely.

So, we are certainly going to attempt in good faith to produce things as quickly as possible. And we can certainly try to make an initial production on that timeline. But I think we are serving responses and objections to the Federal Trade Commission tomorrow and still need to have discussions about custodians and the scope of production.

The FTC has asked for materials in some cases going back eight years. So, there will be discussions about the availability of data sources that need to occur.

So, with all of that, you know, and the twenty-eight days being only seventeen days from now, I think it is going to

be a challenge for that to begin occurring, you know, with a large production on that timeline. But, you know, we are committed to producing materials as quickly as possible.

THE COURT: Well, you are already gathering -- you are in the process of gathering -- them now. What I am envisioning is that you continue that process for the next seventeen days. And that you produce everything that you have gathered between when the production was served in the next seventeen days on that 28th day.

And that should be a lot of the documents, I mean, I believe that they are seeking. But I am giving defendants some leeway to substantially complete the production seven days before the deposition.

So, what I want to avoid is a situation where seven days before the deposition everything that you have is produced and nothing is produced before that time.

UNIDENTIFIED SPEAKER (Via Telephone): I would note that I would -- and, so, your Honor, I would always -- you know, when I am speaking about, I would have to go down --

THE COURT REPORTER: I am sorry, who is speaking?

THE COURT: Sir, whoever is speaking, I don't know the relationship to this hearing, but could you please mute yourself?

UNIDENTIFIED SPEAKER (Via Telephone): Sure.

(Background Interruption.)

THE COURT: Mr. Kulwin, could you tell who is speaking?

THE CLERK: I am checking now, your Honor.

Hello, this the Courtroom Deputy, again. Please mute your phone.

Thank you.

THE COURT: Okay. I think the problem has subsided, again.

All right. I want to turn to you, Mr. Saint-Antoine.

MR. SAINT-ANTOINE (Via Telephone): Yes, your Honor.

THE COURT: I also want to point out that I want your objection to the document production to be served on or before that 28th day, as well.

MR. CULLEY (Via Telephone): If I may, your Honor? It is Daniel Culley, again.

We are due to serve those tomorrow.

THE COURT: Okay. That is great.

MR. CULLEY (Via Telephone): And we will, of course, meet and confer immediately following that about, you know, the scope of the production and other relevant items.

THE COURT: Thank you.

Mr. Saint-Antoine?

MR. SAINT-ANTOINE (Via Telephone): Your Honor, Paul Saint-Antoine on behalf of Surmodics.

We understand and appreciate the Court's flexibility

on the timing and certainly the concept of a rolling production. It is agreeable.

We also understand the interest in having documents produced for particular deponents a week in advance. It certainly makes sense to us, as well.

The only thing I would ask on behalf of my team handling the production is if there is an issue with a particular document request or a particular deponent, if we could, you know, raise this in some way with the Court if some unanticipated issues come up?

THE COURT: Well, on that point -- and I am glad you asked that question -- what I would like for you to do is if any such issues come up, to contact my Deputy and I will do my best to set something up as quickly as possible, so that we can resolve any disputes as quickly as possible, so that we don't stall the defendants' production over such disputes.

So, I would request that both sides meet and confer about disputes. If you cannot work it out jointly, contact my Deputy and I will set something up as quickly as I can to resolve it.

MR. SAINT-ANTOINE (Via Telephone): That is very helpful, your Honor. I am not -- I am hoping and anticipating we won't have to raise those issues; but, I know, given the timing on the matter, that having that option would be helpful.

THE COURT: Okay.

So --

MS. PEREZ (Via Telephone): Good morning, your Honor, this is Maia Perez.

THE COURT: Ms. Perez?

MS. PEREZ (Via Telephone): Sorry, this is Maia Perez on behalf of the FTC.

Yes, thank you.

I just wanted to add to Mr. Saint-Antoine, to confirm that the FTC is committed to working with defendants to ensure that we minimize any disputes that might be brought before the Court, including to the extent that there are specific production issues with individual requests. We are willing to work with the defendants to ensure that we can try to, again, minimize the disputes brought before the Court.

THE COURT: Okay. I appreciate that.

So, that is what I will do about Dispute No. 1.

Now, Issue No. 2 is the third-party depositions.

MS. PEREZ (Via Telephone): Oh, your Honor?

THE COURT: Go ahead, Ms. Perez.

MS. PEREZ (Via Telephone): I am sorry. It is Ms. Perez, again. Thank you, your Honor.

I just wanted to clarify. So, to the extent that, you know, there are a number of document requests that don't actually apply to a specific deponent -- and, so, just to clarify -- is it the Court's position that the documents that

have been collected at the twenty-eight-day mark would be produced; and, then, of course, the documents that pertain to a specific deponent would be produced at least seven days in advance of the deponent's deposition?

But there are other documents that aren't specifically linked to any deponents. And, so, there would not necessarily be -- would there be a specific deadline by which we should try to bring those -- produce those -- documents to the Court?

THE COURT: Well, what I am contemplating there -- and I think what defense counsel indicated in their written comments -- is that they would continue producing documents on a rolling basis after that twenty-eight-day deadline. And, so, that is what I am anticipating, as well.

It is a bit difficult for me to set a further deadline for production after the twenty-eight days, because I don't know how much will be left to produce. I have confidence in them. And perhaps they will be able to produce substantially everything by that twenty-eight days. But I am expecting that defense counsel continue to make rolling production.

And, perhaps, as I think about it, what I should do is set a weekly deadline after that twenty-eight days so that there will be another rolling production on or before the seventh day, which would be 35 days, 42 days, et cetera, and so that the FTC could expect additional productions after the twenty-eight-day mark on a weekly basis.

MS. PEREZ (Via Telephone): I think that would be extremely helpful, your Honor.

THE COURT: Okay.

So, I will incorporate that into the template that you have laid out in this order.

And, by the way, has your Exhibit A been submitted to me in Word form?

MS. WEINER (Via Telephone): Good morning, this is Jessica Weiner for the Federal Trade Commission.

It has, yes.

THE COURT: Okay. Thank you.

So, we will incorporate that into the order that I issue.

Anything further, Ms. Perez?

MS. PEREZ (Via Telephone): Not on that topic, your Honor. Thank you.

THE COURT: Okay. So, we will move on to Topic No. 2, which is the third-party depositions.

The parties have agreed that these depositions, consistent with the Federal Rules, should last no longer than seven hours, but they disagree as to how the time should be split.

The FTC believes that the time should be split equally. The defendants believe that they should receive four-and-a-half hours of questioning time and the FTC should be

limited to two-and-a-half hours, based upon the fact that the FTC is already engaged in investigations regarding this matter and they have questioned these particular witnesses or parties before.

The defendants have cited a number of cases where the time split has been split in a way that has given the defendants more time. And that is on Page 17. And I think that a split of three hours for the FTC and four hours for the defendants to question these witnesses would be appropriate.

I would also point out that if the parties jointly agree that more time is needed to question a particular witness, they would have leeway to agree to up to eight hours of deposition time for a witness, upon mutual agreement. But that is the split that I am going to go with -- three and four -- for these third-parties.

Moving on to the last issue, the admissibility of the transcripts, it is not clear to me that the parties are really in a major disagreement. And I say that because, on Page 23, the defendants indicate that they do not raise any blanket objections to these investigative hearing transcripts. They will decide whether to object to each statement advanced. And they acknowledge that hearsay can be considered in a preliminary injunction hearing.

And, instead, they go further on Page 23 and indicate that notwithstanding that, these hearings may be excluded from

evidence that they are irrelevant, immaterial or unreliable; or, if their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or if the evidence would be misleading or based on consideration of undue delay, with the time or needless presentation of cumulative evidence. I agree with that.

And it seems to me that what plaintiff is proposing on Page 19, which is that the testimony from the investigative hearings, taken during the investigation of the proposed acquisition, can be used as admissible evidence in this litigation subject to each party's right to object to the admission of specific testimony, in accordance with the Federal Rules of Evidence. It seems to be consistent with what I just read from defendants.

So, I think plaintiffs' proposal is fine. It is not a blanket admission of every statement within these hearings. It preserves defendants' rights to make the objections that they have articulated in this document. And I don't see how there is really any difference between the parties' positions.

I just want to offer the defendants a chance to clarify that, but it seems to me that you are kind of on the same page, even though you don't think you are. But it seems like you are.

Mr. Culley?

MR. CULLEY (Via Telephone): Yes, your Honor. I will

--

THE COURT: How is plaintiffs' proposal -- go ahead.

MR. CULLEY (Via Telephone): Yes, your Honor.

I guess we are just unclear as to what effect the FTC is attempting to work by this language. I mean, I think, you know, what your Honor has read and the language the FTC has applied could really -- one could substitute any type of evidence in place of investigational hearings.

And, so, if we are just-- it is just unclear to us what plaintiffs are proposing that is different from the Court's ordinary trial procedures. And that is what is giving us some concern about adding this language.

THE COURT: Well, I will say this. My comments on this issue are limited to the transcripts of these investigative hearings and not any other kind of evidence that could be used. That is what I am focused on right here.

And I think with respect to the transcripts from these hearings, I think that the proposed language by plaintiff is fine.

So --

MS. WEINER (Via Telephone): Your Honor, this is Jessica Weiner with the Federal -- oh, I apologize.

THE COURT: No, go ahead, Ms. Weiner.

MS. WEINER (Via Telephone): This is Jessica Weiner with the Federal Trade Commission .

I just want to confirm that plaintiffs' understanding is consistent with your Honor's as to this.

THE COURT: Okay.

So, Mr. Saint-Antoine, is there any -- how is the defendants' position different than what the plaintiffs have proposed here -- the plaintiff has proposed here?

(No response.)

THE COURT: Mr. Saint-Antoine, are you still with us?

MR. SAINT-ANTOINE (Via Telephone): I am, your Honor. I was on mute. I apologize for that.

THE COURT: Okay. That is okay.

MR. SAINT-ANTOINE (Via Telephone): Your question, your Honor, is the same one we raised in the meet and confer process, trying to understand if there was any daylight between our position and the government's; and, if so, what that was.

What we are mostly interested in -- and I think, from your Honor's statement, I think it gives us the comfort -- that, in advance of the hearing, we will have an opportunity to review whatever testimony the government proposes to admit and raise appropriate objections, whether it be to relevance or reliability. That is our real focus. And that there is not some blanket admission of that testimony simply because it was taken during the investigative stage.

THE COURT: Okay.

Well, then, I think we are fine with that. We will

use plaintiffs' language. And my understanding is, I think, the same as your understanding. I am not just going to admit something because it came out of an investigative hearing, period.

And your right to object, based on the grounds you have articulated in this document, is certainly preserved. So, I think that takes care of Dispute No. 3.

And, then, the question of scheduling this preliminary injunction hearing, you have proposed July 23rd through August 1st. Unfortunately, I have a jury trial that is scheduled to run through, I believe it is, August 1st. It is certainly July 31st, but probably August 1st.

And you have a prehearing schedule proposed for July 22nd, which is in the middle of my jury trial.

I think what we are likely going to have to do is advance these proceedings into early August, although -- well, no.

Actually, the trial -- I am looking at my calendar now, the trial -- is anticipated to extend through August 11th. So, it begins Monday, July 14th, and it is scheduled to conclude Monday, August 11th.

So, if that trial proceeds -- and at this point it is a very old case and I am going to assume that it will proceed -- we would have to look likely at the second week of August for this preliminary injunction hearing.

So, what I would like for the parties to do is to confer and you can just file a joint status report about your availability for a prehearing conference and for this preliminary injunction hearing between August 18th and September 5th. And you can file that on the docket. And, then, we will select some dates to get you scheduled for this hearing.

So, if you could do that --

MS. WEINER (Via Telephone): Your Honor, this is Jessica --

THE COURT: Go ahead.

MS. WEINER (Via Telephone): I apologize.

Your Honor, this is Jessica Weiner with the Federal Trade Commission.

I wonder if we could make a quick comment on Dispute No. 2, about the deposition time allocation? I just wanted to submit to the Court that the factual scenario has changed with that due to the additional plaintiffs. And the State plaintiffs have not had a chance to conduct discovery and I wanted to inquire if that may change the Court's analysis?

THE COURT: Well, I am inclined to stick with my initial ruling on that. As I said, if the parties jointly agree that some additional time would be needed, for example, if the proposal from the plaintiffs' side was three-and-a-half hours, if you agreed with the defendants to extend the time to

eight hours, and you got an extra half an hour and the defendants got an extra half an hour, that would take the plaintiffs up to three-and-a-half hours and the defendants up to four-and-a-half hours, for eight hours, you could confer with them about that.

But, at this point, I am inclined to stick with the three hour/four hour split.

MS. WEINER (Via Telephone):  Understood, your Honor.  Thank you.

And could we submit that any additional time be split evenly?

THE COURT:  I am anticipating that.  As I was just saying, if you did agree to an additional hour, half an hour would go to each side.

MS. WEINER (Via Telephone):  Thank you, your Honor.

THE COURT:  You're welcome.

So, back to the scheduling of the prehearing conference and the evidentiary hearing in this case.

If you could submit -- just confer amongst yourselves -- and, then, maybe get back to me by the 23rd of April with your availability during that window of time between August 18th and September 5th, then I can get you scheduled for the hearing and the prehearing conference.  All right?

MS. PEREZ (Via Telephone):  Your Honor, this is Maia Perez on behalf of the Federal Trade Commission.

We appreciate the Court's proposal and we will work on that.

I did just want to note that the merit proceeding before the Administrative Law Judge is currently scheduled to start on August 6th. And we would anticipate that it might conflict with to the dates the Court has provided here. But we do intend to meet and confer with defendants and hope to work something out along that, that would be amenable.

THE COURT: Okay.

I do want to let you know that I have another jury trial that is set for September 15th. So, I would like to try and get you concluded in that window of time that I identified. But I will certainly try to be as flexible as I can for you.

MS. PEREZ (Via Telephone): Understood, your Honor. And thank you so much. And we do appreciate the additional information about your schedule.

THE COURT: You're welcome.

So, we will finalize this order and get it on the docket today.

Is there anything further we need to take up right now from the plaintiffs' perspective?

MS. PEREZ (Via Telephone): Yes, your Honor. This is Maia Perez.

The FTC -- the case management order mentioned the temporary restraining order that the Court very thoughtfully

entered in this case. And, as the Court might recall, there is a dispute as to the length of time that the TRO should extend after the Court rules on the preliminary injunction motion.

The temporary restraining order currently extends three days beyond the Court's ruling. And the FTC believes that it should extend longer, to allow both the District Court and, potentially, the Appellate Court, to rule on any pending motions that might result from the Court's ruling.

So, we wanted to inquire at this point when and how the Court might prefer that the FTC move for additional time on the temporary restraining order?

THE COURT: Well, what I would like -- I liked the way that both sides did this particular document, where you laid out what was disputed and, then, provided your respective positions on the issue -- if it is possible for you to do that by the 23rd, as well, that would be fine.

You could file something regarding that, with laying out both sides' positions, if that is enough time. If not, I could give you until April 30th for that document. That would give you some more time to lay out yours position on that. Is that --

MS. PEREZ (Via Telephone): This is Maia Perez.

THE COURT: Pardon?

MS. PEREZ (Via Telephone): The FTC is amenable to the 23rd, your Honor. Thank you.

THE COURT: Is that enough time for defense counsel?

First to you, Mr. Culley.

MR. CULLEY (Via Telephone): I believe that should be fine, your Honor.

THE COURT: And how about you, Mr. Saint-Antoine?

MR. SAINT-ANTOINE (Via Telephone): I agree, your Honor.

THE COURT: Okay.

So, I will expect that on the 23rd, as well.

Anything further from the plaintiff, Ms. Perez?

MS. PEREZ (Via Telephone): Not at this time, your Honor. Thank you.

THE COURT: Okay.

Anything further from you, Mr. Culley?

MR. CULLEY (Via Telephone): Yes, your Honor.

On Tuesday, the parties exchanged preliminary witness lists and the Federal Trade Commission has designated the identity of four of their witnesses as confidential under their protective order. We would like to ask your Honor to order the de-designation of this information.

The FTC has not been willing to confirm that they represent in good faith and after careful determination that the material qualifies under the protective order, as Paragraph 5 of the Confidentiality Order requires. Instead, I understand their position to be that third-parties have designated their

identities as confidential. I don't really understand that position.

You know, there is no third-party information on the witness list. This is a list of the FTC's intentions.

They will, of course, state their opposition, but, you know, we would ask that your Honor order the de-designation of the FTC's preliminary witness list so that we can, you know, fully explore the strategy of the case and develop our defenses with our clients.

THE COURT: Well, what I would like you to do is to address that in the April 23rd submission, as well, each side stating their respective positions, so that I can get you a ruling on that very quickly.

MR. SAINT-ANTOINE (Via Telephone): Understood, your Honor.

THE COURT: Anything further from you, Mr. Culley?

MR. CULLEY (Via Telephone): Nothing to bring exactly to the Court today.

Your Honor, I do want to let you know that we have some objections from the FTC to discovery we have served on the FTC; essentially, a complete refusal to answer our discovery. But we are continuing to meet and confer on that. I am hoping we can make some more progress.

I do think there will be at least one issue around, at least, what the FTC is considering to be contention

interrogatories, that will likely come back to your Honor. Perhaps it makes sense for us to address that on the 23rd, as well? If it --

THE COURT: Yes. If you have exhausted your efforts to meet and confer about that, you can certainly do that on the 23rd, as well.

MR. CULLEY (Via Telephone): Okay. Thank you, your Honor.

MS. WEINER (Via Telephone): Your Honor, this is Jessica Weiner with the Federal Trade Commission.

I just want to add, as Mr. Culley mentioned, we are still meeting and conferring about this. There certainly has not been any refusal to provide discovery. And we will, of course, continue to meet and confer productively with defendants on this matter.

THE COURT: Okay. I appreciate that. I wasn't assuming that there was a refusal. But you are still conferring about it. So, I appreciate that.

Anything further from you, Mr. Saint-Antoine?

MR. SAINT-ANTOINE (Via Telephone): No, your Honor. We, likewise, will hopefully make progress on those discovery issues, but we appreciate the opportunity to raise the issue if we are at an impasse.

THE COURT: Okay.

So, well, I thank you all very much, again, for your

flexibility with the scheduling today. And I will look to hear from you on the 23rd. And, with that, the Court will stand in recess. Bye.

(Concluded at 11:37 a.m.)

* * * * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*/s/ Joene Hanhardt*                    *April 17, 2025*

*Joene Hanhardt*

*Official Court Reporter*