**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> **STATE OF ILLINOIS,** and <br><br> **STATE OF MINNESOTA,** <br><br> *Plaintiffs,* <br><br> v. <br><br> **GTCR, LLC,** <br><br> **GTCR BC HOLDINGS, LLC,** and <br><br> **SURMODICS, INC.,** <br><br> *Defendants.* | Case No. 1:25-cv-02391 <br><br> Hon. Jeffrey I. Cummings |

**JOINT STATUS REPORT**

Pursuant to the Court's April 17, 2025 instructions, the parties submit this Joint Status Report regarding (1) the parties' mutually available dates for a preliminary injunction hearing and pre-hearing conference between the dates of August 18 and September 5, 2025; and (2) the parties' respective positions on their dispute regarding the expiration of the TRO. The FTC has de-designated its preliminary witness list, with the relevant third parties' agreement, and therefore no dispute exists before the Court on that issue. The parties are prepared to answer any questions the Court may have.

1

**Status Report Issue No. 1: Mutually Available Dates for Preliminary Injunction Hearing & Pre-Hearing Conference**

The parties jointly agree to a pre-hearing conference on August 18, 2025, followed by an evidentiary hearing beginning August 20, 2025 and ending August 29, 2025. In light of these evidentiary hearing dates, the parties also jointly agree to amend the following deadlines in the Agreed Case Management Order. ECF No. 71. The amended schedule is attached below as Exhibit A.

**Status Report Issue No. 2: Temporary Restraining Order Extension**

**Issue:** Whether three business days is sufficient time for the district court and appellate court to consider a potential appeal of the district court's ruling on the motion for preliminary injunction.

**FTC's Position:** Consistent with the agency's practice in merger challenges, the FTC respectfully requests the Court enter an order extending the Temporary Restraining Order (TRO) to 10 business days after the district court rules on the motion for preliminary injunction, to facilitate appellate considerations. A proposed order is attached as Exhibit B.

The Court entered the Stipulated Order for Temporary Restraining Order on March 12, 2025, providing that the parties "shall not consummate the Acquisition until after 11:59pm Eastern Time on (a) November 11, 2025, or (b) the third business day after the district court rules on the FTC's motion for a preliminary injunction pursuant to Section 13(b) of the Federal Trade Commission Act, whichever occurs earlier in time." ECF No. 37.

The FTC initially proposed 10 business days between issuance of the district court's ruling on the preliminary injunction and the consummation of the Proposed Acquisition, but Defendants declined. To avoid burdening the Court with a time sensitive dispute, the FTC

2

accepted Defendants' proposal of three business days on the condition that the FTC reserved the right to seek an extension of the TRO at a later time. ECF No. 26.

If the Court were to deny the preliminary injunction motion, Plaintiffs could move the Court for a temporary injunction preventing consummation of the acquisition pending appeal to the Seventh Circuit. Were the Court to deny that request, Plaintiffs could petition the Seventh Circuit for an injunction pending an appeal. Both of these judicial determinations would be made in the period between the Court's denial of the preliminary injunction motion and the expiration of the TRO. In the FTC's experience, three business days does not allow sufficient time for these appellate considerations. The FTC therefore requests that the TRO be extended for an additional seven business days. The FTC makes this request in advance of the Court issuing its decision to preserve its rights and avoid unnecessarily burdening the Court with expedited briefing and decision-making on this issue.

The Seventh Circuit has recognized that there are circumstances where Rule 65's "28–day limit does not give the parties sufficient time to prepare for a preliminary injunction hearing, let alone time for the district court to decide it." *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 845 (7th Cir. 2012). In such circumstances, the Court is not prohibited from extending a TRO. Rather, "[w]hen a TRO is extended beyond the 28–day limit without the consent of the enjoined party, it becomes in effect a preliminary injunction that is appealable, but the order remains effective." *Id.* at 844; *see also Yupoong Inc. v. Individuals*, No. 1:19-cv-06675, 2019 U.S. Dist. LEXIS 254117, at *2 (N.D. Ill. Oct. 30, 2019) (under FRCP 65, TROs "may be extended provided a party can show, prior to expiration of the order, 'good cause' for such an extension."). Nothing prohibits the Court from acting where, as here, there is good cause for a short extension of seven business days.

3

Other district courts have granted similar requests to issue short extensions of stipulated TROs in merger challenges to allow sufficient time for appellate considerations. In *FTC v. Novant Health, Inc.*, the parties stipulated to a TRO ending five business days after the court ruling on the preliminary injunction and the district court later extended the stipulated TRO an additional nine days, for a total of approximately 16 days, to allow sufficient time for the FTC to move the appellate court for an injunction pending appeal, which that court granted. No. 5:24-cv-00028-KDB-SCR, 2024 U.S. Dist. LEXIS 103910, at *11 (W.D.N.C. June 11, 2024). In *FTC v. Meta Platforms Inc.*, the district court granted the FTC's request to extend the parties' stipulated TRO under Rule 65(b) for seven days following denial of the FTC's preliminary injunction motion because "consummation of the Acquisition will irreparably harm the FTC's ability to obtain effective relief for the public at the conclusion of any further proceedings" and "Defendants will suffer no or little harm from a brief extension of the TRO." Order on Plaintiffs' Emergency Motion for Extension of Temporary Restraining Order, Case No. 5:22-cv-04325-EJD, ECF No. 547 (N.D. Cal. Jan. 31, 2023). In *FTC v. Tempur Sealy/Mattress Firm*, the district court granted the FTC's request to extend the temporary restraining order by seven days. Order granting Plaintiff's 503 Motion to Extend Temporary Restraining Order, Case No. 4:24-cv-02508-TXSD, DKT 503, 2025 U.S. Dist. LEXIS 19371, at*3 (S.D. Tex. Jan. 31, 2025). Defendants' reference to the initial TRO in *Tempur-Sealy* is inapposite, as there were circumstances in that case that do not apply here. *Tempur-Sealy* is illustrative of the issue the FTC here seeks to avoid: an expedited briefing and ruling on the TRO contemporaneous with the preliminary injunction ruling.

Good cause for a short extension of the TRO similarly exists here. The FTC seeks a modest extension of seven business days in order to provide this Court and the appellate court

with sufficient time in which to consider and rule upon a potential motion for injunctive relief. In contrast, Defendants have articulated no prejudice that would result from a short extension.

**Defendants' Position:**  The FTC's request to further extend the temporary restraining order ("TRO") is improper.  Rule 65 permits a court to enter a TRO for up to 14 days, and to extend it by up to another 14 days or for a duration consented to by the adverse party.  Fed. R. Civ. P. 65(b)(2).  Defendants already consented to and the Court already entered a TRO on March 12, 2025 that lasts until the earlier of three business days after the Court's ruling on the preliminary injunction or November 11, 2025—well beyond 28 days.  ECF No. 37 at *1.  Defendants do not consent to a further extension.  The FTC relies on *Yupoong Inc. v. Individuals*, but the court there merely extended a 14-day TRO by 14 days, confirming the limitation under Rule 65.  No. 1:19-cv-06675, Sealed Temporary Restraining Order, ECF No. 17 (N.D. Ill. Oct. 16, 2019) and Extension of Temporary Restraining Order, WL 1358116 (N.D. Ill. Oct. 30, 2019).  The FTC cannot unilaterally ask the Court to do what Rule 65 does not permit.

Defendants originally proposed a TRO that would prevent the transaction from closing until after the Court rules on the preliminary injunction motion, in keeping with the parties' stipulated TRO in *Tempur Sealy/Mattress Firm*.  *See FTC v. Tempur Sealy International Inc.*, No. 4:24-cv-02508, ECF No. 42 (S.D. Tex. July 16, 2024).  The FTC rejected that proposal, and specifically pointed Defendants to the TRO entered in *IQVIA/Propel*, which lasted until three business days after the court's ruling.  *See FTC v. IQVIA Holdings Inc.*, No. 1:23-cv-06188, ECF No. 44 (S.D.N.Y. July 21, 2023).  Defendants agreed to exactly that same TRO period here.  But, no sooner did Defendants agree than the FTC immediately pushed for a TRO lasting ten business days.  Indeed, the FTC has not even committed that this will be its final request.

5

The FTC concedes it actually seeks an injunction pending appeal, not a TRO extension. *See* Fed. R. Civ. P. 62(d). But any ruling the FTC could appeal is months away. To grant such relief, the Court would have to consider the FTC's likelihood of success, the likelihood of irreparable harm absent the injunction, harm to Defendants, and public benefit—none of which the FTC attempts to address. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). If the FTC continues to want that relief once the Court rules on the motion for a preliminary injunction, the FTC can seek a Rule 62(d) injunction at that point. Defendants do not believe an injunction pending appeal would be appropriate (because among other issues, the FTC would be trying to achieve through delay what it could not achieve on the merits), but that is an issue to be determined if and when a 62(d) injunction is ripe for the FTC to request.

Apart from a general reference to its "prior experience," the FTC does not demonstrate why three business days after the ruling on the preliminary injunction is insufficient to seek an injunction pending appeal. Nor does the FTC demonstrate why it would need two full weeks (ten business days), rather than, for instance, one week (five business days) after the Court's ruling. Nothing stops the FTC from starting to prepare its briefing for that potential request now if it wishes. Both *FTC v. Meta Platforms* and *FTC v. Novant Health* only serve to demonstrate the adequacy of options available to the FTC *after* this Court rules on the preliminary injunction. Moreover, in *Novant Health*, the only reason the court did not deny the FTC's motion—"as would have been its preference"—was because the FTC delayed five days in moving for an injunction pending appeal, leaving the Court of Appeals at most one day to consider the FTC's request. No. 5:24-cv-00028, 2024 WL 2951397, at *11 n.4 (W.D.N.C. June 11, 2024). The FTC's anticipation that it may later delay a motion for a Rule 62(d) injunction is not reason to extend the TRO now.

Dated:  April 23, 2025


Respectfully submitted,


/s/ Maia Perez
Maia Perez
Jordan S. Andrew
James Weiss
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.: 202-322-8971
Email: mperez@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*


Le'Ora Tyree
Federal Trade Commission
Bureau of Competition
Midwest Regional Office
230 S. Dearborn St., Room 3030
Chicago, IL 60604

*Local Counsel for Plaintiff Federal Trade Commission*



/s/ John Milligan
JOHN MILLIGAN
Assistant Attorney General

Office of the Illinois Attorney General
115 S. LaSalle Street, Floor 23
Chicago, IL 60603
Tel.: (773) 505-5937
Email: John.Milligan@ilag.gov

*Counsel for Plaintiff State of Illinois*


/s/ Elizabeth Odette
ELIZABETH ODETTE
Manager, Assistant Attorney General
Antitrust Division
Email: elizabeth.odette@ag.state.mn.us

/s/ Zach Biesanz
ZACH BIESANZ (*pro hac vice* forthcoming)
Senior Enforcement Counsel
Antitrust Division
Email: zach.biesanz@ag.state.mn.us

Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Tel.: (651) 757-1257

*Counsel for Plaintiff State of Minnesota*

/s/ Daniel P. Culley

Daniel P. Culley
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Tel.: (202) 974-1593
Email: dculley@cgsh.com

*Attorneys for Defendants GTCR LLC, GTCR BC Holdings, LLC*


/s/ Paul Saint-Antoine

Paul Saint-Antoine
FAEGRE DRINKER BIDDLE & REATH
LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Tel.: (215) 988-2990
Email: paul.saint-antoine
@faegredrinker.com

*Attorneys for Defendant Surmodics, Inc.*