# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YUPOONG INC.; <br> FLEXFIT LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THE 723 INDIVIDUALS, CORPORATIONS, <br> LIMITED LIABILITY COMPANIES, <br> PARTNERSHIPS, AND <br> UNINCORPORATED ASSOCIATIONS <br> IDENTIFIED ON SCHEDULE A HERETO, <br><br> Defendants. | Case No.: 1:19-cv-06675 <br><br> Judge John J. Tharp, Jr. |

**SEALED TEMPORARY RESTRAINING ORDER**

THIS CAUSE being before the Court on Plaintiffs YUPOONG INC. and FLEXFIT LLC's (collectively "Plaintiffs") *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction, a Temporary Transfer of the Defendant Domain Names, a Temporary Asset Restraint, Expedited Discovery, and Service of Process by Email and Electronic Publication (the "*Ex Parte* Motion") against the Defendants identified on Schedule A to the Complaint and attached hereto (collectively, the "Defendants") and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplace Accounts"), and this Court having heard the evidence before it hereby GRANTS Plaintiffs' *Ex Parte* Motion in its entirety.

This Court further finds, preliminarily and in the absence of adversarial objection, that it has personal jurisdiction over the Defendants because the Defendants directly target their

1

business activities toward consumers in the United States, including Illinois, offering to sell and ship products into this Judicial District. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of the FLEXFIT products incorporating the FLEXFIT trademarks, including without limitation U.S. Trademark Registration No. 2,379,790.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiffs have presented specific facts in the Declarations of Hayley Oh, Jessica Arnaiz, and Nicholas A. Kurtz, and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any assets from accounts in U.S.-based financial institutions, including PayPal accounts, to offshore accounts. As other courts have recognized, proceedings against those who deliberately traffic in counterfeit merchandise are often useless if notice is given to the adverse party.

Accordingly, this Court ORDERS that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

   a. using Plaintiffs' FLEXFIT trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for

       sale, or sale of any product that is not a genuine FLEXFIT product or not authorized by Plaintiffs to be sold in connection with Plaintiffs' FLEXFIT trademarks;

b.   passing off, inducing, or enabling others to sell or pass off any product as a genuine FLEXFIT product or any other product produced by Plaintiffs, that is not Plaintiffs' or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under Plaintiffs' FLEXFIT trademarks;

c.   committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

d.   further infringing Plaintiffs' FLEXFIT trademarks and damaging Plaintiffs' goodwill;

e.   otherwise competing unfairly with Plaintiffs in any manner;

f.   shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any of FLEXFIT trademarks or any reproductions, counterfeit copies, or colorable imitations thereof;

g.   using, linking to, transferring, selling, or otherwise exercising control over, the Online Marketplace Accounts, the Defendant Domain Names,

    or any other domain name or online marketplace account that is being used to sell counterfeit products; and

  h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiffs' FLEXFIT trademarks or any reproductions, counterfeit copies, or colorable imitations thereof that is not a genuine FLEXFIT product or not authorized by Plaintiffs to be sold in connection with Plaintiffs' FLEXFIT trademarks.

 2. Each Defendant, within seven (7) days after receiving notice of this Order, shall serve upon Plaintiffs their true name, physical address information sufficient to permit receipt of mail by commercial overnight delivery, and email address(es) customarily used for purposes of operating the Defendant's business and of a designated officer or employee authorized to accept service on behalf of the Defendant.

 3. The domain name registries for the Defendant Domain Names, including, but not Limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall, at Plaintiffs' choosing:

  a. unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiffs' selection until further ordered by this Court, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiffs' selection until further ordered by this Court; or

  b. disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

4. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd., and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

  a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the FLEXFIT trademarks, including any accounts associated with the Defendants listed on Schedule A;

  b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the FLEXFIT trademarks; and

  c. take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

4. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as iOffer and Alibaba, advertisers, Facebook,

Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including PayPal, Alibaba, Western Union, third party processors and other payment processing service providers, shippers, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiffs expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

    b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts, the Defendant Domain Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts and Defendant Domain Names;

    c. Defendants' websites and/or any Online Marketplace Accounts;

    d. The Defendant Domain Names or any domain name registered by Defendants; and

    e. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and

loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alibaba, Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (*e.g.*, MasterCard and VISA).

5. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Western Union shall, within three (3) business days of receipt of this Order, block any Western Union money transfers and funds from being received by the Defendants identified in Schedule A until further ordered by this Court.

7. PayPal, Inc. ("PayPal") shall, within three (3) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

   a. Locate all accounts and funds connected to and related to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any PayPal accounts connected to and related to the information listed in Schedule A to the Complaint; and

   b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordere of this Court.

8. Amazon Payments, Inc. ("Amazon") and its affiliated companies shall, within three (3) business days of receipt of this Order, identify and restrain all funds, as opposed to ongoing account activity in, or which hereafter are transmitted into, the Amazon accounts related to Defendants as identified on Schedule A to the Complaint, as

well as all funds in, or which are transmitted into: (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s) and/or any of the other Amazon accounts subject to this Order; and (iii) any other Amazon accounts tied to or used by any of the Seller IDs identified on Schedule A to the Complaint. Amazon shall further, provide Plaintiffs' counsel with all data which details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by Amazon for any purpose (other than pursuant to a chargeback made pursuant to Amazon's security interest in the funds) without the express authorization of this Court.

      9.      Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' Online Marketplace Accounts or websites, shall within three (3) business days of receipt of this Order:

> a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any accounts connected to the information listed in Schedule A to the Complaint; and

      b.   Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

10. Plaintiffs may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed. R. Civ. P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website to which the Defendant Domain Names which are transferred to Plaintiffs' control will redirect, and by sending an e-mail to all e-mail addresses identified by Plaintiffs and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue a single original summons in the name of "THE 723 INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

12. Plaintiffs' Schedule A to the Complaint, Exhibit 1 to the Declaration of Jessica Arnaiz, and this Order shall remain sealed until Defendants' financial accounts are restrained. Plaintiffs shall file unsealed versions of Schedule A to the Complaint, Exhibit 1 to the Declaration of Jessica Arnaiz, and this Order using the CM/ECF system prior to the expiration of this Order.

13. Plaintiffs shall deposit with the Court Ten Thousand Dollars ($10,000.00), either cash, cashier's check, or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

14. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiffs or on shorter notice as set by this Court.

This Temporary Restraining Order without notice is entered at <u>9:50 A.M</u>. on <u>October 16, 2019</u>, and shall remain in effect for fourteen (14) days.

Dated: October 16, 2019

　　　　　　　　　　　　　　　　　　　　　　
John J. Tharp, Jr.
United States District Judge