# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| **FEDERAL TRADE COMMISSION**, **STATE OF ILLINOIS**, and **STATE OF MINNESOTA**, *Plaintiffs*, v. **GTCR, LLC**, **GTCR BC HOLDINGS, LLC**, and **SURMODICS, INC.**, *Defendants*. | Case No. 1:25-cv-02391 Hon. Jeffrey I. Cummings |

## STIPULATION AND ORDER REGARDING REMOTE DEPOSITIONS

WHEREAS Plaintiffs Federal Trade Commission, the State of Illinois, and the State of Minnesota (collectively, "Plaintiffs") and Defendants GTCR, LLC and GTCR BC Holdings, LLC (collectively, "GTCR") and Surmodics, Inc. ("Surmodics") (collectively with GTCR, "Defendants"), (each a "Party," and collectively, the "Parties"), have agreed that the terms of this Remote Deposition Protocol shall apply to all remote fact (both Party and non-Party), 30(b)(6), and expert depositions in the above-captioned action.

WHEREAS the Parties therefore are entering into this Stipulation with the request that the Court enter it as an Order.

NOW THEREFORE, it is hereby STIPULATED and ORDERED:

1

# I.  DEFINITIONS

1.  "Deposed Party Counsel" means the legal counsel, including in-house counsel, of the Witness whose deposition has been noticed pursuant to this Protocol.

2.  "Deposing Party Counsel" means the legal counsel of the Party or Parties noticing the deposition pursuant to this Protocol.

3.  "Deposition Participants" means one or more of Plaintiffs' counsel, one or more of Defendants' counsel, the Witness, the Deposed Party Counsel (if not represented by Plaintiffs' or Defendants' counsel), the court reporter, the videographer, any officer as defined in Federal Rule of Civil Procedure 28(a)(1)(a), client representatives, technical specialists designated under Paragraph 29, and any other participant agreed upon in advance of the deposition by the Parties.

4.  "First Noticing Party" means the Party that first noticed the deposition of a given witness.

5.  "Participating Counsel" means Deposed Party Counsel, Deposing Party Counsel, and any other counsel for a Party or non-Party, including in-house counsel, who are participating in a deposition.  Defendants' in-house counsel will not participate in non-Party Witness depositions.

6.  "Platform" means the video-conferencing or file sharing computer application that the Parties have agreed to utilize to enable a Remote Deposition in accord with this Protocol.  The Parties agree that the video and audio feed for all Remote Depositions will be conducted through Zoom or a similar video-conferencing platform, if Zoom is not available.

7. "Primary Counsel" means counsel designated by the Parties and the Witness at the beginning of the Remote Deposition as provided in Paragraph 45.

8. "Remote Deposition" means a deposition conducted pursuant to Federal Rules of Civil Procedure 30 or 45 using a Platform as agreed to under this Protocol that allows for the Deposition Participants to participate in a deposition without attending the deposition in person.

9. "Witness" means the person, including non-Parties, whose Remote Deposition has been noticed in this litigation, or any person designated to appear to give testimony on behalf of a Party or non-Party pursuant to Federal Rule of Civil Procedure 30(b)(6).

## II. GENERAL GUIDELINES AND SCOPE

10. This Stipulated Order Governing Remote Deposition Practices and Protocols (the "Remote Deposition Protocol" or "Protocol") will govern, subject to Court approval, the taking of Remote Depositions in the above-captioned matter as a supplement to the Federal Rules of Civil Procedure, the Joint Stipulated Case Management Order, the Scheduling Order, and the Confidentiality Order.

11. This Protocol does not modify the governing rules for the taking of depositions imposed by the Federal Rules of Civil Procedure or the Federal Rules of Evidence except to the extent those rules are specifically modified herein.

12. A copy of this Protocol shall be provided to each Witness or their counsel. The requirements of Federal Rule of Civil Procedure 45(c)(1)(A) shall be waived for Remote Depositions of non-Parties conducted pursuant to Federal Rule of Civil Procedure 45.

13.    The Parties agree that, as used in Rule 28(a)(1)(A) of the Federal Rules of Civil Procedure, the "place of examination" is the physical location of the Witness.

14.    A Remote Deposition will be deemed to have been conducted "before an officer" as required by Federal Rule of Civil Procedure 30(b)(5)(A) so long as that officer (who may also be the court reporter) attends the deposition via the same Platform used to connect all other Deposition Participants, and so long as the Primary Counsel, the Witness, the court reporter, and the officer can clearly hear and be heard by all other Deposition Participants. An officer who is authorized to provide the oath in any state will be deemed authorized to administer the oath to the Witness remotely.

15.    The Parties expressly waive all objections to the admissibility of any testimony given during a Remote Deposition based solely on the fact that it was given at a Remote Deposition. Testimony given during a Remote Deposition, including both the transcript and video recording, if any, may be used at a trial, at hearings, in motions, or in other modes in these proceedings to the same extent that in-person deposition testimony may be used at trial, at hearings, in motions, or in other modes in these proceedings.

16.    The Parties agree that any Party may decide to take or attend a deposition remotely without limiting the right of another Party to attend or take the deposition in person. In the event a Party, Deposed Party Counsel, or non-Party Witness raises a reasonable objection to an in-person deposition, the Deposing Party Counsel and the Deposed Party Counsel and/or non-Party Witness shall negotiate in good faith about the format and location of the deposition. Parties who do not agree to an in-

person deposition for a given Witness shall have the opportunity to participate remotely in the deposition.

17. Nothing in this Protocol shall prohibit Deposed Party Counsel from being physically present with a Witness during a Remote Deposition.

18. To the extent that the Parties and/or non-Party have any disputes related to the Remote Deposition during a deposition, they will arrange a joint call with the Court's Chambers at (312) 435-5630. To the extent that the Parties and/or non-Party have any other disputes related to a Remote Deposition, they will meet and confer, and if they cannot reach agreement, present it to the Court as soon as practicable through a joint letter briefing. The deposition may not take place until the Court resolves such dispute(s).

## III. DEPOSITION TECHNOLOGY

19. The First Noticing Party shall be responsible for arranging the taking of a Remote Deposition and ensuring that email invitations to attend the Remote Deposition are sent to the Witness, the court reporter, and Participating Counsel who, no later than three (3) business days before the Remote Deposition, shall provide their email addresses to the First Noticing Party. In lieu of providing the Witness's email address, Deposed Party Counsel may elect, upon notice to the First Noticing Party, to forward the email invitation and other relevant information to the Witness directly.

20. The Deposing Party Counsel is responsible for retaining, and covering the cost of, the court reporter, videographer, and any other vendor retained to assist with the Remote Deposition and needed to comply with the terms of this Protocol. For any

non-Party depositions where both Plaintiffs and Defendants have noticed the Remote Deposition for the same day, the First Noticing Party shall arrange for the above, except that the Parties will split the costs evenly for the Remote Deposition services that they both request. Any Party electing to record the Remote Deposition by audiovisual means shall do so at their own expense. Each Party will bear its own costs for copies of transcripts and copies of video recordings of any deposition.

21. The Deposed Party Counsel shall ensure that the Witness has access to technology that meets the minimum standards required by the Platform to ensure the transmission of audio and video feeds via the Platform, unless the deposition is taken at a location as specified by the First Noticing Party, in which case the First Noticing Party shall ensure that Deposition Participants attending in person have access to technology that meets the minimum standards required by the Platform to ensure Participating Counsel who may not be physically present at the Deposition are able to participate in the Deposition.

22. The court reporter will make a real-time live feed of the deposition transcript available to all Deposition Participants other than the Witness, who is not permitted to use a real-time live feed, with each Deposition Participant bearing its own costs for its use of any real-time live feed. The court reporter may participate in the Remote Deposition remotely and will not be required to be physically present in the same room as the Witness.

23. All Deposition Participants will use secure, end-to-end encryption videoconferencing. Audio dial-in through the Platform will be available for

Deposition Participants unable to participate via videoconferencing, provided that the Witness and Primary Counsel must participate with their video feed switched on. Each Witness, Deposed Party Counsel, and Deposing Party Counsel, must have their own video feed providing a reasonably close view of their respective faces.

24. The Platform for a Remote Deposition will be configured such that any private chat feature is disabled.

25. The secure videoconferencing Platform will be hosted by the court reporting service. Hosting or co-hosting privileges will not be given to the other Deposition Participants.

26. Deposition Participants are responsible for ensuring that they have the proper hardware, software, and other equipment to participate in the Remote Deposition.

27. The Deposed Party Counsel, the Witness (or his/her designee), and/or Deposing Party Counsel may participate in a scheduled technology "test run" on the business day prior to each scheduled deposition (or at a mutually agreed upon date prior to the Remote Deposition) to ensure that the videoconferencing software functions properly. The Deposed Party Counsel, the Witness (or his/her designee), and Deposing Party Counsel may schedule test runs at different times. The Deposed Party Counsel and Deposing Party Counsel will notify the other of any technological issues that arise during the test run so that they can be remedied in advance of the Remote Deposition.

28. The only recording of the Remote Deposition, whether audio or visual, will be through the court reporting service, and the Parties will instruct the court reporter

to record only when the Remote Deposition is on the record. The court reporter will disable any other "record" function in the secure videoconferencing Platform, and the Parties will not use any other means to record the Remote Deposition.

## IV. TECHNICAL DIFFICULTY

29. The court reporter will provide a telephone number for the Primary Counsel to use in the event that any of them become disconnected or are otherwise experiencing technical difficulties during the Remote Deposition. The Parties and/or Primary Counsel may elect to have a technical specialist attend a Remote Deposition to ensure that technical issues are resolved in a timely manner.

30. If technical difficulties result in the inability of any Primary Counsel or the Witness to receive either the audio or video feed of a Remote Deposition or to share exhibits electronically during the Remote Deposition, the Remote Deposition shall be suspended. Any remaining Deposition Participant(s) shall note any such disconnection on the record as soon as they become aware of it. The suspended time will not count against the hours allowed for a deposition under the Federal Rules of Civil Procedure or the Joint Stipulated Case Management Order. The Remote Deposition must immediately be suspended until all disconnected Primary Counsel and the Witness have re-joined the Remote Deposition and have full access to both audio and video. Any portion of the Remote Deposition that has been transcribed while a Primary Counsel was disconnected or experiencing technical difficulties must be re-read upon the resolution of the technical difficulty, and the disconnected Primary Counsel must be given an opportunity to object to any questions or answers that occurred in his or her absence. If the technical

difficulties cannot be resolved, then the Remote Deposition shall be suspended until the concerns are resolved by the Parties or, if necessary, by order of the Court.

31.    If at any time the court reporter indicates that he or she is unable to transcribe the Remote Deposition due to technical difficulties, the Remote Deposition shall be suspended and the Parties shall attempt to resolve those issues. The suspended time will not count against the hours allowed for a deposition under the Federal Rules of Civil Procedure or the Joint Stipulated Case Management Order. If the technical difficulties cannot be resolved to the satisfaction of the court reporter, the Remote Deposition shall be suspended.

32.    If technical difficulties arise during the taking of a Remote Deposition, Primary Counsel for the Parties and the Witness must meet and confer immediately, by telephone or other means, to determine whether the Remote Deposition can proceed or should be continued to a future date. If technical difficulties arise which make the completion of a Remote Deposition impracticable, Participating Counsel and the Witness shall resume the Remote Deposition at the earliest mutually convenient opportunity.

## V.    EXHIBITS

33.    The Parties agree that the method of marking and using exhibits for a Remote Deposition is through the Platform enabled for Remote Depositions, which shall enable the Deposing Party Counsel to share exhibits electronically with the Witness, court reporter, and Deposition Participants.

34.     Any exhibits used during the examination of the Witness are to be introduced and viewed digitally using the Platform.  In the event the exhibits are not pre-marked for identification, the preferred method of marking any exhibits is through the Platform.

35.     The Parties intend to use a Platform that will allow the Witness and Primary Counsel to have a complete electronic copy and personal control of each exhibit when it is introduced remotely via the Platform.  Further, the Parties agree that any objections that could have been made during the Remote Deposition had Primary Counsel had a complete copy and personal control of an exhibit are preserved and may be asserted by serving notice of such objections within 24 hours of receiving the complete exhibit from the Deposing Party Counsel as set forth in Paragraph 33 above.

36.     The Parties may request that their Party Witness receive paper exhibits.  The Deposed Party must notify the Deposing Party at least seven (7) business days prior to the deposition that paper exhibits are requested. Any request for paper exhibits must be made in good faith.  If the Deposed Party is provided with paper exhibits for the Witness to use during the deposition, the Parties agree that the Deposing Party will introduce electronic exhibits on the Platform.  The Deposing Party will make a good faith effort to include a majority of the exhibits that will be used during the deposition in the paper exhibits sent to the Deposed Party.

37.     For any deposition of a Party Witness for which paper exhibits are requested, the Deposed Party shall provide the Deposing Party the name of a third-party vendor with whom the Deposing Party may work to facilitate the production of paper

exhibits. The Deposing Party shall provide electronic versions of a majority of the exhibits to be used in the deposition to the third-party vendor two (2) business days prior to the deposition, so that the third-party vendor makes the paper exhibits available at the deposition location at least one (1) business day prior to the deposition. Each paper exhibit shall be individually sealed. The sealed exhibit shall be opened by the Witness only at the deposition on the record and on video when instructed to do so by the Deposing Party. Any box, envelope, or folder with sealed exhibits containing confidential business information and/ or Personal Data shall be marked as "CONTAINING CONFIDENTIAL BUSINESS INFORMATION AND/OR PERSONAL DATA, SUBJECT TO THE PROTECTIVE ORDER," or similar designation.

38. All unmarked paper exhibits used or reviewed by the Witness are courtesy copies and shall be destroyed immediately by the Deposed Party after the deposition concludes unless the Deposing Party requests that the unmarked paper exhibits be sent back to the Deposing Party in their original, sealed form, with the Deposing Party being responsible for any and all costs incurred. The official record of the deposition will be maintained by the court reporter, and the official record copy of all exhibits will be the electronic version submitted via the Platform during the deposition.

39. The Party requesting paper exhibits is responsible for any and all costs incurred to provide paper exhibits, including printing and shipment.

40. The Deposing Party reserves the right to use as exhibits documents that were not provided in advance. Those exhibits may be e-mailed to the Deposed Party for

printing at the Deposed Party's request. Deposed Party Counsel may pause the deposition to print a paper copy of an exhibit ("Printing Break"). Witnesses shall request Printing Breaks in good faith. Printing Breaks will be off the record and will not count toward the time limit for the deposition. During a Printing Break, the Witness must remain visible on camera with the microphone unmuted at all times. The Witness may not engage in any electronic communications (email, chat, instant message, text message, etc.) during a Printing Break.

41. If a Witness annotates a paper exhibit, annotations must be shared in real time with the other Deposition Participants by showing on video each completed annotation. Any such paper exhibit annotations shall be transmitted to the court reporting service no later than one (1) business day following the deposition.

## VI.  DEPOSITION CONDUCT

42. The Parties agree to meet and confer in good faith regarding the start times for Remote Depositions.

43. The Deposed Party Counsel will provide the Deposing Party Counsel the following information at least three (3) business days prior to the date on which the Remote Deposition is scheduled: (1) name of the Witness if the Witness is scheduled to give testimony pursuant to Federal Rule of Civil Procedure 30(b)(6); (2) the location of the Witness during the deposition; (3) the deposition start time; and (4) names and email addresses of any Participating Counsel. The Deposing Party Counsel must provide all other Participating Counsel the above information promptly upon receipt. Deposing Party Counsel will be provided the names and email addresses of any other counsel who plan to attend the Remote Deposition at

least three (3) business days prior to the date on which the Remote Deposition is scheduled.

44.    The Deposing Party Counsel will instruct the court reporting service to contact the Deposition Participants in advance of the deposition, and provide the secure videoconferencing login information and audio dial-in.  Only registered Deposition Participants will be permitted to enter the secure videoconference, which may require a unique access code.  The Witness and/or his or her counsel will promptly notify the Deposing Party Counsel of any revisions to the participating counsel list.

45.    On the record at the start of the Remote Deposition, the Parties shall identify no more than one counsel each to serve as Primary Counsel.  Similarly, if the Witness is a non-Party, then the Witness shall, on the record, at the start of the Remote Deposition, also identify no more than one counsel to serve as Primary Counsel during the Remote Deposition.  All Primary Counsel and the Witness will be individually logged onto the Platform with their cameras on and visible at all times during the Remote Deposition.

46.    Deposed Party Counsel may be in the same location as the Witness and each is required to state on the record that he or she is in the same location as the Witness. The Witness and anyone who is in the room with the Witness (including for technical support) and Primary Counsel will be individually logged onto the Platform during the deposition with a camera (or cameras) capturing both the Witness and Primary Counsel, on and visible at all times through video feed during the Remote Deposition except during breaks.  If the Primary Counsel for the Witness is not visible on the same camera along with the Witness, the Primary

Counsel for the Witness is required to be visible on a different camera. All other Deposed Party Counsel in the room with the Witness, aside from any court reporter that may be in the room as needed, set their audio to "mute" when the deposition is on the record. Notwithstanding any other provision of those Protocol, Deposition Participants in the same room as the Witness must be visible on camera, either individually or in a shot that shows the entire room, at all times.

47. The Witness will not communicate with the Deposed Party Counsel or any other person by chat, email, text message, or any other means while the Remote Deposition is on the record or during Printing Breaks per Paragraph 40, above. When the Remote Deposition is off the record, including during breaks, the Witness and the Deposed Party Counsel may communicate by any means as they would be permitted during an in-person deposition. For the duration of the Remote Deposition, including when the Remote Deposition is off the record, the Witness may not communicate with any other person(s) about the substance of Witness's testimony, except that the Witness may confer with Deposed Party Counsel to decide whether privilege may be asserted.

48. With the exception of hardware necessary to view exhibits introduced during the Remote Deposition, the Witness will not have before her or him any hardware, such as a mobile phone or tablet, that is not required to participate in the Remote Deposition, and will close all other windows and programs on her or his computer other than software required to participate in the Remote Deposition.

49. Apart from Deposition exhibits, the Witness may not, without the express consent of counsel for all Parties, review, read, have before them, or otherwise access any

document, including handwritten notes, email, text messages, web pages, apps, video, audio, or other material, except (i) expert Witnesses may have copies of their expert submissions; (ii) corporate designees may have copies of materials used to prepare them on the noticed topics, provided that copies of any such materials that the corporate designee may refer to are provided to counsel for all Parties no later than 48 hours prior to the Remote Deposition; and (iii) documents presented to the Witness as exhibits during the Remote Deposition.

50. During the Remote Deposition, the Witness shall not consult any outside sources of information, including cell phones, smart phones, computers, the Internet, text or instant messaging services, emails, chats, blogs, or websites to obtain information in connection with his or her testimony without the express consent of counsel for all Parties.

## VII. MISCELLANEOUS PROVISIONS

51. Based on their experience under this Protocol and the needs of Witnesses, (a) the Parties, or the Parties and any non-Party Witness, may stipulate to modifications of this Protocol applicable to an individual Remote Deposition; or (b) the Parties may stipulate and submit to the Court for its approval modifications to this Protocol applicable to all Remote Depositions.

52. All persons attending Remote Depositions are reminded that the typical rules of professionalism and etiquette during depositions still apply. All persons attending depositions taken pursuant to this Order who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted. In addition, all persons attending Remote Depositions taken pursuant to this Order

shall ensure that they can do so in a space that is relatively free from distractions that would interfere with the Remote Deposition.

53.    If a Party or Deposed Party Counsel for a non-Party Witness learns that a Witness violated this Protocol during the course of the Remote Deposition by either (a) communicating with any counsel or other person in violation of this Protocol; or (b) consulting non-exhibit sources during the Remote Deposition in violation of this Protocol, any counsel aware of the violation agrees to notify all Primary Counsel and to re-open the Remote Deposition.  The Parties, as well as Deposed Party Counsel for the Witness, shall produce to the Parties any communications with the Witness in violation of this Protocol or sources the Witness consulted in violation of this Protocol.  For the avoidance of doubt, communications otherwise abiding by the Federal Rules of Civil Procedure and any applicable ethical rules between the Witness and Deposed Party Counsel during breaks do not violate this Protocol.

54.    By entering into this stipulation and agreement the Parties do not intend to limit their rights to seek relief from the Court if, at any time, any one or all of them determine that Remote Depositions are or have become impractical or prejudicial.


SO ORDERED THIS 6th day of June, 2025

_____
Honorable Jeffrey I. Cummings
United States District Judge

June 3, 2025

Respectfully submitted,

/s/ Daniel P. Culley
Daniel P. Culley
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037
Tel.: (202) 974-1593
Email: dculley@cgsh.com
*Counsel for Defendants GTCR, LLC and
GTCR BC Holdings, LLC*

/s/ Paul Saint-Antoine
Paul Saint-Antoine
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Tel.: (215) 988-2990
Email: paul.saint-antoine@faegredrinker.com
*Counsel for Defendant Surmodics, Inc.*

/s/ Maia Perez
Maia Perez
Jordan S. Andrew
James Weiss
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.: (202) 326-3522
Email: mperez@ftc.gov
*Counsel for Plaintiff
Federal Trade Commission*

Le'Ora Tyree
Federal Trade Commission
Midwest Regional Office
230 S. Dearborn Street, Room 3030
Chicago, IL 60604
*Local Counsel for Plaintiff
Federal Trade Commission*

/s/ John Milligan
JOHN MILLIGAN
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle Street, Floor 23
Chicago, IL 60603
Tel.: (773) 505-5937
Email: John.Milligan@ilag.gov
*Counsel for Plaintiff State of Illinois*

/s/ Elizabeth Odette
ELIZABETH ODETTE
Manager, Assistant Attorney General
Antitrust Division
Email: elizabeth.odette@ag.state.mn.us

/s/ Zach Biesanz
ZACH BIESANZ
Senior Enforcement Counsel
Antitrust Division
Email: zach.biesanz@ag.state.mn.us
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Tel.: (651) 757-1257
*Counsel for Plaintiff State of Minnesota*