# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** **STATE OF ILLINOIS,** and **STATE OF MINNESOTA,** *Plaintiffs,* v. **GTCR, LLC,** **GTCR BC HOLDINGS, LLC,** and **SURMODICS, INC.,** *Defendants.* | **Case No. 1:25-cv-02391** |

**[DRAFT] JOINT PROPOSED PRE-HEARING ORDER**

Pursuant to Section D.3 of the Joint Stipulated Case Management Order ("CMO") (Dkt. 71), Plaintiffs Federal Trade Commission ("FTC" or the "Commission"), the State of Illinois, and the State of Minnesota (collectively, "Plaintiffs") have met and conferred with Defendants GTCR, LLC, GTCR BC Holdings, LLC, and Surmodics, Inc. (collectively, "Defendants"). The Parties jointly submit and stipulate to the following Proposed Pre-Hearing Order,[1] which sets forth agreed and disputed matters concerning the preliminary injunction hearing set for August

---

[1] The Order will incorporate by reference all provisions of the Joint Stipulated CMO dated April 17, 2025 (ECF No. 71) and the Amended Schedule dated July 10, 2025 (ECF No. 167) and supersedes any provision that conflicts as between the two Orders.

1

21-29, 2025. All procedural issues will be resolved prior to or at the Pre-Hearing Conference on

August 19, 2025.

## I. JURISDICTION

a. This Court has jurisdiction over this action pursuant to Section 13(b) of the FTC Act, 15

U.S.C. § 53(b), and under 28 U.S.C. §§ 1331, 1337, and 1345.

b. The Court's jurisdiction is not disputed, subject to the jurisdictional objection set forth in

GTCR, LLC's answer and affirmative defenses (Dkt. 162), which pertains only to GTCR,

LLC.

## II. TRIAL ATTORNEYS

a. **Plaintiffs' Trial Attorneys:**

| Name | Business Phone | Cell Phone | Email Address |
|---|---|---|---|
| **Plaintiff Federal Trade Commission Trial Attorneys** | | | |
| Maia Perez | 202-326-3522 | 202-322-8971 | mperez@ftc.gov |
| Jordan Andrew | 202-326-3678 | 202-476-9974 | jandrew@ftc.gov |
| Kendall Alford | 202-326-2791 | 202-415-4748 | kalford@ftc.gov |
| Dylan Brown | 202-326-3283 | 202-469-2278 | dbrown4@ftc.gov |
| Leonardo Chingcuanco | 202-326-3015 | 202-257-0303 | lchingcuanco@ftc.gov |
| Yan Gao | 202-326-2071 | 312-532-0503 | ygao@ftc.gov |
| Lauren Gaskin | 202-326-3106 | 202-725-3056 | lgaskin@ftc.gov |
| Jacob Hamburger | 202-326-3640 | 202-758-6479 | jhamburger1@ftc.gov |
| Keith Holleran | 202-326-3463 | 202-975-9165 | kholleran@ftc.gov |
| Matthew Joseph | 202-326-2876 | 202-227-8356 | mjoseph1@ftc.gov |
| Rebecca Kerley | 202-326-2480 | 202-285-3764 | rkerley@ftc.gov |
| Elizabeth Klinger | 202-326-3466 | 202-468-7684 | eklinger@ftc.gov |
| William Macci | 206-220-4470 | 202-651-1509 | wmacci@ftc.gov |

| Name | Business Phone | Cell Phone | Email Address |
|---|---|---|---|
| Megan McKinley | 202-326-3128 | 202-320-7320 | mmckinley@ftc.gov |
| Brian O'Dea | 202-326-2227 | 202-569-7946 | bodea@ftc.gov |
| Robert (Tyler) Sanborn | 202-326-2470 | 202-660-8529 | rsanborn@ftc.gov |
| William Segal | 202-326-3480 | 202-330-3603 | wsegal@ftc.gov |
| Varnitha Siva | 202-326-2951 | 202-730-6493 | vsivaprasad@ftc.gov |
| Liliana Vargas | 202-326-3318 | 202-316-3532 | lvargas@ftc.gov |
| Lily Verbeck | 202-326-2094 | 202-394-5884 | lverbeck@ftc.gov |
| Jessica Weiner | 202-326-2081 | 202-264-9792 | jweiner@ftc.gov |
| James Weiss | 202-326-3506 | 202-650-8904 | jweiss@ftc.gov |
| Nicholas Widnell | 202-326-3027 | 202-227-0731 | nwidnell@ftc.gov |
| **Plaintiff State of Illinois Trial Attorneys** | | | |
| John Milligan | 773-505-5937 | | John.Milligan@ilag.gov |
| Elizabeth Maxeiner | 773-590-7935 | | Elizabeth.Maxeiner@ilag.gov |
| **Plaintiff State of Minnesota Trial Attorneys** | | | |
| Zack Biesanz | 651-757-1257 | | Zach.Biesanz@ag.state.mn.us |
| Erin Conti | 651-583-7750 | | Erin.Conti@ag.state.mn.us |
| Justin Moor | 651-724-9627 | | Justin.Moor@ag.state.mn.us |
| Elizabeth Odette | 651-728-7208 | | Elizabeth.Odette@ag.state.mn.us |
| Jon Woodruff | 651-300-7425 | | Jon.Woodruff@ag.state.mn.us |

**b. Defendants' Trial Attorneys:**

| Name | Business Phone | Cell Phone | Email Address |
|---|---|---|---|
| **Defendants GTCR BC Holdings, LLC and GTCR, LLC Trial Attorneys** | | | |
| Marguerite (Maggy) Sullivan | 202-637-1027 | 202-679-7738 | marguerite.sullivan@lw.com |
| Sean Berkowitz | 312-777-7016 | 312-206-3782 | sean.berkowitz@lw.com |

| Name | Business Phone | Cell Phone | Email Address |
|---|---|---|---|
| Lawrence (Larry) Buterman | 212-906-1264 | 917-589-5124 | lawrence.buterman@lw.com |
| Kelly Fayne | 415-646-7897 | 413-221-4585 | kelly.fayne@lw.com |
| Gary Feinerman | 312-777-7110 | 312-623-1547 | gary.feinerman@lw.com |
| Elyse Greenwald | 424-653-5695 | 650-248-4560 | elyse.greenwald@lw.com |
| Amanda (Mandy) Reeves | 202-637-2183 | 434-825-1128 | amanda.reeves@lw.com |
| Heather Waller | 312-876-6554 | 872-306-8442 | heather.waller@lw.com |
| Daniel P. Culley | 202-974-1500 | 202-974-1593 | dculley@cgsh.com |
| Blair West Matthews | 202-974-1500 | 202-974-1791 | bmatthews@cgsh.com |
| Heather Nyong'o | 415-796-4400 | 415-796-4480 | hnyongo@cgsh.com |
| Matthew Yelovich | 650-815-4100 | 650-815-4152 | myelovich@cgsh.com |
| Matthew I. Bachrack | 202-974-1500 | 202-974-1662 | mbachrack@cgsh.com |
| **Defendant Surmodics, Inc. Trial Attorneys** | | | |
| Paul Saint-Antoine | 215-988-2990 | 610-550-9033 | paul.saint-antoine@faegredrinker.com |
| Joanne Lewers | 215-988-2712 | 610-608-9776 | joanne.lewers@faegredrinker.com |
| Joshua P. Mahoney | 312-212-6520 | 605-941-1599 | josh.mahoney@faegredrinker.com |
| Anna Sallstrom | 612-766-7614 | 763-218-0778 | anna.sallstrom@faegredrinker.com |
| Jon Todt | 202-230-5823 | 240-490-1039 | jonathan.todt@faegredrinker.com |

## III. CASE STATEMENT

Plaintiffs brought this suit under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 16 of the Clayton Act, 15 U.S.C. § 26, seeking a stipulated temporary restraining order and a preliminary injunction enjoining Defendants GTCR, LLC and GTCR BC Holdings, LLC, from consummating the proposed acquisition of Defendant Surmodics, Inc. (the "Proposed Acquisition"), pending the administrative proceeding before the FTC. Plaintiffs allege that the Commission is likely to prove in the administrative proceeding

4

that the Proposed Acquisition, if consummated, would violate Section 7 of the Clayton Act, 15

U.S.C. § 18, and Section 5 of the FTC Act, 15 U.S.C. § 45, and the balance of the equities favors

an injunction. Defendants respond that Plaintiffs are not entitled to a preliminary injunction

because Plaintiffs cannot show that they are likely to succeed on the merits (*i.e.*, that the

Proposed Acquisition, including the agreed upon divestiture, is likely to substantially harm

competition), that the sought injunction is in the public interest, or that the balance of equities

favors the injunction.

Plaintiffs are represented in this proceeding by the Trial Attorneys listed above from the

FTC and the States of Illinois and Minnesota.

Defendants are represented in this proceeding by the Trial Attorneys listed above (i) from

Latham & Watkins LLP and Cleary Gottlieb Steen & Hamilton LLP, for GTCR, LLC and GTCR

BC Holdings, LLC, and (ii) from Faegre Drinker Biddle & Reath LLP for Surmodics, Inc.

## IV. CONTESTED ISSUES

The Parties respectfully refer the Court to Plaintiffs' Motion for Preliminary Injunction

(Dkt. 173), Defendants' opposition brief (Dkt. 202), and Plaintiffs' reply brief, to be filed on

August 14, 2025.

## V. STIPULATIONS

The Parties have not yet reached stipulations of fact but will include any stipulations they

reach in the post-Hearing Findings of Fact.

## VI. WITNESS LIST

The Parties agree to comply with Civil Rule 26(a)(3)(A)(i) and Section 6 of Judge

Cummings' form Final Pretrial Order. Plaintiffs reserve the right to call witnesses in rebuttal

following Defendants' presentation of evidence; such rebuttal time shall come out of Plaintiffs'

allotted hearing time. Defendants reserve all rights to object to Plaintiffs' calling of rebuttal witnesses.

    **a. Plaintiffs' Witness List**

The Parties exchanged Witness Lists on August 1, 2025 and will attach Plaintiffs' final witness list to the Final Pre-Hearing Order.

    **b. Defendants' Witness List**

The Parties exchanged Witness Lists on August 1, 2025 and will attach Defendants' final witness list to the Final Pre-Hearing Order.

**VII.   EXHIBIT LIST:**

The Parties agree to comply with Civil Rule 26(a)(3)(A)(iii) and Section 7 of Judge Cummings' form Final Pretrial Order with respect to evidentiary exhibits, except that Evidence Rule 1006 summary exhibits and Evidence Rule 107 non-evidentiary demonstrative aids may be added to the exhibit list after this Order is submitted so long as they comply with the procedures outlined below. The Parties may add additional evidentiary exhibits after August 1, 2025 for good cause shown, including, but not limited to, exhibits arising from subsequent depositions, expert reports, and briefing. The Parties have not reached agreement on certain issues related to exhibit lists and present their positions below.

**Plaintiffs' Proposals:**

**Digital copies prior to Hearing:** Plaintiffs respectfully propose that the Parties provide the Court with digital copies of the full set of exhibits shortly before the Hearing date for the Court's convenience. Plaintiffs further propose that the Parties provide the Court with the Court's desired number of exhibit binders to be used with each witness on the day each witness is presented throughout the Hearing.

6

**Document families**: All exhibits on the Final Exhibit List shall include the exhibit's entire document family as produced in discovery, including but not limited to, all parent items and child files with the parent/child relationship preserved and all provided hyperlinked documents. If part of a document family has been withheld for privilege, the exhibit shall include a placeholder document in place of the document withheld for privilege. Inclusion of the full document family in an exhibit ensures that the testifying witness and the Court have the full context for the documents in the exhibit, including information regarding who sent and received the document, when it was sent, and for what purpose it was sent, and may also indicate whether the document is a draft or final version. Inclusion of the full document family in an exhibit is also consistent with the completeness requirements of Federal Rule of Evidence 106, maintains full documents families as they were produced in discovery, reduces the number of exhibits, and is less burdensome on the Parties. The Parties agree to meet and confer in good faith if a party proposes to include a document with an incomplete document family, including without hyperlinked documents, but neither party waives any right to object to any exhibit.

**No sponsoring witness**: All exhibits should be admitted, subject to the Court's ruling on objections, for use in briefing and post-hearing Findings of Fact and Conclusions of Law. Admitting the Parties' complete exhibits lists allows both Parties to make full use of the evidentiary record in post-hearing Findings of Fact and Conclusions of Law, as they did in pre-hearing briefing and expert reports. In addition, Plaintiffs brought this case under Section 13(b) of the FTC Act which asks this Court to consider the Plaintiffs' likelihood of success in bringing its merits case in the related administrative proceeding. Importantly, the administrative proceeding does not place any limit on the number of

7

exhibits the Parties may submit in that case which can last up to 210 hours. In contrast, Defendants' proposal to restrict the preliminary injunction evidentiary record to evidence attached to a sponsoring witness presented in the Hearing unnecessarily precludes this Court from considering evidence that will be part of the merits trial and may impede this Court's ability to evaluate the FTC's likelihood of success in that case. The Court should avail itself of a full evidentiary record consistent with that available to the Administrative Law Judge that will preside over the full merits proceeding, including relevant and probative evidence from non-witnesses. Finally, the denial of a sponsoring witness requirement will not substantially increase the number of exhibits before the Court. Plaintiffs anticipate that the vast majority of exhibits used in the Findings of Fact will have a sponsoring witness. There is a very limited set of documents that Plaintiffs anticipate possibly will not be used with a sponsoring witness which Plaintiffs expect to cite in post-hearing Findings of Fact and Conclusions of Law, and any potential briefing. There is no need to constrain Plaintiffs' ability to prosecute their case and restrict this Court from considering the same evidence that will go before the Administrative Law Judge in the merits trial.

**Defendants' Proposals:**

**No digital copies:** Defendants propose that the Parties follow Section 7 of the Court's form Final Pretrial Order, which requires the Parties to prepare tabbed exhibit binders and deliver them to Chambers shortly before the Hearing. Defendants do not anticipate an issue with this requirement based on the anticipated size of Defendants' exhibit list. If the Court prefers, Defendants of course will provide digital copies of exhibits.

8

**Document families**: Defendants propose that the Parties meet and confer regarding completeness objections relating to families and privileged documents on a document-by-document basis.  Defendants expect that most exhibits will include full families (*i.e.*, parent email and attachment) and that privileged withheld documents will include slip sheets; however, there may be valid reasons, such as an exhibit being a standalone document, the only copy of which happened to be produced as an attachment to an email. In those limited circumstances, the Parties will meet and confer regarding any completeness objections. There is no basis to claim that Defendants' proposal is less efficient; indeed, the Parties will be reviewing all exhibits and lodging their objections. Moreover, "hyperlinked documents" are not part of a document's forensically collected family.  Including hyperlinked documents would involve a manual process to search other sources for what particular document the hyperlink is pointing to.  The Parties have not undergone such efforts to date, nor should they.

**Sponsoring Witness**:  Defendants propose that, aside from joint exhibits, the exhibit lists will include only those exhibits that each side intends to use in good faith in substantive questioning with a witness at the Hearing or in designated deposition testimony.  To start, Plaintiffs misleadingly state that the Part 3 proceeding in the FTC's administrative court is "the merits trial."  In doing so, Plaintiffs suggest that the Court need not exercise its individual discretion with respect to the merits of the FTC's claim, which is incorrect. *See Starbucks Corp. v. McKinney*, 602 U.S. 339, 345-347 (2024).

The Hearing does not fall outside the bounds of the Federal Rules of Evidence and the Federal Rules of Civil Procedure simply because Plaintiffs seek an injunction pending a Part 3 administrative proceeding. *See, e.g.*, Fed. R. Civ. P. 32(a)(1) (setting

9

forth requirements for using depositions "[a]t a hearing *or* trial") (emphasis added).[2] And although some cases suggest that the Federal Rules of Evidence do not apply with full force to "summary" proceedings, including some preliminary injunction hearings, the Hearing is anything but a "summary" proceeding. The Parties have taken 54 depositions, anticipate presenting more than 30 witnesses at the Hearing, and have had five months to prepare for the Hearing after entry of the Stipulated TRO (Dkt. 37), quite unlike the presumptive 28 days between an ordinary TRO and a preliminary injunction ruling. *See* Fed. R. Civ. P. 65(b)(2). Moreover, this preliminary injunction hearing is not merely a weigh station on the way to a full merits hearing. Rather, as is the case with most preliminary injunction hearings in FTC merger matters, the Court's decision will likely resolve whether this transaction is consummated. That is because in the event the Court grants the FTC's motion, Defendants will not have sufficient time to complete the Part 3 administrative hearing before the agreed-upon expiration date for the Proposed Acquisition of November 25, 2025. Indeed, completing the Part 3 process can take several months if not more. No transaction can stand in limbo for that long. For similar reasons, if the FTC's motion is denied and the Defendants are able to consummate their transaction, typically the FTC does not go through with the Part 3 administrative hearing. *See, e.g.*, *FTC, et al. v. Thomas Jefferson University, et al.*, No. 2:20-cv-01113-GJP,

---

[2] Indeed, the constitutionality of the FTC's administrative proceedings is itself questionable, with "grave doubts" having been expressed "about the[ir] constitutional propriety." *Axon Enter. v. FTC*, 598 U.S. 175, 196 (2023) (Thomas, J., concurring); *see also* Compl. ¶ 55, *Kroger Co. v. FTC*, No. 24-cv-438 (S.D. Ohio Aug. 19, 2024) (challenging FTC administrative proceeding as "unlawful and unconstitutional"); *see also Axon Enter. v. FTC*, 986 F.3d 1173, 1192 (9th Cir. 2021) ("[T]he FTC's administrative hearings do not trigger the protections of the Federal Rules of Civil Procedure or Evidence."), *rev'd and remanded on other grounds*, 598 U.S. 175 (2023).

Mem. Op. (Dkt. 277) (E.D. Pa. Dec. 8, 2020) (denying motion for preliminary injunction), *and In the Matter of Thomas Jefferson University and Albert Einstein Healthcare Network*, Case No. 9392, Mar. 15, 2021 Order (dismissing complaint); *see also, e.g.*, *FTC v. Rag-Stiftung*, No. 1:19-cv-02237, Mem. Op. (Dkt. 150) (D.D.C. Feb. 3, 2020) (denying motion for preliminary injunction), *and In the Matter of RAG-Stiftung*, Case No. 9384, Apr. 29, 2020 Order (dismissing complaint).

Accordingly, Plaintiffs must present evidence at the Hearing and meet their burden to establish a likelihood of success on the merits and the balance of equities in their favor. Plaintiffs should not be permitted to admit exhibits *en masse* for citation in their post-hearing briefing with just their interpretation of what those documents mean. Rather, Plaintiffs should use their exhibits only with a sponsoring witness who can speak to the exhibit, provide relevant context and explanation for the Court, and be subject to examination by Defendants. It is improper to suggest that every document on the Parties' exhibit lists can be admitted and used for any purpose including post-hearing briefing and findings of fact.[3]

### a. Joint Exhibit List

The Parties exchanged Exhibit Lists on August 1, 2025. A Joint Exhibit List will be attached to the Final Pre-Hearing Order.

---

[3] Indeed, even evidence offered in a Part 3 administrative proceeding is still subject to admissibility requirements. *See* 16 CFR § 3.43(b) ("Irrelevant, immaterial, and unreliable evidence shall be excluded. Evidence, even if relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or if the evidence would be misleading, or based on considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Evidence that constitutes hearsay may be admitted if it is relevant, material, and bears satisfactory indicia of reliability so that its use is fair.").

**b. Plaintiffs' Exhibit List**

The Parties exchanged Exhibit Lists on August 1, 2025 and will attach Plaintiffs' Exhibit List to the Final Pre-Hearing Order.

**c. Defendants' Exhibit List**

The Parties exchanged Exhibit Lists on August 1, 2025 and will attach Defendants' Exhibit List to the Final Pre-Hearing Order.

**VIII. ESTIMATE OF HEARING TIME**

Pursuant to Section D.2 of the CMO, each side will have twenty-four (24) hours to present opening statements, in-person and remote live witness testimony, and deposition testimony during the Hearing. As noted below in Section IX(j), the Parties disagree regarding whether non-video deposition designations should count towards each side's allotted hearing time.

The Parties will be responsible for timekeeping, and each side shall designate a point of contact responsible for timekeeping. Should the Court augment the time available for the Hearing, any additional time shall be divided equally between each side.

**IX. OTHER HEARING PROCEDURES**

**a. Opening Statements:** The Parties agree to 60-minute opening statements per side. Each side's time will come out of its allotted hearing time.

**b. Closing Argument:** The arguments will be presented in person. Each side will have 60 minutes. Closing arguments are in addition to each side's allotted hearing time. Unless the Court provides otherwise, the Parties will prepare closing arguments to be held on August 29, 2025, after the conclusion of evidence.

c. **Witness Sequestering**

**Plaintiffs' Proposal:** Fact witnesses, including Party witnesses, shall be sequestered and shall not listen to other fact testimony prior to testifying. Expert witnesses will not be sequestered and may listen to fact witness testimony. Defendants offer no valid justification for exempting Party fact witnesses from sequestration prior to providing testimony at the Hearing. Sequestration of fact witnesses is crucial to preventing those witnesses from tailoring testimony to that of a prior witness and preventing witness intimidation. With this approach, the Court may better assess the reliability of the testimony presented at the Hearing. Plaintiffs are willing to approve a corporate representative from Defendants, such as an internal legal counsel, to attend public portions of the Hearing, but this individual should not testify nor should they discuss courtroom testimony with other witnesses. Defendants, however, propose to have one of its fact witnesses, Chip Hance, serve as its corporate representative. Mr. Hance is currently the Chairman of Biocoat and is slated to be the CEO of the combined firm. If the merger proceeds, Mr. Hance will supervise all Biocoat and Surmodics witnesses who will testify in the Hearing and have significant control over customer relationships with non-party customer witnesses. Plaintiffs also understand that Mr. Hance has had, and may be in active, discussions about potential acquisitions with non-party witnesses. Such circumstances warrant the sequestering of a fact witness. Mr. Hance's presence in the Courtroom may have the effect of influencing the testimony of other fact witnesses.

**Defendants' Proposal:** Consistent with Evidence Rule 615(a) and Paragraph 10 of the Court's Trial Conduct and Procedures, witnesses (other than party representatives and expert witnesses) are generally excluded from proceedings except to testify. Except for

party representatives, a witness shall not discuss the case with anyone during breaks or recesses once their testimony has begun.

BC Holdings' identification of Chip Hance as its corporate representative is appropriate under Rule 615(a). It is not unusual for an identified corporate representative to have relevant knowledge and therefore be a witness. Rule 615(a) does not limit corporate representatives to those who are uninvolved or only witnesses of a certain low-level of importance. Notably, despite the FTC's description of Mr. Hance's significance to the transaction, customers, and the future merged entity, the FTC itself does not intend to call Mr. Hance; he is on Defendants' witness list only. Moreover, the FTC offers nothing but speculation to assert that Mr. Hance's presence in the Courtroom may have the effect of influencing the testimony of other fact witnesses.

**d. Joint Witnesses:** If both sides intend to call a witness, that witness will testify only once (subject to recall per the below) and will be fully examined by both sides at that time during Plaintiffs' case-in-chief, and Plaintiffs will present the witness first. For the avoidance of doubt, Defendants may develop their case-in-chief by asking questions of those witnesses that go beyond the scope of the Plaintiffs' direct examination. All witnesses that Defendants directly examine during Plaintiffs' case-in-chief can be recalled by Defendants in their case-in-chief only with leave of the Court for good cause, which will include recalling the witness for the limited purpose of addressing testimony or evidence occurring after their prior testimony; provided that Defendants provide notice of the recall to Plaintiffs no later than 10:30 am one (1) business day before the beginning of the hearing day in which Defendants expect to recall each witness (*e.g.*, disclosure at

10:30 am Monday for a witness testifying Tuesday).[4] Plaintiffs reserve all rights to object to Defendants' recall of witnesses. The scope of the direct examination of any witness recalled by any Party is restricted to matters that are non-cumulative.

e. **Witness Order:** Plaintiffs will provide their witness order and estimated examination times with each witness (including testimony via deposition designation) to Defendants on August 8, 2025 at 5:00 pm.  On August 12, 2025, at 5:00 pm , Defendants will provide their witness order and estimated examination times for each of Defendants' witnesses (including testimony via deposition designation) and for each of Plaintiffs' witnesses disclosed on August 8, 2025.  On August 13, 2025, Plaintiffs will provide estimated examination times for each of Defendants' witnesses disclosed on August 12, 2025.  In addition, each side will submit to the Court and to each other its updated witness order and estimated times with each witness three (3) days before the anticipated witness examinations' hearing date at 9:00 am.  For example, Plaintiffs will disclose to the Court their witness order and estimated times for the August 21, 2025 hearing date on August 18, 2025 at 9:00 am.  Nothing in this Order prevents Plaintiffs from calling rebuttal witnesses after Defendants conclude their presentation of evidence, subject to Plaintiffs providing Defendants notice no later than 10:30 am one (1) business day before the beginning of the hearing day in which Plaintiffs expect to call each rebuttal witness (*e.g.*, disclosure at 10:30 am Monday for a witness testifying Tuesday).  Defendants reserve all rights to object to Plaintiffs' calling of rebuttal witnesses.

---

[4] Unless specifically noted otherwise, all references to "days" in this Order shall be references to calendar days and not business days, and all times are Central Time.

**f. Non-Expert Witness Illustrative Aids:**

**Plaintiffs' Proposal:** Where any Party intends to use an Evidence Rule 107 illustrative aid during the direct examination of a non-expert witness and the illustrative aid contains only previously disclosed or public information, the Party will disclose the illustrative aid to the other side by 7:00 pm the evening before the day of examination. Where any Party intends to use an illustrative aid during the direct examination of a non-expert witness and the illustrative aid contains non-public information that was not previously disclosed to the other side, the Party will disclose the illustrative aid to the other side no later than 7:00 pm three (3) calendar days prior to the day of the examination (*e.g.*, disclosure on Monday by 7:00 pm for a witness testifying on Thursday). Illustrative aids are not admissible as evidence. Defendants' proposal on exchanging illustrative and summary exhibits at 7:00 pm "on the second day" before the witness testifies gives the Parties limited opportunity to meet and confer to resolve disputes outside of Court. The preference should be to bring disputes to the Court the day before a witness testifies, not the day of the testimony. Defendants' proposal does not provide sufficient time for the party receiving the exhibit to analyze the exhibits, identify any disputed material, and meet and confer with the opposing side before taking the matter to the Court the next morning.

**Defendants' Proposal:** Where any Party intends to use an Evidence Rule 107 illustrative aid during the direct examination of a non-expert witness and the illustrative aid contains only previously disclosed or public information, the Party will disclose the illustrative aid to the other side by 7:00 pm the evening before the day of examination. Where any Party intends to use an illustrative aid (per Federal Rule of Evidence 107) during the direct

16

examination of a non-expert witness and the illustrative aid contains newly-created or non-public information that was not previously disclosed to the other side, the Party will disclose the illustrative aid to the other side no later than 7:00 pm on the second day prior to the day of the examination (e.g., disclosure on Monday by 7:00 pm for a witness testifying on Wednesday). Illustrative aids are not admissible as evidence.

Defendants expect the Parties will use best efforts to exchange demonstratives as far in advance as possible. But given the realities of trial, illustrative aids are often not finalized until the day before a witness testimony.

g. **Expert Witness Illustrative Aids:**

**Plaintiffs' Proposal:** All Evidence Rule 107 illustrative aids to be used with an expert witness during the expert's direct examination shall be disclosed to the opposing Party no later than 9:00 am, three (3) calendar days prior to the day of the examination (*e.g.*, disclosure on Monday by 9:00 am for a witness testifying on Thursday). Expert witness illustrative aids are not admissible as evidence. Defendants' proposal provides insufficient time to review, analyze, meet and confer, and object to the illustrative aid. No distinction should be made for expert witness illustrative aids containing newly created or non-public information not previously disclosed because of the magnitude of data and appendices that were included as part of Defendants' expert, Dr. Wong's expert report. Deciphering what is and is not newly created or non-public information not previously disclosed in connection with the expert witnesses will lead to unnecessary objections and arguments before the Court. Plaintiffs' proposal that requires disclosure of all illustrative aids three days prior to testimony would give all sides the opportunity to review, verify,

meet and confer, and object to the expert's illustrative aids in advance of the day of the expert's testimony.

**Defendants' Proposal:** Where any Party intends to use an Evidence Rule 107 illustrative aid during the direct examination of an expert witness and the illustrative aid contains only previously disclosed or public information, the Party will disclose the illustrative aid to the other side by 7:00 pm the evening before the day of examination. Where any Party intends to use an illustrative aid (per Federal Rule of Evidence 107) during the direct examination of an expert witness and the illustrative aid contains newly-created or non-public information that was not previously disclosed to the other side, the Party will disclose the illustrative aid to the other side no later than 7:00 pm on the second day prior to the day of the examination (*e.g.*, disclosure on Monday by 7:00 pm for a witness testifying on Wednesday). Illustrative aids are not admissible as evidence.

Defendants' proposal for experts, like their proposal for fact witnesses, recognizes the realities of trial and the fact that illustrative aids are often not finalized until the day before a witness testimony. If the content is from Dr. Wong's report, then it is already disclosed and Plaintiffs should not need three days to evaluate what they already have. Recognizing that new expert illustrative aids may require more time to evaluate, Defendants have provided for additional time for illustrative aids that are not simply from a previously disclosed expert report or data.

h. **Rule 1006 Summary Exhibits:** The Parties disagree as to the time for exchange of proposed summary exhibits under Evidence Rule 1006 and provide their positions below.

**Plaintiffs' Position:** Any summary exhibits that either side seeks to admit as evidence under Federal Rule of Evidence 1006 shall be disclosed to the other side by 9:00 am

18

(Central Time) three (3) calendar days prior to the day of the examination (*e.g.,* disclosure on Monday by 9:00 am (Central Time) for a witness testifying on Thursday). The Court and the Parties will benefit from early disclosure of Rule 1006 exhibits, which in antitrust merger cases typically encompass voluminous data sets. As with expert witness illustrative aids, sufficient time is needed for the opposing party to review and verify the proposed summary exhibit and for the Court to consider any objections that may be raised. Plaintiffs believe that three (3) calendar days is sufficient time for the Parties to ensure that Rule 1006 exhibits are true and accurate, and for the Court to consider any objections, and is therefore a "reasonable time and place" for the opposing party's examination consistent with Rule 1006.

**Defendants' Position:** Rule 1006 exhibits not previously disclosed to the opposing side will be disclosed no later than 7:00 pm on the second day prior to the day of the examination (*i.e.*, disclosure on Monday by 7:00 pm for a witness testifying on Wednesday).

    **i.**     **Virtual Testimony:** The Parties disagree as to whether Party witnesses should be expected to testify in person at the Hearing and provide their positions below.

    **Plaintiffs' Proposal:** All Party witnesses should testify in person. Given the interest in limiting the burden on non-party witnesses, a non-party witness may testify virtually with prior approval of the Court. If a witness becomes unavailable for unforeseen circumstances, a Party may request to submit an additional designation of testimony with the Court.

    **Defendants' Proposal**: Consistent with Civil Rule 43(a), Party and non-party witnesses may testify remotely with the Court's prior approval.  If a witness becomes unavailable for

unforeseen circumstances, a Party may request to submit an additional designation of testimony with the Court.

**j.      Video Deposition Designations:** Video deposition designations to be played during the Hearing will come out of each side's allotted hearing time. The Parties will exchange initial video deposition designations on August 8, 2025.  The Parties will exchange counter- and cross-designations and objections to initial designations on August 13, 2025.  Any counter-counter-designations and objections to counter- and cross-designations will be exchanged on August 17, 2025.  Final objections will be exchanged on August 18, 2025.  Any Party playing video designations at the Hearing will provide a copy of the video that will be played and transcript sheet to the other side for review by 6:00 pm the night before the video will be played.

**k.      Deposition and Investigational Hearing Designations:** The Parties have not reached agreement on the issue of deposition and investigational hearing designations and have prepared their respective proposals below.

**Plaintiffs' Proposal**: Full transcripts of investigational hearings and depositions for witnesses that do not appear at the Hearing shall be admitted into evidence for use in the post-hearing Findings of Fact and Conclusions of Law and any potential legal briefing. The submission of testimony via paper transcripts will not count against each side's time to present its case at the Hearing.

Defendants' proposal again seeks to limit the evidence that this Court can consider in a variety of unnecessary ways. *First,* and as with the admission of exhibits, the Court should avail itself of a record consistent with that available to the Administrative Law Judge that will preside over the full merits proceeding. The merits proceeding does not have any limits on the number of deposition or investigational hearing transcripts that the Parties may submit in that case.

20

Defendants' proposal unnecessarily limits this Court from considering evidence that will be part of the merits trial and may hamper this Court's ability to consider Plaintiffs' likelihood of success in that case. Inclusion of the full transcripts will further allow the Court to view the testimony in the full context of the deposition if the Court so chooses. Indeed, there is no prejudice to either Party by allowing for the submission of full transcripts as evidence in this preliminary injunction matter and will allow both Parties to make full use of the evidentiary record in this case in their post-hearing Findings of Fact and Conclusions of Law. To the extent that a Party cites investigational hearing or deposition testimony in a legal brief or in support of a proposed finding of fact, the opposing Party can object to that testimony at that time, and the Court will assess as necessary those objections and any objections preserved on the record in the deposition in determining whether to accept that testimony. This more efficient approach is to provide both sides the opportunity to object to testimony so that the Court can engage in both tasks at once while having the complete transcript available during the Court's review.

*Finally,* Defendants have no basis for their request that depositions and investigational hearing transcripts submitted in paper and not played as video at the Hearing should somehow count against the time that the Parties have for live witnesses at the Hearing. This is expressly contrary to the provisions of the CMO, which provides that "[e]ach side will have at least twenty-four (24) hours to present testimony during the hearing." Moreover, Defendants proposal to re-enact all deposition testimony is without basis in the Federal Rules and is merely an attempt to limit Plaintiffs' ability to provide the full record of evidence to the Court. This is not a jury trial; the Court should be free in this bench trial to receive and review written deposition testimony without the Parties taking time from the Hearing to read it out loud. If either party seeks to re-enact deposition testimony, the Parties shall meet and confer on the same schedule as

21

video designations.  The Parties shall follow the same schedule for the disclosure of deposition and investigational hearing transcripts as for video deposition designations described above.

If the Court decides that all deposition and investigational hearing transcripts should be designated by page and line number, Plaintiffs request that the Parties exchange initial deposition and investigational hearing designations five (5) days after the Court's order.

**Defendants' Proposal:** As noted above regarding the Parties' dispute on the admissibility of exhibits, Defendants propose conducting the Hearing in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure.  Specifically, Defendants propose that the Parties follow Section 6 the Court's form Final Pretrial Order and Civil Rule 26(a)(3)(A)(ii)—namely, that for witnesses who will be presented by deposition or other prior testimony, the Final Pre-Hearing Order will include for each such witness a chart containing the following information: (a) the testimony that each side seeks to present, by page and line; (b) a concise statement of objections to any testimony and the basis for the objection with appropriate citations to evidentiary rules or case law; and (c) a concise statement of the asserted basis of admissibility with appropriate citations to evidentiary rules or case law.  The Parties will also submit with the Final Pre-Hearing Order highlighted deposition transcripts for each witness who will be presented by deposition (whether by video or transcript).

As a general rule, no out-of-court deposition testimony may be presented for any witness who testifies live (in person or remotely).  *See* Fed. R. Evid. 804(b)(1) (former testimony may be presented only for witnesses who are unavailable under Fed. R. Evid. 804(a)).  Exceptions permitted by the Federal Rules may apply.  *See, e.g.*, Fed. R. Civ. P 32(a)(2) (impeachment), 32(a)(3) (party witnesses).  All designations, whether submitted via transcript or played on video, shall count against a side's total 24 hours of hearing time.

22

Under no circumstance shall any investigational hearing be designated. Civil Rule 32(a)(1) provides that "[a]t a hearing …, all or part of a deposition may be used against a party" only, among other requirements, "the party was present or represented at the taking of the deposition or had reasonable notice of it." Fed. R. Civ. P. 32(a)(1)(A). Under the FTC's rules, no party or its counsel was present at investigational hearings of non-party witnesses. *See* 16 CFR § 2.9 (b). And while a party and its counsel were present at party investigational hearings, parties and their counsel were not permitted to be present at the investigational hearing of another party—that is, Surmodics and its counsel were not present at the investigational hearing of GTCR witnesses, and vice versa. *See id*. So, if the FTC were to designate investigational hearing testimony of a GTCR witness, it necessarily would seek to use that testimony against Surmodics, which would violate Civil Rule 32(a)(1)'s requirement that deposition testimony may be used "against a party" only if "*the* party was presented or represented at the taking of the deposition or had reasonable notice of it." Fed. R. Civ. P. 32(a)(1)(A) (emphasis added).

The Parties will exchange initial deposition designations on August 7, 2025. The Parties will exchange counter- and cross-designations and objections to initial designations on August 12, 2025. Any counter-designations and objections to counter- and cross-designations will be exchanged on August 17, 2025. Final objections will be exchanged on August 18, 2025. Both video deposition testimony and non-video deposition testimony shall be presented during the Hearing, with non-video deposition testimony presented via re-enactment from the stand.

Plaintiffs essentially characterize Defendants' adherence to the Federal Rules as seeking to "limit the evidence that this Court can consider in a variety of unnecessary ways." But Defendants' proposal merely complies with the Federal Rules, which provide important procedural, evidentiary, and constitutional protections to federal court proceedings. Moreover,

23

the Court has generously afforded each side 24 hours of Hearing time for opening statements and testimony.  Plaintiffs surely can present all the testimony they need to present—whether live, video deposition, or re-enacted non-video deposition testimony—in their 24 hours.  There is no need to burden the Court with reviewing additional testimony, whether video or non-video, outside the confines of the 24 hours allocated to each side.  Moreover, Plaintiffs' proposal that evidentiary objections be made *after the Hearing* in conjunction with post-hearing briefing is fundamentally unfair to Defendants.  In effect, Plaintiffs propose that Defendants be required to make evidentiary objections after their witnesses have testified, evidence is closed, and without any opportunity to respond to the substance of the testimony at the Hearing.

      **l.**    **Sealing of Hearing Exhibits and Courtroom:** Parties and non-parties will address confidentiality cooperatively to ensure public access to the Hearing as much as possible while preserving confidentiality concerns consistent with the Protective Order (Dkt. 61).  Where necessary and consistent with applicable case law and the Court's standards on the treatment of confidential material, Parties and non-parties may address confidentiality by showing the public redacted documents, showing documents to witnesses but not the public, and structuring testimony to avoid eliciting confidential information.  Should a Party or non-party have reason to believe that questioning will implicate a Party or non-party's confidential material and therefore demand *in camera* testimony, a Party or non-party may move that the courtroom be closed to the public to hear this testimony.  The other side (or either side in case of a non-party motion) may object to this request.  If the Court rules in favor of closing the courtroom, the courtroom will be closed to the public until the *in camera* testimony concludes.  Each side will structure its examinations to consolidate all *in camera* portions together so as to not burden the Court and the public with multiple *in camera* sessions with a single witness.

24

     **m.**    **Notice of Confidentiality.** By August 4, 2025, each side shall notify any non-parties whose information, previously designated as Confidential or Highly Confidential, is included on that side's Exhibit and Witness Lists.

     By August 5 at 1:00 pm, Plaintiffs will notify Defendants which exhibits on their August 1, 2025 exhibit list they "expect to use" and which they "may use." By August 13, 2025, Defendants will notify Plaintiffs as to which of Plaintiffs' Party "will use" exhibits are designated as Confidential. After providing confidentiality designations on August 13, 2025, within three days the Parties will meet and confer regarding confidentiality designations. If confidentiality disputes remain, the Parties shall bring these disagreements to the Court in the Court's preferred manner.

     For all other exhibits that Plaintiff would use during the Hearing, Plaintiffs will provide the documents to Defendants when it determines it expects to use the documents during the Hearing, but no later than 9:00 am two (2) days before the date of expected introduction of any such exhibit, except for Party exhibits used for impeachment purposes. One (1) day after disclosure, by 7:00 pm, the Parties will meet and confer regarding confidentiality designations. If confidentiality disputes remain, the Parties shall bring these disagreements to the Court in the Court's preferred manner.

     **n.**    **Resolving Confidentiality Issues:** The Court may address any confidentiality issues as needed during the August 19, 2025 Pre-Hearing Conference and provide the Parties and non-parties any specific guidance for how to assess further issues relating to confidentiality. To the extent that confidentiality issues arise during the Hearing, the Parties and non-parties will raise the issue with the Court in the morning prior to the testimony of the relevant witness.

**o.** **Motions for *In Camera* Treatment:** After these disclosures have been made, any Party or non-party continuing to seek sealed treatment of the identified exhibits must file a motion for *in camera* treatment prior to the witness being called. The Parties agree to meet and confer regarding confidentiality before filing motions to seal and will indicate whether the motion is opposed in the motion.

## X. DAMAGE ITEMIZATION

The Plaintiff States respectfully request that the Court award the costs of this action, including attorneys' fees, as equitable relief.

## XI. POST-HEARING BRIEFS

The Parties will submit Proposed Findings of Fact and Conclusions of Law on September 12, 2025, two weeks after the Hearing concludes. Each side's submission will not exceed 100 pages. There will be no reply Findings of Fact and Conclusions of Law.

The Parties disagree as to what evidence may be cited to in each side's Proposed Findings of Fact and Conclusions of Law and provide their positions below.

**Plaintiffs' Proposal:** All Party and non-party evidence on the Parties' Final Exhibit Lists and evidence previously filed in connection with pre-hearing submissions, including briefing, and entered into evidence at the Hearing may be included in the Proposed Findings of Fact and Conclusions of Law. As discussed above with regard to exhibit lists and deposition and investigational hearing transcripts, the Court should avail itself of a record consistent with that available to the Administrative Law Judge that will preside over the full merits proceeding. Defendants' proposal unnecessarily restricts this Court from considering evidence that will be part of the merits trial and may hinder this Court's ability to consider the Plaintiffs' likelihood of success in that case. Defendants' assertion that Plaintiffs are ambushing them has no basis. The

vast majority of Plaintiffs' Exhibit List are documents produced by Defendants. The remainder of the exhibits on Plaintiffs' Exhibit List were disclosed to Defendants months ago, used in depositions attended by Defendants, or are transcripts of depositions attended by Defendants. Moreover, Plaintiffs have already cited to these exhibits in its preliminary injunction briefing, and Defendants have already received Dr. Aaron Fix's initial expert report, which references many of these exhibits.

As the Parties previously agreed to in Section C.6. of the CMO, "[t]here will be no reply Findings of Fact and Conclusions of Law." Defendants seek to now unwind another provision of the Court's CMO without any basis.

**Defendants' Position:** All Party and non-party evidence entered into evidence at the Hearing may be included in the Proposed Findings of Fact and Conclusions of Law. As explained above in Sections VII (Exhibit List) and IX.k. (Deposition and Investigational Hearing Designations), the Hearing does not fall outside the bounds of the Federal Rules of Evidence and the Federal Rules of Civil Procedure. The Federal Rules provide important procedural, evidentiary, and constitutional protections to federal court proceedings. Those protections are particularly important here where the Hearing will effectively decide whether the merger goes forward or dies. Plaintiffs must present evidence at the Hearing and meet their burden to establish a likelihood of success on the merits and the balance of equities in their favor. There is no need to burden the Court with reviewing additional exhibits or testimony, whether video or non-video, outside the confines of the 24 hours allocated to each side. Allowing Plaintiffs to rely on entire testimony transcripts and any exhibit they put on their exhibit list is trial by ambush.

Defendants do not seek to unwind the CMO, which simply reflects that the Parties are not setting a schedule for replies, nor are Parties afforded one by right. But nothing prevents the

Parties from seeking leave from the Court to submit a reply. Defendants therefore suggest inclusion of the following language: "For the avoidance of doubt, this provision does not preclude a Party from seeking leave to file a reply to the other side's Findings of Fact and Conclusions of Law."

Because closing arguments will be before the Parties submit their Findings of Fact and Conclusions of Law, Defendants are available should the Court have any questions.

## XII.    SETTLEMENT STATUS

The Parties refer the Court to the Joint Status Report filed August 1, 2025, and will update this status (if necessary) before submitting the final draft of the Pre-Hearing Order in advance of the August 19, 2025 Pre-Hearing Conference.

## XIII.    MOTIONS *IN LIMINE*

### a.    Plaintiffs' Motions *in Limine*

After the August 5 deadline to file Motions *in Limine*, the Parties will add any motions filed before submitting the final draft of the Pre-Hearing Order in advance of the August 19, 2025 Pre-Hearing Conference.

### b.    Defendants' Motions *in Limine*

The Parties will add any motions filed before submitting the final draft of the Pre-Hearing Order in advance of the August 19, 2025 Pre-Hearing Conference.

Dated: August ___, 2025                                      SO ORDERED.

                                                       _____

                                                       HON. JEFFREY I. CUMMINGS
                                                       United States District Judge