UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FEDERAL TRADE COMMISSION**,

**STATE OF ILLINOIS,** and

**STATE OF MINNESOTA,**

    *Plaintiffs,*

        v.

**GTCR, LLC,**

**GTCR BC HOLDINGS, LLC,** and

**SURMODICS, INC.**,

    *Defendants*.

Case No. 25-cv-02391

Hon. Jeffrey I. Cummings

**PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE AND ARGUMENTS
REGARDING DEFENDANTS' PROPOSED REMEDY**

Defendants GTCR, LLC's and GTCR BC Holdings, LLC's (together, "GTCR") proposed acquisition of Surmodics, Inc. (collectively, "Defendants") (the "Proposed Acquisition") is presumptively illegal because its "effect may be to substantially lessen competition" in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, and because it would significantly increase concentration in the already highly concentrated outsourced hydrophilic coatings market. The best and most certain remedy for this anticompetitive acquisition is to enjoin it outright.

Defendants now attempt to cure their unlawful acquisition by proposing a separate, conditional transaction in which Biocoat, Inc. ("Biocoat") will carve out and divest pieces of its coatings business to a self-selected buyer ("Buyer"). Defendants waited until weeks after the close of fact discovery to provide Plaintiffs Federal Trade Commission ("FTC") and the States of Illinois and Minnesota (collectively, "Plaintiffs") with a finalized remedy proposal. As a result of Defendants' delay, Plaintiffs have had limited opportunity to vet Defendants' remedy and perform due diligence in a manner that would assist the Court in analyzing Defendants' proposal.

Based on the prejudice to the Court and to Plaintiffs, as well as the limited nature of this proceeding, Plaintiffs respectfully move this Court to exclude evidence of Defendants' proposed remedy or, in the alternative, to exclude specific evidence and testimony related to the remedy. Defendants will not be prejudiced by this exclusion, as the sufficiency of any proposed remedy can be addressed, if necessary, in the subsequent merits proceeding.

## **BACKGROUND**

The FTC notified Defendants of concerns about the anticompetitive impact of the Proposed Acquisition as early as July 2024. Defendants did not raise the subject of a remedy at any point during the investigation leading up to the filing of the Complaint on March 6, 2025. ECF No. 203

¶ 3. Instead, Defendants chose to wait until almost two months into this litigation to raise the prospect of a remedy. ECF No. 203 ¶ 3. At that time, Defendants did not provide Plaintiffs with details sufficient for Plaintiffs to evaluate the remedy proposal, including the identity of the Buyer, the terms that would govern the remedy, the relationships and transition services contemplated between the parties, or the timelines involved. *See, e.g.* ECF 204-2 Ex. 10. Defendants' remedy proposals continued to evolve over the course of the litigation, with ███████████ ███████████████████████████████████████████████████████████████████ ████████████████, among other material changes.

It was not until late July of 2025[1] that Defendants finally provided Plaintiffs with the details of a non-binding, "as-agreed-to" asset purchase agreement for their proposed remedy—weeks after the close of fact discovery and less than a month before the Preliminary Injunction hearing.

## **ARGUMENT**

I. *Defendants' delay has curtailed Plaintiffs' ability to vet the proposed remedy in a manner that will assist the Court.*

Discovery is an essential first step in evaluating whether Defendants' proposed remedy meets its burden to "offset the competitive harm of the merger," *see FTC v. Kroger Co.*, 2024 WL 5053016, at *28 (D. Or. 2024) and create a new competitor that has both the means and incentive to compete effectively against the merged firm. *See United States v. Aetna*, 240 F. Supp. 3d 1, 60 (D.D.C. 2017). Discovery is particularly important here, where the proposed remedy does not divest a standalone business but only pieces of Biocoat's business. Partial divestitures like this

---

[1] On July 18, Defendants sent Plaintiffs their purportedly finalized but still unsigned agreement with ██████ and certain related materials, followed on July 24 by additional unsigned divestiture materials. On July 30, Defendants sent Plaintiffs a revised, signed Asset Purchase Agreement and related (unsigned) deal documents, along with redlined documents showing certain changes from the agreements sent to Plaintiffs the week before.

require additional scrutiny because "the more limited scope of the asset package increases the risk that a remedy will not succeed."[2]

Plaintiffs did not receive the divestiture deal documents and other key discovery from Defendants and the Buyer until late July 2025, after the close of fact discovery.[3] It was from these deal documents that Plaintiffs first learned that the final package included an effective ▮▮▮▮▮▮▮▮▮▮▮▮, ECF No. 204-4 Ex. 14 at -2730-731, -2785 and that the deal allows the Buyer to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ECF No. 204-4 Ex. 14 at -2732 (contained as part of "Contingent Consideration" provisions, specifically within Section 1.04(a)). Plaintiffs also did not receive the bulk of the Buyer's divestiture-related discovery until July 28, forcing the postponement of the Buyer's deposition to July 31. Through the Buyer discovery and deposition, Plaintiffs learned that the Buyer does not ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

---

[2] Ex. A THE FTC'S MERGER REMEDIES 2006-2012, A REPORT OF THE BUREAUS OF COMPETITION AND ECONOMICS (January 2017), at 5, https://www.ftc.gov/system/files/documents/reports/ftcs-merger-remedies-2006-2012-report-bureaus-competition-economics/p143100_ftc_merger_remedies_2006-2012.pdf. *See also Kroger*, 2024 WL 5053016, at *26 (rejecting defendants' proposed divestiture that did "not represent a standalone, fully functioning company").

[3] Defendants have controlled the timing of the remedy proposal and the production of relevant discovery from both Defendants and the Buyer. *See* ECF No. 204-4 Ex. 14 at -2739 (under Section 3.03(d) of the Asset Purchase Agreement, the Buyer has agreed to "cooperate" with Defendants in "opposing (including by cooperating in litigation)" any action challenging the "Merger Agreement").

II. *The Court should exclude evidence of Defendants' proposed remedy or, in the alternative, exclude specific evidence related to the proposed remedy.*

Plaintiffs are not aware of any preliminary injunction proceeding in which a federal court has admitted evidence of a proposed remedy where the finalized agreement was not produced until after the close of fact discovery. In the most analogous cases, courts have refused to consider proposed remedies raised after the close of fact discovery. *See* Transcript of Pre-Hearing Conference at 28, *FTC v. Ardagh Grp.*, No. 13-1021 (D.D.C. Sept. 24, 2013)[4] (refusing to consider evidence of a remedy that was proposed three weeks before the hearing); *Chemetron Corp. v. Crane Co.*, 1977 WL 1491, at *7 (N.D. Ill. Sept. 8, 1977) (excluding remedy proposed during the hearing). Courts have similarly used exclusion as a remedy where defendants have attempted to introduce evidence of post-discovery events. *See* Order Denying Qualcomm's Request to Introduce Evidence of Post-Discovery Events, *FTC v. Qualcomm Inc.*, No. 997, 2018 WL 6597273, at *5 (N.D. Cal. Dec. 13, 2018) (finding any probative value of the proposed post-discovery evidence is substantially outweighed by the danger of unfair prejudice to the FTC). Consistent with past practice, Defendants' dilatory conduct justifies excluding evidence relating to the divestiture in this proceeding.

To the extent the Court wishes to consider Defendants' proposed remedy, Defendants and the Buyer should at a minimum be precluded from introducing the following types of evidence: (i) new and revised divestiture agreements or any associated supporting documents produced after July 31; (ii) new and revised integration[5] documents produced after July 31; and (iii) any testimony

---

[4] Available at https://www.ftc.gov/sites/default/files/documents/cases/130924ardaghtranscript.pdf.
[5] "Integration documents" and "integration planning" are defined to include any documents and testimony related to planning for or incorporating the assets in the divestiture package into the Buyer's business, including but not limited to marketing, technical, sales, and financial planning documents and testimony.

regarding substantive changes to the divestiture package or integration planning occurring after July 31.[6] Exclusion of such evidence will prevent further prejudice to the Court's and Plaintiffs' ability to evaluate the proposed remedy, which has involved a constantly changing set of facts.

> III. *Exclusion of the proposed remedy and specific evidence related to the proposed remedy will not prejudice Defendants.*

The Court here is not "asked to make a final determination on whether the proposed merger violates Section 7, but to make only a preliminary assessment of the merger's impact on competition." *Kroger,* 2024 WL 5053016, at *1. The Court need not consider Defendants' proposed remedy in making that assessment. As the Supreme Court has stated, "[t]he burden is not on the Government to show" that the proposed remedy "would violate § 7." *United States v. E.I. du Pont de Nemours & Co.*, 366 U.S. 316, 331 (1961) ("du Pont II"). Rather, Defendants' proposed remedy can be appropriately addressed in the merits proceeding before the administrative court. Excluding evidence and arguments relating to Defendants' proposed remedy preserves the status quo and allows the FTC a reasonable period of time to evaluate the sufficiency of the proposed remedy during fact discovery in the merits proceeding.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court grant the requested relief.

---

[6] Plaintiffs' proposed exclusion shall apply to all Parties. Should any Party make a negative inference about the absence of the excluded evidence, the opposing Party may introduce excluded evidence sufficient to rebut the inference.

| | |
|---|---|
| Dated: August 6, 2025 | Respectfully submitted, |
| Of counsel: | /s/ Maia Perez |
| | MAIA PEREZ |
| DANIEL GUARNERA | Lead Counsel |
| Director | Federal Trade Commission |
| Bureau of Competition | Bureau of Competition |
| | 600 Pennsylvania Avenue, NW |
| DAVID J. SHAW | Washington, DC 20580 |
| Principal Deputy Director | Tel: (202) 326-3522 |
| Bureau of Competition | Email: mperez@ftc.gov |
| JORDAN S. ANDREW | YAN GAO |
| Acting Assistant Director | R. TYLER SANBORN |
| Mergers I Division | EVELYN HOPKINS |
| | DYLAN G. BROWN |
| JAMES R. WEISS | WILLIAM M. MACCI |
| Deputy Assistant Director | LAUREN GASKIN |
| Mergers I Division | ELIZABETH KLINGER |
| | LILIANA P. VARGAS |
| | NICHOLAS WIDNELL |
| | MEGAN MCKINLEY |
| | LILY VERBECK |
| | LEONARDO CHINGCUANCO |
| | JESSICA WEINER |
| | *Counsel for Plaintiff* |
| | *Federal Trade Commission* |
| | LE'ORA TYREE (IL Bar ID 6288669) |
| | Federal Trade Commission |
| | Midwest Regional Office |
| | 230 S. Dearborn Street, Room 3030 |
| | Chicago, IL 60604 |
| | Tel.: (312) 927-7660 |
| | Cell: (312) 960-5612 |
| | Email: ltyree@ftc.gov |
| | *Local Counsel for Plaintiff* |
| | *Federal Trade Commission* |
| | /s/ John Milligan |
| | JOHN MILLIGAN |
| | Assistant Attorney General |
| | Office of the Illinois Attorney General 115 |
| | S. LaSalle Street, Floor 23 |
| | Chicago, IL 60603 |

Tel.: (773) 505-5937
Email: John.Milligan@ilag.gov
*Counsel for Plaintiff State of Illinois*

*/s/ Elizabeth Odette*
ELIZABETH ODETTE
Manager, Assistant Attorney General
Antitrust Division
Email: elizabeth.odette@ag.state.mn.us

*/s/ Zach Biesanz*
ZACH BIESANZ
Senior Enforcement Counsel Antitrust
Division
Email: zach.biesanz@ag.state.mn.us
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101 Tel.: (651) 757-1257
*Counsel for Plaintiff State of Minnesota*

**LOCAL RULE 37.2 CERTIFICATION**

Pursuant to Local Rule 37.2, Plaintiffs Federal Trade Commission ("FTC" or "Commission") and the States of Illinois and Minnesota have met and conferred with Defendants GTCR, LLC, GTCR BC Holdings, LLC ("BC Holdings") and Surmodics, Inc. (collectively, "Defendants"). Defendants oppose the relief sought herein.

/s/ *Maia Perez*
Maia Perez
Jordan S. Andrew
James Weiss
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel.: (202) 322-8971
Email: mperez@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

Le'Ora Tyree (IL Bar ID 6288669)
Federal Trade Commission
Bureau of Competition
Midwest Regional Office
230 S. Dearborn Street, Room 3030
Chicago, IL 60604

*Local Counsel for Plaintiff Federal Trade Commission*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 6th day of August, 2025, I filed the foregoing with the Clerk of the Court.

                                          */s/ Maia Perez*
                                          Maia Perez
                                          Attorney for Plaintiff Federal Trade Commission

Pursuant to Local Rule 5.9, I hereby certify that on this 6th day of August 2025, the foregoing was electronically filed using the Court's CM/ECF system and constitutes service to the attorneys of record who have consented to accept service by electronic means and that GTCR, LLC's, GTCR BC Holdings, LLC's, and Surmodics, Inc.'s counsel of record are being served with a copy of this document via electronic mail.

                                          */s/ Maia Perez*
                                          Maia Perez
                                          Attorney for Plaintiff Federal Trade Commission