UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FEDERAL TRADE COMMISSION,**

**STATE OF ILLINOIS,** and

**STATE OF MINNESOTA,**

    *Plaintiffs,*

    v.

**GTCR, LLC,**

**GTCR BC HOLDINGS, LLC,** and

**SURMODICS, INC.,**

    *Defendants*.

Case No. 1:25-cv-02391

## JOINT PRE-HEARING ORDER

Pursuant to Section D.3 of the Joint Stipulated Case Management Order ("CMO") (Dkt. 71), the Court's direction in the August 7, 2025 status hearing, and Minute Entry (Dkt. 225), Plaintiffs Federal Trade Commission ("FTC" or the "Commission"), the State of Illinois, and the State of Minnesota (collectively, "Plaintiffs") have met and conferred with Defendants GTCR, LLC, GTCR BC Holdings, LLC, and Surmodics, Inc. (collectively, "Defendants"). The Parties jointly submit and stipulate to the following Proposed Pre-Hearing Order ("Order"),[1] which sets forth matters to which the parties agreed and matters subject to the Court's orders at the August 7

---

[1] The Order will incorporate by reference all provisions of the Joint Stipulated CMO dated April 17, 2025 (ECF No. 71) and the Amended Schedule dated July 10, 2025 (ECF No. 167), and supersedes any provision that conflicts as between the two Orders.

1

hearing concerning the preliminary injunction hearing set for August 21-29, 2025. All procedural issues will be resolved prior to or at the Pre-Hearing Conference on August 19, 2025.

## I. JURISDICTION

This Court has jurisdiction over this action pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and 28 U.S.C. §§ 1331, 1337, and 1345.

The Court's jurisdiction is not disputed, subject to the jurisdictional objection set forth in GTCR, LLC's answer and affirmative defenses (Dkt. 162), which pertains only to GTCR, LLC.

## II. TRIAL ATTORNEYS

a. Plaintiffs' Trial Attorneys:

| Name | Business Phone | Cell Phone | Email Address |
|---|---|---|---|
| Plaintiff Federal Trade Commission Trial Attorneys | | | |
| Maia Perez | 202-326-3522 | 202-322-8971 | mperez@ftc.gov |
| Jordan Andrew | 202-326-3678 | 202-476-9974 | jandrew@ftc.gov |
| Kendall Alford | 202-326-2791 | 202-415-4748 | kalford@ftc.gov |
| Dylan Brown | 202-326-3283 | 202-469-2278 | dbrown4@ftc.gov |
| Leonardo Chingcuanco | 202-326-3015 | 202-257-0303 | lchingcuanco@ftc.gov |
| Yan Gao | 202-326-2071 | 312-532-0503 | ygao@ftc.gov |
| Lauren Gaskin | 202-326-3106 | 202-725-3056 | lgaskin@ftc.gov |
| Jacob Hamburger | 202-326-3640 | 202-758-6479 | jhamburger1@ftc.gov |
| Keith Holleran | 202-326-3463 | 202-975-9165 | kholleran@ftc.gov |
| Matthew Joseph | 202-326-2876 | 202-227-8356 | mjoseph1@ftc.gov |
| Rebecca Kerley | 202-326-2480 | 202-285-3764 | rkerley@ftc.gov |
| Elizabeth Klinger | 202-326-3466 | 202-468-7684 | eklinger@ftc.gov |
| William Macci | 206-220-4470 | 202-651-1509 | wmacci@ftc.gov |
| Megan McKinley | 202-326-3128 | 202-320-7320 | mmckinley@ftc.gov |

| Name | Business Phone | Cell Phone | Email Address |
|---|---|---|---|
| Brian O'Dea | 202-326-2227 | 202-569-7946 | bodea@ftc.gov |
| Robert (Tyler) Sanborn | 202-326-2470 | 202-660-8529 | rsanborn@ftc.gov |
| William Segal | 202-326-3480 | 202-330-3603 | wsegal@ftc.gov |
| Varnitha Siva | 202-326-2951 | 202-730-6493 | vsivaprasad@ftc.gov |
| Liliana Vargas | 202-326-3318 | 202-316-3532 | lvargas@ftc.gov |
| Lily Verbeck | 202-326-2094 | 202-394-5884 | lverbeck@ftc.gov |
| Jessica Weiner | 202-326-2081 | 202-264-9792 | jweiner@ftc.gov |
| James Weiss | 202-326-3506 | 202-650-8904 | jweiss@ftc.gov |
| Nicholas Widnell | 202-326-3027 | 202-227-0731 | nwidnell@ftc.gov |
| **Plaintiff State of Illinois Trial Attorneys** | | | |
| John Milligan | 773-505-5937 | | John.Milligan@ilag.gov |
| Elizabeth Maxeiner | 773-590-7935 | | Elizabeth.Maxeiner@ilag.gov |
| **Plaintiff State of Minnesota Trial Attorneys** | | | |
| Zack Biesanz | 651-757-1257 | | Zach.Biesanz@ag.state.mn.us |
| Erin Conti | 651-583-7750 | | Erin.Conti@ag.state.mn.us |
| Justin Moor | 651-724-9627 | | Justin.Moor@ag.state.mn.us |
| Elizabeth Odette | 651-728-7208 | | Elizabeth.Odette@ag.state.mn.us |
| Jon Woodruff | 651-300-7425 | | Jon.Woodruff@ag.state.mn.us |

b. **Defendants' Trial Attorneys:**

| Name | Business Phone | Cell Phone | Email Address |
|---|---|---|---|
| **Defendants GTCR BC Holdings, LLC and GTCR, LLC Trial Attorneys** | | | |
| Marguerite (Maggy) Sullivan | 202-637-1027 | 202-679-7738 | marguerite.sullivan@lw.com |
| Sean Berkowitz | 312-777-7016 | 312-206-3782 | sean.berkowitz@lw.com |
| Lawrence (Larry) Buterman | 212-906-1264 | 917-589-5124 | lawrence.buterman@lw.com |

| Name | Business Phone | Cell Phone | Email Address |
|---|---|---|---|
| Kelly Fayne | 415-646-7897 | 413-221-4585 | kelly.fayne@lw.com |
| Gary Feinerman | 312-777-7110 | 312-623-1547 | gary.feinerman@lw.com |
| Elyse Greenwald | 424-653-5695 | 650-248-4560 | elyse.greenwald@lw.com |
| Amanda (Mandy) Reeves | 202-637-2183 | 434-825-1128 | amanda.reeves@lw.com |
| Heather Waller | 312-876-6554 | 872-306-8442 | heather.waller@lw.com |
| Daniel P. Culley | 202-974-1500 | 202-974-1593 | dculley@cgsh.com |
| Blair West Matthews | 202-974-1500 | 202-974-1791 | bmatthews@cgsh.com |
| Heather Nyong'o | 415-796-4400 | 415-796-4480 | hnyongo@cgsh.com |
| Matthew Yelovich | 650-815-4100 | 650-815-4152 | myelovich@cgsh.com |
| Matthew I. Bachrack | 202-974-1500 | 202-974-1662 | mbachrack@cgsh.com |
| **Defendant Surmodics, Inc. Trial Attorneys** | | | |
| Paul Saint-Antoine | 215-988-2990 | 610-550-9033 | paul.saint-antoine@faegredrinker.com |
| Joanne Lewers | 215-988-2712 | 610-608-9776 | joanne.lewers@faegredrinker.com |
| Joshua P. Mahoney | 312-212-6520 | 605-941-1599 | josh.mahoney@faegredrinker.com |
| Anna Sallstrom | 612-766-7614 | 763-218-0778 | anna.sallstrom@faegredrinker.com |
| Jon Todt | 202-230-5823 | 240-490-1039 | jonathan.todt@faegredrinker.com |

### III.  CASE STATEMENT

Plaintiffs brought this suit under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 16 of the Clayton Act, 15 U.S.C. § 26, seeking a stipulated temporary restraining order and a preliminary injunction enjoining Defendants GTCR, LLC and GTCR BC Holdings, LLC, from consummating the proposed acquisition of Defendant Surmodics, Inc. (the "Proposed Acquisition"), pending the administrative proceeding before the FTC. Plaintiffs allege that the Commission is likely to prove in the administrative proceeding that the Proposed Acquisition, if consummated, would violate Section 7 of the Clayton Act, 15

4

U.S.C. § 18, and Section 5 of the FTC Act, 15 U.S.C. § 45, and the balance of the equities favors an injunction. Defendants respond that Plaintiffs are not entitled to a preliminary injunction because Plaintiffs cannot show that they are likely to succeed on the merits (*i.e.*, that the Proposed Acquisition, including the agreed upon divestiture, is likely to substantially harm competition), that the sought injunction is in the public interest, or that the balance of equities favors the injunction.

Plaintiffs are represented in this proceeding by the Trial Attorneys listed above from the FTC and the States of Illinois and Minnesota.

Defendants are represented in this proceeding by the Trial Attorneys listed above (i) from Latham & Watkins LLP and Cleary Gottlieb Steen & Hamilton LLP, for GTCR, LLC and GTCR BC Holdings, LLC, and (ii) from Faegre Drinker Biddle & Reath LLP for Surmodics, Inc.

## IV. CONTESTED ISSUES

The Parties respectfully refer the Court to Plaintiffs' Motion for Preliminary Injunction (Dkt. 173), Defendants' opposition brief (Dkt. 202), and Plaintiffs' reply brief, to be filed on August 14, 2025.

## V. STIPULATIONS

The Parties have not yet reached stipulations of fact but will include any stipulations they reach in the post-Hearing Findings of Fact.

## VI. WITNESS LIST

The Parties agree to comply with Civil Rule 26(a)(3)(A)(i) and Section 6 of Judge Cummings' form Final Pretrial Order. Plaintiffs reserve the right to call witnesses in rebuttal following Defendants' presentation of evidence; such rebuttal time shall come out of Plaintiffs'

allotted hearing time. Defendants reserve all rights to object to Plaintiffs' calling of rebuttal witnesses.

    **a. Plaintiffs' Witness List**

The Parties exchanged Witness Lists on August 1, 2025 and will attach Plaintiffs' Witness List to the Final Pre-Hearing Order.

    **b. Defendants' Witness List**

The Parties exchanged Witness Lists on August 1, 2025 and will attach Defendants' Witness List to the Final Pre-Hearing Order.

**VII. EXHIBIT LIST:**

The Parties agree to comply with Civil Rule 26(a)(3)(A)(iii) and Section 7 of Judge Cummings' form Final Pretrial Order with respect to evidentiary exhibits, except that Evidence Rule 1006 summary exhibits and Evidence Rule 107 non-evidentiary demonstrative aids may be added to the exhibit list after this Order is entered so long as they comply with the procedures outlined below. The Parties may add additional evidentiary exhibits after entry of this Order for good cause shown, including, but not limited to, exhibits arising from subsequent depositions, expert reports, and briefing.

**Digital copies prior to Hearing:** The Parties will provide the Court with digital copies of a full set of stamped exhibits shortly before the Hearing date for the Court's convenience. The Parties will provide the Court with the Court's desired number of exhibit binders to be used with each witness on the day each witness is presented throughout the Hearing.

**Document families**: If a party proposes to include a document with an incomplete family, the Parties will meet and confer regarding completeness objections relating to families and privileged documents on a document-by-document basis.

**Sponsoring witness**: Exhibits must be introduced with a sponsoring witness during the Hearing. At the conclusion of the Hearing, a Party may move to admit exhibits not offered through a sponsoring witness, and must demonstrate good cause why such exhibits were not offered through a sponsoring witness.

   a. **Plaintiffs' Exhibit List**

   The Parties exchanged Exhibit Lists on August 1, 2025 and will attach Plaintiffs' Exhibit List to the Final Pre-Hearing Order.

   b. **Defendants' Exhibit List**

   The Parties exchanged Exhibit Lists on August 1, 2025 and will attach Defendants' Exhibit List to the Final Pre-Hearing Order.

VIII. **ESTIMATE OF HEARING TIME**

Pursuant to Section D.2 of the CMO, each side will have twenty-four (24) hours to present opening statements, in-person and remote live witness testimony, and testimony via video deposition designations. Written deposition and investigational hearing designations do not count towards each side's allotted hearing time.

The Parties will be responsible for timekeeping, and each side shall designate a point of contact responsible for timekeeping. Should the Court augment the time available for the Hearing, any additional time shall be divided equally between each side.

IX. **OTHER HEARING PROCEDURES**

   a. **Opening Statements:** The Parties agree to 60-minute opening statements per side. Each side's time will come out of its allotted hearing time.

   b. **Closing Argument:** The arguments will be presented in person. Each side will have 60 minutes. Closing arguments are in addition to each side's allotted hearing time. Unless

the Court provides otherwise, the Parties will prepare closing arguments to be held on August 29, 2025, after the conclusion of evidence.

      **c.**      **Witness Sequestering:** Consistent with Evidence Rule 615(a) and Paragraph 10 of the Court's Trial Conduct and Procedures, witnesses (other than party representatives and expert witnesses) are generally excluded from proceedings except to testify. Except for party representatives, a witness shall not discuss the case with anyone during breaks or recesses once their testimony has begun. Chip Hance is permitted to serve as the corporate representative for BC Holdings.

      **d.**      **Joint Witnesses:** If both sides intend to call a witness, that witness will testify only once (subject to recall per the below) and will be fully examined by both sides at that time during Plaintiffs' case-in-chief, and Plaintiffs will present the witness first. For the avoidance of doubt, Defendants may develop their case-in-chief by asking questions of those witnesses that go beyond the scope of the Plaintiffs' direct examination. All witnesses that Defendants directly examine during Plaintiffs' case-in-chief can be recalled by Defendants in their case-in-chief only with leave of the Court for good cause, which will include recalling the witness for the limited purpose of addressing testimony or evidence occurring after their prior testimony; provided that Defendants provide notice of the recall to Plaintiffs no later than 10:30 am one (1) business day before the beginning of the hearing day in which Defendants expect to recall each witness (*e.g.*, disclosure at 10:30 am Monday for a witness testifying Tuesday).[2] Plaintiffs reserve all rights to

---

[2] Unless specifically noted otherwise, all references to "days" in this Order shall be references to calendar days and not business days, and all times are Central Time.

object to Defendants' recall of witnesses. The scope of the direct examination of any witness recalled by any Party is restricted to matters that are non-cumulative.

e. **Witness Order:** Plaintiffs will provide their witness order and estimated examination times with each witness (including testimony via deposition designation) to Defendants on August 8, 2025 at 5:00 pm. On August 12, 2025, at 5:00 pm, Defendants will provide their witness order and estimated examination times for each of Defendants' witnesses (including testimony via deposition designation) and for each of Plaintiffs' witnesses disclosed on August 8, 2025. On August 13, 2025, Plaintiffs will provide estimated examination times for each of Defendants' witnesses disclosed on August 12, 2025. In addition, each side will submit to the Court and to each other its updated witness order and estimated times with each witness at 9:00 am three (3) days before the anticipated witness examinations' hearing date. For example, Plaintiffs will disclose to the Court their witness order and estimated times for the August 21, 2025 hearing date on August 18, 2025 at 9:00 am. Nothing in this Order prevents Plaintiffs from calling rebuttal witnesses after Defendants conclude their presentation of evidence, subject to Plaintiffs providing Defendants notice no later than 10:30 am one (1) business day before the beginning of the hearing day in which Plaintiffs expect to call each rebuttal witness (*e.g.*, disclosure at 10:30 am Monday for a witness testifying Tuesday). Defendants reserve all rights to object to Plaintiffs' calling of rebuttal witnesses.

f. **Non-Expert Witness Illustrative Aids:** Where any Party intends to use an Evidence Rule 107 illustrative aid during the direct examination of a non-expert witness and the illustrative aid contains only previously disclosed or public information, the Party will disclose the illustrative aid to the other side by 7:00 pm the evening before the day of examination. Where any Party intends to use an illustrative aid during the direct examination of a non-expert witness

and the illustrative aid contains non-public information that was not previously disclosed to the other side, the Party will disclose the illustrative aid to the other side no later than 7:00 pm three (3) days prior to the day of the examination (*e.g.*, disclosure on Monday by 7:00 pm for a witness testifying on Thursday).  Illustrative aids are not admissible as evidence.

  g. **Expert Witness Illustrative Aids:** Where any Party intends to use an Evidence Rule 107 illustrative aid during the direct examination of an expert witness and the illustrative aid contains only previously disclosed or public information, the Party will disclose the illustrative aid to the other side by 7:00 pm the evening before the day of examination.  Where any Party intends to use an illustrative aid during the direct examination of an expert witness and the illustrative aid contains non-public information that was not previously disclosed to the other side, the Party will disclose the illustrative aid to the other side no later than 7:00 pm three (3) days prior to the day of the examination (*e.g.*, disclosure on Monday by 7:00 pm for a witness testifying on Thursday).  Illustrative aids are not admissible as evidence**.**

  h. **Rule 1006 Summary Exhibits:** Any summary exhibits that either side seeks to admit as evidence under Federal Rule of Evidence 1006 shall be disclosed to the other side by 9:00 am three (3) days prior to the day of the examination (*e.g.,* disclosure on Monday by 9:00 am for a witness testifying on Thursday).

  i. **Virtual Testimony:** Consistent with Civil Rule 43(a), Party and non-party witnesses may testify remotely with the Court's prior approval.  If a witness becomes unavailable for unforeseen circumstances, a Party may request to submit an additional designation of testimony with the Court.

**j.      Declarations:** The Parties agree that neither side will include any non-party declarations, including drafts, on their exhibit list, or cite to them in their proposed findings of fact and conclusions of law.

**k.      Video Deposition Designations:** Video deposition designations to be played during the Hearing will come out of each side's allotted hearing time. The Parties will exchange initial video deposition designations on August 8, 2025. The Parties will exchange counter- and cross-designations and objections to initial designations on August 13, 2025. Any counter-counter-designations and objections to counter- and cross-designations will be exchanged on August 17, 2025. Final objections will be exchanged on August 18, 2025. Any Party playing video designations at the Hearing will provide a copy of the video that will be played and transcript sheet to the other side for review by 6:00 pm the night before the video will be played.

**l.      Deposition and Investigational Hearing Designations:** The Parties agree that neither side will submit as exhibits or designations the deposition or investigational hearing transcripts for live witnesses examined at the Hearing. The Parties agree to submit party deposition and investigational hearing testimony for individuals not on either side's witness list through the written designation process. The Parties also agree to submit non-party deposition testimony for individuals not presented live during the Hearing through the written designation process. The Parties reserve all rights to designate any deposition or, only for party witnesses, investigational hearing testimony should any party or non-party witnesses on either side's witness list become unavailable to appear at the Hearing. The Parties agree that neither side will submit as exhibits or designations the investigational hearing transcripts for non-party witnesses. The Parties are meeting and conferring regarding Plaintiffs' request to designate investigational

hearing testimony for the divestiture buyer's corporate representative if that witness is unavailable to testify at the Hearing.

For witnesses who will be presented by deposition or other prior testimony, the Parties shall prepare for each such witness a chart containing the following information: (a) the testimony that each side seeks to present, by page and line; (b) a concise statement of objections to any testimony and the basis for the objection with appropriate citations to evidentiary rules or case law; and (c) a concise statement of the asserted basis of admissibility with appropriate citations to evidentiary rules or case law. The Parties will also submit to the Court highlighted deposition transcripts for each witness who will be presented by deposition (whether by video or transcript).

For investigational hearing and written deposition designations, the Parties will exchange initial designations on August 12, 2025. The Parties will exchange counter- and cross-designations and objections (including the basis for the objections, with appropriate citations to evidentiary rules or case law) to initial designations on August 15, 2025. Any counter-designations and objections to counter- and cross-designations, along with responses to objections (including a concise statement of the asserted basis of admissibility with appropriate citations to evidentiary rules or case law) will be exchanged on August 18, 2025. Final objections will be exchanged by 10:00 am on August 19, 2025.

  **m.** **Sealing of Hearing Exhibits and Courtroom:** Parties and non-parties will address confidentiality cooperatively to ensure public access to the Hearing as much as possible while preserving confidentiality concerns consistent with the Protective Order (Dkt. 61). Where necessary and consistent with applicable case law and the Court's standards on the treatment of confidential material, Parties and non-parties may address confidentiality by showing the public

redacted documents, showing documents to witnesses but not the public, and structuring testimony to avoid eliciting confidential information.  Should a Party or non-party have reason to believe that questioning will implicate a Party or non-party's confidential material and therefore demand *in camera* testimony, a Party or non-party may move that the courtroom be closed to the public to hear this testimony.  The other side (or either side in case of a non-party motion) may object to this request.  If the Court rules in favor of closing the courtroom, the courtroom will be closed to the public until the *in camera* testimony concludes.  Each side will structure its examinations to consolidate all *in camera* portions together so as to not burden the Court and the public with multiple *in camera* sessions with a single witness.

    **n.**    **Notice of Confidentiality.**  By August 4, 2025, each side shall notify any non-parties whose information, previously designated as Confidential or Highly Confidential, is included on that side's Exhibit and Witness Lists.

By August 5 at 1:00 pm, Plaintiffs will notify Defendants which exhibits on their August 1, 2025 exhibit list they "expect to use" and which they "may use."  By August 13, 2025, Defendants will notify Plaintiffs as to which of Plaintiffs' Party "will use" exhibits are designated as Confidential.  After providing confidentiality designations on August 13, 2025, the Parties will meet and confer on August 18 regarding confidentiality designations.  If confidentiality disputes remain, the Parties shall bring these disagreements to the Court in the Court's preferred manner.

For all other exhibits that Plaintiff would use during the Hearing, Plaintiffs will provide the documents to Defendants when it determines it expects to use the documents during the Hearing, but no later than 9:00 am two (2) days before the date of expected introduction of any such exhibit, except for Party exhibits used for impeachment purposes.  One (1) day after disclosure, by 7:00 pm, the Parties will meet and confer regarding confidentiality designations.

If confidentiality disputes remain, the Parties shall bring these disagreements to the Court in the Court's preferred manner.

      **o.**      **Non-Party Motions for *In Camera* Treatment:** The deadline for non-parties to move for *in camera* treatment of evidence is August 14, 2025. The Parties agree to meet and confer regarding confidentiality before filing motions to seal and will indicate whether the motion is opposed in the motion. To the extent any non-party is notified by the Parties of deposition designations or exhibits after the August 14 deadline, they may seek *in camera* treatment at the August 19 Pre-Trial Conference or, if notified after August 19, prior to the start of the relevant witness's examination during the Hearing.

      **p.**      **Resolving Confidentiality Issues:** The Court may address any confidentiality issues as needed during the August 19, 2025 Pre-Hearing Conference and provide the Parties and non-parties any specific guidance for how to assess further issues relating to confidentiality. To the extent that confidentiality issues arise during the Hearing, the Parties and non-parties will raise the issue with the Court in the morning prior to the testimony of the relevant witness.

## X. DAMAGE ITEMIZATION

The Plaintiff States respectfully request that the Court award the costs of this action, including attorneys' fees, as equitable relief.

## XI. POST-HEARING BRIEFS

The Parties will submit Proposed Findings of Fact and Conclusions of Law on September 12, 2025, two weeks after the Hearing concludes. Each side's submission will not exceed 100 pages. There will be no reply Findings of Fact and Conclusions of Law.

All Party and non-party evidence admitted at the Hearing or through written deposition designations after the Court's resolution of the Parties' objections—or otherwise by the Court in

response to a motion from a Party to admit additional evidence—may be included in the Proposed Findings of Fact and Conclusions of Law. Neither side will cite to or rely on: (i) any third-party declarations, including draft declarations; (ii) any third-party investigational hearing transcripts; or (iii) the investigational hearing testimony of any party witness who is not presented live during the Hearing.

## XII. SETTLEMENT STATUS

**Plaintiffs' Position:** As Plaintiffs have previously noted, partial divestitures are disfavored because they are frequently fraught with issues and are more likely to fail than divestiture of a full standalone business or product line. Plaintiffs explained to Defendants when they first raised the issue of divestiture the strong preference for full divestiture of Biocoat. Defendants nevertheless chose to pursue a piecemeal partial divestiture which necessitates additional diligence and scrutiny. Plaintiffs are in the process of reviewing and vetting Defendants' agreed-upon divestiture materials and have asked Defendants' permission to share the agreements (or redacted versions thereof), especially those provisions that directly impact third parties, with third parties and are awaiting their response. Plaintiffs will be able to provide a final position on the divestiture in the next few days and no later than Friday, August 15, when the parties will file the joint status report regarding settlement. Plaintiffs therefore believe that referral to mediation would be premature at this time.

**Defendants' Position:** While Defendants are ready to proceed with the hearing on August 21st, they continue to believe that the signed divestiture of Biocoat's currently offered UV and thermal coatings (along with other assets, the Biocoat mark, employees, and know-how) to a well-qualified buyer with experience in the medical device industry fully addresses Plaintiffs' concerns with the Proposed Acquisition and should resolve the litigation. Defendants continue to

offer an open line of communication with Plaintiffs to discuss their review of the divestiture. However, since Defendants provided the agreed-upon divestiture materials to Plaintiffs for their review, Plaintiffs have not responded to any requests from Defendants to have such discussions—including repeated requests by Defendants for feedback on the sufficiency of the divestiture to remedy Plaintiffs' concerns.

Other than blanket statements that Plaintiffs prefer a full divestiture of Biocoat, Plaintiffs will not engage with Defendants to explain why the robust package—which includes the Biocoat mark—is insufficient. Instead, Defendants received a request from the FTC tonight, August 11, 2025, at 7:04 pm CT for the FTC to be able to share the highly confidential Asset Purchase Agreement and ancillary documents "with third party witnesses" including competitors and customers of the divestiture buyer. Defendants immediately responded to this highly unusual request seeking a call to discuss, and continue to be available to discuss at the FTC's convenience. These documents have been agreed with the divestiture buyer and so are that party's confidential information as well. To Defendants' knowledge, the divestiture buyer has not been contacted by the FTC for permission to share information from these highly confidential agreements. Moreover, on June 26, Defendants (with the divestiture buyer's consent) approved the FTC sharing the name of the divestiture buyer and certain other key information in order for the FTC to vet the proposed divestiture with third parties.

Defendants respectfully request that the Court order the Parties to mediate with the assistance of either Your Honor or the Magistrate Judge. Otherwise, Plaintiffs' suggestion one week before the pre-hearing conference that mediation remains "premature" will have the self-fulling effect of ensuring it does not happen. Defendants are available to mediate at Your Honor's or the Magistrate Judge's convenience.

## XIII. MOTIONS *IN LIMINE*

For the reasons stated on the record at the August 7, 2025 hearing, the Court resolved the Parties' motions *in limine*. *See* Dkt. 225.

**Date: August 12, 2025**                                  SO ORDERED.

_____
**Jeffrey I. Cummings**
**United States District Court Judge**