UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** **STATE OF ILLINOIS,** and **STATE OF MINNESOTA,** *Plaintiffs,* v. **GTCR, LLC,** **GTCR BC HOLDINGS, LLC,** and **SURMODICS, INC.,** *Defendants*. | Case No. 1:25-cv-02391 |

## JOINT STATUS REPORT

Pursuant to the Court's instructions at the August 7, 2025 status hearing and Minute Entries (Dkts. 227, 241, 279), the Parties have met and conferred and submit this Joint Status Report regarding outstanding issues for discussion at the August 19, 2025 Pre-Hearing Conference (Dkt. 227). The Parties would appreciate the Court's assistance resolving the disputes outlined below.

I. **REMEDY UPDATE**

a. **Plaintiffs' Position**: Plaintiffs provided the following update to the Court via email on August 14; it is incorporated here for inclusion in the record.

After thorough consideration, Plaintiffs notified Defendants on August 13, 2025 that they rejected their proposed remedy as falling significantly short of protecting competition in the market at issue in this case. Defendants waited to raise even the

prospect of their unorthodox, partial divestiture until almost two months into this accelerated litigation and only sent their finalized agreements with the proposed divestiture buyer to Plaintiffs on July 30. At all times, Plaintiffs engaged with Defendants in good faith. As part of this process—and in recognition of its responsibility to vindicate the law and vet thoroughly any proposed remedy on behalf of American consumers—the FTC asked for documentation supporting Defendants' claims and sought testimony from third parties (including the proposed divestiture buyer) to assess this remedy.

After completing its review of Defendants' final and agreed-upon divestiture materials and related discovery, Plaintiffs are confident that the proposed remedy is insufficient to restore the competition that will be lost due to the merger. Plaintiffs explained to Defendants when they first raised the issue of a divestiture that a full divestiture of Biocoat would likely preserve competition. Defendants, however, chose to pursue a piecemeal divestiture. Partial divestitures such as the one Defendants propose are strongly disfavored because they are more likely to fail than divestiture of a full standalone business or product line. Defendants' proposed divestiture here is no different and poses significant risk to consumers, as explained in Plaintiffs' Reply in Support of our Motion for a Preliminary Injunction. Plaintiffs therefore continue to believe that referral to mediation at this time would be ineffectual and result in unnecessary delay.

**Defendants' Position**: Defendants provided the below update to the Court via email on August 14 ("Email to the Court"). Additionally, Defendants learned last night from Plaintiffs' Reply Brief of their concerns regarding the divestiture. While Defendants disagree with Plaintiffs that the divestiture does not resolve their allegations, Defendants remain willing to try to address Plaintiffs' concerns through mediation,

including discussing whether there are additional assets, commitments or agreements through which Defendants could address the FTC's concerns, short of divesting Biocoat in its entirety.

Email to the Court: On Tuesday of this week, Defendants and Plaintiffs met and conferred regarding Plaintiffs' request to show divestiture-related documents to non-parties for the stated purpose of continuing to review and vet Defendants' divestiture. Plaintiffs' request was highly unusual; given the sensitivities of these types of documents, they are typically not shared with non-parties. Defendants therefore requested a list of the terms that Plaintiffs wanted to share and the identities of the non-parties. Plaintiffs said they would get back to Defendants. After not hearing back, Defendants followed up the next day, but Plaintiffs did not respond.

Instead of getting back to Defendants, the FTC informed Defendants on Wednesday afternoon that Plaintiffs have rejected the divestiture. The FTC provided no explanation for their decision. To date, Plaintiffs have not informed Defendants whether there are any ways in which Defendants could improve the proposed remedy short of divesting Biocoat in its entirety.

On Thursday, Plaintiffs emailed Defendants, referencing Tuesday's meet and confer and requesting Defendants' position regarding the confidentiality at trial of sections of the divestiture agreements. Plaintiffs stated that it is "important that Plaintiffs know the specific terms or provisions of the proposed divestiture that Defendants intend to treat as confidential at a reasonable time prior to the examination of third-party witnesses at the hearing."

   Defendants continue to welcome mediation to determine whether they can address Plaintiffs' concerns and resolve this dispute. Defendants further recommend that the divestiture buyer participate in mediation to explain why the proposed divestiture is sufficient for the buyer to compete on Day 1.

II. **CONFIDENTIALITY OF DIVESTITURE AGREEMENT**

 a. **Plaintiffs' Position**: Per the Court's Minute Entry on August 12, 2025 (Dkt. 241), the Parties met and conferred to discuss Plaintiffs' outstanding request for Defendants to identify confidential provisions of the divestiture materials. On August 13, Defendants provided confidentiality designations for their Hearing exhibits; Defendants designated the entirety of the divestiture agreement and its associated agreements as confidential. On August 14, Plaintiffs shared selected sections of the divestiture agreement and its associated agreements with Defendants and requested that Defendants review the selected sections for confidentiality. Plaintiffs explained to Defendants that it is important that Plaintiffs know the specific terms or provisions of the proposed divestiture that Defendants intend to treat as confidential at a reasonable time prior to the examination of third-party witnesses at the hearing. Plaintiffs also inquired whether the identity of the divestiture buyer remains confidential. Plaintiffs have requested that Defendants provide their confidentiality designations by August 15 and are awaiting their response.

 b. **Defendants' Position**: Plaintiffs made clear only yesterday (August 14) that their request for Defendants' position regarding the confidentiality of the divestiture documents is to prepare non-party witnesses for trial, not to review and consider whether to accept Defendants' divestiture to resolve this litigation, as Plaintiffs had originally stated. On August 13, Defendants provided Plaintiffs with Defendants' confidentiality designations as required under the Pre-Hearing Order. Defendants will meet and confer with Plaintiffs

regarding the confidentiality of the divestiture documents, along with any other confidentiality matters, pursuant to the Pre-Hearing Order. As of this filing, Defendants do not know whether Plaintiffs have requested permission from the divestiture buyer to disclose its identity or the divestiture-related documents in court or to non-parties.

III. **CONFIDENTIALITY OF PARTY WITNESSES' DEPOSITION TRANSCRIPTS FOR LIVE TESTIMONY**

   a. Defendants will provide confidentiality redactions of the deposition and investigational hearing transcripts for each of Defendants' witnesses that either Party will call live at the Hearing. Plaintiffs need these redactions to avoid unknowingly encroaching on confidential information of Defendants during examination of a Party witness. To provide Plaintiffs with sufficient time to structure their questioning, the Parties have agreed that Defendants will provide these redactions three (3) calendar days in advance of the day the witness examination is scheduled to occur in the Parties' exchanged witness orders.

IV. **SEQUESTRATION OF DEFENDANT GTCR BC HOLDINGS LLC'S CORPORATE REPRESENTATIVE**

   The Parties met and conferred on August 12 regarding access to *in camera* portions of the Hearing by GTCR BC Holdings LLC's corporate representative, Chip Hance, who is not covered under the Confidentiality Order. Defendants confirmed that Mr. Hance will be removed from the courtroom during any *in camera* sessions of the Hearing. As the Court suggested at the August 7, 2025 hearing, Defendants are conferring with third parties regarding the scope of their confidentiality designations and in camera requests, and will continue to do so prior to each witness's testimony so that any issues can be raised with the Court prior to the start of the witness's testimony.

**V.  AVAILABILITY OF PROPOSED DIVESTITURE BUYER'S CORPORATE REPRESENTATIVE**

Defendants request that the Court allow the divestiture buyer's corporate representative appear on September 2; Plaintiffs do not oppose this request.  The Parties jointly request that the Court reschedule closing arguments to September 2, following the divestiture buyer's corporate representative's testimony.

**VI.  REMOTE TESTIMONY**

a. Plaintiffs request the Court's approval to call four witnesses remotely: Danielle Petra (DSM), Greg Welsh (Alembic), Jared Hutar (Piraeus), and Brian Martin (Maduro Medical). Each of these witnesses is unavailable to attend the Hearing in person due to existing conflicts or geographical distance.

b. Defendants request the Court's approval to call two witnesses remotely: Matthew Sprader (Boston Scientific) and Michael Torti (Hydromer).  Each of these witnesses is unavailable to attend the Hearing in person due to existing conflicts or geographical distance.

c. The Parties are working with the Courtroom Technology Administrator regarding the technology capabilities for presenting remote witnesses.  The Parties have scheduled a technology visit at the courtroom on Tuesday, August 19 at 12:00 pm immediately before the Pre-Hearing Conference.

d. Once the Parties have a better understanding of the technology for presentation of remote witnesses from the courtroom visit, the Parties will raise any questions or concerns with Your Honor at the Pre-Hearing Conference.  The Parties also would appreciate the Court's guidance and input if the Court has any requests relating to the presentation of remote witnesses.

  e. Defendants request that the Court permit remote access to the hearing via audio and/or real time feed. Remote access will help to reduce the number of counsel in the courtroom on a daily basis. Counsel will ensure that the audio/real time is not available for witnesses who are sequestered and sealed testimony is likewise not heard by / available to anyone who would be unable to be present in the courtroom at the time. After the courtroom technology visit, the Parties will raise any questions or concerns about providing remote access to the hearing at the Pre-Hearing Conference. The Parties also would appreciate the Court's guidance and input if the Court has any requests relating to permitting remote audio and/or real time feed.

## V. OTHER HEARING LOGISTICS

Given the number of counsel and attendees who will be present in the courtroom throughout the Hearing, the Parties would like to understand if there will be jury rooms or other breakout rooms available for each side to adjourn to during lunch and recesses, and to otherwise store their belongings throughout the duration of the Hearing. If such space is available, the Parties would also like to understand if they will be able to leave materials and other belongings overnight.

August 15, 2025

Respectfully submitted,

*/s/ Maia Perez*
Maia Perez
Federal Trade Commission 600 Pennsylvania Avenue, NW Washington, DC 20580
Tel: (202) 326-3522
Email: mperez@ftc.gov
*Counsel for Plaintiff*
*Federal Trade Commission*

Le'Ora Tyree
Federal Trade Commission Midwest Regional Office
230 S. Dearborn Street, Room 3030
Chicago, IL 60604

*Local Counsel for Plaintiff*
*Federal Trade Commission*

*/s/ John Milligan*
JOHN MILLIGAN
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle Street, Floor 23
Chicago, IL 60603
Tel.: (773) 505-5937
Email: John.Milligan@ilag.gov

*Counsel for Plaintiff State of Illinois*

*/s/ Elizabeth Odette*
ELIZABETH ODETTE
Manager, Assistant Attorney General Antitrust Division
Email: elizabeth.odette@ag.state.mn.us

*/s/ Zach Biesanz*
ZACH BIESANZ
Senior Enforcement Counsel Antitrust Division
Email: zach.biesanz@ag.state.mn.us
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101

*/s/ Sean M. Berkowitz*
Sean M. Berkowitz
Gary Feinerman
Heather A. Waller
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
312-876-7700
sean.berkowitz@lw.com
gary.feinerman@lw.com
heather.waller@lw.com

Kelly S. Fayne (pro hac vice)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
415-391-0600
kelly.fayne@lw.com

Marguerite Sullivan (pro hac vice)
Ian Conner (pro hac vice)
Amanda P. Reeves (pro hac vice)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Washington, DC 20004
202-637-2200
marguerite.sullivan@lw.com
ian.conner@lw.com
amanda.reeves@lw.com

*/s/ Daniel P. Culley*
Daniel P. Culley
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue NW
Washington, DC 20037
(202) 974-1593
dculley@cgsh.com

*Counsel for Defendants GTCR, LLC and GTCR BC Holdings, LLC*

*/s/ Paul Saint-Antoine*
Paul Saint-Antoine (pro hac vice)
Joanne Lewers (pro hac vice)

8

| | |
|---|---|
| Tel.: (651) 757-1257 *Counsel for Plaintiff State of Minnesota* | FAEGRE DRINKER BIDDLE & REATH LLP<br>One Logan Square, Suite 2000<br>Philadelphia, PA 19103<br>(215) 988-2990<br>paul.saint-antoine@faegredrinker.com<br>joanne.lewers@faegredrinker.com<br><br>Joshua P. Mahoney<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>320 S. Canal St., Suite 3300<br>Chicago, IL 60606<br>(312) 212-6520<br>josh.mahoney@faegredrinker.com<br><br>*Counsel for Defendant Surmodics, Inc.* |