UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ILLINOIS, and STATE OF MINNESOTA,<br><br>                        *Plaintiffs,*<br>      v.<br>GTCR, LLC,<br>GTCR BC HOLDINGS, LLC, and<br>SURMODICS, INC.,<br>                        *Defendants.* | Case No. 1:25-cv-02391<br>Honorable Jeffrey I. Cummings |

**NON-PARTY TELEFLEX, INC.'S UNOPPOSED
SUPPLEMENTAL MOTION FOR IN CAMERA
TREATMENT OF DEPOSITION TESTIMONY OF
<u>TELEFLEX'S CORPORATE REPRESENTATIVE</u>**

Pursuant to IX(o) of the Joint Proposed Pre-Hearing Order (Dkt. 207) and Paragraph 11 of the Confidentiality Order (Dkt. 61), non-party Teleflex, Inc. ("Teleflex") respectfully submits this supplemental motion seeking an order granting in camera treatment of certain limited deposition testimony of Teleflex's corporate representative, Joshua Brenizer (the "Confidential Testimony") which the parties to this action have designated for submission at the Court's hearing on Plaintiffs' Motion for a Preliminary Injunction.[1]

The parties have designated and counter-designated Confidential Testimony for submission at the Court's hearing on Plaintiffs' Motion for a Preliminary Injunction. *See* Declaration of Joseph Wolfson ("Wolfson Decl.") ¶ 2. While Teleflex does not seek in camera treatment of the entirety of the designated testimony, Teleflex respectfully requests that the Court grant in camera treatment of

---

[1] Teleflex previously submitted a motion seeking in camera treatment of certain documents produced by Teleflex which were identified on exhibit lists for the hearing. Teleflex files this supplemental motion as the Confidential Testimony was finally determined by the parties, and disclosed to Teleflex, on August 17, 2025.

the following, limited, designated testimony such that it is not disclosed to the public or representatives of the defendants, other than defense counsel and appropriate expert witnesses (designated by page and line number) (Wolfson Decl. ¶ 2):

- 70:11 → 72:25
- 93:16 → 93:18
- 101:7 → 101:14
- 102:24 → 103:10
- 46:25 → 47:4
- 82:14 → 84:3
- 91:21 → 91:25
- 92:19 → 92:25

Pursuant to the Confidentiality Order (Dkt. 61), if the Parties plan to introduce at the hearing evidence containing Confidential Material produced by a third party, the third party may seek an order that the information be granted in camera treatment. And pursuant to IX(l) of the Joint Proposed Pre-Hearing Order (Dkt. 207), "[s]hould a . . . non-party have reason to believe that questioning will implicate a . . . non-party's confidential material and therefore demand in camera testimony, a . . . non-party may move that the courtroom be closed to the public to hear this testimony."

Teleflex reasonably believes that revealing the Confidential Testimony to the public or representatives of the defendants may elicit Teleflex's confidential information because the testimony contains sensitive business information regarding Teleflex's business strategies and relationships with key vendors. This information is regarded as proprietary and kept confidential, and is not otherwise disseminated to the public, and could negatively impact Teleflex by revealing

the amounts it pays to various vendors as well as its vendor strategy. Accordingly, Teleflex caused the Confidential Testimony to be marked "Confidential" pursuant to the Confidentiality Order in this case, Dkt. 61, which Teleflex, a third party, provided with the expectation that the confidentiality of this information would be maintained. *See* Wolfson Decl. ¶ 3.

While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978), and this Court has discretion to deny public access where appropriate. *Id.* In this regard, the Court must balance the public's interest in access to judicial documents against Teleflex's interests in protecting its confidential and proprietary business information. *See In re Associated Press*, 162 F.3d 503 (7th Cir. 1998); *see Garcia v. Lowe's Home Centers, LLC*, No. 3:22-CV-928-CCB at *1 (N.D.Ind. Nov. 8, 2024) ("When deciding whether to maintain any document under seal, a court must determine whether good cause exists to do so because it is in the public interest to keep court proceedings publicly accessible."). Importantly, "[c]ourts in this circuit and other circuits recognize that the burden to show good cause is less demanding on non-parties." *In re Northshore Univ. Healthsystem,* 254 F.R.D. 338, 342–43 (N.D. Ill. 2008) (*citing Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 546 (N.D.Ind.1991) ("Good cause may be shown more easily by a non-party than by a party") (*citing Farnsworth v. Procter & Gamble Co*., 758 F.2d 1545, 1547 (11th Cir.1985). In fact, "[d]eference should be paid to the interests of non-parties who are requested to produce documents or other materials that contain confidential commercial information or trade secrets. Such deference will not offend the bases for the presumption of public disclosure, and will aid in the more efficient handling of claims." *In re Northshore Univ. Healthsystem*, 254 F.R.D. 338, 344 (N.D. Ill. 2008).

Pursuant to Local Civil Rule 26.2 and Fed. R. Civ. P. 26(c), there is good cause to require in camera treatment of the Confidential Testimony, as requested in this motion. There can be no true dispute that disclosure of the information would be extremely harmful to non-party Teleflex. *See In re Northshore Univ. Healthsystem*, 254 F.R.D. 338, 343 (N.D. Ill. 2008) ("Non-parties will invariably risk a greater potential for injurious disclosure than parties, because of their inability to maintain a physical presence."). Granting Teleflex's request to protect the sensitive information contained in the Confidential Testimony will not offend the public interest and the request is narrowly tailored to protect Teleflex's confidential information. As such, there is good cause to grant in camera treatment of the testimony.

Teleflex conferred with Defendants and Plaintiffs Federal Trade Commission, (collectively, "Plaintiffs") regarding this matter and represent that this motion for in camera treatment is unopposed.

WHEREFORE, for the reasons stated above, and good cause shown, Teleflex respectfully requests this Court grant in camera treatment for the Confidential Testimony.

DATED: August 18, 2025

Respectfully submitted,

STEVENS & LEE, P.C.

/s/ *Mallory C. McRae*
Mallory C. McRae, Esq. (IL ID No. 6339361)
1500 Market Street
East Tower, Suite 1800
Philadelphia, PA 19102
Phone: (215) 751-1944
Fax: (610) 371-7924
mallory.mcrae@stevenslee.com

*Attorneys for Nonparty Teleflex, Inc.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ILLINOIS, and STATE OF MINNESOTA, <br>          *Plaintiffs,* <br>       v. <br> GTCR, LLC, GTCR BC HOLDINGS, LLC, and SURMODICS, INC., <br>          *Defendants.* | Case No. 1:25-cv-02391 <br> Honorable Jeffrey I. Cummings |

### DECLARATION OF JOSEPH WOLFSON IN SUPPORT OF NON-PARTY TELEFLEX, INC.'S UNOPPOSED SUPPLEMENTAL MOTION FOR IN CAMERA TREATMENT OF DEPOSITION TESTIMONY OF TELEFLEX'S CORPORATE REPRESENTATIVE

I, Joseph Wolfson, Esquire, state as follow:

1. I am a partner at Stevens & Lee, P.C. In that capacity, I serve as counsel for nonparty Teleflex, Inc. ("Teleflex"). This declaration is based on my personal knowledge. I provide this declaration in support of Teleflex's Supplemental Motion for In Camera Treatment of Deposition Testimony of Teleflex's Corporate Representative.

2. I understand from the parties to this matter that they have designated for introduction at the hearing of this matter deposition testimony of Teleflex's corporate representative, Joshua Brenizer. Among others, the parties designated the following testimony for introduction (the "Confidential Testimony"):

- 70:11 → 72:25
- 93:16 → 93:18
- 101:7 → 101:14

- 102:24 → 103:10
- 46:25 → 47:4
- 82:14 → 84:3
- 91:21 → 91:25
- 92:19 → 92:25

3. The Confidential Testimony, which contains sensitive business information marked "Confidential" pursuant to the Confidentiality Order in this case (Dkt. 61), was offered by Teleflex with the expectation that the confidentiality of this information would be maintained.

4. Per conversations with counsel for the parties, Teleflex understands that the parties intend to utilize the Confidential Testimony in the hearing on this matter, and disclosure of such to the public or representatives of defendants, other than counsel and appropriate expert witnesses, will cause significant competitive injury to Teleflex.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 18, 2025

*/s/ Joseph Wolfson*
Joseph Wolfson
*Counsel for non-party Teleflex, Inc.*