UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GREGORY WELSH** *Plaintiff* v. **FEDERAL TRADE COMMISSION, STATE OF ILLINOIS, and STATE OF MINNESOTA,** *Defendants.* | Case No. 1:25-cv-02391 Honorable Jeffrey Cummings |

**RESPONSE TO JOINT STATUS REPORT AND
MOTION TO QUASH GREGORY WELSH'S TRIAL SUBPOENA**

Alembic, LLC ("Alembic"), by and through undersigned counsel, hereby requests this Court deny the Plaintiffs' request to take Gregory Welsh's testimony remotely and requests the Court enter an order quashing his trial subpoena.

On August 12, 2025, Alembic received a trial subpoena from Plaintiffs for Mr. Welsh's testimony, with the location listed as "Remote" (the "Subpoena"). Ex. A. The Subpoena lists the date of Mr. Welsh's testimony as August 21, 2025, but Plaintiffs have indicated that they plan to take his testimony on August 22, 2025. *Id*. On August 15, 2025, the parties filed a Joint Status Report where the Plaintiffs requested the Court's leave to take Mr. Welsh's trial testimony remotely. Dkt. 353. Alembic and Mr. Welsh have been clear that it is not necessary for Mr. Welsh to testify as his deposition was video recorded. Further, Mr. Welsh resides well outside Rule 45's 100-mile limitation. Fed. R. Civ. Pro. 45(c)(1)(a) (trial subpoenas may only compel witnesses to testify if the trial is "within 100 miles of where the person resides.").

The Subpoena is facially improper under Rule 45(c) as Mr. Welsh resides in California and does not regularly transact business in Illinois, or within 100-miles of this Court. Fed. R. Civ. Pro. 45(c)(1). It is irrelevant that the Plaintiffs seek remote testimony. As the Ninth Circuit has explained "all witnesses—even those appearing remotely—must be compelled to appear, and a court can only compel witnesses who are within the scope of its subpoena power." *Kirkland v. United States Bankr. Court for the Cent. Dist. of Cal. (In re Kirkland)*, 75 F.4th 1030, 1044 (9th Cir. 2023). To ignore the 100-mile limitation "when the witness testifies remotely is contrary to Rule 45(c)'s plain language that trial subpoenas command a witness to 'attend a trial.'" *Id.* at 1045; *see also Bioconvergence LLC v. Attariwala*, 2023 U.S. Dist. LEXIS 112144, at *5 (S.D. Ind. June 29, 2023), *quoting Broumand v. Joseph,* 522 F. Supp. 3d 8, 10 (S.D.N.Y. Feb. 27, 2021) ("any other reading would render Rule 45(c)'s geographical limitations a nullity and bestow upon any [court] sitting anywhere in the country the unbounded power to compel remote testimony from any person residing anywhere in the country.").

Alembic has already produced documents in this case and Mr. Welsh sat for a deposition, which was recorded by video. As Rule 43's advisory note explains "depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena." Fed. R. Civ P. 43, 1996 advisory committee notes. There is no reason to further burden Mr. Welsh by requiring him to testify when Plaintiffs can play his recorded deposition testimony at the upcoming hearing.

Alembic takes no position on the other matters in the Joint Status Report nor on Plaintiffs' or Defendants' requests to take the remote testimony from other witnesses.

For the foregoing reasons, Alembic respectfully requests this Court deny Plaintiffs' request to take Mr. Welsh's testimony remotely and quash Plaintiffs' trial subpoena.

Dated:  August 18, 2025

          By: */s/ Ryan Maddock*
          Ryan Maddock, *pro hac vice*,
          PERKINS COIE LLP
          700 Thirteenth Street, N.W., Suite 800
          Washington, D.C. 20005-3960
          Telephone: 202.654.6200
          RMaddock@perkinscoie.com

**CERTIFICATE OF SERVICE**

      I, Ryan Maddock, certify that on August 18, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

      *s/ Ryan Maddock*
Ryan Maddock
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Phone: +1.202.654.6200
Fax: +1.202.654.6211