IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| **STATE OF ILLINOIS, and** | ) | |
| **STATE OF MINNESOTA** | ) | |
| | ) | |
| Plaintiffs, | ) | No. 25-cv-2391 |
| | ) | |
| v. | ) | Judge Jeffrey I. Cummings |
| | ) | |
| **GTCR, LLC,** | ) | |
| **GTCR BC HOLDINGS, LLC, and** | ) | |
| **SURMODICS, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs Federal Trade Commission, State of Illinois, and State of Minnesota bring this case against defendants GTCR, LLC, GCTR BC Holdings, LLC ("BC Holdings"), and Surmodics, Inc. ("Surmodics"), seeking to enjoin a proposed merger between BC Holdings and Surmodics.

Before the Court are twenty-eight motions from non-parties asking the Court to provide *in camera* treatment to certain non-party testimony and documents at the upcoming preliminary injunction hearing. Also pending are several related motions to seal the non-parties' motions for *in camera* treatment and accompanying exhibits.

"Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Thus, to seal any part of the record in this case, this Court must make a determination of good cause. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). The party seeking to seal documents or testimony has the burden of showing good cause, *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002), and the burden is less demanding on non-parties, *F.T.C. v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, at *1 (N.D.Ill. Apr. 5, 2012) (cleaned up).

Federal Rule of Civil Procedure 26(c)(1)(G) provides that, upon a showing of good cause, this Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed.R.Civ.P. 26(c)(1)(G). Information related to pricing, distribution, marketing, bids, and contract terms, are all considered highly confidential information or trade secrets. *See, e.g.*, *Baxter Int'l*, 297 F.3d at 547 ("[A] trade secret or something comparable whose economic value

depends on its secrecy" may be kept out of public record); *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1270 (7th Cir.1995); *Ball Mem'l Hosp., Inc. v. Mut. Hosp. Ins., Inc.*, 784 F.2d 1325, 1345–46 (7th Cir. 1986); *OSF Healthcare Sys.*, 2012 WL 1144620, at *3. Furthermore, courts have found good cause for *in camera* treatment of documents reflecting company strategy and confidential product design as well. *See, e.g.*, *Williams-Roberts v. Coloplast Corp.*, 2021 WL 3570707, at *2 (N.D.Ind. Feb. 18, 2021); *ABS Global, Inc. v. Inguran, LLC*, No. 14 cv 503, 2020 WL 2405380, at *2 (W.D.Wis. May 12, 2020). Relevant here, processes, formulations, and research and development are also considered trade secrets. *In re Gabapentin Pat. Litig.*, 312 F.Supp.2d 653, 668 (D.N.J. 2004); *see also Legend Biotech USA Inc. v. Liu*, No. CV 23-2965 (BRM) (LDW), 2023 WL 12098270, at *2 (D.N.J. Nov. 21, 2023) (citing *Gabapentin Pat. Litig.*).

With this standard in mind, the Court has reviewed each pending motion, along with the documents at issue, and orders as follows:

**[265] Non-Party Endovascular Engineering's Unopposed Motion for *In Camera* Treatment of Certain Proposed Evidence**: The Court has reviewed ENDO_0000042 and is satisfied that it contains information related to Endovascular's financial forecasting, internal business processes, vendor(s), supplier(s), budgeting, yield data, and strategic plans, which qualify as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court further finds that Endovascular has shown good cause to seal ENDO_0000042 because disclosure of this confidential information would harm Endovascular while giving its competitors an unfair advantage. Accordingly, Endovascular's motion for *in camera* treatment [265] is granted. Endovascular's unopposed motion to seal [269] is also granted.

**[271] Non-Party Hollister Inc.'s Unopposed Motion for *In Camera* Treatment of Hollister's Confidential Information**: Hollister represents that GTCR-SRDXLIT300004649 and FTC-Hollister-000002 contain information regarding Hollister's coating development, future product launches and business strategy, patented technology, and detailed revenue and pricing information. Based on Hollister's representations, the Court finds this information qualifies as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that Hollister has shown good cause to seal GTCR-SRDXLIT300004649 and FTC-Hollister-000002 because disclosure of this confidential information would harm Hollister while giving its competitors an unfair advantage. Accordingly, Hollister's motion for *in camera* treatment [271] is preliminarily granted based on Hollister's representations. Hollister is directed to file a sealed, unredacted copy of the relevant materials on the docket no later than 8/21/25.

**[277] Non-Party Boston Scientific Corporation's Unopposed Motion for *In Camera* Treatment of Hearing Exhibits and Witness Testimony**: Boston Scientific Corporation ("BSC") represents that FTC-PROD-000005881, FTC-PROD-00000584, FTC-

2

PROD000005886, FTC-PROD-000005896, FTC-PROD-000005897, and FTC-PROD-000005899 contain information regarding BSC's ongoing strategies with respect to its coatings suppliers, manufacturing processes, cost information, and pricing. Based on BSC's representations, the Court finds this information qualifies as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that BSC has shown good cause to seal GTCR- FTC-PROD-000005881, FTC-PROD-00000584, FTC-PROD000005886, FTC-PROD-000005896, FTC-PROD-000005897, and FTC-PROD-000005899 because disclosure of this confidential information would harm BSC while giving its competitors an unfair advantage. BSC further represents that, if called at the upcoming hearing, Matthew Sprader, BSC's Senior Manager of Global Sourcing will provide testimony regarding BSC's trade secrets and competitively sensitive information, and therefore seek that Mr. Sprader's testimony to be conducted entirely *in camera*.

BSC's motion for *in camera* treatment [277] is preliminarily granted in part, and denied in part. BSC's motion is denied to the extent it seeks Mr. Sprader's testimony be conducted entirely *in camera*. To the extent Mr. Sprader's testimony involves BSC's trade secrets and competitively sensitive information, such as negotiation strategies, supplier preferences, and cost structures, that portion may be conducted *in camera*. Any remaining testimony will be conducted publicly. BSC's motion for *in camera* treatment of the six identified documents is preliminarily granted in part based on BSC's representations. BSC is directed to file sealed, unredacted copies of the relevant materials on the docket no later than 8/21/25.

[285] **Non-Party Terumo Americas Holding, Inc.'s Unopposed Motion for An Order to Provide *In Camera* Treatment of Confidential Materials**: The Court has reviewed TERUMO-00000158, PX3170, PX3104, PX3102, FTC-PROD-000007072, and FTC-PROD-000007089, as well as the transcripts of the Rule 30(b)(6) depositions of Terumo and is satisfied that they contain information about Terumo's proprietary process for selecting coatings for its medical devices, which qualifies as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that Terumo has shown good cause to seal these six documents and portions of the transcripts because disclosure of this confidential information would harm Terumo while giving its competitors an unfair advantage. Accordingly, Terumo's motion for *in camera* treatment [285] is granted. Terumo's unopposed motion to seal [284] is also granted.

[287] and [296] **Unopposed Motion to Seal and For *In Camera* Treatment**: The Court has reviewed BD00000002 and BD00000655, as well as the transcript of the Rule 30(b)(6) deposition of non-party Becton, Dickinson and Company ("BD") and is satisfied that they contain information about BD's products, vendor relationships, sales, and internal business operations and processes, which qualify as confidential commercial information

and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that BD has shown good cause to seal these documents and testimony because disclosure of this confidential information would harm BD while giving its competitors an unfair advantage. Therefore, BD's motion to seal and for *in camera* treatment [287], [296] is granted.

[288] **Unopposed Motion of Third-Party Alembic, LLC for *In Camera* Treatment of Documents and Testimony**: The Court has reviewed the eight documents, as well as the transcript of the deposition of Gregory Welsh and is satisfied that they contain information related to Alembic, LLC's ("Alembic") proprietary and confidential development strategies and decisions, testing results, product pipeline, and formulation and manufacturing processes, which qualify as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that Alembic has shown good cause to seal these documents and testimony because disclosure of this confidential information would harm Alembic while giving its competitors an unfair advantage. Therefore, Alembic's motion for *in camera* treatment [288] is granted. Alembic's unopposed motion to seal [289] is also granted.

[292] and [357] **Non-Party Teleflex, Inc.'s Unopposed Motion for *In Camera* Treatment of Teleflex's Confidential Exhibits and Non-Party Teleflex, Inc.'s Unopposed Supplemental Motion for *In Camera* Treatment of Deposition Testimony of Teleflex's Corporate Representative**: Teleflex, Inc. ("Teleflex") represents that Teleflex00001, Teleflex00003, Teleflex00018 and the testimony of its corporate representative contain information regarding Teleflex's relationships with key vendors and the amounts Teleflex spends with each vendor. Based on Teleflex's representations, the Court finds this information qualifies as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that Teleflex has shown good cause to seal Teleflex00001, Teleflex00003, Teleflex00018, and certain portions of the designated testimony because disclosure of this confidential information would harm Teleflex while giving its competitors an unfair advantage. Therefore, Teleflex's motions for *in camera* treatment [292], [357] are preliminarily granted based on Teleflex's representations. Teleflex is directed to file sealed, unredacted copies of the relevant materials on the docket no later than 8/21/25.

[294] **Third-Party Merit Medical Systems' Unopposed Motion for *In Camera* Treatment of Confidential Third-Party Documents**: Merit Medical Systems, Inc. ("Merit") represents that MERIT_SUR_0000008 and MERIT_SUR_0000012 contain information regarding Merit's internal testing data, future product strategies, comparative analyses of external product options, and procurement strategy. Based on Merit's representations, the Court finds this information qualifies as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that Merit has shown good cause to seal MERIT_SUR_0000008 and

MERIT_SUR_0000012 because disclosure of this confidential information would harm Merit while giving its competitors an unfair advantage. Therefore, Merit's motion for *in camera* treatment [294] is preliminarily granted based on Merit's representations. Merit is directed to file sealed, unredacted copies of the relevant materials on the docket no later than 8/21/25.

**[295] Third-Party Scientia Vascular, Inc.'s Unopposed Motion for *In Camera* Treatment of Documents**: Scientia Vascular, Inc. ("Scientia") represents that GTCR-SRDX-LIT20026433 contains information regarding Scientia's strategies and priorities in negotiating with coating suppliers, Scientia's products under development and the coatings being considered for each product, and the types of coatings tested, considered, and used by Scientia and the reasons for Scientia's decisions. Based on Scientia's representations, the Court finds this information qualifies as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that Scientia has shown good cause to seal GTCR-SRDX-LIT20026433 and any testimony elicited related to GTCR-SRDX-LIT20026433 because disclosure of this confidential information would harm Scientia while giving its competitors an unfair advantage. Therefore, Scientia's motion for *in camera* treatment [295] is preliminarily granted based on Scientia's representations. Scientia is directed to file a sealed, unredacted copy of the relevant document on the docket no later than 8/21/25.

**[297] Non-Party Cook Medical Holdings, LLC's Unopposed Motion for *In Camera* Treatment**: Cook Medical Holdings, LLC ("Cook") represents that Cook_Medical000004–54, Cook_Medical00084–90, Cook_Medical000002–106, and portions of the deposition transcript of Mark Hiatt contain competitively sensitive research, analysis, technical, and financial commercial information. Based on Cook's representations, the Court finds this information qualifies as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that Cook has shown good cause to seal Cook_Medical000004–54, Cook_Medical00084–90, Cook_Medical000002–106, and portions of the deposition transcript of Mark Hiatt because disclosure of this confidential information would harm Cook while giving its competitors an unfair advantage. Therefore, Cook's motion for *in camera* treatment [297] is preliminarily granted based on Cook's representations. Cook is directed to file sealed, unredacted copies of the relevant materials on the docket no later than 8/21/25.

**[298] Non-Party Penumbra, Inc.'s Unopposed Motion to Seal and For *In Camera* Treatment of Certain Confidential Exhibits and Deposition Testimony**: The Court has reviewed the documents, as well as the transcript of the deposition of Ben Tompkins and is satisfied that they contain information related to Penumbra, Inc.'s ("Penumbra") research and development and sales, which qualify as confidential commercial

information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that Penumbra has shown good cause to seal these documents and portions of testimony because disclosure of this confidential information would harm Penumbra while giving its competitors an unfair advantage. Therefore, Penumbra's motion to seal and for *in camera* treatment [298] is granted.

[299] **Motion of Non-Parties DSM Biomedical, Inc. and DSM Biomedical, B.V. for *In Camera* Treatment of Confidential Documents and Witness Testimony**: DSM Biomedical, Inc. ("DSM Inc.") and DSM Biomedical, B.V. ("DSM BV"), (collectively, "DSM") represent FTC-DSM-00000001, FTC-DSM-00000020, FTC-DSM-00000030, FTC-DSM00000122, FTC-DSM-00000142, FTC-DSM-000003, and FTC-DSM-00000844, as well as certain portions of the deposition testimony of Danielle Petra contain information regarding DSM's market segment analyses, market share data, value propositions, revenue and margin breakdowns, business strategies, customer pipeline development, and competitor benchmarking. Based on DSM's representations, the Court finds this information qualifies as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that DSM has shown good cause to seal FTC-DSM-00000001, FTC-DSM-00000020, FTC-DSM-00000030, FTC-DSM00000122, FTC-DSM-00000142, FTC-DSM-000003, and FTC-DSM-00000844, and the portions of Ms. Petra's deposition testimony because disclosure of this confidential information would harm DSM while giving its competitors an unfair advantage. DSM further represents that, if called at the upcoming hearing, Ms. Petra will provide testimony regarding DSM's trade secrets and competitively sensitive information and therefore seek that Ms. Petra's testimony be conducted entirely *in camera*.

DSM's motion for *in camera* treatment [299] is preliminarily granted in part, and denied in part. DSM's motion is denied to the extent it seeks Ms. Petra's testimony be conducted entirely *in camera*. Ms. Petra's testimony which involves DSM's trade secrets and competitively sensitive information, such as market segment analysis, revenue and margin breakdowns, and business strategies may be conducted *in camera*. Any remaining testimony will be conducted publicly. DSM's motion for *in camera* treatment of the identified documents is preliminarily granted in part based on DSM's representations. DSM is directed to file sealed, unredacted copies of the relevant materials on the docket no later than 8/21/25.

[301] **Non-Parties EQT AB and Zeus Company LLC's Unopposed Joint Motion for *In Camera* Treatment of Confidential Information and Leave to File Under Seal**: EQT AB ("EQT") and Zeus Company LLC ("Zeus") represent that PX 3147, PX 3148, PX3175, PX3178, PX3181, PX3182, PX7061, PX7073, and ZEUS_000799 contain information and deposition testimony regarding EQT and Zeus' marketing strategies, consumer-facing advantages, potential transactions and acquisitions, private research

information, private product information, detailed sector insights, and development strategies. Based on EQT and Zeus' representations, the Court finds this information qualifies as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that EQT and Zeus have shown good cause to seal PX 3147, PX 3148, PX3175, PX3178, PX3181, PX3182, PX7061, PX7073, and ZEUS_000799 because disclosure of this confidential information would harm EQT and Zeus while giving their competitors an unfair advantage. Therefore, EQT and Zeus' motion for leave to file under seal and for *in camera* treatment [301] is preliminarily granted based on EQT and Zeus' representations. EBT and Zeus are directed to file sealed, unredacted copies of the relevant materials on the docket no later than 8/21/25.

**[302] Non-Party Mitsubishi Chemical America, Inc.'s Unopposed Motion for *In Camera* Treatment and Sealing of Its Confidential Document**: Mitsubishi Chemical America, Inc. ("Mitsubishi") represents that MCA200017 contains the contact information, dates of communications, and product purchase order information (including pricing and sales dollar amounts) for Mitsubishi's customers and potential customers over a period of several years up to and including 2025. Based on Mitsubishi's representations, the Court finds this information qualifies as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that Mitsubishi has shown good cause to seal MCA200017 because disclosure of this confidential information would harm Mitsubishi while giving its competitors an unfair advantage. Therefore, Mitsubishi's motion for *in camera* treatment [302] is preliminarily granted based on Mitsubishi 's representations. Mitsubishi is directed to file a sealed, unredacted copy of the relevant materials on the docket no later than 8/21/25.

**[304] Non-Party Argon Medical Devices, Inc.'s Unopposed Motion for *In Camera* Treatment of Parties' Confidential Trial Exhibits**: Argon Medical Devices, Inc. ("Argon") represents that ARGON-000001 and the deposition transcript of Mary Lydon contain Argon's strategic plans to develop its products, obtaining and retaining customers, sales and marketing strategy, and future operational and capital investment decisions. Based on Argon's representations, the Court finds this information qualifies as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that Argon has shown good cause to seal ARGON-000001 and certain portions of the deposition transcript of Ms. Lydon because disclosure of this confidential information would harm Argon while giving its competitors an unfair advantage. Therefore, Argon's motion for *in camera* treatment [304] is preliminarily granted based on Argon's representations. Argon is directed to file sealed, unredacted copies of the relevant materials on the docket no later than 8/21/25.

**[305] Non-Party Stryker Corporation's Unopposed Motion for *In Camera* Treatment of Hearing Exhibits and Witness Testimony and [368] Non-Party Stryker Corporation's Unopposed Supplemental Motion for *In Camera* Treatment of Hearing Exhibits and Witness Testimony**: Stryker Corporation ("Stryker") represents that eight documents and the deposition transcript of Patrick McCormack contain Stryker's negotiating posture, internal processes, future plans, procurement strategies, costs, and future plans. Based on Stryker's representations, the Court finds this information qualifies as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that Stryker has shown good cause to seal the documents and certain portions of the deposition transcript of Mr. McCormack because disclosure of this confidential information would harm Stryker while giving its competitors an unfair advantage. Therefore, Stryker's motions for *in camera* treatment [305], [368] are preliminarily granted based on Stryker's representations. Stryker is directed to file sealed, unredacted copies of the relevant materials on the docket no later than 8/21/25.

**[308] Non-Party Piraeus Medical, Inc.'s Unopposed Motion to Seal Confidential Trial Testimony**: Piraeus Medical, Inc. ("Piraeus") represents that, if called at the upcoming hearing, Jared Hutar will provide testimony regarding Piraeus' trade secrets and competitively sensitive information, and therefore seeks that portions of Mr. Hutar's testimony be conducted *in camera*. To the extent that Mr. Hutar testifies about Piraeus' products under development, its proprietary evaluations of and interactions with suppliers, details about pricing and negotiations, or other confidential information, that testimony may be conducted *in camera*. Any remaining testimony will be conducted publicly. Therefore, Piraeus' motion for *in camera* treatment [308] is preliminarily granted.

**[310] Balt USA, LLC's Unopposed Motion for *In Camera* Treatment of Balt's Confidential Documents**: Balt USA, LLC ("Balt") represents that BALT000001, FTC-PROD-000007640, FTC-PROD-000007644, PX3040, and the deposition transcript of Ujwal Jalgaonkar contain information regarding Balt's device sales, supply chain, and manufacturing technology. Based on Balt's representations, the Court finds this information qualifies as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that Balt has shown good cause to seal BALT000001, FTC-PROD-000007640, FTC-PROD-000007644, PX3040, and certain portions of the deposition transcript of Mr. Jalgaonkar because disclosure of this confidential information would harm Balt while giving its competitors an unfair advantage. Therefore, Balt's motion for *in camera* treatment [310] is preliminarily granted based on Balt's representations. Balt is directed to file sealed, unredacted copies of the relevant materials on the docket no later than 8/21/25.

**[311] FastWave Medical Inc., Unopposed Motion to Seal Its Documents and Information**: The Court has reviewed FW-PROD-0000001, FW-PROD-0000003, FW-PROD-0000014, FW-PROD-0000027, FW-PROD-0000376, and Switchback000089,[1] as well as the deposition transcript of Tristan Tieso and is satisfied that they contain information related to FastWave Medical Inc.'s ("FastWave") pricing information and terms of potential agreements, technical data and information about FastWave's research and development efforts, and strategic and competitively sensitive information about FastWave's financial resources and performance targets, which qualify as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that FastWave has shown good cause to seal these documents and testimony because disclosure of this confidential information would harm FastWave while giving its competitors an unfair advantage. Therefore, FastWave's motion to seal and for *in camera* treatment [311] is granted.

**[314] Non-Party Philips Healthcare's Unopposed Motion for *In Camera* Review of Certain Documents**: The Court has reviewed PHILIPS000001–PHILIPS000003, PHILIPS000005, and PHILIPS000013–PHILIPS000016 as well as the deposition transcript of Michael Owens and is satisfied that they contain information related to Philips Healthcare's ("Philips") revenues for medical devices, medical devices that Philips determined it would discontinue, manufacturing plans, strategy, and negotiated pricing, which qualify as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that Philips has shown good cause to seal these documents and portions of testimony because disclosure of this confidential information would harm Philips while giving its competitors an unfair advantage. Therefore, Philips' motion to seal and for *in camera* treatment [314] is granted. Philips' unopposed motion to seal [317] is also granted.

**[319] and [320] Non-Party Medtronic, Inc.'s Unopposed Motion for *In Camera* Treatment of Confidential Information**: The Court has reviewed the documents submitted by Medtronic, Inc. ("Medtronic") and is satisfied that they contain information related to Medtronic's assessment of various potential coating suppliers, royalty terms, prices for potential coating projects, assessments of coating performance, and evaluation of suppliers which qualify as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. Medtronic also represents that other documents and deposition testimony submitted to the Court contain similar confidential information. Medtronic further represents that it seeks to withhold all the proposed exhibits entirely, because they contain highly confidential business information and Medtronic believes the documents cannot readily be redacted while leaving meaningful

---

[1] Switchback Medical LLC produced Switchback000089 to the parties, however, FastWave represents that it contains FastWave's confidential information and therefore moves for *in camera* treatment.

content. Based on Medtronic's representations, the Court finds further that Medtronic has shown good cause to seal these documents and deposition testimony because disclosure of this confidential information would harm Medtronic while giving its competitors an unfair advantage. Therefore, Medtronic's motion for *in camera* treatment [319], [320] is preliminarily granted based on Medtronic's representations. Medtronic is directed to file sealed, unredacted copies of the relevant materials on the docket no later than 8/21/25. Medtronic's unopposed motion to seal [318] is also granted.

**[321] Non-Party Johnson & Johnson's Unopposed Motion For *In Camera* Treatment of Exhibits and Deposition Testimony** and **[371] Unopposed Motion for *In Camera* Treatment of Counter-Designated Deposition Testimony**: The Court has reviewed the documents as well as the transcripts of the depositions of William Stephens and Bart Johnson and is satisfied that they contain information related to Johnson & Johnson's ("J&J") cost information for hydrophilic coatings; other non-public commercial terms between J&J and its hydrophilic coatings suppliers; technical product testing results concerning the performance of hydrophilic coatings applied to J&J's products; internal, nonpublic evaluation by J&J of available suppliers of hydrophilic coatings; and J&J's procurement and negotiation strategy, which qualify as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that J&J has shown good cause to seal these documents and portions of testimony because disclosure of this confidential information would harm J&J while giving its competitors an unfair advantage. Therefore, J&J's motions to seal and for *in camera* treatment [321, 371] are granted.

**[327] Non-Party Biomerics LLC's Unopposed Motion for *In Camera* Treatment**: The Court has reviewed the response letter and customer information table submitted by Biomerics, LLC ("Biomerics") and is satisfied that they contain information related to Biomerics' projected 2025 sales volumes and manufacturing parameters of coated devices for each identified customer and product name, and Biomerics' annual revenues for coated devices compared against its total sales. Based on Biomerics' representations, the Court finds this information qualifies as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court further finds that Biomerics has shown good cause to seal portions of the response letter and customer information table because disclosure of this confidential information would harm Biomerics while giving its competitors an unfair advantage. Therefore, Biomerics' motion for *in camera* treatment [327] is granted in part, and denied in part. Biomerics' motion is denied to the extent it seeks to file the entire response letter under seal, and instead redactions should be limited only to those portions which contain Biomerics' confidential information and trade secrets. Biomerics' motion is otherwise granted. Biomerics' unopposed motion to seal [335] is also granted.

**[328] Non-Party Integer Holdings Corporation's Unopposed Motion for *In Camera* Treatment of Documents Appearing on the Parties' Exhibit Lists and Designations of Non-Party Testimony**: The Court has reviewed the documents as well as the transcript of the deposition of Andrew Senn submitted by Integer Holdings Corporation ("Integer") and is satisfied that they contain information related to Integer's internal assessments, non-public operations, and customer contacts, which qualify as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that Integer has shown good cause to seal these documents and portions of testimony because disclosure of this confidential information would harm Integer while giving its competitors an unfair advantage. Integer also seeks *in camera* treatment of the deposition transcript of Dhruv Patel, however, at the time Integer filed its motion, plaintiffs had not identified any designations from Patel's testimony. Therefore, Integer's motion for *in camera* treatment is granted in part, and denied in part [328]. Integers' motion is denied without prejudice to the extent it seeks *in camera* treatment of Patel's testimony. Integer may re-raise this argument if such testimony is introduced at the hearing. Integer's motion is otherwise granted.

**[329] Non-Party Harland Medical Systems, Inc.'s Unopposed Motion for *In Camera* Treatment of Certain Trial Exhibits and to Seal Certain Trial Exhibits**: The Court has reviewed the documents submitted by Harland Medical Systems, Inc. ("Harland"), and is satisfied that they contain information related to Harland's medical device original equipment manufacturers, including information about products in development, operational information including details about how Harland provides its products and service, and non-public financial information, which qualify as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that Harland has shown good cause to seal these documents and testimony from Mr. Ankeny (Harland's Chief Financial Officer) regarding the same because disclosure of this confidential information would harm Harland while giving its competitors an unfair advantage. Harland also seeks to exclude Biocoat, Inc.'s corporate representative, Chip Hance—the CEO of Biocoat, Inc. and the proposed CEO of a combined entity—from the courtroom and prohibit him from access to the exhibits and transcripts containing the *in camera* testimony because Harland is a competitor of BioCoat. Harland's motion for *in camera* treatment [329] is granted in part, and denied in part. Harland's motion is denied as moot with respect to the exclusion of BioCoat's representative based on the representation of the parties in the Joint Status Report, (Dckt. #353), that Mr. Hance will be removed from the courtroom during any *in camera* sessions of the hearing. Harland's motion is otherwise granted. Harland's unopposed motion to seal [330] is also granted.

[341] **Non-Parties Dr. Sanjay Shrivastava and Innova Vascular Unopposed Motion for *In Camera* Treatment of Deposition Testimony**: The Court has reviewed the deposition testimony submitted by Dr. Sanjay Shrivastava and Innova Vascular and is satisfied that it contains information related to confidential aspects of Innova's products, including technical characteristics, use indications, vendors and types of coatings, and information regarding Shrivastava's relationship with BioCoat, which qualify as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that Shrivastava and Innova have shown good cause to seal certain portions of the deposition transcript of Shrivastava because disclosure of this confidential information would harm Innova while giving its competitors an unfair advantage. Therefore, Shrivastava and Innova's motion for *in camera* treatment [341] is granted.

[343] and [346] **Non-Party Innovative Surface Technologies, Inc.'s Unopposed Motion for *In Camera* Treatment of its Confidential Materials at the Preliminary Injunction Hearing**: The Court has reviewed the documents and deposition testimony of Tim Guire submitted by Innovative Surface Technologies, Inc. ("ISurTec") and is satisfied that they contain information related to potential customers, revenue, business opportunities, and competitive strategy, which qualify as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that ISurTec has shown good cause to seal these documents and certain portions of the deposition transcript of Mr. Guire because disclosure of this confidential information would harm ISurTec while giving its competitors an unfair advantage. ISurTec also seeks to exclude Biocoat, Inc.'s corporate representative, Mr. Hance, from the courtroom and prohibit him from access to the exhibits and transcript containing the *in camera* testimony because ISurTec is a competitor of BioCoat. ISurTec's motion for *in camera* treatment [343, 346] is granted in part, and denied in part. ISurTec's motion is denied as moot with respect to the exclusion of BioCoat's representative based on the representation of the parties in the Joint Status Report, (Dckt. #353), that Mr. Hance will be removed from the courtroom during any *in camera* sessions of the hearing. ISurTec's motion is otherwise granted. ISurTec's unopposed motion to seal [345] is also granted.

[348] and [349] **Nonparty JLL Partners' Unopposed Motion for *In Camera* Treatment and to Seal Exhibits and Testimony**: The Court has reviewed the documents submitted by JLL Partners, LLC ("JLL") and is satisfied that they contain information related to JLL's internal evaluations of business opportunities, strategies for investment, and operational information, which qualify as confidential commercial information and/or trade secrets based on the rationale and case law cited in this Order. The Court finds further that JLL has shown good cause to seal these documents and portions of testimony because disclosure of this confidential information would harm JLL while giving its competitors

an unfair advantage. Therefore, JLL's unopposed motion for *in camera* treatment and to seal [348], [349] is granted.

**DATE: August 20, 2025**

                                                                                                          **Jeffrey I. Cummings**
                                                                                                           **United States District Court Judge**