**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMISSION**,<br><br>**STATE OF ILLINOIS**, and<br><br>**STATE OF MINNESOTA**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**GTCR, LLC**,<br><br>**GTCR BC HOLDINGS, LLC**, and<br><br>**SURMODICS, INC.**,<br><br>*Defendants*, | **Case No. 1:25-cv-02391** |

**UNOPPOSED MOTION TO SEAL AND FOR *IN CAMERA* TREATMENT OF ADDITIONAL DEPOSITION DESIGNATIONS**

Pursuant to Rule 26 of the Local Rules of the United States District Court Northern District of Illinois; the Agreed Confidentiality Order, Dkt. No. 61 (the "Agreed Confidentiality Order") and the Joint Pre-Hearing Order, Dkt. Nos. 243 (the "Pre-Hearing Order"), Non-Party Becton, Dickinson and Company ("BD") respectfully submits this unopposed motion requesting the Court's approval to (i) maintain under seal certain additional portions of deposition testimony (the "Additional Designations" as further defined below) that Plaintiffs and Defendants seek to introduce as evidence at the Court's hearing on Plaintiffs' Motion for a Preliminary Injunction (the "Hearing") and (ii) subject the Additional Designations to *in camera* treatment during the Hearing. Pursuant to Section IX.o. of the Joint Pre-Hearing Order, BD makes this timely motion now, as Plaintiffs and Defendants notified BD of the Additional Designations after the Court's August 14,

2025 deadline for non-parties to submit motions for *in camera* treatment. BD conferred with Plaintiffs' and Defendants' counsel, and both agreed that they do not oppose this motion.

**BACKROUND**

BD is a non-party to the above-captioned litigation. On August 14, 2025, BD submitted its Motion to Seal and for *In Camera* Treatment of two documents—documents beginning with Bates numbers BD00000002 and BD00000655—and certain portions of deposition testimony designated by Defendants of BD's corporate representative, Andrew Moll ("Moll Deposition") produced in this litigation.[1] *See* Klarfeld Decl. at ¶ 3; Dkt. Nos. 287; 296. On August 20, 2025, the Court issued an Order granting BD's motion. *See* Klarfeld Decl. at ¶ 4; Dkt. No. 375 (the "August 20 Order").

Given that BD had not heard if Plaintiffs intended to counter-designate any portions of the Moll Deposition transcript, on August 22, 2025, BD's outside counsel affirmatively contacted the Federal Trade Commission ("FTC") by email, asking if it intended to counter-designate testimony. Klarfeld Decl. at ¶ 5. On August 22, 2025, the FTC replied, indicating that it intends to counter-designate the following pages and lines of the Moll Deposition transcript for possible use as evidence at the Hearing, most likely in written submissions: 24:12-26:16; 31:2-31:19; 32:24-33:6; 33:18-35:13; 35:15-37:8; 37:21-38:4; 41:3-41:13; 41:15-42:11; 43:5-22; 44:18-45:14; 45:22-46:4; 46:18-47:16; 49:3-23; 50:8-14; 50:23-24; 54:4-55:12; 57:24-58:1; 58:5-16; 60:10-61:2; 61:17-62:9; 64:7-65:1; 66:6-12; 68:7-69:7; 78:6-20; 80:22-81:8; 81:12-14; 81:16-82:9; 85:10-22; 86:1-4; 88:12-18; 92:13-23; 92:25-93:7; 94:15-23; 95:1-6; 9513-22; 97:19-98:2; 99:18-100:9; 102:13-

[1] This included the following pages/lines: 33:7-17; 48:21-49:2; 56:15-57:18; 58:17-24; 59:1-16; 60:4-9; 66:13-20; 75:21-76:3; 76:24-78:5; 79:18-80:6; 83:24-84:12; 84:23-85:9; 90:3-18; 91:1-92:7; 93:9-20; 96:15-23; 97:4-18; 98:3-4; 98:7-21; 100:20-24; 101:18-102:1; 102:6-12; 102:16-20; 103:13-104:4; 104:21-105:7; 110:5-21; 113:12-19; 114:3-7; 114:14-17; 115:9-116:8; 117:21-118:10; 121:21-123:9; 124:25-126:8; 128:8-130:4; 130:11-22; 131:1-13: 131:19-23; 131:25-132:8; 132:17-133:7; 133:17-20; 147:22 148:5; 151:15-152:15; 154:3-155:3; 158:9-24.

15; 103:2-12; 104:8-20; 107:15-20; 108:5-20; 110:22-111:17; 114:21-115:8; 124:4-24; 130:5-10; 133:8-16; 135:12-136:10; 146:13-147:21; 148:23-149:22; 150:3-16; 151:7-14; 152:19-153:16; 153:18-21; 155:17-156:15; 157:16-158:8; 158:25-159:11. *Id.* at ¶ 6. The FTC further indicated that Defendants intend to counter-counter-designate the following pages and lines of the Moll Deposition transcript for possible use as evidence at the Hearing, most likely in written submissions as well: 42:12-13; 42:16-43:3; 88:19-89:14; 95:23-96:14; 156:16-21. *Id.* Lastly, it was pointed out that Plaintiffs and Defendants jointly designated the following pages and lines of the Moll Deposition transcript for possible use as evidence at the Hearing or in subsequent written submissions: 27:14-17; 27:19 (collectively with the above-identified designations by Plaintiffs and Defendants, the "Additional Designations").[2] *Id*. BD's outside counsel subsequently confirmed with Defendants that the counter-counter designations and joint designations identified by Plaintiffs, were correct. *Id.*

The Additional Designations contain confidential and business-sensitive information about [REDACTED] which, if made public, would harm BD's competitive interests. *Id.* at ¶ 7. BD now submits this motion, consistent with Paragraph 11 the Agreed Confidentiality Order and Section IX.o. of the Pre-Hearing Order, to protect its privacy interests and competitively sensitive information contained in the Additional Designations. BD seeks to seal and for *in camera* treatment of the newly disclosed Additional Designations, which are supplemental to the BD Materials that the Court already protected in the August 20 Order.

## ARGUMENT

[2] To be as narrowly tailored in its request as possible, BD does not include in its motion to seal and for *in camera* treatment the following sections of the Moll Deposition transcript, which were identified by Plaintiffs and Defendants for use as exhibits but do not contain confidential, business-sensitive information: 16:15-20; 17:25-18:10; 18:24-19:1; 19:23-20:2; 32:6-23; 40:18-41:2; 41:15-19; 94:3-94:14; 133:22-134:2; 146:3-5; 150:17-22.

The proposed request to seal and for *in camera* treatment—which is limited to select deposition testimony produced subject to the Agreed Confidentiality Order—is consistent with precedent in the Seventh Circuit and this District and the Court's August 20 Order. While there is a presumption of public access to documents "used in a court proceeding" that "could influence or underpin the judicial decision," that interest can be overridden, and documents sealed, for "good cause" shown. *See Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009); *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); Local Rules of the United States District Court Northern District of Illinois, Rule 26.2(b). The determination of good cause is fact specific, and "[c]ourts must weigh the interest in secrecy against the competing interests of the public in each particular case." *Hillman v. Toro Co.*, No. 4:21-CV-04081-SLD-JEH, 2024 WL 4353032, at *18 (C.D. Ill. Sept. 30, 2024) (citations omitted). However, courts agree that good cause exists to seal when a document "meet[s] the definition of trade secret or other categories of bona fide long-term confidentiality." *See Citizens*, 178 F.3d at 944 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)); *see also* Fed. R. Civ. P. 26(c)(1)(G) (permitting protective orders shielding disclosure of "trade secrets" and other "confidential commercial information"). "Courts in this circuit and other circuits recognize that the burden to show good cause is less demanding on non-parties." *In re Northshore Univ. Healthsystem*, 254 F.R.D. 338, 342–43 (N.D. Ill. 2008) (citations omitted).

**1. Sealing and *in camera* review is necessary to protect BD's competitively sensitive information, and BD would be harmed if this confidential information were to be made public.**

The information contained in the Additional Designations is highly sensitive business information that BD keeps in confidence, and that if disclosed, would harm its economic interests. Protecting such confidential material is regularly recognized as a sufficient basis to maintain documents under seal. *See, e.g.*, *Hillman*, 2024 WL 4353032, at *21.

The Additional Designations cover sensitive information discussed in the documents beginning with Bates numbers BD00000002 and BD00000655. The Court already determined in the August 20 Order that these two documents and related testimony from the Moll Deposition should be sealed and subject to *in camera* review. The Additional Designations also discuss a similar range of information concerning [REDACTED] Specifically, the Additional Designations address the below highly confidential and sensitive business information, which is highly similar to that which the Court already determined in the August 20 Order should be sealed and subject to *in camera* review.

**Figure 1**

| Moll Deposition Transcript Section | Description of Confidential Information Addressed |
|---|---|
| 31:2-31:19; 32:24-33:6; 33:18-35:13; 35:15-37:8; 41:3-41:13; 41:15-42:11; 42:12-13; 42:16-43:3; 43:5-22; 44:18-45:14; 45:22-46:4; 49:3-23; 50:8-14; 50:23-24; 85:10-22; 86:1-4 | These sections of the Moll Deposition transcript discuss the substance of the document beginning with Bates no. BD00000002 and therefore addresses in detail the same confidential information contained therein. Specifically, this includes [REDACTED] |
| 46:18-47:16; 57:24-58:1; 58:5-16; 60:10-61:2; 61:17-62:9; 64:7-65:1; 155:17-156:15 | These sections of the Moll Deposition transcript discuss [REDACTED] |
| 24:12-26:16; 27:14-17; 27:19; 37:21-38:4; 54:4-55:12; 66:6-12; 68:7-69:7; 78:6-20; 80:22-81:8; 81:12-14; 81:16- | These sections of the Moll Deposition transcript discuss confidential trade secret, research, development and commercial information concerning: |



| | |
|---|---|
| 82:9; 88:12-18; 88:19-89:14; 92:13-23; 92:25-93:7; 94:15-23; 95:1-6; 95:13-22; 95:23-96:14; 97:19-98:2; 99:18-100:9; 102:13-15; 103:2-12; 104:8-20; 107:15-20; 108:5-20; 135:12-136:10; 148:23-149:22; 150:3-16; 150:17-22; 151:7-14; 152:19-153:16; 153:18-21; 156:16-21; 157:16-158:8; 158:25-159:11 | |
| 110:22-111:17; 114:21-115:8; 124:4-24; 130:5-10; 133:8-16; 146:13-147:21 | These sections of the Moll Deposition transcript discuss the substance of the document beginning with Bates no. BD00000655 and therefore address in detail the same confidential information contained therein. Specifically, this includes |

Courts within the Seventh Circuit widely recognize the types of information and testimony for which BD seeks protection here as commercially sensitive and confidential and that they should be maintained under seal. *See Wisconsin Alumni Rsch. Found. v. Apple, Inc.*, No. 14-CV-062-WMC, 2015 WL 6453837, at *2 (W.D. Wis. Oct. 26, 2015) (granting motion to seal documents related to non-public technical information including guides, manuals, specifications and development updates regarding products); *Planned Parenthood of Wis., Inc. v. Van Hollen*, No. 13–CV–465–WMC, 2015 WL 1285829, at *8 (W.D. Wis. Mar. 20, 2015) (granting motion to seal

exhibits containing plaintiff's "manuals outlining its protocols"); *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 4722336, at *9 (E.D. Wis. Oct. 24, 2008) (granting motion to seal exhibits that "contain[ed] trade secrets, including specific methods, techniques and processes used by Metavante and Emigrant, as well as nonpublic financial information relating to account balances"); *see also Triumph Packaging Grp. v. Ward*, 834 F. Supp. 2d 796, 806 (N.D. Ill. 2011) ("Trade secrets include . . . pricing, distribution, and marketing plans, and sales data and market analysis information.") (citations omitted).

BD has kept the information contained in the Additional Designations confidential, including by producing the BD Material subject to the protections of the Agreed Confidentiality Order. *See* Klarfeld Decl. at ¶ 12. If the information contained in the Additional Designations were to be disclosed, BD would suffer significant commercial harm. *Id.* at ¶ 13. [REDACTED] *Id.* at ¶ 14. [REDACTED] *Id.* at ¶ 15. [REDACTED] *Id.* at ¶ 16; *see also SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (granting a motion to redact portions of a settlement agreement—which included terms and conditions of a distributorship arrangement—because while this information did not fall into the

traditional definition of "trade secrets," it nonetheless could give "other firms an unearned competitive advantage" if publicly disclosed); *see also Rajaraman v. Gov't Emps. Ins. Co.*, No. 23-CV-425-SCD, 2025 WL 1114020, at *11 (E.D. Wis. Apr. 15, 2025) (granting a motion to seal because the documents in question—which included an employee orientation agenda and marketing strategies and metrics—"contain sensitive business information that could potentially harm its competitive business position").

By granting BD's prior Motion to Seal and for *In Camera* Treatment filed on August 14, the Court recognized that the identified testimony from the Moll Deposition "contain[s] information about BD's products, vendor relationships, sales, and internal business operations and processes, which qualify as confidential commercial information and/or trade secrets" and, if released, "would harm BD while giving its competitors an unfair advantage." Klarfeld Decl. at ¶ 4; Dkt. No. 375. So too here are the Additional Designations similarly business-sensitive and likely to be harmful if made public.

BD therefore makes a particularized showing of both the confidential and sensitive nature of the Additional Designations and the harm it would face from their disclosure, thus demonstrating need to protect the Additional Designations. *See cf. Does 1-5 v. City of Chicago*, No. 18-CV-03054, 2019 WL 2994532, at *9 (N.D. Ill. July 9, 2019) (denying motion to seal where the moving party "merely advances boilerplate averments that good cause exists to seal" but "does not specifically explain why there is good cause to seal"). The type of information contained in the Additional Designations fits squarely within the type of material that the Agreed Confidentiality Order is designed to protect and that other courts have determined should be maintained under seal, while maintaining litigants' ability to access relevant information. BD reasonably believes that introduction of the Additional Designations "will implicate" its

"confidential material" requiring review of the BD Materials *in camera*. *See* Joint Pre-Hearing Order at 13.

**2. BD's privacy interests as a non-party should be protected.**

The privacy interests of non-parties, like BD, also weigh in favor of sealing documents, as courts have held that non-parties have greater privacy expectations than the parties to a litigation. *See McGreal v. AT & T Corp.*, 892 F. Supp. 2d 996, 1010 (N.D. Ill. 2012) (noting a non-party may generally have a greater reasonable expectation of privacy than parties to the proceedings). In the context of sealing non-party documents, courts in other jurisdictions have recognized that protecting non-parties is an important consideration. *See Davis v. Harris*, No. 03-3007, 2006 WL 8445085, at *2 (C.D. Ill. Feb. 22, 2006) (where the court found good cause to be shown and directed certain documents be filed under seal to prevent "annoyance and/or embarrassment" of non-party); *see also Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents."); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("The privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."). Moreover, as a non-party to this action, BD's conduct is not at issue in the litigation and thus the public's interest in gaining access to the information discussed in the Additional Designations is significantly attenuated.

As such, BD reasonably believes that introduction of the Additional Designations would elicit its confidential information. Its privacy and commercial interests should be protected, and therefore BD requests that the Additional Designations be kept confidential and used as evidence only with *in camera* treatment.

**CONCLUSION**

For the reasons stated above, Non-Party BD respectfully moves this Court for an Order memorializing the below items before any of the Additional Designations are entered into evidence:

1. Redacting the Additional Designations from the Moll Deposition transcript addressed in Figure 1;
2. Granting *in camera* treatment of the Additional Designations;
3. Stating that the Additional Designations remain subject to the confidentiality designations BD has made in producing these materials pursuant to the Agreed Confidentiality Order; and
4. Only (i) BD's in-house and outside counsel; and (ii) individuals to which Confidential Material can be disclosed pursuant to Paragraph 7 of the Agreed Confidentiality Order may remain in the courtroom if and when any of the Additional Designations are discussed.

Dated: August 27, 2025

Respectfully submitted,

*/s/ Nicholas Berg*

Nicholas Berg
**ROPES & GRAY LLP**
191 North Wacker Drive
Chicago, IL 60606-4302
Telephone: (312) 845-1200
Email: nicholas.berg@ropesgray.com

*Counsel to Non-Party Becton, Dickinson and Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 27, 2025, I electronically filed a true and correct copy of the foregoing document using the United States District Court for the Northern District of Illinois's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Nicholas Berg*
Nicholas Berg
**ROPES & GRAY LLP**
191 North Wacker Drive
Chicago, IL 60606-4302
Telephone: (312) 845-1200
Email: nicholas.berg@ropesgray.com

*Counsel to Non-Party Becton, Dickinson and Company*