UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSSION,** <br><br> **STATE OF ILLINOIS,** and <br><br> **STATE OF MINNESOTA,** <br><br> *Plaintiffs,* <br><br> v. <br><br> **GTCR, LLC,** <br><br> **GTCR BC HOLDINGS, LLC,** and <br><br> **SURMODICS, INC.,** <br><br> *Defendants.* | Case No: 1:25-cv-02391 <br><br> Hon. Jeffrey I. Cummings |

### NON-PARTY JOHNSON & JOHNSON'S UNOPPOSED SUPPLEMENTAL MOTION FOR IN CAMERA TREATMENT OF NEWLY ADDED EXHIBIT

Pursuant to the Agreed Confidentiality Order (ECF No. 61), the Proposed Joint Pre-Hearing Order (ECF No. 243), and Local Rule 26.2, non-party Johnson & Johnson ("**J&J**") respectfully moves the Court for *in camera* treatment of an additional confidential document that Defendants notified J&J yesterday that they have added to their exhibit list. Specifically, J&J requests that the Court affords *in camera* treatment to the entirety of the document JNJ-00262, submitted herewith as Exhibit A. J&J has conferred with both parties in this case and represents that this motion is unopposed by Plaintiffs and Defendants. This filing complies with Local Rule 5.6 pursuant to the instructions in the Case Management Order (ECF No. 71 at C.5) and the Agreed Confidentiality Order (ECF No. 61 at ¶ 11).

1

The exhibit for which J&J seeks *in camera* treatment was previously designated as Confidential Material under the Confidentiality Order because it contains Competitively Sensitive Information—including "trade secret or competitively sensitive research, analysis, technical, financial, development, or commercial information that has not been released into the public domain." (ECF No. 61 at ¶ 1.) The Confidentiality Order and Joint Pre-Hearing Order instruct that "Parties and non-parties may address confidentiality by showing the public redacted documents, showing documents to witnesses but not the public[.]" (ECF No. 207 at IX.l.)

J&J is not a party to this case and has provided documents and deposition testimony in good faith in response to non-party subpoenas. The business strategy, commercial terms, and technical product information contained in these materials are J&J's trade secrets and confidential commercial information, which qualifies as Competitively Sensitive Information under the Confidentiality Order.[1] Recognizing the sensitivity of this Confidential Material, neither Plaintiffs nor Defendants intend to oppose J&J's supplemental motion. As discussed below, and for good cause shown, the Court should afford this material the requested *in camera* treatment to avoid disclosing J&J's Competitively Sensitive Information to the public and marketplace.

## ARGUMENT

In evaluating a motion to seal, a court must "weigh[] the interests advanced by the parties in light of the public interest and duty of the courts." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978). The general rule is that documents "are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality."

---

[1] Federal Rule of Civil Procedure 26(c)(1) allows a court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

*Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) (citations omitted). But the public's right of access to judicial proceedings is not absolute and "must be balanced against competing values that may require closure" of such proceedings. *In re Associated Press*, 162 F.3d 503, 508 (7th Cir. 1998); *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) ("A litigant is allowed, for example, to conceal trade secrets . . . ."); *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (holding that a litigant's property and privacy interests may override the public interest in judicial proceedings); *Life Spine, Inc. v. Aegis Spine, Inc.*, No. 19 CV 7092, 2022 WL 1307111, at *2 (N.D. Ill. May 2, 2022) (holding that protection should be afforded to information "whose economic value depends on its secrecy.") (citations omitted).

In *KM Enters. v. Glob. Traffic Techs., Inc.*, the Seventh Circuit considered a motion to seal several documents in an appellate record. 725 F.3d 718, 734 (7th Cir. 2013). The respondent moved to seal (or return to the district court) several documents in order to protect sensitive, confidential pricing and customer information. *Id*. In granting respondent's motion to seal, the Court stressed that "narrow, specific requests will be granted when based on articulated reasonable concerns for confidentiality." *Id*. (citing *Baxter Int'l*, 297 F.3d at 546-47; *see also Life Spine*, 2022 WL 1307111, at *3 (ordering that information related to private research, private product information, and confidential FDA submissions remain under seal). Indeed, courts have protected a range of confidential commercial information and trade secrets, such as pricing and contract terms, in FTC merger litigation like the instant case. *See, e.g., F.T.C. v. OSF Healthcare Sys.*, 2012 WL 1144620 at *3 (N.D. Ill. Apr. 5, 2012) (collecting cases in which courts have granted protection to, *inter alia*, contract terms, pricing, distribution, marketing, and bidding information).

3

Here, the Confidential Material J&J seeks to protect raises similar interests to the information protected in *KM Enterprises* and *OSF Healthcare System*. These include, among others: (i) confidential purchase volumes of critical product inputs on a monthly and product-specific basis and (ii) confidential data concerning J&J's production and procurement process, including production and demand trends. J&J goes to great lengths to maintain the secrecy of this proprietary information in the ordinary course, generally limiting its disclosure on a "need-to-know" basis within J&J (and, when applicable, its direct commercial partners subject to confidentiality obligations). J&J only provided such commercial information and trade secrets in this case subject to the Confidentiality Order granting protection over its Confidential Material.

Public disclosure of this Confidential Material would have real-world consequences. Market participants, including potential suppliers, would instantaneously gain insight into J&J's procurement practices for a critical input that could be used to J&J's disadvantage in future negotiations and competitive bids. J&J's competitors would understand, to their competitive advantage, not only the volume of J&J's product output over time, but also J&J's allocation of purchases among its suppliers, J&J's choice of inputs from these suppliers, and the J&J products which incorporate these inputs. Such concerns more than satisfy the criteria for protection from public disclosure, especially because J&J is a non-party that has limited ability to control the way the parties may use their Confidential Materials. *See, e.g.*, *Tabiti v. LVNV Funding, LLC*, 2018 WL 11477159, at *1 (N.D. Ill. Aug. 8, 2018) (ordering documents under seal when the moving party has "a particularized basis for claiming the discovery documents are trade secrets that are maintained as confidential and could be used by competitors to gain an advantage in the marketplace . . . ."); *In re Northshore University Healthsystem,* 254 F.R.D. 338, 342-343 (N.D. Ill. 2008) (explaining that the non-parties have a less demanding burden to show good cause because

4

"[n]on-party organizations are limited in their ability to control the manner in which parties use their confidential commercial documents.").

## CONCLUSION

For the foregoing reasons, J&J respectfully requests that the Court issue an order: (a) closing the courtroom, with notice to the public on the day of the hearing, for those portions of the hearing dealing with the Confidential Information described herein; and (b) permanently seal the exhibits that reflect or contain such information.

Dated: August 29, 2025

/s/ *Antonia B. Sherman*
Antonia B. Sherman *(admitted pro hac vice)*
Benjamin J. Bauer *(admitted pro hac vice)*
Linklaters LLP
601 13th St NW, Ste 400S
Washington, DC 20005
Telephone: (202) 654-9268
Email: antonia.sherman@linklaters.com
ben.bauer@linklaers.com
*Counsel for Johnson & Johnson*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2025, the foregoing was electronically transmitted to the Clerk of Court using the ECF system for filing. A Notice of Electronic Filing was transmitted to all ECF registrants. Parties may access this filing through the Court's system.

                                                  */s/ Antonia B. Sherman*
                                                  Antonia B. Sherman *(admitted pro hac vice)*